IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HARRISON COMPANY, L.L.C. § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. _____ |
| § | |
| A-Z WHOLESALERS, INC., and § | |
| BARKAT G. ALI § | |
| § | |
| Defendants. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Harrison Company, L.L.C. ("Harrison") files this Original Complaint against Defendants A-Z Wholesalers, Inc. ("A-Z") and Barkat G. Ali ("Ali") and states:

## PARTIES

1. Harrison is a Louisiana limited liability company that is authorized to do business in Texas, and its principal place of business is in Bossier City, Louisiana.

2. A-Z is a Texas corporation with its principal place of business in Dallas, Texas. A-Z may be served with process by serving its registered agent, Amar B. Ali, at the following address: 5656 N. Central Expressway, #401, Dallas, Texas 75206, or wherever he may be found.

3. Ali is an individual who resides in Collin County, Texas, and who may be served with process at 4527 Wyvonnes Way, Plano, Texas 75024, or wherever he may be found.

## JURISDICTION AND VENUE

4. Harrison is a Louisiana limited liability company whose citizenship for diversity jurisdiction purposes is determined by the citizenship of its member(s). Harrison's sole member is Imperial Trading Co., L.L.C. ("Imperial"), which is also a Louisiana limited liability company. Imperial's members are: (1) the John D. Georges, Jr. Trust; (2) the Eliza Blaise Georges Trust;

1

and, (3) the Alexandra Coleman Georges Trust. The citizenship of a trust is determined by the citizenship of its trustees. John D. Georges and Dathel C. Georges are the co-trustees of each of Imperial's three member trusts. John D. Georges and Dathel C. Georges are individuals who reside in Louisiana. Because the trusts are each Louisiana citizens, Imperial is a Louisiana citizen. Accordingly, for diversity purposes, Harrison is a Louisiana citizen. A-Z and Ali are both Texas citizens.

5.  Jurisdiction is proper under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.  Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(1) or (b)(2). Defendants are both Texas residents, A-Z resides in this judicial district, and a substantial part of the events or omission giving rise to Harrison's claims occurred in this judicial district.

## FACTUAL BACKGROUND

7.  A-Z executed and delivered to Harrison a credit agreement dated March 11, 2011 (the "Credit Agreement") that set forth the terms under which Harrison would sell tobacco products and other sundries to A-Z. A true and correct copy of the Credit Agreement is attached as Exhibit "A," and incorporated by reference.

8.  Ali executed and delivered a personal guaranty of A-Z's payment and performance under the Credit Agreement to induce Harrison to extend credit to A-Z.

9.  Under the Credit Agreement, A-Z ordered various quantities of tobacco products and other sundries from Harrison, which Harrison supplied through Imperial.

10. Imperial invoiced A-Z for its orders placed through Harrison. Prior to this dispute, A-Z remitted payment for Imperial's invoices sent for orders placed through Harrison.

11. From October 22, 2018 to March 4, 2019, 39 invoices were sent to A-Z for products it ordered totaling $2,574,885.73. These invoices are outstanding, due, and unpaid.

12. Harrison's parent, Imperial, made demand on A-Z and Ali for payment in a March 18, 2019 letter. Harrison sent its own demand letter on May 2, 2019. Despite these demands, A-Z and Ali have failed and refused, and continue to fail and refuse, to pay the amounts due and owing.

13. Imperial, in an attempt to protect Harrison's interests, filed a state court action to try to get a receiver appointed for A-Z. When Imperial's effort was unsuccessful, Imperial decided to non-suit its action and Harrison elected to file this action to collect from A-Z and Ali.

14. After allowing just and lawful offsets, payments, and credits, and exclusive of interest, attorneys' fees, costs, and expenses, $2,574,885.73 is the total amount currently due and owing to Harrison under the Credit Agreement.

15. As a result of A-Z's and Ali's failure to perform as agreed, Harrison retained the undersigned law firm to represent it, to protect and enforce its rights under the Credit Agreement, and to, among other things, file suit to collect the amounts due and owing. Harrison has agreed to pay the undersigned firm for its reasonable and necessary attorneys' fees, costs, and expenses incurred.

## CAUSES OF ACTION

**Count 1 – Breach of Contract:**

16. Harrison adopts by reference paragraphs 1 through 15 as if fully set forth herein.

17. The Credit Agreement is a valid and enforceable contract. Harrison has performed all conditions precedent, covenants, and promises required of it pursuant to the Credit Agreement.

18. A-Z breached the Credit Agreement by failing to pay the amounts due and owing.

19. As a result of A-Z's breach, Harrison has suffered damages of $2,574,885.73, exclusive of any interest, attorneys' fees, costs, or expenses.

**Count 2 – Suit on Ali's Guarantee:**

20. Harrison adopts by reference paragraphs 1 through 19 as if fully set forth herein.

21. Harrison required a guarantor to extend credit to A-Z.  Ali, to induce Harrison to extend credit to A-Z, executed and delivered a guarantee.  Harrison relied on the guarantee to extend credit to A-Z.

22. A-Z is in default under the Credit Agreement.  Imperial and Harrison have made demand on both A-Z and Ali for the amounts due and owing, and neither A-Z nor Ali have paid the outstanding balance.

**Count 3 – Attorneys' Fees:**

23. Harrison adopts by reference paragraphs 1 through 22 as if fully set forth herein.

24. The Credit Agreement and guarantee provide for the recovery of reasonable attorneys' fees in the event of default.  A-Z and Ali's failure to perform as agreed is a default and made it necessary for Harrison to employ counsel to file suit.  Harrison has made demand for performance and neither A-Z nor Ali has performed.  Harrison is entitled to recover its reasonable and necessary attorneys' fees and expenses under the Credit Agreement, the guarantee, or, alternatively, under section 38.001 of the Texas Civil Practice and Remedies Code.

## CONDITIONS PRECEDENT

25. All conditions precedent to Harrison's right to maintain this suit have either been performed, satisfied, or waived.

## PRAYER

WHEREFORE, Harrison requests that Defendants A-Z Wholesalers, Inc. and Barkat G. Ali be cited to appear and answer herein, and that, upon final trial or hearing, the Court enter judgment of and against A-Z and Ali, jointly and severally, for all amounts due and owing under the Credit Agreement and guarantee, together with pre- and post-judgment interest as allowed by

law, awarding Harrison its reasonable and necessary attorneys' fees and expenses, and granting Harrison such other and further relief to which it may show itself to be justly entitled.

        Respectfully submitted,

/s/ *David L. Swanson*
David L. Swanson
  State Bar No. 19554625
  dswanson@lockelord.com
Joseph A. Unis, Jr.
  State Bar. No. 24075625
  junis@lockelord.com
Anna K. Finger
  State Bar No. 24105860
  anna.k.finger@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
T: 214-740-8000
F: 214-740-8800

**ATTORNEYS FOR PLAINTIFF HARRISON COMPANY, L.L.C.**