UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HARRISON COMPANY, L.L.C., | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No.: 3:19-cv-01057-B |
| A-Z WHOLESALERS, INC., and BARKAT G. ALI, | § § § § | |
| Defendants. | § | |

## DEFENDANTS' ORIGINAL ANSWER

Defendants, A-Z Wholesalers, Inc. ("A-Z") and Barkat G. Ali ("Ali") (collectively A-Z and Ali are "Defendants"), file their original answer to the original complaint filed by plaintiff, Harrison Company, L.L.C. ("Harrison"), as follows:

## PARTIES

1. Defendants admit the allegations in paragraph 1.

2. Defendants admit the allegations in paragraph 2.

3. Defendants admit only that Ali is an individual, and they deny the remaining allegations in paragraph 3.

## JURISDICTION AND VENUE

4. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 4.

5. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 5.

6. Defendants admit the allegations in paragraph 6.

## FACTUAL BACKGROUND

7. Defendants admit the allegations in paragraph 7, but deny that the "Credit Agreement" constitutes the entirety of the agreement.

8. Defendants admit the allegations in paragraph 8.

9. Defendants deny the allegations in paragraph 9.

10. Defendants admit only the they received invoices from Imperial and that they paid Imperial's invoices, but Defendants deny the remaining allegations in paragraph 10.

11. Defendants admit only that Imperial sent A-Z invoices, but deny the remaining allegations in paragraph 11.

12. Defendants admit only that they received demand letters, but deny the remaining allegations in paragraph 12.

13. Defendants admit only that Imperial (i) filed a state-court action against A-Z, Ali, and others and (ii) obtained through an *ex parte* hearing before an associate judge the appointment of a receiver. The very next day, the district-court judge heard from defendants and dissolved the receivership. The request for a receivership was groundless and brought in bad faith and solely for the purposes of harassment. Defendants lack sufficient knowledge or information to form a belief about the remaining allegations in paragraph 13.

14. Defendants deny the allegations in paragraph 14.

15. Defendants deny the allegations in paragraph 15, except that they admit Harrison hired lawyers.

## CAUSES OF ACTION

**Count One – Breach of Contract:**

16. Defendants adopt by reference their responses to paragraphs 1 through 15 as if fully set forth herein.

17. Defendants admit only that the Credit Agreement was a valid contract, but deny the remaining allegations in paragraph 17.

18. Defendants deny the allegations in paragraph 18.

19. Defendants deny the allegations in paragraph 19.

**Count 2 – Suit on Ali's Guarantee:**

20. Defendants adopt by reference their responses to paragraphs 1 through 19 as if fully set forth herein.

21. Defendants admit only that Ali executed and delivered a guarantee to Harrison, but they deny the remaining allegations in paragraph 21.

22. Defendants admit only that Harrison and Imperial made demands on them, but they deny the remaining allegations in paragraph 22.

**Court 3 – Attorneys' Fees:**

23. Defendants adopt by reference their responses to paragraphs 1 through 22 as if fully set forth herein.

24. Defendants admit only that the Credit Agreement and Guarantee contain a provision providing for the recovery of reasonable attorneys' fees, but Defendants deny the remaining allegations in paragraph 24.

## CONDITIONS PRECEDENT

25. Defendants deny the allegations in paragraph 25.

## PRAYER

Defendants deny that Harrison is entitled to recover anything against either of them and request that the Court enter a take-nothing judgment, awarding Defendants their reasonable and necessary attorneys' fees, expenses, and costs of court, along with such other and further relief to which they may show themselves justly entitled.

Respectfully submitted,

*/s/ Lars L. Berg*
Lars L. Berg
State Bar No. 00787072
lars.berg@kellyhart.com
Elizabeth A. Cuneo
State Bar No. 24100166
Elizabeth.cuneo@kellyhart.com
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that on the 12th day of August, 2019, a true copy of the foregoing was served upon all counsel of record via the Court's CMECF system.

*/s/ Lars L. Berg*
Lars L. Berg