UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HARRISON COMPANY LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:19-CV-1057-B |
| A-Z WHOLESALERS INC. and BARKAT G. ALI, | § § § § | |
| Defendants. | § | |

## JOINT STATUS REPORT

Plaintiff and Defendants (the "Parties") file this Joint Status Report pursuant to the Court's Status Report Order (ECF 7) and provide the following requested information:

1. **A brief statement of the nature of the case, including the contentions of the parties:**

   **(a)** <u>Plaintiff's Contentions</u>.
   Plaintiff alleges that Defendant A-Z Wholesalers, Inc. breached its March 2011 credit agreement with Plaintiff by failing to pay amounts due and owing according to the terms of the agreement. Because Defendant Ali guaranteed the credit agreement, he is liable for the outstanding amounts. Plaintiff seeks $2,574,885.73 in damages plus applicable interest, attorneys' fees, costs, and expenses.

   **(b)** <u>Defendants' Contentions</u>.
   Defendants deny beaching any agreement with Harrison. Defendants further deny that they ordered or received from Harrison the products forming the basis of this lawsuit. To the extent Harrison stands in the shoes of the entity that Defendants dealt with, Harrison has failed to provide all credits and rebates due; and, therefore, Defendants deny owing the amount claimed, if anything.

2. **Any challenge to jurisdiction or venue, including any procedural defects in removal if this case was removed:**

   None at this time.

3. **Any pending motions:**

   None at this time.

4. **Any matters that require a conference with the Court:**

   None at this time.

5. **Likelihood that other parties will be joined or the pleadings amended:**

   The Parties agree it is unlikely that any additional parties will be added to this lawsuit or pleadings amended; however, the Parties reserve the right to join other parties and amend pleadings until the deadline established in 11(a) below.

6. **Discovery.**

   (a) **An estimate of the time needed for discovery, with reasons:**

   7 months. This will provide the Parties with sufficient time to gather documents, conduct depositions, and serve and respond to written discovery.

   (b) **a specification of the subjects on which discovery may be needed:**

   Discovery will include all documents, communications, and transactions relating to the negotiation and execution of the credit agreement as well as performance of the Parties' obligations under the credit agreement.

   (c) **whether discovery should be conducted in phases or be limited to or focused upon particular issues:**

   The Parties do not anticipate discovery being conducted in phases or limited to or focused on particular issues.

7. **Any issues related to disclosure or discovery of electronically stored information, including the form or forms (*e.g.*, TIF, PDF, or native; with or without metadata; searchable or not) in which it should be produced:**

   None known at this time. The Parties agree to producing discovery in .pdf form (searchable, where possible), or native form for Microsoft Excel files, with metadata.

8. **Any issues relating to claims of privilege or of protection as trial-preparation material, including—if the parties agree on a procedure to assert such claims after production—whether they will be asking the Court to include their agreement in an order:**

   The Parties do not anticipate any issues relating to claims of privilege or protection, and therefore, do not ask the Court to include any such agreement in an order.

9. **What changes, if any, should be made in the limitations on discovery imposed under the Federal rules or by local rule, and what other limitations should be imposed:**

   The Parties anticipate conducting discovery pursuant to the applicable federal and local rules, and do not seek any changes in the limitations on discovery imposed by those rules.

**10. Any other orders that should be entered by the Court under Rule 26(c) or Rule 16(b) and (c):**

None at this time, but the Parties reserve the right to seek a protective order as may be needed in discovery.

**11. Proposed deadlines with specific dates that limit the time to**

    **(a) Join other parties and to amend the pleadings:**

    October 2, 2019

    **(b) File motions, including summary judgment and other dispositive motions:**

    April 15, 2020

    **(c) Complete discovery:**

    June 1, 2020

    **(d) Designate expert witnesses and make the expert disclosures required by Rule 26(a)(2):**

      (i) <u>Plaintiff's Deadline</u>: November 19, 2019

      (ii) <u>Defendants' Deadline</u>: December 19, 2019

**12. Requested trial date, estimated length of trial, and whether a jury has been demanded:**

September 16, 2020. The Parties estimate a trial length of 2-3 days. A jury has not been demanded.

**13. Whether the parties will consent to trial (jury or non-jury) before a United States Magistrate Judge per 28 U.S.C. § 636(c):**

The Parties do not consent to a trial before a Magistrate.

**14. Progress made toward settlement, and the present status of settlement negotiations:**

The Parties have exchanged settlement proposals and continue to negotiate. The most recent proposal requires the disclosure of confidential information. Accordingly, the Parties are working on a non-disclosure agreement to further settlement discussions.

**15. What form of alternative dispute resolution (*e.g.*, mediation, arbitration, summary jury trial, court-supervised settlement conference, or early neutral evaluation) would be most appropriate for resolving this case and *when* it would be most effective:**

The Parties believe that mediation after the close of discovery would be the most effective form of alternative dispute resolution.

**16. Any other matters relevant to the status and disposition of this case:**

None at this time.

    Respectfully submitted,

    */s/ David L. Swanson*
    David L. Swanson
      State Bar No. 19554625
     dswanson@lockelord.com
    Joseph A. Unis, Jr.
      State Bar No. 24075625
      junis@lockelord.com
    Anna K. Finger
      State Bar No. 24105860
      anna.k.finger@lockelord.com
    **LOCKE LORD LLP**
    2200 Ross Avenue, Suite 2800
    Dallas, Texas 75201
    T: 214-740-8000
    F: 214-740-8800

    **ATTORNEYS FOR PLAINTIFF**

    —AGREED—

    */s/ Lars L. Berg* (with permission)
    Lars L. Berg
    State Bar No. 00787072
    lars.berg@kellyhart.com
    Elizabeth A. Cuneo
    State Bar No. 24100166
    Elizabeth.cuneo@kellyhart.com
    **KELLY HART & HALLMAN LLP**
    201 Main Street, Suite 2500
    Fort Worth, Texas 76102
    Telephone: (817) 332-2500
    Facsimile: (817) 878-9280

    **ATTORNEYS FOR DEFENDANTS**