Joyce W. Lindauer
State Bar No. 21555700
Jeffery M. Veteto
State Bar No. 24098548
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
12720 Hillcrest Road, Suite 625
Dallas, TX 75230
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Proposed Co-Counsel for Defendants

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **HARRISON COMPANY, LLC.,** § | | |
| § | | |
| Plaintiff, § | | Civil Action No.: 3:19-cv-01057-B |
| § | | |
| v. § | | |
| § | | |
| **A-Z WHOLESALERS, INC., and** § | | |
| **BARKAT G. ALI,** § | | |
| § | | |
| Defendants. § | | |

## DEFENDANTS' MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, A-Z Wholesalers, Inc., and Barkat Ali, (collectively, "Defendants"), requesting leave of the Court for leave to file an amended answer, and in support thereof states as follows:

1.  In support of this Motion, Defendants are filing a contemporaneous Brief in Support of Defendants' Motion for Leave to File First Amended Answer.

2.  Defendant asserts that good cause exists to grant leave to amend at this time in the case.

3.  Pursuant to Local Rule 15.1(b), Defendants' proposed First Amended Answer is attached hereto as **Exhibit "A"**.

WHEREFORE, PREMISES CONSIDERED Defendants pray that the Court grant them leave to file their First Amended Answer, and for such other and further relief to which they may show themselves justly entitled.

DATED: December 19, 2019.

Respectfully submitted,

  /s/ Lars L. Berg
Lars L. Berg
State Bar No. 00787072
Lars.berg@kellyhart.com
Elizabeth A. Cuneo
State Bar No. 24100166
Elizabeth.cuneo@kellyhart.com
**Kelly Hart & Hallman LLP**
201 Main Street, suite 2500
Fort Worth, Texas 76102
Telephone (817) 332-2500
Facsimile  (817) 878-9280
ATTORNEYS FOR DEFENDANTS

Respectfully submitted,

  /s/ Joyce W. Lindauer
Joyce W. Lindauer
State Bar No. 21555700
Jeffery M. Veteto
State Bar No. 24098548
Guy Harvey Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
12720 Hillcrest Road, Suite 625
Dallas, Texas 75230
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
joyce@joycelindauer.com
jeff@joycelindauer.com
guy@joycelindauer.com
**PROPOSED CO-COUNSEL**

## CERTIFICATE OF CONFERENCE

I certify that on December 19, 2019, my associate, Guy Holman, conferred with opposing counsel of record for the Plaintiff, David Swanson, via telephone regarding Defendants' Motion for Leave to Amend. The Parties were unable to reach agreement, Plaintiff is opposed.

 /s/ Joyce W. Lindauer
Joyce W. Lindauer

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 19, 2019, a true and correct copy of the foregoing was served on all parties via the Court's ECF system.

 /s/ Joyce W. Lindauer
Joyce W. Lindauer

Joyce W. Lindauer
State Bar No. 21555700
Jeffery M. Veteto
State Bar No. 24098548
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
12720 Hillcrest Road, Suite 625
Dallas, TX 75230
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Co-Counsel for Defendants

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **HARRISON COMPANY, LLC.,** § | | |
| § | | |
| Plaintiffs, § | | Civil Action No.: 3:19-cv-01057-B |
| § | | |
| v. § | | |
| § | | |
| **A-Z WHOLESALERS, INC., and** § | | JURY TRIAL DEMANDED |
| **BARKAT G. ALI,** § | | |
| § | | |
| Defendants/Third-Party Plaintiffs § | | |
| § | | |
| v. § | | |
| § | | |
| **IMPERIAL TRADING CO., LLC.** § | | |
| § | | |
| Third-Party Defendant. § | | |

**DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S
ORIGINAL COMPLAINT, AND THIRD-PARTY COMPLAINT**

COME NOW Defendants, A-Z Wholesalers, Inc. ("A-Z") and Barkat G. Ali ("Ali") (collectively, "Defendants" or "Third-Party Plaintiffs"), file their *First Amended Answer* ("Answer"), responding to *Plaintiff's Original Complaint* (the "Complaint"), filed by Plaintiff, Harrison Company, L.L.C. ("Harrison"), and further file their *Third-Party Complaint* against Imperial Trading Co., LLC ("Imperial"). The following sections and numbered paragraphs correspond to the sections and numbered paragraphs in the Complaint. To the extent the allegations within

DEFENDANTS' FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S ORIGINAL COMPLAINT, AND THIRD-PARTY COMPLAINT
Page | 1

EXHIBIT "A"

*Plaintiff's Original Complaint* are not expressly admitted, they are hereby denied. All answers and defenses are admitted or denied as to all named defendants except were explicitly noted.

## I.
## JURY DEMAND

Defendants demand a trial by jury of all issues so triable pursuant FEDERAL RULES CIVIL PROCEDURE 38 and 39.

## II.
## RESPONSE TO HARRISON'S STATEMENT OF PARTIES

1. Defendants admit the allegations in Paragraph 1.

2. Defendants admit the allegations in Paragraph 2.

3. Defendants admit only that Ali is an individual, and they deny the remaining allegations in Paragraph 3.

## III.
## RESPONSE TO HARRISON'S JURISDICTION AND VENUE

4. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 4.

5. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 5.

6. Defendants admit the allegations in Paragraph 6, but deny that Plaintiffs are entitled to any relief whatsoever in this action.

## IV.
## RESPONSE TO HARRISON'S FACTUAL BACKGROUND

7. Defendants admit the allegations in Paragraph 7, but deny that the "Credit Agreement" constitutes the entirety of the agreement.

8. Defendants admit the allegations in Paragraph 8, but deny that Plaintiffs are entitled to any relief whatsoever in this action.

9. Defendants deny the allegations in Paragraph 9.

10. Defendants admit only the they received invoices from Imperial and that they paid Imperial's invoices, but Defendants deny the remaining allegations in Paragraph 10.

11. Defendants admit only that Imperial sent A-Z invoices, but deny the remaining allegations in Paragraph 11.

12. Defendants admit only that they received demand letters, but deny the remaining allegations in Paragraph 12, and further denies that Plaintiffs are entitled to any relief whatsoever in this action.

13. Defendants admit only that Imperial (i) filed a state-court action against A-Z, Ali, and others and (ii) obtained through an *ex-parte* hearing before an associate judge the appointment of a receiver. The very next day, the district-court judge heard from defendants and dissolved the receivership. The request for a receivership was groundless and brought in bad faith and solely for the purposes of harassment. Defendants lack sufficient knowledge or information to form a belief about the remaining allegations in Paragraph 13.

14. Defendants deny the allegations in Paragraph 14.

15. Defendants deny the allegations in Paragraph 15, except that they admit Harrison hired lawyers.

## V.
## RESPONSE TO HARRISON'S CAUSES OF ACTION

**Harrison's Count One - Breach of Contract**

16. Defendants adopt by reference their responses to Paragraphs 1 through 15 as if fully set forth herein.

17. Defendants admit only that the Credit Agreement was executed by Ali, but deny the remaining allegations in Paragraph 17.

18. Defendants deny the allegations in Paragraph 18.

19. Defendants deny the allegations in Paragraph 19.

**Harrison's Count 2 - Suit on Ali's Guarantee**

20. Defendants adopt by reference their responses to Paragraphs 1 through 19 as if fully set forth herein.

21. Defendants admit only that Ali executed and delivered a guarantee to Harrison, but they deny the remaining allegations in Paragraph 21.

22. Defendants admit only that Harrison and Imperial made demands on them, but they deny the remaining allegations in Paragraph 22.

**Harrison's Court 3 - Attorneys' Fees:**

23. Defendants adopt by reference their responses to Paragraphs 1 through 22 as if fully set forth herein.

24. Defendants admit only that the Credit Agreement and Guarantee contain a provision providing for the recovery of reasonable attorneys' fees, but Defendants deny the remaining allegations in Paragraph 24.

