Joyce W. Lindauer
State Bar No. 21555700
Jeffery M. Veteto
State Bar No. 24098548
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
12720 Hillcrest Road, Suite 625
Dallas, TX 75230
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Proposed Co-Counsel for
Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **HARRISON COMPANY, LLC.,** | § | |
| | § | |
| **Plaintiff,** | § | **Civil Action No.: 3:19-cv-01057-B** |
| | § | |
| **v.** | § | |
| | § | |
| **A-Z WHOLESALERS, INC., and** | § | |
| **BARKAT G. ALI,** | § | |
| | § | |
| **Defendants.** | § | |

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION
## FOR LEAVE TO FILE FIRST AMENDED ANSWER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, A-Z Wholesalers, Inc., and Barkat Ali, (collectively, "Defendants"), and files this, their *Brief in Support* ("Brief") of their *Defendants' Motion for Leave to File First Amended Answer* ("Motion"), requesting leave of this Court to file a First Amended Answer. In support thereof, Defendants would show as follows:

## I.
## INTRODUCTION

1.      Defendants seek to amend their existing Defendants' Original Answer to (i) add a necessary party; (ii) clarify pertinent facts; (iii) assert applicable affirmative defenses; (iv) assert

counterclaims; (v) make a jury demand; and (vi) add co-counsel, if so permitted. Defendants'
proposed <u>First Amended Answer</u> is attached to the Motion as **Exhibit "A"** and incorporated herein
by reference as if set forth in full.

## II.
## PROCEDUREAL BACKGROUND

1.  On May 2, 2019, Plaintiff, Harrison Co. LLC. ("<u>Plaintiff</u>"), filed suit against the
Defendants, alleging breach of contract, suit on guarantee, and recovery of attorney fees.

2.  On August 12, 2019, the Defendants filed their <u>Defendants' Original Answer</u>, which is
their live pleading.

3.  The Defendants have not previously amended their pleadings but now seek leave of Court
to file their First Amended Answer.

## II.
## ARGUMENT & AUTHORITIES

4.  Pursuant to the scheduling order, a party may amend on leave of court. "The court should
freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2),

5.  The Court's inherent power to grant leave to amend is an equitable consideration.  Where
the court fashions equitable remedies, avoiding inefficient and unnecessary litigation is a factor of
primary importance.[1] In turn, the Court in the scheduling order contemplates such an amendment.

6.  Plaintiff will not be prejudiced by Defendants' amended pleading because the amended
pleading should not result in undue delay and the Plaintiff will have adequate opportunity to
respond to the amended pleading prior to the time of trial.  *Auster Oil & Gas, Inc. v. Stream*,
764 F.2d 381, 391-92 (5th Cir. 1985).  *Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994).

---

[1] *Cano v. GMAC Mortg. Corp. (In re Cano),* 410 B.R. 506, 542 (Bankr. S.D. Tex. August 10, 2009).

7.      For the reasons set forth below, Defendants assert that judicial economy and equitable justice under the scheduling order and statutes give rise to the need for leave of court so that they may file an amended answer, and the Defendants do so request the same from this Court.

**A.      Required Joinder of Party Pursuant to FRCP 19**

8.      FED. R. CIV. P. 19(a)(1) provides that a person or entity "who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction **must be joined as a party** if:

> (A)  in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B)  that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> > (i)   as a practical matter impair or impede the person's ability to protect the interest; or
> >
> > (ii)  (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." (emphasis added).

9.      Imperial Trading Co., LLC ("Imperial") is a necessary party to this litigation. As set forth more fully in Defendants' contemporaneously filed Motion for Leave to Join Party, all of the invoices that Plaintiff alleges that Defendants breached, which are the subject of this suit, were issued by Imperial, not by the Plaintiff. Plaintiff only holds a guarantee on contracts that are not the subject of this suit.

10.     Defendants assert that the joinder of Imperial is required. If Imperial is not joined, the Court cannot accord complete relief among existing parties, leaving the Defendants subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of Imperial's clear and direct interest in this matter.

