Joyce W. Lindauer
State Bar No. 21555700
Jeffery M. Veteto
State Bar No. 24098548
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
12720 Hillcrest Road, Suite 625
Dallas, TX 75230
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Proposed Co-Counsel for
Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HARRISON COMPANY, LLC., | § § § | |
| Plaintiff, | § § | Civil Action No.: 3:19-cv-01057-B |
| v. | § § § | |
| A-Z WHOLESALERS, INC., and BARKAT G. ALI, | § § § § | |
| Defendants. | § | |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION
FOR LEAVE TO JOIN A PARTY**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, A-Z Wholesalers, Inc., and Barkat Ali, (collectively, "Defendants"), and files this, their *Brief in Support* ("Brief") of their *Defendants' Motion for Leave to Join a Party* ("Motion"), seeking a court order joining Imperial Trading Co., LLC. ("Imperial"), as a party plaintiff. In support thereof, Defendants would show as follows:

**I.
INTRODUCTION**

1.     In accordance with Fed. R. CIV. P. 19(a)(2), the Defendants seek a court order joining Imperial as a required party under FED. R. CIV. P. 19(a)(1). Consistent therewith, the Defendants

assert that the Court should grant leave for the amendment to Defendants' Answer to address the same.

## II.
## PROCEDURAL BACKGROUND

2.   On May 2, 2019, Plaintiff, Harrison Co. LLC. ("Plaintiff"), filed suit against the Defendants, alleging breach of contract, suit on guarantee, and recovery of attorney fees.

3.   On August 12, 2019, the Defendants filed their Defendants' Original Answer, which is their live pleading.

4.   The Defendants have not previously amended their pleadings but now seek leave of Court to join a necessary party.

## II.
## ARGUMENT & AUTHORITIES

**A.   Required Joinder of Party Pursuant to FRCP 19**

5.   FED. R. CIV. P. 19(a)(1) provides that a person or entity "who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction **must be joined as a party** if:

   (A)   in that person's absence, the court cannot accord complete relief among existing parties; or

   (B)   that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

      (i)   as a practical matter impair or impede the person's ability to protect the interest; or

      (ii)   (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." (emphasis added).

6.   Imperial Trading Co., LLC ("Imperial") is a necessary party to this litigation.  In *Plaintiff's Original Complaint*, Harrison Co. LLC, makes the following allegations which should compel the Court to join Imperial as a 'Person to be Joined if Feasible' pursuant to Fed. R. CIV. P. 19.:

| ¶9. | "Under the Credit Agreement, A-Z ordered various quantities of tobacco products and other sundries from Harrison, which Harrison supplied through **Imperial**". |
|---|---|
| ¶10. | "**Imperial** invoiced A-Z for its orders placed through Harrison". |
| ¶12. | "Harrison's parent, **Imperial**, made demand on A-Z and Ali for payment in a March 18, 2019 letter". |
| ¶13. | "**Imperial**, in an attempt to protect Harrison's interests, filed a state court action to try to get a receiver appointed for A-Z". |

7.  Plaintiff's own allegations places the interest of Imperial as "the" central issue, making them an indispensable party. "The purpose of Rule 19 is to permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources."[1]

8.  Defendants assert that the joinder of Imperial is required. If Imperial is not joined, the Court cannot accord complete relief among existing parties, leaving the Defendants subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of Imperial's clear and direct interest in this matter.

9.  In accordance with FED. R. CIV. P. 19(a)(2), the Court must order the joinder of Imperial as a required party under FED. R. CIV. P. 19(a)(1). Consistent therewith, the Defendants assert that the Court should grant leave for the amendment to Defendants' Answer to address the same.

### III.
### CONCLUSION

10. The Defendants have shown that the Court is compelled to order joinder of Imperial as a 'Person to be joined if Feasible'. And because joinder of Imperial can be accomplished without

---

[1] *Askew v. Sheriff of Cook Cty.*, 568 F.3d 632, 634 (7th Cir. 2009). See *Standard Oil Co. v. Marshall*, 265 F.2d 46, 57 (5th Cir. 1959)("It is universally acknowledged that necessary or indispensable parties includes all persons who have an interest in the subject-matter of the suit, of such a nature that a final decree cannot be made without either affecting their interests or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience.").

destroying the Court's subject matter jurisdiction, the feasibility factor tilts heavily in favor of joinder.

11.     Defendants have further shown that joinder of Imperial is necessary to prevent prejudice to the Defendants, as the Court's failure to join Imperial runs the risk of exposing the Defendants to double, multiple, or inconsistent liability given the interest of Imperial in this matter.

WHEREFORE, PREMISES CONSIDERED, for all the reasons stated herein, the Court should enter an order granting joinder of Imperial as third-party defendant.

DATED: December 19, 2019.

                Respectfully submitted,

                  /s/ Lars L. Berg
Lars L. Berg
State Bar No. 00787072
Lars.berg@kellyhart.com
Elizabeth A. Cuneo
State Bar No. 24100166
Elizabeth.cuneo@kellyhart.com
**Kelly Hart & Hallman LLP**
201 Main Street, suite 2500
Fort Worth, Texas 76102
Telephone (817) 332-2500
Facsimile  (817) 878-9280
ATTORNEYS FOR DEFENDANTS

Respectfully submitted,

    /s/ Joyce W. Lindauer
Joyce W. Lindauer
State Bar No. 21555700
Jeffery M. Veteto
State Bar No. 24098548
Guy Harvey Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
12720 Hillcrest Road, Suite 625
Dallas, Texas 75230
Telephone: (972) 503-4033

                        Facsimile: (972) 503-4034
                        joyce@joycelindauer.com
                        jeff@joycelindauer.com
                        guy@joycelindauer.com
                        **PROPOSED CO-COUNSEL**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on December 19, 2019, a true and correct copy of the foregoing was served on all parties via the Court's ECF system.

                        /s/ Joyce W. Lindauer
                        Joyce W. Lindauer