**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **HARRISON COMPANY LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:19-CV-1057-B** |
| | § | |
| **A-Z WHOLESALERS INC. and** | § | |
| **BARKAT G. ALI,** | § | |
| | § | |
| **Defendants.** | § | |

---

**HARRISON COMPANY, LLC'S RESPONSE AND BRIEF IN SUPPORT**
**TO DEFENDANTS' MOTIONS FOR LEAVE TO FILE**
**FIRST AMENDED ANSWER AND TO JOIN PARTY**

---

Pursuant to Local Rule 7.1, Plaintiff Harrison Company, LLC ("Harrison") files this Response and Brief in Support to Defendants' Motions for Leave to File First Amended Answer (ECF 15) and to Join Party (ECF 17) and states:

### I.   SUMMARY OF RESPONSE

More than four months after filing their original answer, and without any new fact or additional discovery, Defendants seek leave to amend their answer to "(i) add a necessary party; (ii) clarify pertinent facts; (iii) assert applicable affirmative defenses; (v) assert counterclaims; (v) make a jury demand; and, (vi) add co-counsel."[1]  But Defendants do not include any counterclaim in their proposed First Amended Answer and leave is not required to add co-counsel.  Accordingly, Harrison's Response does not address those two points.  Defendants also do not "clarify pertinent facts" in their proposed First Amended Answer and, even if they did, Defendants provide no authority for "clarify[ing] pertinent facts" is sufficient justification for Defendants' undue delay in

---

[1]    Defs.' Br. in Support of Mot. for Leave to Amend Ans. (ECF 16) ¶ 1.

requesting leave to amend. The issues before the Court are: (1) whether Defendants can file a third-party declaratory judgment claim against Imperial; (2) whether Defendants can amend their answer to assert twenty new affirmative defenses; and, (3) whether Defendants can amend their answer to demand a trial by jury.  The answer to all three should be **no**.

First, the Court must deny Defendants' request for leave to file their proposed third-party declaratory judgment claim against Imperial because Imperial is not a proper third-party defendant under Federal Rule of Civil Procedure 14[2] and Defendants' proposed claim is futile.  Second, the Court must deny Defendants' request for leave to amend their answer to include twenty new defenses (*none* of which were in Defendants' Original Answer) because Defendants present no justification for their undue delay and permitting Defendants to amend would prejudice Harrison. Third, the Court must deny Defendants' request for leave to amend to demand a jury trial because Defendants waived that right.

## II.      ARGUMENT & AUTHORITIES

### A.  The Court should deny Defendants' request to join Imperial.

In their Motion for Leave to Join Party, Defendants assert that they are seeking to join Imperial as a party plaintiff pursuant to Federal Rule of Civil Procedure 19.[3]  What Defendants actually submitted to the Court is a third-party complaint naming Imperial as a third-party Defendant.  The addition of a third-party claim is governed by Federal Rule of Civil Procedure 14 (which Defendants do not mention or cite), and not Rule 19.  *See* Fed. R. Civ. P. 14.  Imperial is not a proper or necessary party under either rule.

---

[2]   Although Defendants move only pursuant to Federal Rule of Civil Procedure 19 to add Imperial as a party-plaintiff, that is not what Defendants submitted to the Court.  Instead, Defendants seek to file a third-party complaint against Imperial, and that is governed by Federal Rule of Civil Procedure 14.

[3]   Defs.' Br. in Support of Defs.' Mot. for Leave to Join a Party (ECF 18) 1 ("seeking a court order joining Imperial Trading Co., LLC ('Imperial'), as a party plaintiff").

### 1.   Imperial is not a proper third-party defendant under Rule 14.

Pursuant to Federal Rule of Civil Procedure 14, a defendant may, "as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."  Leave of court is required if the third-party plaintiff files the complaint more than 14 days after serving its original answer. Fed. R. Civ. P. 14(a)(1).  "The crucial characteristic of a Rule 14 claim is that defendants are attempting to transfer to the third-party defendant the liability asserted against them by the original plaintiff." *Cortis, Inc. v. Cortislim Int'l, Inc.*, 2014 WL 12577398, at *3 (N.D. Tex. Mar. 24, 2014) (citing *Am. First Lloyd's Ins. Co. v. Global Experience Specialists, Inc.*, 2013 WL 6164293, at *2 (N.D. Tex. Nov. 21, 2013)).  "The third party must necessarily be liable over to the defendant for all or part of the plaintiff's recovery." *Id.*

