Joyce W. Lindauer
State Bar No. 21555700
Jeffery M. Veteto
State Bar No. 24098548
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
12720 Hillcrest Road, Suite 625
Dallas, TX 75230
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Co-Counsel for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **HARRISON COMPANY, LLC.,** | § | |
| | § | |
| **Plaintiff,** | § | **Civil Action No.: 3:19-cv-01057-B** |
| | § | |
| **v.** | § | |
| | § | |
| **A-Z WHOLESALERS, INC., and** | § | |
| **BARKAT G. ALI,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANTS' REPLY BRIEF TO HARRISON COMPANY, LLC'S RESPONSE AND BRIEF IN SUPPORT TO DEFENDANTS' MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND TO JOIN PARTY [Doc. No. 22]

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, A-Z Wholesalers, Inc.("A-Z"), and Barkat Ali ("Ali") (collectively, "Defendants"), pursuant to Local Rule 7.1(f), and file this Reply Brief in support to Harrison Company, LLC's Response and Brief In Support to Defendants' Motion For Leave to File First Amended Answer And to Join Party [Doc. No. 22], and in support thereof replies as follows:

## HARRISON COMPANY, LLC'S RESPONSE [Doc. No. 22] SHOULD BE STRICKEN BECAUSE THE RESPONSE WAS FILED UNTIMELY

1.      Pursuant to Local Rule 7.1 (e), **Time for Response and Brief.**  "A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed".

2.      Defendants' Motion For Leave to File First Amended Answer and to Join Party (the "Motions") were opposed motions that were filed on December 19, 2019.

3.      Per LR 7.1 (e), the deadline for Plaintiff to file a responsive pleading was twenty-one (21) days from the filing of the Motion, or January 9, 2020.

4.      Plaintiff's Response (Doc. No. 22) was filed untimely on January 14, 2020, and for this reason, Plaintiff's Response should be stricken.

## IMPERIAL IS A PERSON REQUIRED TO BE JOINED IF FEASIBLE PURSUANT TO FED. R. CIV. P. 19

**A.      Court's Discretion to Join Party As an Involuntary Plaintiff or Third-Party Defendant**

5.      *FED. R. CIV. P. 19 (a)(2)* provides that:

> "[i]f a person has not been joined as required, the court must order that the person be made a party.  A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff".

6.      For the purpose of joining Imperial as a necessary party, it matters not if the Court orders Imperial to be joined as an involuntary plaintiff or as a third-party defendant.  We defer to the court's discretion as to how Imperial is to be joined.[1]

---

[1] *Ford Plantation, LLC v. Black*, 205 F.R.D. 698 (S.D. Ga. 2000) ("Decision regarding whether to join nonparty as plaintiff or as defendant is discretionary under both FRCP 19 and 20.".

**B.**   **The Issues Presented Require Joinder of Imperial as a Party**

7.      Imperial is a necessary party because Harrison raises issues that cannot be resolved without Imperial as a party.  First, Harrison argues that A-Z executed a credit agreement which contained a personal guarantee by Ali (the "Ali Guarantee") to assure payment and performance by A-Z to Harrison for goods that Harrison sold on credit to A-Z.  Second, Harrison argues that the Ali Guarantee was triggered when A-Z failed to pay as agreed on orders that were fulfilled, shipped, and invoiced by IMPERIAL [emphasis added].

8.      Notwithstanding the standing issue as to Harrison, which the Defendants have raised as an affirmative defense, the Defendants assert that they were not in breach of payment and performance as to Imperial because the terms had been orally modified.  In fact, the Defendants maintain that it was Imperial who first breached the terms of the modified contract, the details of which are more fully set forth in Defendant's Suit for Declaratory Relief.

9.      It therefore follows that the Court must first resolve if Harrison has standing to sue on behalf of non-payment to Imperial; if so, the Court must next resolve if in fact a breach occurred as between A-Z and Imperial.  Lastly, the Court must resolve if the Ali Guarantee was triggered by any alleged non-payment by A-Z to Imperial.

10.     Although the answers to these questions should be **no**, **no,** and **no**, these issues cannot be resolved without Imperial as party.

**C.**   **Double Recovery**

11.     Moreover, Imperial is a necessary party because should the court award relief to Harrison, this would not necessarily resolve any alleged liability owed Imperial.  Although Harrison is a wholly owned subsidiary of Imperial, Harrison cannot stand in the shoes of Imperial.

12.     "A sister corporation cannot sue on behalf of another sister corporation. Where the business or property allegedly interfered with by forbidden practices is that being done and carried on by a corporation, it is that corporation alone who has a right of recovery, even though in an economic sense real harm may be sustained by other entities as a result of such wrongful acts. Courts will not allow a parent corporation to pierce the corporate veil it set up for its own benefit in order to advance the claims of its subsidiary. Nor can a corporation sue to recover costs incurred by its subsidiaries; a parent corporation cannot create a subsidiary and then ignore its separate corporate existence whenever it would be advantageous to the parent".[2]

13.     Here, Harrison attempts to blur who allegedly has been harmed and who allegedly has a right to recover by attempting to pierce its own corporate veil, ignoring that the Ali Guarantee was granted to Harrison, and the invoices relied upon to trigger the Ali Guarantee were issued by an entirely separate and distinct corporation—Imperial.

14.     "A corporation does not have standing to assert claims belonging to a related corporation, simply because their business is intertwined."[3]  Here, the parties never bargained for or contemplated that an alleged non-payment to Imperial could trigger a right to recovery by Harrison.  This issue must necessarily be resolved by the Court in a single lawsuit to prevent the possibility of double recovery.

---

[2] *Construtodo, S.A. de C.V. v. Conficasa Holdings, Inc.*, 2014 U.S. Dist. LEXIS 13782, *17-18 (S.D. Tex. 2014).
[3] Id. citing *Picture Lake Campground v. Holiday Inns, Inc.*, 497 F. Supp. 858, 863 (E.D. Va. 1980).

## THIRD-PARTY PLAINTIFFS' SUIT FOR DECLARATORY RELIEF
## IS NOT FUTILE OR REDUNDANT BUT NECESSARY TO DECLARE THE RIGHTS, STATUS, AND LEGAL RELATIONS BETWEEN THE PARTIES

15.     The Plaintiff mistakenly relies on *Kougl*[4], as standing for the proposition that Defendants' declaratory relief action against Imperial is redundant and unnecessary in that the issue will be inherently resolved by Harrison's breach of contract claim.[5]

16.     In *Kougl*, the plaintiff asserted both a breach of contract claim and a suit for declaratory judgment concerning the same contract.  In *Kougl*, the court properly ruled that the core issues of the controversy concerning whether the parties entered into an enforceable contract and, if so, whether the defendants breached the contracts would be resolved in the context of the breach of contract action.  Therefore, a separate declaratory judgment action would have been redundant.[6]

17.     Here, the facts do not support the Court concluding that Defendants' suit for declaratory relief is redundant as did the *Kougl* court.  Here, the critical distinction is that two separate agreements are at issue—1) the Harrison credit agreement, and 2) the Imperial modified agreement.  The breach of contract controversy as between Harrison and the Defendants will not resolve the controversy between Imperial and the Defendants.  Additionally, unlike in *Kougl*, there is no duplicate breach of contract claim and suit for declaratory relief asserted against Imperial which attempts to resolve redundant issues as to Imperial.

18.     Plaintiff's Response is yet another attempt by Harrison to blur which entity allegedly has been harmed and which entity allegedly has a right to relief.

---

[4] *Kougl v. Xspedius Mgmt. Co. of Dallas/Fort Worth, L.L.C.*, 2005 WL 1421446, *4 (N.D. Tex. 2005).
[5] *Harrison Company, LLC Response* (Doc. No. 22) at 8.
[6] *Kougl v. Xspedius Mgmt. Co. of Dallas/Fort Worth, L.L.C.*, 2005 WL 1421446, *14-15 (N.D. Tex. 2005).

19.     Imperial, the parent corporation, necessarily maintains separate citizenship from Harrison, a subsidiary.[7] Thus, Harrison's assertion that "[w]hether Harrison can pursue its claim is an issue already before the Court that will be resolved on the merits of Harrison's claims[8]", is demonstrably false given Harrison's reliance upon an alleged breach by A-Z as to Imperial to support its theory of damages.

20.     The controversy between Harrison and the Defendants are so intertwined with the controversy between Imperial and the Defendants, that the Court's failure to join Imperial and allow the suit for declaratory relief as to Imperial would be an abuse of the principles outlined in FED. R. CIV. P. 19.

21.     Essentially, the joining of Imperial and permitting the declaratory relief action to proceed in one lawsuit is necessary to halt both Harrison's and Imperial's continued engagement in forum shopping.

22.     Imperial has already attempted to assert in state court Cause No. DC-19-04222 the same claims now being asserted here by Harrison.  The state court attempt failed [**See Exhibits A & B**].[9]  Now Harrison wants a second bite at the apple relying on the same Imperial invoices.

23.     Because Harrison's claims necessarily rely on the status and rights as between Imperial and the Defendants, this court should not deny the joinder nor dismiss Defendants' declaratory relief action against Imperial.

---

[7] *Construtodo, S.A. de C.V. v. Conficasa Holdings, Inc.*, 2014 U.S. Dist. LEXIS 13782, *21 (S.D. Tex. 2014).
[8] *Harrison Company, LLC Response* (Doc. No. 22) at 9.
[9] See Order Granting Motion to Dissolve Receivership And Overturning On Appeal The Associate Judge's Order Appointing Receiver [Exh. A]; See Also Order Granting Nonsuit Without Prejudice [Exh. B].

**DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES ARE TIMELY ASSERTED AND DO NOT UNDULY DELAY OR PREJUDICE THE PLAINTIFF**

24. This Court ordered in its Scheduling Order entered on September 3, 2019 [Doc. No. 9], that joinder of parties and amended pleadings were due by December 19, 2019.

25. Prior to the deadline, the Defendants requested leave to amend their answer and to join an additional party.

26. It has long been settled that "[w]hen a party files a motion for leave to amend by the court-ordered deadline, there is a presumption of timeliness".[10]

27. Likewise, Defendants' First Amended Answer, if permitted, would not cause undue prejudice as to the Plaintiff. Notwithstanding that the Plaintiff has over-burdened the Defendants with a request for one hundred ninety-two (192) Admissions concerning the Defendants' activities with both Harrison and Imperial [**Exhibit C**], the Plaintiff's argument that it will be prejudiced because "it has already utilized many of its restricted number of discovery requests…" is very disingenuous. The argument is disingenuous because, FED. R. CIV. P. 34 does not limit the number of items a party can ask to have produced; and FED. R. CIV. P. 36 does not limit the number of request for admissions. Although FED. R. CIV. P. 33, does limit the number of written interrogatories to twenty-five (25), the Plaintiff has only utilized seven (7).

28. Also, the Court has set the deadline for discovery as May 17, 2020. The Plaintiff has sufficient time under the existing scheduling order to conduct any additional discovery related to Defendants' newly asserted affirmative defenses. Additionally, the Defendants are not opposed to the court extending the discovery deadline to accommodate such a request, if any, by the Plaintiff.

