UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HARRISON COMPANY, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | Civil Action No.: 3:19-cv-01057 |
| A-Z WHOLESALERS, INC., and | § | |
| BARKAT G. ALI, | § | |
| | § | |
| Defendants. | § | |

**UNOPPOSED MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS BY KELLY HART & HALLMAN, LLP, LARS L. BERG AND ELIZABETH A. CUNEO**

Defendants A-Z Wholesalers, Inc. and Barkat G. Ali (together, "Defendants") have terminated Kelly Hart & Hallman LLP ("Kelly Hart"), Lars L. Berg ("Berg"), and Elizabeth A. Cuneo ("Cuneo) as their counsel in the above-captioned proceeding. Accordingly, Kelly Hart, Mr. Berg, and Ms. Cuneo (together, "Movants") respectfully move this Court for leave to withdraw as counsel for Defendants, as follows:

### I. LEGAL STANDARD

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989). "The withdrawing attorney bears the burden of proving the existence of good cause for withdrawal." *Hernandez v. Aleman Construction, Inc.*, No. 3:10-cv-2229-BN, 2014 WL 1794833, at *1 (N.D. Tex. May 5, 2014) (citing *Fed. Trade Comm'n v. Intellipay, Inc.*, 828 F. Supp. 33, 34 (S.D. Tex. 1993)). The Local Rules of the Northern District Court of Texas further require the withdrawing attorney "specify the reasons requiring withdrawal and provide the name and address of the succeeding attorney." *See* N.D. Tex. L.R. Civ. 83.12(a). Ultimately, "[t]he decision whether to allow an attorney to withdraw is 'entrusted to the sound

discretion of this Court.'" *Hernandez*, 2014 WL 1794833, at *1 (quoting *Matter of Wynn*, 889 F.2d at 646)).

Even where good cause for withdrawal exists, it is "incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel." *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir.1981). This requires the Court to consider certain additional factors before allowing an attorney to withdraw, namely: "(1) the extent to which the attorney's withdrawal will delay or disrupt the case; (2) the length of time for which the case and any dispositive motions have been pending; (3) the time it would take and the financial burden it would impose on the client to find new counsel; (4) the financial burden the attorney would suffer if not allowed to withdraw; (5) prejudice to the other parties; and (6) whether withdrawal will harm the administration of justice." *Hernandez*, 2014 WL 1794833, at *2 (internal quotations omitted); s*ee also Dorsey v. Portfolio Equities, Inc.*, No. 3:04–cv–0472–B, 2008 WL 4414526, at *2 (N.D.Tex. Sept. 29, 2008).

## II.   ARGUMENT

### A.   Good Cause Exists to Grant the Motion to the Withdraw Because Defendants Have Terminated Movants and Retained New Counsel.

Good cause exists to grant the Motion to Withdraw because Defendants have terminated Movants and secured new counsel to represent them in this proceeding. Specifically on February 17, 2020, Amar B. Ali (President of Defendant A-Z Wholesalers, Inc. and son of Defendant Barkat Ali) notified Mr. Berg that Defendants were "terminating Kelly, Hart & Hallman and all of its lawyers from the representation of A-Z and [Barkat] Ali in the lawsuit filed against them by Harrison Company." Amar Ali further directed Mr. Berg to "file a motion to withdraw and coordinate transferring the file to Joyce Lindauer." As a result of this termination, there has been a cessation of the attorney-client relationship between Movants and Defendants, and Movants are

no longer authorized to represent them or otherwise act on their behalf in this proceeding. Under Rule 1.15(a) of the Texas Disciplinary Rules of Professional Conduct, Movants are now obligated to withdraw from this matter. *See id.* at 1.15(a)(3) ("A lawyer shall . . . withdraw . . . if: (3) the lawyer is discharged, with or without good cause.").

