**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **HARRISON COMPANY LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:19-CV-1057-B** |
| | § | |
| **A-Z WHOLESALERS INC. and** | § | |
| **BARKAT G. ALI,** | § | |
| | § | |
| **Defendants.** | § | |

**HARRISON'S MOTION TO COMPEL DOCUMENT PRODUCTION**
**AND BRIEF IN SUPPORT**

Plaintiff Harrison Company LLC ("Harrison") files this Motion to Compel Document Production and Brief in Support against Defendants A-Z Wholesalers Inc. ("A-Z") and Barkat G. Ali ("Ali") (collectively, "Defendants"), pursuant to Federal Rule of Civil Procedure 37(a) and L.R. 7.1, and states:

**Summary**

1.      More than two months after Defendants' deadline to respond to Harrison's discovery requests, Defendants have produced a mere 158 pages of a single category of requested documents (copies of checks).  Combined, Harrison served nine (9) Requests for Production.  Defendants stated they would produce documents in response to *each* of those requests.  Harrison needs additional documents to address Defendants' denials in their Answer.  Harrison is scheduled to depose its first witness on March 5.  That deposition is two weeks away, and Defendants' documents need to be produced.

1

**Relevant Facts**

2.      Harrison served Requests for Production on A-Z and Ali pursuant to Federal Rule of Civil Procedure 34 on November 4, 2018.  App. 1-19 (Ex. "A," First Set of Discovery Requests to A-Z); App. 20-41 (Ex. "B," First Set of Discovery Requests to Ali).

3.      On December 4, 2019—the deadline for Defendants' responses to Harrison's discovery requests—Harrison agreed to grant Defendants a one-week extension to serve their responses by December 11, 2018.

4.      A-Z and Ali separately served their Responses and Objections to Plaintiff's First Set of Discovery Requests on December 11, 2018.  App. 42-74 (Ex. "C," A-Z's Responses and Objections to Plaintiff's First Set of Discovery Requests); App. 75-111 (Ex. "D," Ali's Responses and Objections to Plaintiff's First Set of Discovery Requests).

5.      In their Responses, both A-Z and Ali agreed to produce all non-privileged documents (subject to a limited number of objections) responsive to all Requests for Production. App. 71-72 (Ex. "C" at 30-31); App. 108-109 (Ex. "D" at 34-35).  However, Defendants did not produce any document with their respective Responses and Objections.

6.      On December 16, 2019, counsel for Defendants wrote that Defendants would start a rolling production of documents "[i]n the next few days."  App. 114 (Ex. "E," 12/16/19 Lars Berg E-Mail Chain).

7.      On December 18, 2019, Defendants served an initial document production containing 158 pages of copies of checks.  Accordingly, all documents responsive to all other Requests for Production are outstanding.

8.      On January 21, 2020, counsel for Harrison sent a follow-up e-mail to counsel for Defendants in search of the remaining documents expected to be produced.  Counsel for

Defendants wrote that he was "checking with the client."  App. 112-113 (Ex. "E").  Documents were not produced.

9.      On January 30, 2020, counsel for Harrison again sent a follow-up email to counsel for Defendants in search of the remaining documents expected to be produced.  Counsel for Defendants again wrote that he was "checking" with the client.  App. 112 (Ex. "E").  Still documents were not produced.

10.      On February 4, 2020, counsel for Harrison conferred with counsel for Defendants regarding Plaintiff's intent to file a motion to compel if Defendants failed to produce responsive documents by February 7, 2020.  App. 116 (Ex. "F," Conference E-mail).

11.      Harrison is scheduled to depose its first witness—Amar Ali (A-Z's President and Ali's son)—in two weeks, on March 5, 2020.

12.      To date, Defendants have not produced any additional document.

### Argument and Authorities

13.      The purpose of discovery is to provide all parties with full knowledge of the facts so that they can prepare for trial.  *See Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 517 (5th Cir. 1993) (explaining that federal rules promote broad discovery so that all relevant evidence is disclosed as early as possible).  Under Rule 26(b)(1), in order to be discoverable, the information a party seeks must be (1) relevant to the parties' claims or defenses; (2) not subject to privilege; and (3) proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1).