**VI.**
**RESPONSE TO HARRISON'S STATEMENT OF CONDITIONS PRECEDENT**

25. Defendants deny the allegations in Paragraph 25.

**VII.**
**DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES**

26. In asserting these defenses, Defendants do not assume the burden of proof on any matters for which Plaintiff rightfully bears the burden of proof. In addition, Defendants are continuing to investigate Plaintiff's allegations and, therefore, reserve the right to amend its Answer and Defenses, as permitted.

27. Pursuant to FED. R. CIV. P. 9(a), Defendants specifically deny that Harrison has either the capacity or authority to sue on either the Agreement or the disputes at issue in this lawsuit

because Harrison was not a party to any transaction involving any of the claims it has asserted. Moreover, Harrison did not deliver to Defendants any of the product on which all the asserted claims for nonpayment are made. Rather, a totally separate legal entity—Imperial—was involved in all such transactions. And Harrison knows this to be true because Harrison is a separate but related company.

28. To the extent Plaintiff's claims are based on acts that occurred prior to any applicable statute of limitations, those claims are time-barred.

29. To the extent the Plaintiff failed to comply with any procedural prerequisites prior to bringing their claims in this action, this Court lacks subject matter jurisdiction over such claims or such claims are otherwise barred.

30. To the extent the Plaintiff failed to comply with the procedural prerequisites contracted for in the Credit Application and Agreement, this Court lacks subject matter jurisdiction over such claims, or such claims are otherwise barred.

31. Plaintiff's claims are barred, in whole or in part, because Defendants acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by Defendants at the time it so acted.

32. Plaintiff's claims are barred, in whole or in part, due to accord and satisfaction.

33. Plaintiff's Original Complaint is barred, in whole or in part, by the doctrine of unclean hands.

34. Plaintiff's Original Complaint is barred, in whole or in part, by the doctrine of unconscionability, given the parties had agreed to new terms which have not been breached.

35. Plaintiff's claims are barred by the doctrine of novation, given the parties agreed to new terms.

36. Plaintiff's claims are barred by the doctrine of modification, as the parties modified their original agreement and the defendant complied with the modification.

37. Plaintiff's claims are barred by the doctrine of waiver, as Plaintiffs waived rights under the guarantee when the Harrison transferred distribution and shipping to Imperial without consideration.

38. To the extent Plaintiff is not in privity of contract with the Credit Application and Agreement, Plaintiff's lack standing and their claims are barred in whole or in part.

39. To the extent Plaintiff is not in privity of contract with alleged defaulted invoices, Plaintiff's lack standing and their claims are barred in whole or in part.

40. To the extent Plaintiff failed to mitigate their damages, their recovery, if any, must be reduced accordingly.

41. Defendants are not liable to Plaintiff because of mutual mistake related to repayment terms of any alleged arrearage.

42. Defendants are not liable to Plaintiff because of failure of consideration related to the Credit Agreement, caused by Harrison's transferring shipping and distribution to Imperial.

43. Plaintiff's Original Complaint is barred, in whole or in part, because any conduct by Defendants was ratified, consented to and/or acquiesced by Plaintiff.

44. Any and all conduct of which Plaintiff complains, or which is attributed to Defendants, was a just and proper exercise of its management discretion, at all times privileged and justified, and undertaken for fair and honest reasons, in good faith and without malice.

45. Defendants invoke any and all limitations (including constitutional, statutory and common-law) on awards of compensatory, punitive, and/or other damages.

46. Defendants reserve the right to assert additional defenses as they become known during the course of this litigation, and hereby reserve the right to amend this Answer for the purpose of asserting additional affirmative and other defenses.