11.     In accordance with FED. R. CIV. P. 19(a)(2), the Court must order the joinder of Imperial as a required party under FED. R. CIV. P. 19(a)(1). Consistent therewith, the Defendants assert that the Court should grant leave for the amendment to Defendants' Answer to address the same. Defendants address this joinder more fully in their Motion for Leave to Join Party, and incorporate the same by reference as if set forth in full herein.

12.     For the reasons so stated, the Court should grant leave for Defendants to amend their pleading by filing their First Amended Answer, as attached hereto as **Exhibit A**.

**B.      Addition of Co-Counsel and General Pleading Amendments**

13.     In addition, the Defendants are also contemporaneously seeking an order from this Court naming Joyce W. Lindauer Attorney, PLLC ("Lindauer Firm") as co-counsel through their Joint Motion for Appearance By Additional Counsel.  The Lindauer Firm's involvement was sought out due to the firm's ability to handle the complex issues involved in this case and current counsel's trial schedule.

14.     Defendants' request leave to allow the Lindauer Firm to clarify pertinent facts, assert applicable affirmative defenses, and assert counterclaims. Absent such ability to amend, Defendants' will suffer severe impairment in their defense and prosecution of this matter. Furthermore, Defendants believe that with the joinder of Imperial, and inclusion of all defenses and claims, the Court and the parties will avoid unnecessary duplication of proceedings and prolonged and costly litigation; this solution promotes economic use of judicial resources.

**C.      Jury Demand**

15.     The Defendants further seek leave to amend their Defendants' Original Answer in order to invoke their United States VII amendment constitutional right to a trial by jury raised pursuant to FED. R. CIV. P. 39(b).

16.     The right to a jury in a federal court as declared by U.S. CONST. AMEND. VII is a basic and fundamental feature of our system. And when the discretion of the court is invoked under FED. R. CIV. P. 39(b), the court should grant a jury trial in the absence of strong and compelling reasons to the contrary.[2]

17.     For such reasons, Defendants respectfully request leave to file their <u>First Amended Answer</u>, including its demand for trial by jury.

### III.
### <u>CONCLUSION</u>

18.     Upon good cause shown, the Court should, in its discretion, grant leave for the Defendants to file their <u>First Amended Answer</u>. If allowed, the amendment will serve the Court and the parties by joining a necessary party to the litigation. The amendment would also aid in the conservation of judicial resources and protect the invocation of constitutional rights. Finally, there is no strong or compelling reason to the contrary.

WHEREFORE, PREMISES CONSIDERED, for all the reasons stated herein, the Court should enter an order granting leave for the Defendants to file their <u>First Amended Answer</u>.

        DATED: December 19, 2019.

                                        Respectfully submitted,

                                          /s/ Lars L. Berg
                                        Lars L. Berg
                                        State Bar No. 00787072
                                        Lars.berg@kellyhart.com
                                        Elizabeth A. Cuneo
                                        State Bar No. 24100166
                                        Elizabeth.cuneo@kellyhart.com
                                        **Kelly Hart & Hallman LLP**
                                        201 Main Street, suite 2500
                                        Fort Worth, Texas 76102
                                        Telephone (817) 332-2500
                                        Facsimile  (817) 878-9280

---

[2] *Swofford v. B & W, Inc.*, 336 F.2d 406, 409 (5th Cir. 1964).

ATTORNEYS FOR DEFENDANTS

Respectfully submitted,

  /s/ Joyce W. Lindauer
Joyce W. Lindauer
State Bar No. 21555700
Jeffery M. Veteto
State Bar No. 24098548
Guy Harvey Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
12720 Hillcrest Road, Suite 625
Dallas, Texas 75230
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
joyce@joycelindauer.com
jeff@joycelindauer.com
guy@joycelindauer.com
**PROPOSED CO-COUNSEL**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 19, 2019, a true and correct copy of the foregoing was served on all parties via the Court's ECF system.

  /s/ Joyce W. Lindauer
Joyce W. Lindauer