Defendants' proposed third-party complaint does not allege, and Defendants' Motion for Leave does not demonstrate, that Imperial may be liable to Defendants for all or part of Harrison's claim against them.  In fact, Defendants do not claim that Imperial is liable to Defendants or make any mention of Rule 14.  Rather, Defendants suggest Harrison cannot prevail on its claim against Defendants because Defendants' agreement was, in reality (yet in contradiction to the written instrument), with Imperial.  In the event Harrison is entitled to recover from Defendants, Imperial will not be liable for any part of that damage award.  The Court should deny Defendants' request to file a third-party complaint against Imperial.

### 2.   Imperial cannot be joined as a party plaintiff under Rule 19 because it is not a necessary party and this is not the "proper case."

To the extent Defendants are seeking leave to add Imperial as a party plaintiff pursuant to Federal Rule of Civil Procedure 19 (as they claim), the Court must deny Defendants' Motion because Defendants have not bet their burden to show that Imperial is a necessary party and that

this is a "proper case."  A person must be joined as a party in an existing litigation (as long as

joinder will not deprive the court of subject-matter jurisdiction) only if the movant satisfies its

burden to demonstrate that "(A) in that person's absence, the court cannot accord complete relief

among existing parties; or, (B) that person claims an interest relating to the subject of the action

and is so situated that disposing of the action in the person's absence may . . . leave an existing

party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent

obligations because of the interest."[4]  Fed. R. Civ. P. 19(a)(1); *see Boundy v. Dolenz*, 2002 WL

1160075, at *5 (N.D. Tex. May 30, 2002) ("The movant bears the burden of proving that joinder

is necessary.").

Joinder under Rule 19 is a "fact intensive, case-specific determination."  *GE Bus. Fin.

Servs., Inc. v. Sundance Resources, Inc.*, 2009 WL 1149052, at *2 (N.D. Tex. May 21, 2009).

Accordingly, where the movant fails to provide necessary supporting facts that demonstrate why

complete relief cannot be accorded or how the party is at risk of inconsistent obligations, the third-

party should not be joined.  *Id.* (denying defendants' motion to abate for failure to join a necessary

party where defendants failed to provide facts regarding what inconsistent obligations they may

incur or why there could be no complete relief without joinder).

"The term complete relief under Rule 19(a)(1)(A) refers only to relief between the persons

already parties, and not as between a party and the absent person whose joinder is sought."

*Pavecon Holding Co. v. Tuzinski*, 2017 WL 2539414, at *3 (E.D. Tex. May 19, 2017) (internal

citation omitted).  "The focus is on relief between the parties and not on the speculative possibility

of further litigation between a party and an absent person."  *GE Bus. Fin. Servs., Inc.*, 2009 WL

---

[4]    A person is also a required party under Rule 19 if "that person claims an interest relating to the subject of the
action and is so situated that disposing of the action in the person's absence may (i) as a practical matter impair
or impede the person's ability to protect the interest."  Fed. R. Civ. P. 19(a)(1)(B)(i).  Defendants do not move
pursuant to this provision and, therefore, Harrison's Response does not address it.

1449052, at *2.  "Courts do not consider whether the absent party might later be responsible on theories of contribution or indemnification[.]"  *Pavecon Holding Co.*, 2017 WL 2539414, at *3. For instance, in *Pavecon*, the court held that defendants failed to demonstrate that the proposed third-party was a necessary party under Rule 19 where defendants' argument rested solely on the possibility that "at some undefined time in the future, [the proposed third-party] may potentially assert a claim for recovery against [defendant]" arising from the subject of the claims already alleged. *Id.*

A necessary party may only be joined as an involuntary plaintiff in the "proper case."  Fed. R. Civ. P. 19(a)(2) ("A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.").  "The law generally disfavors forced joinder of a party as a plaintiff."  *Eikel v. States Marine Lines, Inc.*, 473 F.2d 959, 962 (5th Cir. 1973).  "[T]he general rule is that only the party who initiates the lawsuit should be saddled with the procedural burdens of a plaintiff."  *Id.*  The "proper case" exception is limited to "only those instances where the absent party has either a duty to allow the plaintiff to use his name in the action or some sort of an obligation to join plaintiff in the action."  *Eikel*, 473 F.2d at 962.