---

[10] *Mary Kay, Inc. v. Dunlap*, 2012 WL 3283475, *5 (N.D. Tex. 2012).

29.     Further, this is the Defendants' **first** request for leave to correct deficiencies in a responsive pleading.  Pursuant to FED. R. CIV. P. 15(a), leave to amend pleadings shall be freely given when justice so requires.

30.     "Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant leave without a justifying reason . . . is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of Federal Rules of Civil Procedure".[11]

31.     Here, justice so requires that the Defendants be allowed to file their first amended answer even though it contains newly asserted affirmative defenses.  Because the Court on December 20, 2019, granted Defendants' Joint Motion For Appearance of Additional Counsel [Doc. No. 14], which was file December 19, 2019, contemporaneously with the Defendants' Motion For Leave to Amend and To Join a Party [ Doc. Nos. 15-18], justice requires that the Defendants' newly engaged counsel be permitted to correct any deficiencies in the original answer, particularly if the amendments raise meritorious affirmative defenses which will permit the Court to more quickly adjudicate the controversy before it.

## DEFENDANTS DID NOT WAIVE THEIR RIGHT TO TRIAL BY JURY

32.     The Defendants maintain that their jury demand is timely, as the deadline to request trial by jury as dictated by FED. R. CIV. P. 38(b)(1) has been superseded by the Court's scheduling order.  The Court's scheduling order permits amended pleadings to be filed on or before December 19, 2019, and the order does not restrict the amendments to only certain issues.  Because the

---

[11] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendants' request for leave to amend was timely filed, the Court should permit the amendment irrespective of the demand for jury trial.

33.    Additionally, Defendants' First Amended Answer raises new factual issues articulated by Defendants' newly asserted affirmative defenses and suit for declaratory relief against a new party –Imperial, which are issues not framed in the original answer.  Defendants' assertion of new factual issues serves to revive its right to demand a jury trial.[12]

34.    Moreover, this Court has discretion pursuant to FED. R. CIV. P. 39(b), "…to order a jury trial on any issue for which a jury might have been demanded".

35.    The reason Defendants had not previously demanded a jury trial was purely out of consideration of their ability to pay the additional litigation cost associated with a jury trial. However, upon reconsideration, the Defendants understand the value of having a jury of their peers adjudicate this controversy, especially given the large money damages at stake.

36.    Even if the Court determines Defendants' jury demand to be untimely, "[i]n the absence of strong and compelling reasons to the contrary, untimely jury demands should be granted."[13]  Rule 39(b) allows wide-discretion for the courts to allow untimely jury demands.[14]

37.    Given that "[a] jury trial is not a minor feature of our judicial system, the right of a litigant to have his fellow citizens hear and weigh the evidence is a hallmark of our jurisprudential system."[15]

38.    For these several reasons, the Court should not strike Defendants demand for a trial by jury.

---

[12] *Tuff-N-Rumble Mgmt., Inc. v. Sugarhill Music Publ'g, Inc.*, 75 F. Supp. 2d 242, 245 (S.D.N.Y. 1999) ("Amendments to the pleadings revive the right to  a jury trial only  if  the amendments  involve new issues or  change  the original issues.").
[13] *Data & Research Handling, Inc. v. Pone Vongphachanh*, 2018 WL 6716071, * 4 (N.D.Ind. 2018).
[14] *Id.*
[15] *Id.*

WHEREFORE, PREMISES CONSIDERED Defendants pray that the Court enter an order 1) striking the Plaintiff's Response as untimely, 2) joining Imperial as a party, 3) granting the Defendants' request for leave to file a first amended answer, and 4) granting Defendants' demand for trial by jury, and for such other and further relief to which they may show themselves justly entitled.

DATED: January 22, 2020.

Respectfully submitted,

  /s/ Joyce W. Lindauer
Joyce W. Lindauer
State Bar No. 21555700
Jeffery M. Veteto
State Bar No. 24098548
Guy Harvey Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
12720 Hillcrest Road, Suite 625
Dallas, Texas 75230
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
joyce@joycelindauer.com
jeff@joycelindauer.com
guy@joycelindauer.com
**CO-COUNSEL FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on January 22, 2020, a true and correct copy of the foregoing was served on all parties via the Court's ECF system.

           */s/ Joyce W. Lindauer*
Joyce W. Lindauer

No. DC-19-04222

| | | |
|---|---|---|
| IMPERIAL TRADING CO., LLC, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 101st JUDICIAL DISTRICT |
| | § | |
| A-Z WHOLESALERS, INC., | § | |
| DIAMOND WHOLESALE, INC., | § | |
| BARKAT G. ALI, | § | |
| AND AMAR B. ALI, | § | |
| | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## ORDER GRANTING MOTION TO DISSOLVE RECEIVERSHIP AND OVERTURNING ON APPEAL THE ASSOCIATE JUDGE'S ORDER APPOINTING RECEIVER

Came on to be considered in the above-styled and numbered action Defendants' *Emergency Motion to Dissolve and Vacate the Associate Judge's Ex Parte Order Appointing Receiver and Notice of Appeal to Referring District Court.* The Court finds that such motion should be, and is hereby, GRANTED and that the Associate Judge's March 27, 2019 Order Appointing Receiver should be OVERTURNED on appeal. Therefore,

The Court ORDERS that the Order Appointing Receiver rendered in the above-styled and number action on March 27, 2019 be, and is hereby DISSOLVED in its entirety. The Court FURTHER ORDERS that the appeal by Defendants of the Associate Judge's Order Appointing Receiver be, and is hereby, GRANTED, with the Associated Judge's Order Appointing Receiver being hereby OVERTURNED and rendered a nullity.

SO ORDERED on this 28th day of March, 2019.

EXHIBIT
A

_____
PRESIDING JUDGE

2897998_1

No. DC-19-04222

| | | |
|---|---|---|
| IMPERIAL TRADING CO., LLC | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 101st JUDICIAL DISTRICT |
| | § | |
| A-Z WHOLESALERS, INC., | § | |
| DIAMOND WHOLESALE, INC., | § | |
| BARKAT G. ALI, and AMAR B. ALI | § | |
| | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## ORDER GRANTING NONSUIT WITHOUT PREJUDICE

Came on for consideration this day Plaintiff's Motion for Nonsuit Without Prejudice (the "Motion"). The Court, having considered the Motion, finds that it is well-founded and should be, and hereby is, in all things, GRANTED. It is therefore,

ORDERED, ADJUDGED, and DECREED, that Plaintiff's Motion for Nonsuit Without Prejudice be, and hereby is, GRANTED.

SIGNED THIS _____ day of _____, 2019.

_____
JUDGE PRESIDING

**EXHIBIT**

B

tabbies

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HARRISON COMPANY LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-1057-B |
| | § | |
| A-Z WHOLESALERS INC. and | § | |
| BARKAT G. ALI, | § | |
| | § | |
| Defendants. | § | |

---

**PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS TO
DEFENDANT BARKAT G. ALI**

---

To:   Defendant Barkat G. Ali, by and through its counsel, Lars L. Berg and Elizabeth A. Cuneo, Kelly Hart & Hallman, LLP, 201 Main Street, Suite 2500, Fort Worth, TX 67102

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the instructions and definitions set forth below, Plaintiff Harrison Company, LLC ("Harrison") serves its First Set of Discovery Requests on Defendant Barkat G. Ali ("Ali").

## DEFINITIONS

The following Definitions apply throughout these Requests without regard to capitalization. In addition, the definitions and rules of construction set forth in Federal Rule of Civil Procedure 34 are incorporated by reference and apply throughout these Requests as if fully set out herein.

1. The term "Identify," when used in reference to a person, shall include natural persons and persons other than individuals. When used in reference to a natural person, "Identify" means to state that person's: (1) full name and present or last known residence address; (2) present or last known business affiliation, including the address thereof and position therewith; and (3) each of



EXHIBIT
C

the person's prior or other business affiliations and positions in respect thereto.  When used in reference to a person other than an individual, "Identify" means to state: (1) its full name; (2) its nature of organization, including the name of the state or country under the laws of which it was organized; (3) the address of its principal place of business; and (4) its principal line of business. Once a person has been identified in accordance with this subparagraph, only the name of that person needs to be listed in response to subsequent discovery requesting the identification of that person.

2.   When referring to documents, "Identify" means to give, to the extent known, the: (i) type of document; (ii) general subject matter; (iii) date of the document; and, (iv) author(s), addressee(s), and recipient(s).

3.   The term "Document" or "Documents" shall mean all written, recorded, or graphic matter within the scope of the Federal Rules of Civil Procedure 26 and 34, including, but not limited to, the original and all non-identical copies of all papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, data, data compilations, records, letters, tangible things, correspondence, communications, e-mails, telegrams, cables, telex messages, post-it notes, memoranda, notes, notations, work papers, transcripts, minutes, reports, recordings of telephone or other conversations, interviews, conferences or other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, advertisements, instructions, charges, brochures, publications, schedules, lists, journals, statistical records or calculations, desk calendars, appointment books, diaries, tabulations, programs, data process input and output, microfilm, ledgers, journals or books of account, records and invoices reflecting business operations, records kept by electronic, photographic or mechanical means, any notes or drafts

2

81276774v.4

relating to the foregoing, and all things similar to any of the foregoing, however denominated. The word "document" or "documents" also means the original and each non-identical copy including translations (whether different from the original because of marginal notes or in whatever respect), of any written or graphic matter, whether typed, printed, recorded, filmed, produced by hand, or reproduced by any other mechanical process or means.

4.   The term "communication" means any oral or written conversation, statement, comment, note, or correspondence including, but not limited to: letters, facsimiles, notes, telegraphs, telegrams or other documents; telephone conversations including voice-mail or answering machine messages; email, internet, or other computer based or electronic correspondence; or meetings, interviews, or in-person contact.

5.   The term "electronically stored information" or "ESI" refers to any portion of data available only on a computer or other device capable of storing electronic data. "Electronically stored information" includes, but is not limited to, email (whether conducted intra-company using company email addresses or conducted through an individual, non-company account (e.g. Bloomberg, Gmail, Yahoo!, or AOL), spreadsheets, databases, word processing documents, images, presentations, application files, executable files, log files, and all other files present on any type of device capable of storing electronic data. Devices capable of storing electronically stored information include, but are not limited to: servers, desktop computers, portable computers, handheld computers, flash memory devices, wireless communication devices, pagers, workstations, minicomputers, mainframes, and all other forms of online or offline storage, whether on or off company premises. ESI is meant to include instant messages (such as Cisco Jabber, iBM Sametime, ICQ, Kik, BBM, AIM, WhatsApp, and similar types of messages), cell phone text messages (SMS messages and MMS messages), voicemail messages, and similar

81276774v.4

types of messages. For any document kept in electronic form, the term "document" includes any metadata associated with the document.

6. The term "A-Z" means Defendant A-Z Wholesalers, Inc.

7. The term "You" or "Ali" means Defendant Barkat G. Ali.

8. The term "Amar" means Amar Barkat Ali.

9. The term "Harrison" or "Plaintiff" means Plaintiff Harrison Company, LLC.

10. The term "Imperial" means Imperial Trading Co., LLC, which is the sole member of Harrison.

11. The term "Credit Agreement" means the written agreement entered into between You and Harrison on March 11, 2011, and guaranteed by Ali, together with any amendment or modification.