As indicated by Amar Ali's email to Mr. Berg (quoted *supra*) and the record in this case, Defendants have already retained Joyce Lindauer of the law firm of JOYCE W. LINDAUER ATTORNEY, PLLC, to handle the case going forward. Indeed, Ms. Lindauer has already appeared in this case and briefed matters before the Court.[1] *See* Dkt. 19 (order permitting Ms. Lindauer to appear); Dkts. 14–18, 23 (briefing motion to amend). Ms. Lindauer's participation over the past two months further justifies granting the Motion to Withdraw, as it alleviates any concern that Defendants will be delayed in continuing to defend themselves in this case. *See Dorsey v. Portfolio Equities, Inc.*, No. 3:04-CV-0472-B, 2008 WL 4414526, *2 (N.D. Tex. Sept. 29, 2008) (Boyle, J.) ( "Given [replacement counsel's] prior involvement and familiarity with the case, he should be able to enter the next phase of the litigation with minimal, if any, delay in the proceedings[.]"). Furthermore, Kelly Hart is working with Ms. Lindauer to ensure a smooth transition between firms once the Court permits Movants to withdraw. *See* Tex. Disc. R. Prof. Conduct 1.15(d) ("Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests[.]").

In light of Defendants' express wish that Ms. Lindauer take over this matter and the Texas Disciplinary Rules of Professional Conduct's mandate for attorneys who have been terminated to withdraw, Movants respectfully submit that good cause exists for the Court to grant their Motion to Withdraw.

---

[1] Ms. Lindauer's contact information is as follows: 12720 Hillcrest Suite 625, Dallas, TX 75230, (214) 957-8039.

### B. Granting the Motion to Withdraw Will Not Disrupt the Prosecution of This Lawsuit.

The additional factors the Court must consider in ruling on Movants' Motion weigh in favor of granting their request for withdrawal. As noted *supra*, the case will not be delayed or disrupted by granting the Motion because Defendants' replacement counsel has already appeared and assumed control over the defense. Relatedly, the case is still in its infancy, with mediation, dispositive motions, and discovery deadlines set months from now, and trial set for September. *See* Dkt. 9. Accordingly, it is not necessary for the Court to modify the existing scheduling order to accommodate Movants' request. There is also no reason to find that Plaintiff—who does not oppose this Motion—will be prejudiced by granting the requested relief, as Defendants already have counsel to whom Plaintiff's attorneys can direct any future correspondence, demands, or negotiations. Finally, because Defendants have already found new counsel, there will be no financial burden imposed upon them if the Motion to Withdraw is granted. There may, however, be additional financial burden imposed if the Motion to Withdraw is denied, insofar as Movants will have to stay on as counsel and bill Defendants for any future legal services rendered.

Given these circumstances, the Court can be assured that prosecution of this case will not be disrupted by the withdrawal of Movants, and the Court therefore should grant the Motion to Withdraw.

### III.   CONCLUSION

For the foregoing reasons, Movants respectfully request the Court grant their Unopposed Motion to Withdraw as Counsel for Defendants in this matter.

Respectfully submitted,

*/s/ Lars L. Berg*
Lars L. Berg
State Bar No. 00787072
lars.berg@kellyhart.com
Elizabeth A. Cuneo
State Bar No. 24100166
Elizabeth.cuneo@kellyhart.com
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280


Joyce Lindauer
**JOYCE W. LINDAUER ATTORNEY, PLLC**
12720 Hillcrest Suite 625
Dallas, TX 75230
(214) 957-8039

**ATTORNEYS FOR DEFENDANTS**


**CERTIFICATE OF CONFERENCE**

I certify that I conferred with counsel for Plaintiff Company, LLC, David Swanson, via email on February 14, 2020, and Plaintiff does not oppose the motion to withdraw


*/s/ Lars L. Berg*
Lars L. Berg


**CERTIFICATE OF SERVICE**

I certify that on the 18th day of February, 2020, I served this document on all counsel of record via ECF system and/or email.

*/s/ Lars L. Berg*
Lars L. Berg