14.      A party served with written discovery must fully respond to each document request to the extent that it is not objectionable and affirmatively explain what portion (if any) is objectionable and why.  *See Heller v. City of Dallas*, 303 F.R.D. 466, 485 (N.D. Tex. 2014).  Thus, the responding party must also explain what portion of the document request is the subject of the

response. *Id.* Additionally, the responding party must affirmatively explain whether any responsive information or document has been withheld. *Id.*

15. Federal Rule of Civil Procedure 37(a) governs motions to compel discovery responses. Rule 37(a)(3)(B)(iv) provides that a party seeking discovery may move for an order compelling production against another party when the latter has failed to produce documents requested under Federal Rule of Civil Procedure 34. *See also Crosswhite v. Lexington Ins. Co.*, 321 Fed. Appx. 365, 368 (5th Cir. 2009) ("A party may move to compel production of materials that are within the scope of discovery and have been requested but not received.").

16. A party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. *See McLeod, Alexander, Powel & Aoffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). A party resisting discovery must also show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005); *see also S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) ("A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request."). "Failing to do so, as a general matter, makes such an unsupported objection nothing more than unsustainable boilerplate." *Heller*, 303 F.R.D. at 490.

17. Additionally, Federal Rule of Civil Procedure 37(a)(5)(A) provides that, if a motion to compel is granted—or if the requested discovery is provided after the motion was filed—"the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

18.     Here, Defendants are not "resisting" discovery; rather, they have simply failed to timely produce documents—which Defendants previously stated they would produce—notwithstanding Harrison's numerous follow-up requests.  The documents at issue include:

- Agreements (other than the Credit Agreement);

- Evidence of "rebates" or "credits" Defendants contend were offered or agreed to;

- Communication related to Harrison, Imperial, and/or the Credit Agreement; and

- Evidence of payment or attempted payment of invoices.

*See* App. 71-72 (Ex. "C" at 30-31); App. 108-109 (Ex. "D" at 34-35).

19.     Defendants cannot assert *ipse dixit* defenses and/or contest Harrison's accounting and invoices, then refuse to produce any alleged evidence in support of those conclusory allegations.  Defendants are required to produce documents implicated *by Defendants' Answer*.  Harrison requested production of those documents under Rule 34.  To the extent responsive documents exist, they are clearly relevant to Plaintiff's breach of contract and breach of guarantee claims.  Thus, the Court should order their immediate production.  Because Defendants required Harrison to file this motion to compel, the Court should also order Defendants to pay Harrison's reasonable expenses incurred in making this motion.  *See* Fed. R. Civ. P. 37(a)(5)(A).

WHEREFORE, Harrison respectfully requests that the Court order Defendants to immediately produce all responsive documents to Harrison's Requests for Production; order Defendants to pay Harrison's reasonable expenses incurred in making this Motion, including Harrison's attorneys' fees; and grant Harrison all other relief to which it is justly entitled.

Respectfully submitted,

_(signature)_

**David L. Swanson**
  State Bar No. 19554525
  dswanson@lockelord.com
**Joseph A. Unis, Jr.**
  State Bar No. 24075625
  junis@lockelord.com
**Anna K. Finger**
  State Bar No. 24105860
  anna.k.finger@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
T: 214-740-8000
F: 214-740-8800

**ATTORNEYS FOR PLAINTIFF
HARRISON COMPANY, L.L.C.**


## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(b), I certify that on February 4, 2020, I conferred via email with counsel for Defendants about each issue raised in this motion, and counsel failed to commit to a definitive production date, requiring Harrison to file this motion to compel.

_(signature)_

Anna K. Finger


## CERTIFICATE OF SERVICE

I certify that on February 19, 2020, I served this document on all counsel of record via the ECF system and/or email.

_(signature)_

Anna K. Finger