## VIII.
## DEFENDANTS' THIRD-PARTY COMPLAINT AGAINST IMPERIAL TRADING CO., LLC.

47. Pursuant to FED. R. CIV. P. 14(a)(1), Third-Party Plaintiffs assert this *Third-Party Complaint* against Imperial Trading Co., LLC., stating as follows:

### A. SUIT FOR DECLARATORY RELIEF

48. Third-Party Plaintiffs assert that they and Imperial entered into an oral modification of the customary terms of payment between the parties with respect to any alleged arrearage. The agreement required A-Z to continue using Imperial as their primary supplier. Further, Imperial agreed to continue supplying A-Z, provided A-Z paid an amount over and above the face amount of Imperial's weekly invoices, such that any arrearage would be reduced accordingly.

49. Third-Party Plaintiffs assert that Imperial breached this accord and satisfaction by discontinuing deliveries to the Third-Party Plaintiffs and by Imperial filing a suit for damages and appointment of a receiver in state court.

50. Third-Party Plaintiffs brings this action for declaratory relief pursuant to the TEXAS UNIFORM DECLARATORY JUDGMENTS ACT, codified in Chapter 37 of the TEXAS CIVIL PRACTICE & REMEDIES CODE (the "Act").

51. The Act empowers courts "to declare rights, status, and other legal relations whether or not further relief is or could be claimed." TEX. CIV. PRAC. & REM. CODE § 37.003. A person interested under a deed, written contract, or whose rights, status, or other legal relations are affected by a statute or a contract "may have determined any question of construction or validity

arising under the instrument, statute, . . . [or] contract . . . and obtain a declaration of rights, status, or other legal relations thereunder. TEX. CIV. PRAC. & REM. CODE § 37.004.

52. Third-Party Plaintiffs hereby request that this Court declare that, in accordance with the factual statements above being accurate, Imperial cannot pursue any form of recovery on the alleged arrearage, and therefore Harrison is precluded from asserting its' claims against Defendants.

## B. ATTORNEY'S FEES

53. Due to the actions and course of conduct of the Plaintiff and Third-Party Defendant, as described hereinabove, Defendants/Third-Party Plaintiffs have been compelled to retain the undersigned attorneys to represent them. Pursuant to TEX. CIV. PRAC. & REM. CODE § 37 and § 38 *et seq.*, Defendants request to recover its reasonable and necessary attorney's fees and cost of court.

WHEREFORE PREMISES CONSIDERED, Defendants deny that Plaintiff is entitled to recover anything against either of them and request that the Court enter a take-nothing judgment, awarding Defendants their reasonable and necessary attorneys' fees, expenses, and costs of court. Defendants/Third-Party Plaintiffs further respectfully pray that upon a final hearing of this cause, that judgment be entered for them against Third-Party Defendant Imperial for the following:

   a) A declaratory judgment that the parties have a valid and enforceable contract that was orally modified to permit A-Z to retire the arrearage on an installment basis;

   b) A declaratory judgment that Imperial breached the accord and satisfaction between the parties;

   c) Court Costs;

   d) Attorney's Fees; and

   e) Such other and further relief to which the Defendants/Third-Party Plaintiffs may be entitled at law or in equity, whether plead or unplead.

DATED: December 19, 2019.

                                              Respectfully submitted,

                                         /s/ Joyce W. Lindauer
                                         Joyce W. Lindauer
State Bar No. 21555700
Jeffery M. Veteto
State Bar No. 24098548
Guy Harvey Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
12720 Hillcrest Road, Suite 625
Dallas, Texas 75230
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
joyce@joycelindauer.com
jeff@joycelindauer.com
guy@joycelindauer.com

Lars L. Berg
State Bar No. 00787072
Lars.berg@kellyhart.com
Elizabeth A. Cuneo
State Bar No. 24100166
Elizabeth.cuneo@kellyhart.com
**Kelly Hart & Hallman LLP**
201 Main Street, suite 2500
Fort Worth, Texas 76102
Telephone (817) 332-2500
Facsimile (817) 878-9280
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on December 19, 2019, a true and correct copy of the foregoing was served on all parties via the Court's ECF system.

                                                                                    /s/ Joyce W. Lindauer
                                                                                    Joyce W. Lindauer