For instance, the United States District Court for the Eastern District of Texas found *US Foam, Inc. v. On Site Gas Sys., Inc.* to be a "proper case" to join licensor Hatsuta as an involuntary plaintiff in the action brought by the licensee.  2010 WL 150170, at *3 (E.D. Tex. Jan. 13, 2010). There, the patent license agreement between On Site and Hatsuta obligated On Site to protect Hatsuta's licensed patent, but did not grant On Site standing to sue for infringement on its own accord.  *Id.*  The Court held that the license agreement gave rise to a duty on the part of Hatsuta to allow On Site to use its name as a plaintiff in the litigation in order to protect On Site's exclusive license.  *Id.*

5

Conversely, the United States District Court for the Southern District of Texas found *Alba v. MeritPlan Ins. Co.* not to be a "proper" case to join the mortgage lender as an involuntary plaintiff in the action brought by the insureds. 2013 WL 12106885, at *7 (S.D. Tex. Sept. 11, 2013). There, plaintiffs filed a claim against MeritPlan for breach of contract relating to MeritPlan's alleged failure to properly handle a property damage claim filed by the plaintiffs pursuant to a residential insurance policy. *Id.* at *1. The insurance policy at issue was actually a "lender-placed" policy issued to plaintiffs' mortgage lender and, therefore, MeritPlan asserted that plaintiffs lacked standing to bring their claims. *Id.* Plaintiffs moved to add the mortgage lender as an involuntary plaintiff; however, their motion was denied. *Id.* at *7. The court reasoned that "[i]f the Lender finds MeritPlan's settlement of the insurance claim sufficiently protective of its interest (or even if it does not), it has no duty to sue MeritPlan on Plaintiffs' behalf, and therefore no duty that would subject it to involuntary joinder." *Id.*

Here, Defendants contend that Imperial is an indispensable party under Rule 19 because Defendants' debts are owed to Imperial—not to Harrison—as a result of oral communications between Imperial and Defendants.[5] But Defendants do not provide any further explanation in support of their conclusory statement that "[i]f Imperial is not joined, the Court cannot accord complete relief among existing parties, leaving the Defendants subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of Imperial's clear and direct interest in this matter." *Id.* at ¶ 8. This conclusory statement does not meet the burden required and the Court should deny Defendants' Motion for Leave.

Imperial is also not an indispensable party. The Court can accord complete relief in this case between Harrison and Defendants without joining Imperial. The contract at issue in this case

---

[5]   *See* Defs.' [Proposed] First Am. Ans., attached as Exhibit A to Defs.' Mot. for Leave to File First Am. Ans.. (ECF 15) ¶ 48; Defs.' Br. in Support of Mot. for Leave to Join a Party (ECF 18) ¶ 6.

is between Harrison and Defendants.[6]   As Defendants acknowledge in their Brief, and as was disclosed in Harrison's Certificate of Interested Persons & Rule 1.7 Disclosure Statement[7], Imperial is Harrison's sole member.   If Defendants disagree and insist they contracted with Imperial (and not Harrison), asserting and adjudicating that defense does not require joining Imperial as a party.

Imperial has not claimed any interest relating to the subject matter of this action such that Defendants may be subject to multiple or otherwise inconsistent obligations.   In their proposed third-party complaint, Defendants do not dispute that a debt is owed—their only issue is to *whom* the debt is owed.   Again, Harrison's sole member is Imperial.   Any disposition of this case as it stands will necessarily address whether the only agreement at issue—which is between Harrison and Defendants—was performed, modified, or breached.   Defendants' liability is either to Harrison (as Harrison alleges) or to Imperial (as Defendants allege).   There cannot be duplicative liability. Imperial is not a necessary party within the meaning of Rule 19.

Even if the Court were to find that Imperial is necessary, this is not the "proper case" to join Imperial as an involuntary plaintiff under Rule 19.   Nothing obligates Imperial to allow Harrison to sue on its behalf.   Like in *Alba*, Imperial has no duty to sue Defendants on Harrison's behalf, and no duty that would subject it to involuntary joinder.   Plus, as the entity that legally contracted with Defendants, Harrison's efforts to enforce the agreement necessarily protect any interest of its member, Imperial.   Accordingly, Imperial cannot be joined as an involuntary plaintiff under Rule 19.