12. The term "Relevant Period" means March 11, 2011 to the present.

13. To bring within the scope of these Requests all information that might otherwise be construed to be outside their scope, the following rules of construction apply: (a) the word "including" shall be read to mean including without limitation; (b) the present tense shall be construed to include the past tense and vice versa; (c) references to employees, officers, directors, or agents shall include both current and former employers, officers, directors, agents, and representatives; (d) the terms "and" and "or" and "all," "any," and "each" mean any and all; (e) the terms "concerning," "relating to," "referring to," "describing," "evidencing," or "constituting" shall be read interchangeably.

## INSTRUCTIONS

1. If You answer an interrogatory by referring to documents, identify those documents "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could," as required under Federal Rule of Civil Procedure 33(d)(1). If those

documents have not previously been produced, attach them as an exhibit to the response and refer to it in the response. *See* Fed. R. Civ. P. 33(d)(2).

2. If You elect to produce business records in response to an interrogatory pursuant to Federal Rule of Civil Procedure 33(d), produce the records as they are kept in the usual course of business or organize and label them to correspond with the interrogatory. *See* Fed. R. Civ. P. 34(b)(2)(e)(i) (requiring production in the ordinary course of business). If the document is being produced in its native electronic format (inclusive of its metadata), identify the document using its hash or other appropriate electronic identification and identify the interrogatories to which the document is responsive. If the document is not being produced in electronic form, identify the document using the applicable Bates numbers or specifically identify the type of document being produced (e.g., letter, memorandum, telegram, contract, invoice, etc.), its date and author(s), its custodian, and every person to whom such document or any copy thereof was given or sent. For all documents produced pursuant to Rule 33(d), identify the employee, officer, or agent certifying the documents as a business record. If the procedure for answering interrogatories as authorized by Federal Rule of Civil Procedure 33(d) is used, for each interrogatory and subpart thereof, you must identify the production with specificity (i.e., Bates numbers of the specific document or group of documents).

3. Any document bearing on any sheet any mark that is not part of the original text (including, by way of example and not by way of limitation, initials, stamped indicia, comment, or notation of any character) is to be considered a separate document from the original for the purposes of document requests.

4. When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the

5

81276774v.4

privileged material. If a privilege is asserted with regard to part of the material contained in a document, You must clearly indicate the portions as to which privilege is claimed. When a document has been redacted, identify as to each such document the reason for the redaction. Any redaction must be clearly indicated on the face of the redacted document.

5.  If You object to producing a document or electronically stored information, You must do as follows:

    a.  If You withhold a document or electronically stored information under a claim of privilege (including the work-product doctrine), provide the information set forth in accordance with any e-discovery order entered by the Court.

    b.  If You object for any reason other than privilege, You must identify the withheld document and, in addition to the information requested above, state the reason for withholding the document.

    c.  If You object to a request on the ground that production would be unduly burdensome, You must produce all responsive documents to that request that You can produce without undue burden and explain which documents are being withheld and the exact nature of the burden.

    d.  If any document is no longer in existence, state for each such document the type of the document, the information contained therein, the date upon which the document ceased to exist, the circumstances under which the document ceased to exist, the location where the document was destroyed, the identity of all persons having knowledge of the circumstances under which the document ceased to exist, and the identity of all persons having knowledge or who had knowledge of the document's contents.

6.  These requests are continuing and require supplemental responses as specified in Federal Rule of Civil Procedure 26(e) if You (or any person acting on Your behalf) obtain additional information called for by the request between the time of the original response and the time set for trial. Each supplemental response shall be served on Harrison no later than thirty (30) days after the discovery of additional, responsive information, and in no event shall any supplemental response be served later than sixty (60) days before trial.

7.  Pursuant to Federal Rule of Civil Procedure 34(b), documents shall be produced as they are kept in the usual course of business or segregated as responsive to each specific request enumerated in this First Set of Discovery Requests.

8.  If only part of a discovery request is objectionable, answer the remainder of the request. If an objection is made to all or part of a request, set forth the specific ground for the objection clearly in the response to that request.

## REQUESTS FOR ADMISSIONS

**RFA NO. 1:** Admit that You guaranteed the Credit Agreement entered into between Harrison and A-Z on March 11, 2011.

**RFA NO. 2:** Admit that A-Z ordered products from Imperial.

**RFA NO. 3:** Admit that A-Z ordered products from Harrison.

**RFA NO. 4:** Admit that A-Z received the October 22, 2018 invoice from Imperial for $91,709.76.

**RFA NO. 5:** Admit that A-Z received the goods reflected on the October 22, 2018 invoice from Imperial for $91,709.76.

**RFA NO. 6:** Admit that You knew A-Z received the October 22, 2018 invoice from Imperial for $91,709.76.

**RFA NO. 7:** Admit that A-Z did not pay Harrison or Imperial the $91,709.76 for the October 22, 2018 invoice from Imperial.

7

**RFA NO. 8:** Admit that You did not pay Harrison or Imperial the $91,709.76 for the October 22, 2018 invoice from Imperial.

**RFA NO. 9:** Admit that A-Z received the October 29, 2018 invoice from Imperial for $70,186.96.

**RFA NO. 10:** Admit that A-Z received the goods reflected on the October 29, 2018 invoice from Imperial for $70,186.96.

**RFA NO. 11:** Admit that You knew A-Z received the October 29, 2018 invoice from Imperial for $70,186.96.

**RFA NO. 12:** Admit that A-Z did not pay Harrison or Imperial the $70,186.96 for the October 29, 2018 invoice from Imperial.

**RFA NO. 13:** Admit that You did not pay Harrison or Imperial the $70,186.96 for the October 29, 2018 invoice from Imperial.

**RFA NO. 14:** Admit that A-Z received the October 29, 2018 invoice from Imperial for $70,124.23.

**RFA NO. 15:** Admit that A-Z received the goods reflected on the October 29, 2018 invoice from Imperial for $70,124.23.

**RFA NO. 16:** Admit that You knew A-Z received the October 29, 2018 invoice from Imperial for $70,124.23.

**RFA NO. 17:** Admit that A-Z did not pay Harrison or Imperial the $70,124.23 for the October 29, 2018 invoice from Imperial.

**RFA NO. 18:** Admit that You did not pay Harrison or Imperial the $70,124.23 for the October 29, 2018 invoice from Imperial.

**RFA NO. 19:** Admit that A-Z received the November 5, 2018 invoice from Imperial for $57,775.61.

**RFA NO. 20:** Admit that A-Z received the goods reflected on the November 5, 2018 invoice from Imperial for $57,775.61.

**RFA NO. 21:** Admit that You knew A-Z received the November 5, 2018 invoice from Imperial for $57,775.61.

**RFA NO. 22:** Admit that A-Z did not pay Harrison or Imperial the $57,775.61 for the November 5, 2019 invoice from Imperial.

**RFA NO. 23:** Admit that You did not pay Harrison or Imperial the $57,775.61 for the November 5, 2019 invoice from Imperial.

**RFA NO. 24:** Admit that A-Z received the November 5, 2018 invoice from Imperial for $54,637.58.

**RFA NO. 25:** Admit that A-Z received the goods reflected on the November 5, 2018 invoice from Imperial for $54,637.58.

**RFA NO. 26:** Admit that You knew A-Z received the November 5, 2018 invoice from Imperial for $54,637.58.

**RFA NO. 27:** Admit that A-Z did not pay Harrison or Imperial the $54,637.58 for the November 5, 2018 invoice from Imperial.

**RFA NO. 28:** Admit that You did not pay Harrison or Imperial the $54,637.58 for the November 5, 2018 invoice from Imperial.

**RFA NO. 29:** Admit that A-Z received the November 12, 2018 invoice from Imperial for $56,021.58.

**RFA NO. 30:** Admit that A-Z received the goods reflected on the November 12, 2018 invoice from Imperial for $56,021.58.

**RFA NO. 31:** Admit that You knew A-Z received the November 12, 2018 invoice from Imperial for $56,021.58.

**RFA NO. 32:** Admit that A-Z did not pay Harrison or Imperial the $56,021.58 for the November 12, 2018 invoice from Imperial.

**RFA NO. 33:** Admit that You did not pay Harrison or Imperial the $56,021.58 for the November 12, 2018 invoice from Imperial.

**RFA NO. 34:** Admit that A-Z received the November 12, 2018 invoice from Imperial for $53,600.71.

**RFA NO. 35:** Admit that A-Z received the goods reflected on the November 12, 2018 invoice from Imperial for $53,600.71.

**RFA NO. 36:** Admit that You knew A-Z received the November 12, 2018 invoice from Imperial for $53,600.71.

**RFA NO. 37:** Admit that A-Z did not pay Harrison or Imperial the $53,600.71 for the November 12, 2018 invoice from Imperial.

81276774v.4

**RFA NO. 38:** Admit that You did not pay Harrison or Imperial the $53,600.71 for the November 12, 2018 invoice from Imperial.

**RFA NO. 39:** Admit that A-Z received the November 19, 2018 invoice from Imperial for $60,689.89.

**RFA NO. 40:** Admit that A-Z received the goods reflected on the November 19, 2018 invoice from Imperial for $60,689.89.

**RFA NO. 41:** Admit that You knew A-Z received the November 19, 2018 invoice from Imperial for $60,689.89.

**RFA NO. 42:** Admit that A-Z did not pay Harrison or Imperial the $60,689.89 for the November 19, 2018 invoice from Imperial.

**RFA NO. 43:** Admit that You did not pay Harrison or Imperial the $60,689.89 for the November 19, 2018 invoice from Imperial.

**RFA NO. 44:** Admit that A-Z received the November 19, 2018 invoice from Imperial for $51,934.32.

**RFA NO. 45:** Admit that A-Z received the goods reflected on the November 19, 2018 invoice from Imperial for $51,934.32.

**RFA NO. 46:** Admit that You knew A-Z received the November 19, 2018 invoice from Imperial for $51,934.32.

**RFA NO. 47:** Admit that A-Z did not pay Harrison or Imperial the $51,934.32 for the November 19, 2018 invoice from Imperial.

**RFA NO. 48:** Admit that You did not pay Harrison or Imperial the $51,934.32 for the November 19, 2018 invoice from Imperial.

**RFA NO. 49:** Admit that A-Z received the November 26, 2018 invoice from Imperial for $76,438.74.

**RFA NO. 50:** Admit that A-Z received the goods reflected on the November 26, 2018 invoice from Imperial for $76,438.74.

**RFA NO. 51:** Admit that You knew A-Z received the November 26, 2018 invoice from Imperial for $76,438.74.

**RFA NO. 52:** Admit that A-Z did not pay Harrison or Imperial the $76,438.74 for the November 26, 2018 invoice from Imperial.

10

**RFA NO. 53:** Admit that You did not pay Harrison or Imperial the $76,438.74 for the November 26, 2018 invoice from Imperial.

**RFA NO. 54:** Admit that A-Z received the November 26, 2018 invoice from Imperial for $64,406.71.

**RFA NO. 55:** Admit that A-Z received the goods reflected on the November 26, 2018 invoice from Imperial for $64,406.71.