---

6   *See* Pl.'s Orig. Compl. (ECF 1) Ex. A.
7   (ECF 2)

### 3.   Defendants' proposed declaratory judgment claim against Imperial is futile.

Defendants' Motion for Leave to assert a third-party claim against Imperial must also be denied because the claim would be futile.  Leave to amend a pleading to add a third-party claim should not be given if the amendment would be futile.  *See Sanijey Corp. v. Lexor Int'l, Inc.* 2008 WL 2201451, at *1 (N.D. Tex. May 15, 2008).  Futility means the movant's proposed amendment fails to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6).  *Id.*

A declaratory judgment action should be dismissed under Rule 12(b)(6) if it adds nothing to the existing lawsuit.  *Sanijet*, 2008 WL 2201451, at *2 ("If a request for a declaratory judgment adds nothing to an existing lawsuit, it need not be permitted.").  Courts regularly exercise their broad discretion to dismiss declaratory judgment claims "that seek resolution of matters that will already be resolved as part of the claims in the lawsuit."  *Id.* at *3 (collecting cases).  For instance, a declaratory judgment action cannot be maintained where "the core issues of [the] controversy concern whether the parties entered into enforceable contracts and, if so, whether defendants breached those contracts."  *Kogul v. Xspedius Mgmt. Co. of Dallas/Fort Worth, LLC*, 2005 WL 1421446, at *4 (N.D. Tex. June 1, 2005).  "These questions will be resolved in the context of breach of contract actions [and] [s]eparate declaratory judgment actions would be redundant."  *Id.*

Here, Defendants' proposed third-party complaint against Imperial is futile because it fails to state a claim upon which relief could be granted to satisfy Rule 12(b)(6).  Like in *Kogul*, Defendants are asserting a declaratory judgment action that will be inherently resolved by Harrison's breach of contract claim.  In their proposed amendment, Defendants assert a declaratory judgment claim against Imperial requesting that the Court declare that Harrison is precluded from asserting its claims against Defendants because of an agreement between Imperial and Defendants

regarding their payment of invoices under the Credit Agreement.[8]  Whether Harrison can pursue its claim is an issue already before the Court that will be resolved on the merits of Harrison's claims.  If it is Defendants' position that they do not owe any money to Harrison under the Credit Agreement, that defense, if properly pleaded, will be addressed in the litigation as it stands without adding a separate claim against Imperial.  Accordingly, Defendants' proposed third-party action is, at best, redundant, adds nothing to the pending litigation, and is therefore futile.  Such futility requires that the Court deny Defendants' request for leave to assert its proposed third-party claim against Imperial.

**B. Defendants' delay in asserting affirmative defenses is undue and will prejudice Harrison.**

In addition to seeking to assert a third-party complaint against Imperial, Defendants seek leave to amend their answer to add twenty new affirmative defenses.  "Courts have denied leave where the party requesting leave knew of the facts underlying the proposed amendment, but the party did not request leave until a significant time period has passed." *Thompson v. Wichita Falls Ind. Sch. Dist.*, 2008 WL 123891, at * (N.D. Tex. Jan 14, 2008) (citing *Barrett v. Ind. Order of Foresters*, 625 F.2d 73, 75 (5th Cir. 1980)).  Leave to amend a defendant's answer is properly denied where the defendant does not propose to add anything that could not have been raised at an earlier time. *Id.*

Defendants filed and served their Original Answer on August 12, 2019, and did not include an affirmative defense.  Since then, Harrison has not amended to its Complaint and Defendants have not conducted any discovery.  Now, on the deadline for the parties to seek leave to amend pleadings, Defendants want leave to assert *twenty* new affirmative defenses and do not explain

---

[8]     Defs.' [Proposed] First Am. Ans., attached as Ex. A to Defs.' Mot. for Leave to File First Am. Ans. (ECF 15) ¶ 52.

why they could not have done so earlier.  And Defendants do not identify any new underlying fact that was previously unavailable such that Defendants could only recently ascertain that any defense was available.

The Court can conclude and take judicial notice that Harrison will be prejudiced if Defendants are granted leave to amend.  Harrison has already utilized many of its restricted number of discovery requests to Defendants without being afforded the opportunity to explore any affirmative defense.  Allowing Defendants to assert a laundry list of affirmative defenses would require Harrison and the Court to expend significant resources without any justification for Defendants' delay.  For example, the parties will need to hold another Federal Rule of Civil Procedure 26(f) conference, which will result in a modified scheduling order, and a new trial date.  Otherwise, schedule compression will prejudice Harrison by increasing the cost of trial preparation.  Defendants should not be permitted to withhold *all* of their affirmative defenses for four-months, and then seek leave to do so without justifying their delay.  The Court should therefore deny Defendants' Motion for Leave to File First Amended Answer.