**RFA NO. 56:** Admit that You knew A-Z received the November 26, 2018 invoice from Imperial for $64,406.71.

**RFA NO. 57:** Admit that A-Z did not pay Harrison or Imperial the $64,406.71 for the November 26, 2018 invoice from Imperial.

**RFA NO. 58:** Admit that You did not pay Harrison or Imperial the $64,406.71 for the November 26, 2018 invoice from Imperial.

**RFA NO. 59:** Admit that A-Z received the December 3, 2018 invoice from Imperial for $73,330.20.

**RFA NO. 60:** Admit that You knew A-Z received the December 3, 2018 invoice from Imperial for $73,330.20.

**RFA NO. 61:** Admit that A-Z did not pay Harrison or Imperial the $73,330.20 for the December 3, 2018 invoice from Imperial.

**RFA NO. 62:** Admit that You did not pay Harrison or Imperial the $73,330.20 for the December 3, 2018 invoice from Imperial.

**RFA NO. 63:** Admit that A-Z received the December 3, 2018 invoice from Imperial for $66,868.30.

**RFA NO. 64:** Admit that A-Z received the goods reflected on the December 3, 2018 invoice from Imperial for $66,868.30.

**RFA NO. 65:** Admit that You knew A-Z received the December 3, 2018 invoice from Imperial for $66,868.30.

**RFA NO. 66:** Admit that A-Z did not pay Harrison or Imperial the $66,868.30 for the December 3, 2018 invoice from Imperial.

**RFA NO. 67:** Admit that You did not pay Harrison or Imperial the $66,868.30 for the December 3, 2018 invoice from Imperial.

81276774v.4

**RFA NO. 68:** Admit that A-Z received the December 10, 2018 invoice from Imperial for $93,135.93.

**RFA NO. 69:** Admit that A-Z received the goods reflected on the December 10, 2018 invoice from Imperial for $93,135.93.

**RFA NO. 70:** Admit that You knew A-Z received the December 10, 2018 invoice from Imperial for $93,135.93.

**RFA NO. 71:** Admit that A-Z did not pay Harrison or Imperial the $93,135.93 for the December 10, 2018 invoice from Imperial.

**RFA NO. 72:** Admit that You did not pay Harrison or Imperial the $93,135.93 for the December 10, 2018 invoice from Imperial.

**RFA NO. 73:** Admit that A-Z received the December 10, 2018 invoice from Imperial for $95,773.09.

**RFA NO. 74:** Admit that A-Z received the goods reflected on the December 10, 2018 invoice from Imperial for $95,773.09.

**RFA NO. 75:** Admit that You knew A-Z received the December 10, 2018 invoice from Imperial for $95,773.09.

**RFA NO. 76:** Admit that A-Z did not pay Harrison or Imperial the $95,773.09 for the December 10, 2018 invoice from Imperial.

**RFA NO. 77:** Admit that You did not pay Harrison or Imperial the $95,773.09 for the December 10, 2018 invoice from Imperial.

**RFA NO. 78:** Admit that A-Z received the December 17, 2018 invoice from Imperial for $97,157.26.

**RFA NO. 79:** Admit that A-Z received the goods reflected on the December 17, 2018 invoice from Imperial for $97,157.26.

**RFA NO. 80:** Admit that You knew A-Z received the December 17, 2018 invoice from Imperial for $97,157.26.

**RFA NO. 81:** Admit that A-Z did not pay Harrison or Imperial the $97,157.26 for the December 17, 2018 invoice from Imperial.

**RFA NO. 82:** Admit that You did not pay Harrison or Imperial the $97,157.26 for the December 17, 2018 invoice from Imperial.

81276774v.4

**RFA NO. 83:** Admit that A-Z received the December 17, 2018 invoice from Imperial for $93,210.19.

**RFA NO. 84:** Admit that A-Z received the goods reflected on the December 17, 2018 invoice from Imperial for $93,210.19.

**RFA NO. 85:** Admit that You knew A-Z received the December 17, 2018 invoice from Imperial for $93,210.19.

**RFA NO. 86:** Admit that A-Z did not pay Harrison or Imperial the $93,210.19 for the December 17, 2018 invoice from Imperial.

**RFA NO. 87:** Admit that You did not pay Harrison or Imperial the $93,210.19 for the December 17, 2018 invoice from Imperial.

**RFA NO. 88:** Admit that A-Z received the December 26, 2018 invoice from Imperial for $62,816.49.

**RFA NO. 89:** Admit that A-Z received the goods reflected on the December 26, 2018 invoice from Imperial for $62,816.49.

**RFA NO. 90:** Admit that You knew A-Z received the December 26, 2018 invoice from Imperial for $62,816.49.

**RFA NO. 91:** Admit that A-Z did not pay Harrison or Imperial the $62,816.49 for the December 26, 2018 invoice from Imperial.

**RFA NO. 92:** Admit that You did not pay Harrison or Imperial the $62,816.49 for the December 26, 2018 invoice from Imperial.

**RFA NO. 93:** Admit that A-Z received the December 26, 2018 invoice from Imperial for $49,212.02.

**RFA NO. 94:** Admit that A-Z received the goods reflected on the December 26, 2018 invoice from Imperial for $49,212.02.

**RFA NO. 95:** Admit that You knew A-Z received the December 26, 2018 invoice from Imperial for $49,212.02.

**RFA NO. 96:** Admit that A-Z did not pay Harrison or Imperial the $49,212.02 for the December 26, 2018 invoice from Imperial.

**RFA NO. 97:** Admit that You did not pay Harrison or Imperial the $49,212.02 for the December 26, 2018 invoice from Imperial.

13

**RFA NO. 98:** Admit that A-Z received the January 2, 2018 invoice from Imperial for $52,215.72.

**RFA NO. 99:** Admit that A-Z received the products reflected on the January 2, 2018 invoice from Imperial for $52,215.72.

**RFA NO. 100:** Admit that You knew A-Z received the January 2, 2018 invoice from Imperial for $52,215.72.

**RFA NO. 101:** Admit that A-Z did not pay Harrison or Imperial the $52,215.72 for the January 2, 2019 invoice from Imperial.

**RFA NO. 102:** Admit that You did not pay Harrison or Imperial the $52,215.72 for the January 2, 2019 invoice from Imperial.

**RFA NO. 103:** Admit that A-Z received the January 2, 2019 invoice from Imperial for $64,300.37.

**RFA NO. 104:** Admit that A-Z received the goods reflected on the January 2, 2019 invoice from Imperial for $64,300.37.

**RFA NO. 105:** Admit that You knew A-Z received the January 2, 2019 invoice from Imperial for $64,300.37.

**RFA NO. 106:** Admit that A-Z did not pay Harrison or Imperial the $64,300.37 for the January 2, 2019 invoice from Imperial.

**RFA NO. 107:** Admit that You did not pay Harrison or Imperial the $64,300.37 for the January 2, 2019 invoice from Imperial.

**RFA NO. 108:** Admit that A-Z received the January 7, 2019 invoice from Imperial for $67,740.70.

**RFA NO. 109:** Admit that A-Z received the goods reflected on the January 7, 2019 invoice from Imperial for $67,740.70.

**RFA NO. 110:** Admit that You knew A-Z received the January 7, 2019 invoice from Imperial for $67,740.70.

**RFA NO. 111:** Admit that A-Z did not pay Harrison or Imperial the $67,740.70 for the January 7, 2019 invoice from Imperial.

**RFA NO. 112:** Admit that You did not pay Harrison or Imperial the $67,740.70 for the January 7, 2019 invoice from Imperial.

14

**RFA NO. 113:** Admit that A-Z received the January 7, 2019 invoice from Imperial for $73,867.04.

**RFA NO. 114:** Admit that A-Z received the goods reflected on the January 7, 2019 invoice from Imperial for $73,867.04.

**RFA NO. 115:** Admit that You knew A-Z received the January 7, 2019 invoice from Imperial for $73,867.04.

**RFA NO. 116:** Admit that A-Z did not pay Harrison or Imperial the $73,867.04 for the January 7, 2019 invoice from Imperial.

**RFA NO. 117:** Admit that You did not pay Harrison or Imperial the $73,867.04 for the January 7, 2019 invoice from Imperial.

**RFA NO. 118:** Admit that A-Z received the January 14, 2019 invoice from Imperial for $69,196.02.

**RFA NO. 119:** Admit that A-Z received the goods reflected on the January 14, 2019 invoice from Imperial for $69,196.02.

**RFA NO. 120:** Admit that You knew A-Z received the January 14, 2019 invoice from Imperial for $69,196.02.

**RFA NO. 121:** Admit that A-Z did not pay Harrison or Imperial the $69,196.02 for the January 14, 2019 invoice from Imperial.

**RFA NO. 122:** Admit that You did not pay Harrison or Imperial the $69,196.02 for the January 14, 2019 invoice from Imperial.

**RFA NO. 123:** Admit that A-Z received the January 21, 2019 invoice from Imperial for $57,993.27.

**RFA NO. 124:** Admit that A-Z received the goods reflected on the January 21, 2019 invoice from Imperial for $57,993.27.

**RFA NO. 125:** Admit that You knew A-Z received the January 21, 2019 invoice from Imperial for $57,993.27.

**RFA NO. 126:** Admit that A-Z did not pay Harrison or Imperial the $57,993.27 for the January 21, 2019 invoice from Imperial.

**RFA NO. 127:** Admit that You did not pay Harrison or Imperial the $57,993.27 for the January 21, 2019 invoice from Imperial.

81276774v.4

**RFA NO. 128:** Admit that A-Z received the January 21, 2019 invoice from Imperial for $51,189.51.

**RFA NO. 129:** Admit that A-Z received the goods reflected on the January 21, 2019 invoice from Imperial for $51,189.51.

**RFA NO. 130:** Admit that You knew A-Z received the January 21, 2019 invoice from Imperial for $51,189.51.

**RFA NO. 131:** Admit that A-Z did not pay Harrison or Imperial the $51,189.51 for the January 21, 2019 invoice from Imperial.

**RFA NO. 132:** Admit that You did not pay Harrison or Imperial the $51,189.51 for the January 21, 2019 invoice from Imperial.

**RFA NO. 133:** Admit that A-Z received the January 28, 2019 invoice from Imperial for $78,844.92.

**RFA NO. 134:** Admit that A-Z received the goods reflected on the January 28, 2019 invoice from Imperial for $78,844.92.

**RFA NO. 135:** Admit that You knew A-Z received the January 28, 2019 invoice from Imperial for $78,844.92.

**RFA NO. 136:** Admit that A-Z did not pay Harrison or Imperial the $78,844.92 for the January 28, 2019 invoice from Imperial.

**RFA NO. 137:** Admit that You did not pay Harrison or Imperial the $78,844.92 for the January 28, 2019 invoice from Imperial.

**RFA NO. 138:** Admit that A-Z received the January 28, 2019 invoice from Imperial for $61,754.76.

**RFA NO. 139:** Admit that A-Z received the goods reflected on the January 28, 2019 invoice from Imperial for $61,754.76.

**RFA NO. 140:** Admit that You knew A-Z received the January 28, 2019 invoice from Imperial for $61,754.76.

**RFA NO. 141:** Admit that A-Z did not pay Harrison or Imperial the $61,754.76 for the January 28, 2019 invoice from Imperial.