## C. Defendants waived their right to a jury trial.

Last, Defendants are not entitled to amend their answer to add a demand for a jury trial because Defendants waived that right.  A party's right to a jury trial is waived if it is not properly demanded within 14 days after the last pleading directed to the issue is served.  Fed. R. Civ. P. 38(b)(1), 38(d).  "The last pleading in Rule 38 usually means an answer or a reply to a counterclaim."  *Matter of Tex. Gen. Petroleum Corp.*, 52 F.3d 1330, 1339 (5th Cir. 1995).  An amended pleading may timely demand a jury trial only if it raises new issues of fact.  *Id.* (citing *Guajardo v. Estelle*, 580 F.2d 748, 753 (5th Cir. 1978)).  "[A]mended pleadings that do not introduce new issues of fact do not renew a right to jury trial that has been waived."  *Id.*

In the event of waiver, the Court may still "on motion, order a jury trial on any issue for which a jury might have been demanded" pursuant to Federal Rule of Civil Procedure 39(b). A Rule 39(b) motion is often granted where there is evidence of ignorance or incompetence on the part of the moving party. *See, e.g.*, *Beall v. A2Z Limousine Trans.*, 2018 WL 6048004, at \*1 (N.D. Tex. Oct. 23, 2018) (granting a *pro se* litigant a trial by jury pursuant to Rule 39(b) where the movant made a credible showing that he was ignorant of the requirements of Rule 38). A Rule 39(b) motion is properly denied "when the failure to make a timely demand for a jury trial results from mere inadvertence of the moving party." *Isystems v. Spark Networks Ltd.*, 2015 WL 13469855, at \*2 (N.D. Tex. Jan. 13, 2015) (citing *Fredieu v. Rowan Cos.*, 738 F.2d 651, 654 (5th Cir. 1984)); *see SE Prop. Holdings LLC v. Jordan*, 2012 WL 2436057, at \*1 (N.D. Tex. June 27, 212). "Inadvertence alone does not relieve a party from waiver." *Isystems*, 2015 WL 13469855, at \*2 (citing *Delgado v. City of El Campo*, 68 F.3d 471 (5th Cir. 1995)). "[W]here a movant presents 'no viable reasons for a delay' in requesting a jury trial, the court may 'assume the delay resulted from mere inadvertence.'" *SE Prop. Holdings*, 2012 WL 2436057, at \*1 (citing *Farias v. Bexar Cty. Bd. of Trustees*, 925 F.2d 866, 873 (5th Cir. 1991)).

Defendants seek leave to demand a trial by jury pursuant to Rule 38 because they waived their right to a jury trial by failing to make a timely demand under Rule 38. However, Defendants do not explain their delay. The Court should assume Defendants' delay resulted from mere inadvertence, which the Fifth Circuit has expressly held does not relieve a party from waiver. Because Defendants waived their right to demand a jury trial on any potential fact issue in this case, the Court should deny Defendants' request for leave to amend. To the extent the Court grants Defendants leave to amend their answer or to assert a third-party claim, the Court should strike Defendants' demand for a jury trial because Defendants waived their right to do so.

### III.    CONCLUSION

Harrison respectfully requests that the Court deny Defendants' Motion for Leave to File First Amended Answer, deny Defendants' Motion for Leave to Join a Party, or, alternatively, order the parties to schedule a status conference to discuss an new trial setting and modified scheduling order, and grant Harrison such other further relief to which it may show itself to be justly entitled.

Respectfully submitted,

**David L. Swanson**
  State Bar No. 19554525
  dswanson@lockelord.com
**Joseph A. Unis, Jr.**
  State Bar No. 24075625
  junis@lockelord.com
**Anna K. Finger**
  State Bar No. 24105860
  anna.k.finger@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
T: 214-740-8000
F: 214-740-8800

**ATTORNEYS FOR PLAINTIFF
HARRISON COMPANY, L.L.C.**

### CERTIFICATE OF SERVICE

I certify that on January 14, 2020, I served this document on all counsel of record via the ECF system and/or email.