**RFA NO. 142:** Admit that You did not pay Harrison or Imperial the $61,754.76 for the January 28, 2019 invoice from Imperial.

81276774v.4

**RFA NO. 143:** Admit that A-Z received the February 4, 2019 invoice from Imperial for $52,434.50.

**RFA NO. 144:** Admit that A-Z received the goods reflected on the February 4, 2019 invoice from Imperial for $52,434.50.

**RFA NO. 145:** Admit that You knew A-Z received the February 4, 2019 invoice from Imperial for $52,434.50.

**RFA NO. 146:** Admit that A-Z did not pay Harrison or Imperial the $52,434.50 for the February 4, 2019 invoice from Imperial.

**RFA NO. 147:** Admit that You did not pay Harrison or Imperial the $52,434.50 for the February 4, 2019 invoice from Imperial.

**RFA NO. 148:** Admit that A-Z received the February 4, 2019 invoice from Imperial for $51,237.44.

**RFA NO. 149:** Admit that A-Z received the goods reflected on the February 4, 2019 invoice from Imperial for $51,237.44.

**RFA NO. 150:** Admit that You knew A-Z received the February 4, 2019 invoice from Imperial for $51,237.44.

**RFA NO. 151:** Admit that A-Z did not pay Harrison or Imperial the $51,237.44 for the February 4, 2019 invoice from Imperial.

**RFA NO. 152:** Admit that You did not pay Harrison or Imperial the $51,237.44 for the February 4, 2019 invoice from Imperial.

**RFA NO. 153:** Admit that A-Z received the February 11, 2019 invoice from Imperial for $73,970.96.

**RFA NO. 154:** Admit that A-Z received the goods reflected on the February 11, 2019 invoice from Imperial for $73,970.96.

**RFA NO. 155:** Admit that You knew A-Z received the February 11, 2019 invoice from Imperial for $73,970.96.

**RFA NO. 156:** Admit that A-Z did not pay Harrison or Imperial the $73,970.96 for the February 11, 2019 invoice from Imperial.

**RFA NO. 157:** Admit that You did not pay Harrison or Imperial the $73,970.96 for the February 11, 2019 invoice from Imperial.

81276774v.4

**RFA NO. 158:** Admit that A-Z received the February 11, 2019 invoice from Imperial for $69,427.07.

**RFA NO. 159:** Admit that A-Z received the goods reflected on the February 11, 2019 invoice from Imperial for $69,427.07.

**RFA NO. 160:** Admit that You knew A-Z received the February 11, 2019 invoice from Imperial for $69,427.07.

**RFA NO. 161:** Admit that A-Z did not pay Harrison or Imperial the $69,427.07 for the February 11, 2019 invoice from Imperial.

**RFA NO. 162:** Admit that You did not pay Harrison or Imperial the $69,427.07 for the February 11, 2019 invoice from Imperial.

**RFA NO. 163:** Admit that A-Z received the February 18, 2018 invoice from Imperial for $53,936.77.

**RFA NO. 164:** Admit that A-Z received the goods reflected on the February 18, 2018 invoice from Imperial for $53,936.77.

**RFA NO. 165:** Admit that You knew A-Z received the February 18, 2018 invoice from Imperial for $53,936.77.

**RFA NO. 166:** Admit that A-Z did not pay Harrison or Imperial the $53,936.77 for the February 18, 2019 invoice from Imperial.

**RFA NO. 167:** Admit that You did not pay Harrison or Imperial the $53,936.77 for the February 18, 2019 invoice from Imperial.

**RFA NO. 168:** Admit that A-Z received the February 18, 2019 invoice from Imperial for $55,853.63.

**RFA NO. 169:** Admit that A-Z received the goods reflected on the February 18, 2019 invoice from Imperial for $55,853.63.

**RFA NO. 170:** Admit that You knew A-Z received the February 18, 2019 invoice from Imperial for $55,853.63.

**RFA NO. 171:** Admit that A-Z did not pay Harrison or Imperial the $55,853.63 for the February 18, 2019 invoice from Imperial.

**RFA NO. 172:** Admit that You did not pay Harrison or Imperial the $55,853.63 for the February 18, 2019 invoice from Imperial.

81276774v.4

**RFA NO. 173:** Admit that A-Z received the February 25, 2019 invoice from Imperial for $71,912.55.

**RFA NO. 174:** Admit that A-Z received the goods reflected on the February 25, 2019 invoice from Imperial for $71,912.55.

**RFA NO. 175:** Admit that You knew A-Z received the February 25, 2019 invoice from Imperial for $71,912.55.

**RFA NO. 176:** Admit that A-Z did not pay Harrison or Imperial the $71,912.55 for the February 25, 2019 invoice from Imperial.

**RFA NO. 177:** Admit that You did not pay Harrison or Imperial the $71,912.55 for the February 25, 2019 invoice from Imperial.

**RFA NO. 178:** Admit that A-Z received the February 25, 2019 invoice from Imperial for $60,802.34.

**RFA NO. 179:** Admit that A-Z received the goods reflected on the February 25, 2019 invoice from Imperial for $60,802.34.

**RFA NO. 180:** Admit that You knew A-Z received the February 25, 2019 invoice from Imperial for $60,802.34.

**RFA NO. 181:** Admit that A-Z did not pay Harrison or Imperial the $60,802.34 for the February 25, 2019 invoice from Imperial.

**RFA NO. 182:** Admit that You did not pay Harrison or Imperial the $60,802.34 for the February 25, 2019 invoice from Imperial.

**RFA NO. 183:** Admit that A-Z received the March 4, 2019 invoice from Imperial for $69,472.08.

**RFA NO. 184:** Admit that A-Z received the goods reflected on the March 4, 2019 invoice from Imperial for $69,472.08

**RFA NO. 185:** Admit that You knew A-Z received the March 4, 2019 invoice from Imperial for $69,472.08.

**RFA NO. 186:** Admit that A-Z did not pay Harrison or Imperial the $69,472.08 for the March 4, 2019 invoice from Imperial.

**RFA NO. 187:** Admit that You did not pay Harrison or Imperial the $69,472.08 for the March 4, 2019 invoice from Imperial.

**RFA NO. 188:** Admit that A-Z received the March 4, 2019 invoice from Imperial for $70,833.64.

**RFA NO. 189:** Admit that A-Z received the goods reflected on the March 4, 2019 invoice from Imperial for $70,833.64

**RFA NO. 190:** Admit that You knew A-Z received the March 4, 2019 invoice from Imperial for $70,833.64.

**RFA NO. 191:** Admit that A-Z did not pay Harrison or Imperial the $70,833.64 for the March 4, 2019 invoice from Imperial.

**RFA NO. 192:** Admit that You did not pay Harrison or Imperial the $70,833.64 for the March 4, 2019 invoice from Imperial.

## INTERROGATORIES

**INTERROGATORY NO. 1:** State all reasons for your denial in Paragraph 7 of Defendants' Original Answer that the Credit Agreement constitutes the entirety of the agreement between the parties. Identify all documents, terms, and/or provisions You contend comprise the entire agreement between the parties, and identify all persons with knowledge of facts and circumstances you contend support your denial.

**INTERROGATORY NO. 2:** State all reasons for Your denial in Paragraph 9 of Defendants' Original Answer that A-Z ordered various quantities of tobacco products and other sundries from Harrison, which Harrison supplied through Imperial, under the Credit Agreement. If applicable, identify in Your response all products ordered by A-Z through Harrison that You contend Harrison did not supply through Imperial, and/or each (if any) instance You contend Harrison supplied products to A-Z contrary to the terms of the Credit Agreement.

**INTERROGATORY NO. 3:** State all reasons for Your denial in Paragraph 10 of Defendants' Original Answer that A-Z placed orders through Harrison. Include all facts and circumstances you contend support your denial, identify all persons with knowledge thereof, and identify all documents you contend support your denial.

**INTERROGATORY NO. 4:** State all reasons for Your denial in Paragraphs 11, 14, and 19 of Defendants' Original Answer that the total amount outstanding, due, and unpaid by A-Z and Ali to Harrison, as invoiced, is $2,574,885.73. Identify in your answer all persons with knowledge of the facts and circumstances included in Your response, the amount you contend is due, your method of calculation, and identify all documents You contend support Your denial.

**INTERROGATORY NO. 5:** State all reasons for Your denial in Paragraphs 12, 15, 18, and 22 of Defendants' Original Answer that A-Z and Ali are in default of the Credit agreement because they have failed and refused, and continue to fail and refuse, to pay the amounts due and owing to Harrison. Include in Your answer the date and amount of each payment you contend A-Z and Ali made on any invoice between October 22, 2018 and March 4, 2019.

81276774v.4

**INTERROGATORY NO. 6:** State all reasons for Your denial in Paragraphs 17 and 25 of Defendants' Original Answer that Harrison has performed all conditions precedent, covenants, and promises required of it pursuant to the Credit Agreement that have not been waived. Identify all conditions precedent, covenants, or promises that you contend Harrison failed to perform, identify all persons with knowledge of facts you contend corroborate your claim, and identify all documents you contend support Your denial.

**INTERROGATORY NO. 7:** State all reasons for Your denial in Paragraph 21 of Defendants' Original Answer that Harrison required a guarantor to extend Credit to A-Z and that Harrison relied on Your guarantee to extend credit to A-Z. Identify in Your response all persons with knowledge thereof and identify all documents you contend support Your denial.

## REQUESTS FOR PRODUCTION

Please produce any document that contains, concerns, embodies, refers to, relates to, analyzes, summarizes, evaluates, discusses, reports, explains, supports, corroborates, substantiates, confirms, disputes, refutes, contradicts, forms a basis of or otherwise contains information about the following:

**RFP NO. 1:** the entire agreement between the parties in accordance with Your denial in Paragraph 7 of Defendants' Original Answer that the Credit Agreement constitutes the entirety of                                        the                                        agreement.

**RFP NO. 2:** credits You contend were offered or agreed to by Harrison or Imperial on any order or product during the Relevant Period.

**RFP NO. 3:** communications between You and A-Z from October 22, 2018 to the present that relate to Harrison, Imperial, and/or the Credit Agreement. This request includes, but is not limited to, communications relating to payment of any invoice from Imperial and/or Harrison, A-Z's orders of Harrison and/or Imperial products, and/or Your guarantee of the Credit Agreement.

**RFP NO. 4:** Your payment or attempted payment of any Imperial invoice during the Relevant Period.

Respectfully submitted,

*/s/ David L. Swanson*

David L. Swanson
  State Bar No. 19554525
  dswanson@lockelord.com
Joseph A. Unis, Jr.
  State Bar No. 24075625

81276774v.4

junis@lockelord.com
Anna K. Finger
  State Bar No. 24105860
  anna.k.finger@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
T: 214-740-8000
F: 214-740-8800

**ATTORNEYS FOR PLAINTIFF
HARRISON COMPANY, L.L.C.**

## CERTIFICATE OF SERVICE

I certify that on November 4, 2019, I served this document—via email on Lars L. Berg, Elizabeth Cuneo, Judy Collins, and Mary Ann Delf, Kelly Hart & Hallman, LLP.

*/s/ David L. Swanson*

81276774v.4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HARRISON COMPANY LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-1057-B |
| | § | |
| A-Z WHOLESALERS INC. and | § | |
| BARKAT G. ALI, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT A-Z WHOLESALERS, INC.

To:   Defendant A-Z Wholesalers, Inc., by and through its counsel, Lars L. Berg and Elizabeth A. Cuneo, Kelly Hart & Hallman, LLP, 201 Main Street, Suite 2500, Fort Worth, TX 67102

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the instructions and definitions set forth below, Plaintiff Harrison Company, LLC ("Harrison") serves its First Set of Discovery Requests on Defendant A-Z Wholesalers, Inc. ("A-Z").

## DEFINITIONS

The following Definitions apply throughout these Requests without regard to capitalization. In addition, the definitions and rules of construction set forth in Federal Rule of Civil Procedure 34 are incorporated by reference and apply throughout these Requests as if fully set out herein.

1. The term "Identify," when used in reference to a person, shall include natural persons and persons other than individuals. When used in reference to a natural person, "Identify" means to state that person's: (1) full name and present or last known residence address; (2) present or last known business affiliation, including the address thereof and position therewith; and (3) each of

1

the person's prior or other business affiliations and positions in respect thereto. When used in reference to a person other than an individual, "Identify" means to state: (1) its full name; (2) its nature of organization, including the name of the state or country under the laws of which it was organized; (3) the address of its principal place of business; and (4) its principal line of business. Once a person has been identified in accordance with this subparagraph, only the name of that person needs to be listed in response to subsequent discovery requesting the identification of that person.

2.   When referring to documents, "Identify" means to give, to the extent known, the: (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

3.   The term "Document" or "Documents" shall mean all written, recorded, or graphic matter within the scope of the Federal Rules of Civil Procedure 26 and 34, including, but not limited to, the original and all non-identical copies of all papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, data, data compilations, records, letters, tangible things, correspondence, communications, e-mails, telegrams, cables, telex messages, post-it notes, memoranda, notes, notations, work papers, transcripts, minutes, reports, recordings of telephone or other conversations, interviews, conferences or other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, advertisements, instructions, charges, brochures, publications, schedules, lists, journals, statistical records or calculations, desk calendars, appointment books, diaries, tabulations, programs, data process input and output, microfilm, ledgers, journals or books of account, records and invoices reflecting business operations, records kept by electronic, photographic or mechanical means, any notes or drafts

81269449v.4

relating to the foregoing, and all things similar to any of the foregoing, however denominated. The word "document" or "documents" also means the original and each non-identical copy including translations (whether different from the original because of marginal notes or in whatever respect), of any written or graphic matter, whether typed, printed, recorded, filmed, produced by hand, or reproduced by any other mechanical process or means.

4.   The term "communication" means any oral or written conversation, statement, comment, note, or correspondence including, but not limited to: letters, facsimiles, notes, telegraphs, telegrams or other documents; telephone conversations including voice-mail or answering machine messages; email, internet, or other computer based or electronic correspondence; or meetings, interviews, or in-person contact.

5.   The term "electronically stored information" or "ESI" refers to any portion of data available only on a computer or other device capable of storing electronic data. "Electronically stored information" includes, but is not limited to, email (whether conducted intra-company using company email addresses or conducted through an individual, non-company account (e.g. Bloomberg, Gmail, Yahoo!, or AOL), spreadsheets, databases, word processing documents, images, presentations, application files, executable files, log files, and all other files present on any type of device capable of storing electronic data. Devices capable of storing electronically stored information include, but are not limited to: servers, desktop computers, portable computers, handheld computers, flash memory devices, wireless communication devices, pagers, workstations, minicomputers, mainframes, and all other forms of online or offline storage, whether on or off company premises. ESI is meant to include instant messages (such as Cisco Jabber, iBM Sametime, ICQ, Kik, BBM, AIM, WhatsApp, and similar types of messages), cell phone text messages (SMS messages and MMS messages), voicemail messages, and similar

81269449v.4

types of messages. For any document kept in electronic form, the term "document" includes any metadata associated with the document.

6. The term "You" or "A-Z" means Defendant A-Z Wholesalers, Inc.

7. The term "Ali" means Defendant Barkat G. Ali.

8. The term "Amar" means Amar Barkat Ali.

9. The term "Harrison" or "Plaintiff" means Plaintiff Harrison Company, LLC.

10. The term "Imperial" means Imperial Trading Co., LLC, which is the sole member of Harrison.

11. The term "Credit Agreement" means the written agreement entered into between You and Harrison on March 11, 2011, and guaranteed by Ali, together with any amendment or modification.

12. The term "Relevant Period" means March 11, 2011 to the present.

13. To bring within the scope of these Requests all information that might otherwise be construed to be outside their scope, the following rules of construction apply: (a) the word "including" shall be read to mean including without limitation; (b) the present tense shall be construed to include the past tense and vice versa; (c) references to employees, officers, directors, or agents shall include both current and former employers, officers, directors, agents, and representatives; (d) the terms "and" and "or" and "all," "any," and "each" mean any and all; (e) the terms "concerning," "relating to," "referring to," "describing," "evidencing," or "constituting" shall be read interchangeably.

## INSTRUCTIONS

1. If You answer an interrogatory by referring to documents, identify those documents "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could," as required under Federal Rule of Civil Procedure 33(d)(1). If those

81269449v.4

documents have not previously been produced, attach them as an exhibit to the response and refer to it in the response. *See* Fed. R. Civ. P. 33(d)(2).

2.  If You elect to produce business records in response to an interrogatory pursuant to Federal Rule of Civil Procedure 33(d), produce the records as they are kept in the usual course of business or organize and label them to correspond with the interrogatory. *See* Fed. R. Civ. P. 34(b)(2)(e)(i) (requiring production in the ordinary course of business). If the document is being produced in its native electronic format (inclusive of its metadata), identify the document using its hash or other appropriate electronic identification and identify the interrogatories to which the document is responsive. If the document is not being produced in electronic form, identify the document using the applicable Bates numbers or specifically identify the type of document being produced (e.g., letter, memorandum, telegram, contract, invoice, etc.), its date and author(s), its custodian, and every person to whom such document or any copy thereof was given or sent. For all documents produced pursuant to Rule 33(d), identify the employee, officer, or agent certifying the documents as a business record. If the procedure for answering interrogatories as authorized by Federal Rule of Civil Procedure 33(d) is used, for each interrogatory and subpart thereof, you must identify the production with specificity (i.e., Bates numbers of the specific document or group of documents).

3.  Any document bearing on any sheet any mark that is not part of the original text (including, by way of example and not by way of limitation, initials, stamped indicia, comment, or notation of any character) is to be considered a separate document from the original for the purposes of document requests.

4.  When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the

81269449v.4

privileged material. If a privilege is asserted with regard to part of the material contained in a document, You must clearly indicate the portions as to which privilege is claimed. When a document has been redacted, identify as to each such document the reason for the redaction. Any redaction must be clearly indicated on the face of the redacted document.

5.  If You object to producing a document or electronically stored information, You must do as follows:

    a.  If You withhold a document or electronically stored information under a claim of privilege (including the work-product doctrine), provide the information set forth in accordance with any e-discovery orders entered by the Court.

    b.  If You object for any reason other than privilege, You must identify the withheld document and, in addition to the information requested above, state the reason for withholding the document.

    c.  If You object to a request on the ground that production would be unduly burdensome, You must produce all responsive documents to that request that You can produce without undue burden and explain which documents are being withheld and the exact nature of the burden.

    d.  If any document is no longer in existence, state for each such document the type of the document, the information contained therein, the date upon which the document ceased to exist, the circumstances under which the document ceased to exist, the location where the document was destroyed, the identity of all persons having knowledge of the circumstances under which the document ceased to exist, and the identity of all persons having knowledge or who had knowledge of the document's contents.

81269449v.4

6.   These requests are continuing and require supplemental responses as specified in Federal Rule of Civil Procedure 26(e) if You (or any person acting on Your behalf) obtain additional information called for by the request between the time of the original response and the time set for trial. Each supplemental response shall be served on Harrison no later than thirty (30) days after the discovery of additional, responsive information, and in no event shall any supplemental response be served later than sixty (60) days before trial.

7.   Pursuant to Federal Rule of Civil Procedure 34(b), documents shall be produced as they are kept in the usual course of business or segregated as responsive to each specific request enumerated in this First Set of Discovery Requests.

8.   If only part of a discovery request is objectionable, answer the remainder of the request. If an objection is made to all or part of a request, set forth the specific ground for the objection clearly in the response to that request.

## REQUESTS FOR ADMISSIONS

**RFA NO. 1:** Admit that You entered into a Credit Agreement with Harrison on March 11, 2011.

**RFA NO. 2:** Admit that Defendant Barkat G. Ali guaranteed the Credit Agreement You entered with Harrison on March 11, 2011.

**RFA NO. 3:** Admit that You ordered products from Harrison during the Relevant Period.

**RFA NO. 4:** Admit that You ordered products from Imperial during the Relevant Period.

**RFA NO. 5:** Admit that You received and accepted delivery of all products that you ordered from Harrison and/or Imperial during the Relevant Period.

**RFA NO. 6:** Admit that You received the October 22, 2018 invoice from Imperial for $91,709.76.

**RFA NO. 7:** Admit that You did not pay Harrison or Imperial the $91,709.76 for the October 22, 2018 invoice from Imperial.

7

**RFA NO. 8:** Admit that Ali did not pay Harrison or Imperial the $91,709.76 for the October 22, 2018 invoice from Imperial.

**RFA NO. 9:** Admit that You received the October 29, 2018 invoice from Imperial for $70,186.96.

**RFA NO. 10:** Admit that You received the goods reflected on the October 29, 2018 invoice from Imperial for $70,186.96.

**RFA NO. 11:** Admit that You did not pay Harrison or Imperial the $70,186.96 for the October 29, 2018 invoice from Imperial.

**RFA NO. 12:** Admit that Ali did not pay Harrison or Imperial the $70,186.96 for the October 29, 2018 invoice from Imperial.

**RFA NO. 13:** Admit that You received the October 29, 2018 invoice from Imperial for $70,124.23.

**RFA NO. 14:** Admit that You received the goods reflected on the October 29, 2018 invoice from Imperial for $70,124.23.

**RFA NO. 15:** Admit that You did not pay Harrison or Imperial the $70,124.23 for the October 29, 2018 invoice from Imperial.

**RFA NO. 16:** Admit that Ali did not pay Harrison or Imperial the $70,124.23 for the October 29, 2018 invoice from Imperial.

**RFA NO. 17:** Admit that You received the November 5, 2018 invoice from Imperial for $57,775.61.

**RFA NO. 18:** Admit that You received the goods reflected on the November 5, 2018 invoice from Imperial for $57,775.61.

**RFA NO. 19:** Admit that You did not pay Harrison or Imperial the $57,775.61 for the November 5, 2019 invoice from Imperial.

**RFA NO. 20:** Admit that Ali did not pay Harrison or Imperial the $57,775.61 for the November 5, 2019 invoice from Imperial.

**RFA NO. 21:** Admit that You received the November 5, 2018 invoice from Imperial for $54,637.58.

**RFA NO. 22:** Admit that You received the goods reflected on the November 5, 2018 invoice from Imperial for $54,637.58.

81269449v.4

**RFA NO. 23:** Admit that You did not pay Harrison or Imperial the $54,637.58 for the November 5, 2018 invoice from Imperial.

**RFA NO. 24:** Admit that Ali did not pay Harrison or Imperial the $54,637.58 for the November 5, 2018 invoice from Imperial.

**RFA NO. 25:** Admit that You received the November 12, 2018 invoice from Imperial for $56,021.58.

**RFA NO. 26:** Admit that You received the goods reflected on the November 5, 2018 invoice from Imperial for $54,637.58.

**RFA NO. 27:** Admit that You did not pay Harrison or Imperial the $56,021.58 for the November 12, 2018 invoice from Imperial.

**RFA NO. 28:** Admit that Ali did not pay Harrison or Imperial the $56,021.58 for the November 12, 2018 invoice from Imperial.

**RFA NO. 29:** Admit that You received the November 12, 2018 invoice from Imperial for $53,600.71.

**RFA NO. 30:** Admit that You received the goods reflected on the November 12, 2018 invoice from Imperial for $53,600.71.

**RFA NO. 31:** Admit that You did not pay Harrison or Imperial the $53,600.71 for the November 12, 2018 invoice from Imperial.

**RFA NO. 32:** Admit that Ali did not pay Harrison or Imperial the $53,600.71 for the November 12, 2018 invoice from Imperial.

**RFA NO. 33:** Admit that You received the November 19, 2018 invoice from Imperial for $60,689.89.

**RFA NO. 34:** Admit that You received the goods reflected on the November 19, 2018 invoice from Imperial for $60,689.89.

**RFA NO. 35:** Admit that You did not pay Harrison or Imperial the $60,689.89 for the November 19, 2018 invoice from Imperial.

**RFA NO. 36:** Admit that Ali did not pay Harrison or Imperial the $60,689.89 for the November 19, 2018 invoice from Imperial.

**RFA NO. 37:** Admit that You received the November 19, 2018 invoice from Imperial for $51,934.32.

9

**RFA NO. 38:** Admit that You did not pay Harrison or Imperial the $51,934.32 for the November 19, 2018 invoice from Imperial.

**RFA NO. 39:** Admit that Ali did not pay Harrison or Imperial the $51,934.32 for the November 19, 2018 invoice from Imperial.

**RFA NO. 40:** Admit that You received the November 26, 2018 invoice from Imperial for $76,438.74.

**RFA NO. 41:** Admit that You received the goods reflected on the November 26, 2018 invoice from Imperial for $76,438.74.

**RFA NO. 42:** Admit that You did not pay Harrison or Imperial the $76,438.74 for the November 26, 2018 invoice from Imperial.

**RFA NO. 43:** Admit that Ali did not pay Harrison or Imperial the $76,438.74 for the November 26, 2018 invoice from Imperial.

**RFA NO. 44:** Admit that You received the November 26, 2018 invoice from Imperial for $64,406.71.

**RFA NO. 45:** Admit that You received the goods reflected on the November 26, 2018 invoice from Imperial for $64,406.71.

**RFA NO. 46:** Admit that You did not pay Harrison or Imperial the $64,406.71 for the November 26, 2018 invoice from Imperial.

**RFA NO. 47:** Admit that Ali did not pay Harrison or Imperial the $64,406.71 for the November 26, 2018 invoice from Imperial.

**RFA NO. 48:** Admit that You received the December 3, 2018 invoice from Imperial for $73,330.20.

**RFA NO. 49:** Admit that You received the goods reflected on the December 3, 2018 invoice from Imperial for $73,330.20.

**RFA NO. 50:** Admit that You did not pay Harrison or Imperial the $73,330.20 for the December 3, 2018 invoice from Imperial.

**RFA NO. 51:** Admit that Ali did not pay Harrison or Imperial the $73,330.20 for the December 3, 2018 invoice from Imperial.

**RFA NO. 52:** Admit that You received the December 3, 2018 invoice from Imperial for $66,868.30.

**RFA NO. 53:** Admit that You received the goods reflected on the December 3, 2018 invoice from Imperial for $66,868.30.

**RFA NO. 54:** Admit that You did not pay Harrison or Imperial the $66,868.30 for the December 3, 2018 invoice from Imperial.

**RFA NO. 55:** Admit that Ali did not pay Harrison or Imperial the $66,868.30 for the December 3, 2018 invoice from Imperial.

**RFA NO. 56:** Admit that You received the December 10, 2018 invoice from Imperial for $93,135.93.

**RFA NO. 57:** Admit that You received the goods reflected on the December 10, 2018 invoice from Imperial for $93,135.93.

**RFA NO. 58:** Admit that You did not pay Harrison or Imperial the $93,135.93 for the December 10, 2018 invoice from Imperial.

**RFA NO. 59:** Admit that Ali did not pay Harrison or Imperial the $93,135.93 for the December 10, 2018 invoice from Imperial.

**RFA NO. 60:** Admit that You received the December 10, 2018 invoice from Imperial for $95,773.09.

**RFA NO. 61:** Admit that You received the goods reflected on the December 10, 2018 invoice from Imperial for $95,773.09.

**RFA NO. 62:** Admit that You did not pay Harrison or Imperial the $95,773.09 for the December 10, 2018 invoice from Imperial.

**RFA NO. 63:** Admit that Ali did not pay Harrison or Imperial the $95,773.09 for the December 10, 2018 invoice from Imperial.

**RFA NO. 64:** Admit that You received the December 17, 2018 invoice from Imperial for $97,157.26.

**RFA NO. 65:** Admit that You received the goods reflected on the December 17, 2018 invoice from Imperial for $97,157.26.

**RFA NO. 66:** Admit that You did not pay Harrison or Imperial the $97,157.26 for the December 17, 2018 invoice from Imperial.

**RFA NO. 67:** Admit that Ali did not pay Harrison or Imperial the $97,157.26 for the December 17, 2018 invoice from Imperial.

81269449v.4

**RFA NO. 68:** Admit that You received the December 17, 2018 invoice from Imperial for $93,210.19.

**RFA NO. 69:** Admit that You did not pay Harrison or Imperial the $93,210.19 for the December 17, 2018 invoice from Imperial.

**RFA NO. 70:** Admit that Ali did not pay Harrison or Imperial the $93,210.19 for the December 17, 2018 invoice from Imperial.

**RFA NO. 71:** Admit that You received the December 26, 2018 invoice from Imperial for $62,816.49.

**RFA NO. 72:** Admit that You received the goods reflected on the December 26, 2018 invoice from Imperial for $62,816.49.

**RFA NO. 73:** Admit that You did not pay Harrison or Imperial the $62,816.49 for the December 26, 2018 invoice from Imperial.

**RFA NO. 74:** Admit that Ali did not pay Harrison or Imperial the $62,816.49 for the December 26, 2018 invoice from Imperial.

**RFA NO. 75:** Admit that You received the December 26, 2018 invoice from Imperial for $49,212.02.

**RFA NO. 76:** Admit that You received the goods reflected on the December 26, 2018 invoice from Imperial for $49,212.02.

**RFA NO. 77:** Admit that You did not pay Harrison or Imperial the $49,212.02 for the December 26, 2018 invoice from Imperial.

**RFA NO. 78:** Admit that Ali did not pay Harrison or Imperial the $49,212.02 for the December 26, 2018 invoice from Imperial.

**RFA NO. 79:** Admit that You received the January 2, 2018 invoice from Imperial for $52,215.72.

**RFA NO. 80:** Admit that You received the goods reflected on the January 2, 2018 invoice from Imperial for $52,215.72.

**RFA NO. 81:** Admit that You did not pay Harrison or Imperial the $52,215.72 for the January 2, 2019 invoice from Imperial.

**RFA NO. 82:** Admit that Ali did not pay Harrison or Imperial the $52,215.72 for the January 2, 2019 invoice from Imperial.

81269449v.4

**RFA NO. 83:** Admit that You received the January 2, 2019 invoice from Imperial for $64,300.37.

**RFA NO. 84:** Admit that You received the goods reflected on the January 2, 2019 invoice from Imperial for $64,300.37.

**RFA NO. 85:** Admit that You did not pay Harrison or Imperial the $64,300.37 for the January 2, 2019 invoice from Imperial.

**RFA NO. 86:** Admit that Ali did not pay Harrison or Imperial the $64,300.37 for the January 2, 2019 invoice from Imperial.

**RFA NO. 87:** Admit that You received the January 7, 2019 invoice from Imperial for $67,740.70.

**RFA NO. 88:** Admit that You received the goods reflected on the January 7, 2019 invoice from Imperial for $67,740.70.

**RFA NO. 89:** Admit that You did not pay Harrison or Imperial the $67,740.70 for the January 7, 2019 invoice from Imperial.

**RFA NO. 90:** Admit that Ali did not pay Harrison or Imperial the $67,740.70 for the January 7, 2019 invoice from Imperial.

**RFA NO. 91:** Admit that You received the January 7, 2019 invoice from Imperial for $73,867.04.
**RFA NO. 92:** Admit that You received the goods reflected on the January 7, 2019 invoice from Imperial for $73,867.04.

**RFA NO. 93:** Admit that You did not pay Harrison or Imperial the $73,867.04 for the January 7, 2019 invoice from Imperial.

**RFA NO. 94:** Admit that Ali did not pay Harrison or Imperial the $73,867.04 for the January 7, 2019 invoice from Imperial.

**RFA NO. 95:** Admit that You received the January 14, 2019 invoice from Imperial for $69,196.02.

**RFA NO. 96:** Admit that You received the goods reflected on the January 14, 2019 invoice from Imperial for $69,196.02.

**RFA NO. 97:** Admit that You did not pay Harrison or Imperial the $69,196.02 for the January 14, 2019 invoice from Imperial.

81269449v.4

**RFA NO. 98:** Admit that Ali did not pay Harrison or Imperial the $69,196.02 for the January 14, 2019 invoice from Imperial.

**RFA NO. 99:** Admit that You received the January 21, 2019 invoice from Imperial for $57,993.27.

**RFA NO. 100:** Admit that You received the goods reflected on the January 21, 2019 invoice from Imperial for $57,993.27.

**RFA NO. 101:** Admit that You did not pay Harrison or Imperial the $57,993.27 for the January 21, 2019 invoice from Imperial.

**RFA NO. 102:** Admit that Ali did not pay Harrison or Imperial the $57,993.27 for the January 21, 2019 invoice from Imperial.

**RFA NO. 103:** Admit that You received the January 21, 2019 invoice from Imperial for $51,189.51.

**RFA NO. 104:** Admit that You received the goods reflected on the January 21, 2019 invoice from Imperial for $51,189.51.

**RFA NO. 105:** Admit that You did not pay Harrison or Imperial the $51,189.51 for the January 21, 2019 invoice from Imperial.

**RFA NO. 106:** Admit that Ali did not pay Harrison or Imperial the $51,189.51 for the January 21, 2019 invoice from Imperial.

**RFA NO. 107:** Admit that You received the January 28, 2019 invoice from Imperial for $78,844.92.

**RFA NO. 108:** Admit that You received the goods reflected on the January 28, 2019 invoice from Imperial for $78,844.92.

**RFA NO. 109:** Admit that You did not pay Harrison or Imperial the $78,844.92 for the January 28, 2019 invoice from Imperial.

**RFA NO. 110:** Admit that Ali did not pay Harrison or Imperial the $78,844.92 for the January 28, 2019 invoice from Imperial.

**RFA NO. 111:** Admit that You received the January 28, 2019 invoice from Imperial for $61,754.76.

**RFA NO. 112:** Admit that You received the goods reflected on the January 28, 2019 invoice from Imperial for $61,754.76.

81269449v.4

**RFA NO. 113:** Admit that You did not pay Harrison or Imperial the $61,754.76 for the January 28, 2019 invoice from Imperial.

**RFA NO. 114:** Admit that Ali did not pay Harrison or Imperial the $61,754.76 for the January 28, 2019 invoice from Imperial.

**RFA NO. 115:** Admit that You received the February 4, 2019 invoice from Imperial for $52,434.50.

**RFA NO. 116:** Admit that You received the goods reflected on the February 4, 2019 invoice from Imperial for $52,434.50.

**RFA NO. 117:** Admit that You did not pay Harrison or Imperial the $52,434.50 for the February 4, 2019 invoice from Imperial.

**RFA NO. 118:** Admit that Ali did not pay Harrison or Imperial the $52,434.50 for the February 4, 2019 invoice from Imperial.

**RFA NO. 119:** Admit that You received the February 4, 2019 invoice from Imperial for $51,237.44.

**RFA NO. 120:** Admit that You received the goods reflected on the February 4, 2019 invoice from Imperial for $51,237.44.

**RFA NO. 121:** Admit that You did not pay Harrison or Imperial the $51,237.44 for the February 4, 2019 invoice from Imperial.

**RFA NO. 122:** Admit that Ali did not pay Harrison or Imperial the $51,237.44 for the February 4, 2019 invoice from Imperial.

**RFA NO. 123:** Admit that You received the February 11, 2019 invoice from Imperial for $73,970.96.

**RFA NO. 124:** Admit that You received the goods reflected on the February 11, 2019 invoice from Imperial for $73,970.96.

**RFA NO. 125:** Admit that You did not pay Harrison or Imperial the $73,970.96 for the February 11, 2019 invoice from Imperial.

**RFA NO. 126:** Admit that Ali did not pay Harrison or Imperial the $73,970.96 for the February 11, 2019 invoice from Imperial.

**RFA NO. 127:** Admit that You received the February 11, 2019 invoice from Imperial for $69,427.07.

15

**RFA NO. 128:** Admit that You received the goods reflected on the February 11, 2019 invoice from Imperial for $69,427.07.

**RFA NO. 129:** Admit that You did not pay Harrison or Imperial the $69,427.07 for the February 11, 2019 invoice from Imperial.

**RFA NO. 130:** Admit that Ali did not pay Harrison or Imperial the $69,427.07 for the February 11, 2019 invoice from Imperial.

**RFA NO. 131:** Admit that You received the February 18, 2018 invoice from Imperial for $53,936.77.

**RFA NO. 132:** Admit that You received the goods reflected on the February 18, 2018 invoice from Imperial for $53,936.77.

**RFA NO. 133:** Admit that You did not pay Harrison or Imperial the $53,936.77 for the February 18, 2019 invoice from Imperial.

**RFA NO. 134:** Admit that Ali did not pay Harrison or Imperial the $53,936.77 for the February 18, 2019 invoice from Imperial.

**RFA NO. 135:** Admit that You received the February 18, 2019 invoice from Imperial for $55,853.63.

**RFA NO. 136:** Admit that You did not pay Harrison or Imperial the $55,853.63 for the February 18, 2019 invoice from Imperial.

**RFA NO. 137:** Admit that Ali did not pay Harrison or Imperial the $55,853.63 for the February 18, 2019 invoice from Imperial.

**RFA NO. 138:** Admit that You received the February 25, 2019 invoice from Imperial for $71,912.55.

**RFA NO. 139:** Admit that You received the goods reflected on the February 25, 2019 invoice from Imperial for $71,912.55.

**RFA NO. 140:** Admit that You did not pay Harrison or Imperial the $71,912.55 for the February 25, 2019 invoice from Imperial.

**RFA NO. 141:** Admit that Ali did not pay Harrison or Imperial the $71,912.55 for the February 25, 2019 invoice from Imperial.

**RFA NO. 142:** Admit that You received the February 25, 2019 invoice from Imperial for $60,802.34.

81269449v.4

**RFA NO. 143:** Admit that You received the goods reflected on the February 25, 2019 invoice from Imperial for $60,802.34.

**RFA NO. 144:** Admit that You did not pay Harrison or Imperial the $60,802.34 for the February 25, 2019 invoice from Imperial.

**RFA NO. 145:** Admit that Ali did not pay Harrison or Imperial the $60,802.34 for the February 25, 2019 invoice from Imperial.

**RFA NO. 146:** Admit that You received the March 4, 2019 invoice from Imperial for $69,472.08.

**RFA NO. 147:** Admit that You received the goods reflected on the March 4, 2019 invoice from Imperial for $69,472.08.

**RFA NO. 148:** Admit that You did not pay Harrison or Imperial the $69,472.08 for the March 4, 2019 invoice from Imperial.

**RFA NO. 149:** Admit that Ali did not pay Harrison or Imperial the $69,472.08 for the March 4, 2019 invoice from Imperial.

**RFA NO. 150:** Admit that You received the March 4, 2019 invoice from Imperial for $70,833.64.

**RFA NO. 151:** Admit that You received the goods reflected on the March 4, 2019 invoice from Imperial for $70,833.64.

**RFA NO. 152:** Admit that You did not pay Harrison or Imperial the $70,833.64 for the March 4, 2019 invoice from Imperial.

**RFA NO. 153:** Admit that Ali did not pay Harrison or Imperial the $70,833.64 for the March 4, 2019 invoice from Imperial.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:** State all reasons for your denial in Paragraph 7 of Defendants' Original Answer that the Credit Agreement constitutes the entirety of the agreement between the parties. Identify all documents, terms, and/or provisions You contend comprise the entire agreement between the parties, and identify all persons with knowledge of facts and circumstances you contend support your denial.

**INTERROGATORY NO. 2:** State all reasons for Your denial in Paragraph 9 of Defendants' Original Answer that You ordered various quantities of tobacco products and other sundries from Harrison, which Harrison supplied through Imperial, under the Credit Agreement. If applicable, identify in Your response all products ordered by A-Z through Harrison that You contend Harrison did not supply through Imperial, and/or each (if any) instance you contend Harrison supplied products to A-Z contrary to the terms of the Credit Agreement.

17

**INTERROGATORY NO. 3:** Do You contend that You did not receive any product that You ordered from Harrison and/or Imperial during the Relevant Period? If so, identify each product You contend You did not receive, the date You ordered it, and the invoice You received that reflects Your order.

**INTERROGATORY NO. 4:** Do You contend that You are entitled to any offset for rebates offered to or payments made by You for the amounts invoiced by Imperial from October 22, 2018 through March 4, 2019? If so, identify the amount of any rebate, the date it was offered, by whom it was offered, and identify the amount, date, and source of any payment.

**INTERROGATORY NO. 5:** State all reasons for Your denial in Paragraph 10 of Defendants' Original Answer that A-Z placed orders through Harrison. Include all facts and circumstances You contend support your denial, identify all persons with knowledge thereof, and idntify all documents You contend support your denial.

**INTERROGATORY NO. 6:** State all reasons for Your denial in Paragraphs 11, 14, and 19 of Defendants' Original Answer that the total amount outstanding, due, and unpaid by You and Ali to Harrison, as invoiced, is $2,574,885.73. Identify in Your answer all persons with knowledge of the facts and circumstances included in Your response, the amount You contend is due, Your method of calculation, and identify all documents You contend support Your denial.

**INTERROGATORY NO. 7:** State all reasons for Your denial in Paragraphs 12, 15, 18, and 22 of Defendants' Original Answer that A-Z and Ali are in default under the Credit agreement because they have failed and refused, and continue to fail and refuse, to pay the amounts due and owing to Harrison. Include in Your answer the date and amount of each payment you contend A-Z and Ali made on any invoice between October 22, 2018 and March 4, 2019.

**INTERROGATORY NO. 8:** State all reasons for Your denial in Paragraphs 17 and 25 of Defendants' Original Answer that Harrison has performed all conditions precedent, covenants, and promises required of it pursuant to the Credit Agreement that have not been waived. Identify all conditions precedent, covenants, or promises that you contend Harrison failed to perform under the terms of the Credit Agreement, identify all persons with knowledge of facts you contend corroborate your claim, and identify all documents you contend support Your denial.

**INTERROGATORY NO. 9:** State all reasons for Your denial in Paragraph 21 of Defendants' Original Answer that Harrison required a guarantor to extend Credit to A-Z and that Harrison relied on Your guarantee to extend credit to You. Identify in Your response all persons with knowledge thereof and identify all documents you contend support Your denial.

## REQUESTS FOR PRODUCTION

Please produce any document that contains, concerns, embodies, refers to, relates to, analyzes, summarizes, evaluates, discusses, reports, explains, supports, corroborates, substantiates, confirms, disputes, refutes, contradicts, forms a basis of or otherwise contains information about the following:

**RFP NO. 1:** the entire agreement between the parties in accordance with your denial in Paragraph 7 of Defendants' Original Answer that the Credit Agreement constitutes the entirety of                                        the                                        agreement.

**RFP NO. 2:** communications that relate to rebates or credits you contend were offered or agreed to by Harrison or Imperial on any order or product during the Relevant Period.

**RFP NO. 3:** communications between You and Ali from October 22, 2018 to the present that relate to Harrison, Imperial, and/or the Credit Agreement. This request includes, but is not limited to, communications relating to payment of any invoice from Imperial and/or Your orders of Harrison or Imperial products.

**RFP NO. 4:** internal communications from October 22, 2018 to the present that relate to Harrison, Imperial, and/or the Credit Agreement. This request includes, but is not limited to, communications relating to payment of any invoice from Imperial and/or Your orders of Harrison or Imperial products.

**RFP NO. 5:** Your payment or attempt to pay any Imperial invoice during the Relevant Period.

Respectfully submitted,

*/s/David L. Swanson*

David L. Swanson
  State Bar No. 19554525
  dswanson@lockelord.com
Joseph A. Unis, Jr.
  State Bar No. 24075625
  junis@lockelord.com
Anna K. Finger
  State Bar No. 24105860
  anna.k.finger@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
T: 214-740-8000
F: 214-740-8800

**ATTORNEYS FOR PLAINTIFF
HARRISON COMPANY, L.L.C.**

81269449v.4

### CERTIFICATE OF SERVICE

I certify that on November 4, 2019, I served this document—via email on Lars L. Berg, Elizabeth Cuneo, Judy Collins, and Mary Ann Delf, Kelly Hart & Hallman, LLP.

*/s/ David L. Swanson*

81269449v.4