**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **HARRISON COMPANY LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:19-CV-1057-B** |
| | § | |
| **A-Z WHOLESALERS INC. and** | § | |
| **BARKAT G. ALI,** | § | |
| | § | |
| **Defendants.** | § | |

---

**APPENDIX IN SUPPORT OF HARRISON COMPANY, LLC'S MOTION TO
COMPEL DOCUMENT PRODUCTION**

---

Plaintiff Harrison Company, LLC ("Harrison") submits its Appendix in Support of Defendant's Motion to Compel Document Production, which is being filed simultaneously herewith. The following documents are included as part of this Appendix:

| Exhibit | Description | App. No. |
|---|---|---|
| A | First Set of Discovery Requests to A-Z | 1-19 |
| B | First Set of Discovery Requests to Ali | 20-41 |
| C | A-Z's Responses and Objections to Plaintiff's First Set of Discovery Requests | 42-74 |
| D | Ali's Responses and Objections to Plaintiff's First Set of Discovery Requests | 75-111 |
| E | Lars Berg E-Mail Chain | 112-114 |
| F | Conference Email | 116 |

1

Respectfully submitted,

**David L. Swanson**
  State Bar No. 19554525
  dswanson@lockelord.com
**Joseph A. Unis, Jr.**
  State Bar No. 24075625
  junis@lockelord.com
**Anna K. Finger**
  State Bar No. 24105860
  anna.k.finger@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
T: 214-740-8000
F: 214-740-8800

**ATTORNEYS FOR PLAINTIFF
HARRISON COMPANY, L.L.C.**

## CERTIFICATE OF SERVICE

    I certify that on February 19, 2020, I served this document on all counsel of record via the ECF system and/or email.

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **HARRISON COMPANY LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 3:19-CV-1057-B** |
| | § | |
| **A-Z WHOLESALERS INC. and** | § | |
| **BARKAT G. ALI,** | § | |
| | § | |
| **Defendants.** | § | |

---

## PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT A-Z WHOLESALERS, INC.

---

To:   Defendant A-Z Wholesalers, Inc., by and through its counsel, Lars L. Berg and Elizabeth A. Cuneo, Kelly Hart & Hallman, LLP, 201 Main Street, Suite 2500, Fort Worth, TX 67102

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the instructions and definitions set forth below, Plaintiff Harrison Company, LLC ("Harrison") serves its First Set of Discovery Requests on Defendant A-Z Wholesalers, Inc. ("A-Z").

## <u>DEFINITIONS</u>

The following Definitions apply throughout these Requests without regard to capitalization. In addition, the definitions and rules of construction set forth in Federal Rule of Civil Procedure 34 are incorporated by reference and apply throughout these Requests as if fully set out herein.

1.   The term "Identify," when used in reference to a person, shall include natural persons and persons other than individuals.  When used in reference to a natural person, "Identify" means to state that person's: (1) full name and present or last known residence address; (2) present or last known business affiliation, including the address thereof and position therewith; and (3) each of

1

the person's prior or other business affiliations and positions in respect thereto.  When used in reference to a person other than an individual, "Identify" means to state: (1) its full name; (2) its nature of organization, including the name of the state or country under the laws of which it was organized; (3) the address of its principal place of business; and (4) its principal line of business. Once a person has been identified in accordance with this subparagraph, only the name of that person needs to be listed in response to subsequent discovery requesting the identification of that person.

2.   When referring to documents, "Identify" means to give, to the extent known, the: (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

3.   The term "Document" or "Documents" shall mean all written, recorded, or graphic matter within the scope of the Federal Rules of Civil Procedure 26 and 34, including, but not limited to, the original and all non-identical copies of all papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, data, data compilations, records, letters, tangible things, correspondence, communications, e-mails, telegrams, cables, telex messages, post-it notes, memoranda, notes, notations, work papers, transcripts, minutes, reports, recordings of telephone or other conversations, interviews, conferences or other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, advertisements, instructions, charges, brochures, publications, schedules, lists, journals, statistical records or calculations, desk calendars, appointment books, diaries, tabulations, programs, data process input and output, microfilm, ledgers, journals or books of account, records and invoices reflecting business operations, records kept by electronic, photographic or mechanical means, any notes or drafts relating to the foregoing,

81269449v.4

APP 2

and all things similar to any of the foregoing, however denominated. The word "document" or "documents" also means the original and each non-identical copy including translations (whether different from the original because of marginal notes or in whatever respect), of any written or graphic matter, whether typed, printed, recorded, filmed, produced by hand, or reproduced by any other mechanical process or means.

4.   The term "communication" means any oral or written conversation, statement, comment, note, or correspondence including, but not limited to: letters, facsimiles, notes, telegraphs, telegrams or other documents; telephone conversations including voice-mail or answering machine messages; email, internet, or other computer based or electronic correspondence; or meetings, interviews, or in-person contact.

5.   The term "electronically stored information" or "ESI" refers to any portion of data available only on a computer or other device capable of storing electronic data. "Electronically stored information" includes, but is not limited to, email (whether conducted intra-company using company email addresses or conducted through an individual, non-company account (e.g. Bloomberg, Gmail, Yahoo!, or AOL), spreadsheets, databases, word processing documents, images, presentations, application files, executable files, log files, and all other files present on any type of device capable of storing electronic data. Devices capable of storing electronically stored information include, but are not limited to: servers, desktop computers, portable computers, handheld computers, flash memory devices, wireless communication devices, pagers, workstations, minicomputers, mainframes, and all other forms of online or offline storage, whether on or off company premises. ESI is meant to include instant messages (such as Cisco Jabber, iBM Sametime, ICQ, Kik, BBM, AIM, WhatsApp, and similar types of messages), cell phone text messages (SMS messages and MMS messages), voicemail messages, and similar types of

81269449v.4

messages. For any document kept in electronic form, the term "document" includes any metadata associated with the document.

6.  The term "You" or "A-Z" means Defendant A-Z Wholesalers, Inc.

7.  The term "Ali" means Defendant Barkat G. Ali.

8.  The term "Amar" means Amar Barkat Ali.

9.  The term "Harrison" or "Plaintiff" means Plaintiff Harrison Company, LLC.

10. The term "Imperial" means Imperial Trading Co., LLC, which is the sole member of Harrison.

11. The term "Credit Agreement" means the written agreement entered into between You and Harrison on March 11, 2011, and guaranteed by Ali, together with any amendment or modification.

12. The term "Relevant Period" means March 11, 2011 to the present.

13. To bring within the scope of these Requests all information that might otherwise be construed to be outside their scope, the following rules of construction apply: (a) the word "including" shall be read to mean including without limitation; (b) the present tense shall be construed to include the past tense and vice versa; (c) references to employees, officers, directors, or agents shall include both current and former employers, officers, directors, agents, and representatives; (d) the terms "and" and "or" and "all," "any," and "each" mean any and all; (e) the terms "concerning," "relating to," "referring to," "describing," "evidencing," or "constituting" shall be read interchangeably.

## **INSTRUCTIONS**

1.  If You answer an interrogatory by referring to documents, identify those documents "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could," as required under Federal Rule of Civil Procedure 33(d)(1). If those

81269449v.4

documents have not previously been produced, attach them as an exhibit to the response and refer to it in the response. *See* Fed. R. Civ. P. 33(d)(2).

2.   If You elect to produce business records in response to an interrogatory pursuant to Federal Rule of Civil Procedure 33(d), produce the records as they are kept in the usual course of business or organize and label them to correspond with the interrogatory. *See* Fed. R. Civ. P. 34(b)(2)(e)(i) (requiring production in the ordinary course of business). If the document is being produced in its native electronic format (inclusive of its metadata), identify the document using its hash or other appropriate electronic identification and identify the interrogatories to which the document is responsive. If the document is not being produced in electronic form, identify the document using the applicable Bates numbers or specifically identify the type of document being produced (e.g., letter, memorandum, telegram, contract, invoice, etc.), its date and author(s), its custodian, and every person to whom such document or any copy thereof was given or sent. For all documents produced pursuant to Rule 33(d), identify the employee, officer, or agent certifying the documents as a business record. If the procedure for answering interrogatories as authorized by Federal Rule of Civil Procedure 33(d) is used, for each interrogatory and subpart thereof, you must identify the production with specificity (i.e., Bates numbers of the specific document or group of documents).

3.   Any document bearing on any sheet any mark that is not part of the original text (including, by way of example and not by way of limitation, initials, stamped indicia, comment, or notation of any character) is to be considered a separate document from the original for the purposes of document requests.

4.   When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, You

5

must clearly indicate the portions as to which privilege is claimed. When a document has been redacted, identify as to each such document the reason for the redaction. Any redaction must be clearly indicated on the face of the redacted document.

5.   If You object to producing a document or electronically stored information, You must do as follows:

a.   If You withhold a document or electronically stored information under a claim of privilege (including the work-product doctrine), provide the information set forth in accordance with any e-discovery orders entered by the Court.

b.   If You object for any reason other than privilege, You must identify the withheld document and, in addition to the information requested above, state the reason for withholding the document.

c.   If You object to a request on the ground that production would be unduly burdensome, You must produce all responsive documents to that request that You can produce without undue burden and explain which documents are being withheld and the exact nature of the burden.

d.   If any document is no longer in existence, state for each such document the type of the document, the information contained therein, the date upon which the document ceased to exist, the circumstances under which the document ceased to exist, the location where the document was destroyed, the identity of all persons having knowledge of the circumstances under which the document ceased to exist, and the identity of all persons having knowledge or who had knowledge of the document's contents.

6.   These requests are continuing and require supplemental responses as specified in Federal Rule of Civil Procedure 26(e) if You (or any person acting on Your behalf) obtain additional

information called for by the request between the time of the original response and the time set for trial. Each supplemental response shall be served on Harrison no later than thirty (30) days after the discovery of additional, responsive information, and in no event shall any supplemental response be served later than sixty (60) days before trial.

7.  Pursuant to Federal Rule of Civil Procedure 34(b), documents shall be produced as they are kept in the usual course of business or segregated as responsive to each specific request enumerated in this First Set of Discovery Requests.

8.  If only part of a discovery request is objectionable, answer the remainder of the request. If an objection is made to all or part of a request, set forth the specific ground for the objection clearly in the response to that request.

## REQUESTS FOR ADMISSIONS

**RFA NO. 1:** Admit that You entered into a Credit Agreement with Harrison on March 11, 2011.

**RFA NO. 2:** Admit that Defendant Barkat G. Ali guaranteed the Credit Agreement You entered with Harrison on March 11, 2011.

**RFA NO. 3:** Admit that You ordered products from Harrison during the Relevant Period.

**RFA NO. 4:** Admit that You ordered products from Imperial during the Relevant Period.

**RFA NO. 5:** Admit that You received and accepted delivery of all products that you ordered from Harrison and/or Imperial during the Relevant Period.

**RFA NO. 6:** Admit that You received the October 22, 2018 invoice from Imperial for $91,709.76.

**RFA NO. 7:** Admit that You did not pay Harrison or Imperial the $91,709.76 for the October 22, 2018 invoice from Imperial.

**RFA NO. 8:** Admit that Ali did not pay Harrison or Imperial the $91,709.76 for the October 22, 2018 invoice from Imperial.

**RFA NO. 9:** Admit that You received the October 29, 2018 invoice from Imperial for $70,186.96.

**RFA NO. 10:** Admit that You received the goods reflected on the October 29, 2018 invoice from Imperial for $70,186.96.

81269449v.4

APP 7

**RFA NO. 11:** Admit that You did not pay Harrison or Imperial the $70,186.96 for the October 29, 2018 invoice from Imperial.

**RFA NO. 12:** Admit that Ali did not pay Harrison or Imperial the $70,186.96 for the October 29, 2018 invoice from Imperial.

**RFA NO. 13:** Admit that You received the October 29, 2018 invoice from Imperial for $70,124.23.

**RFA NO. 14:** Admit that You received the goods reflected on the October 29, 2018 invoice from Imperial for $70,124.23.

**RFA NO. 15:** Admit that You did not pay Harrison or Imperial the $70,124.23 for the October 29, 2018 invoice from Imperial.

**RFA NO. 16:** Admit that Ali did not pay Harrison or Imperial the $70,124.23 for the October 29, 2018 invoice from Imperial.

**RFA NO. 17:** Admit that You received the November 5, 2018 invoice from Imperial for $57,775.61.

**RFA NO. 18:** Admit that You received the goods reflected on the November 5, 2018 invoice from Imperial for $57,775.61.

**RFA NO. 19:** Admit that You did not pay Harrison or Imperial the $57,775.61 for the November 5, 2019 invoice from Imperial.

**RFA NO. 20:** Admit that Ali did not pay Harrison or Imperial the $57,775.61 for the November 5, 2019 invoice from Imperial.

**RFA NO. 21:** Admit that You received the November 5, 2018 invoice from Imperial for $54,637.58.

**RFA NO. 22:** Admit that You received the goods reflected on the November 5, 2018 invoice from Imperial for $54,637.58.

**RFA NO. 23:** Admit that You did not pay Harrison or Imperial the $54,637.58 for the November 5, 2018 invoice from Imperial.

**RFA NO. 24:** Admit that Ali did not pay Harrison or Imperial the $54,637.58 for the November 5, 2018 invoice from Imperial.

**RFA NO. 25:** Admit that You received the November 12, 2018 invoice from Imperial for $56,021.58.

**RFA NO. 26:** Admit that You received the goods reflected on the November 5, 2018 invoice from Imperial for $54,637.58.

**RFA NO. 27:** Admit that You did not pay Harrison or Imperial the $56,021.58 for the November 12, 2018 invoice from Imperial.

**RFA NO. 28:** Admit that Ali did not pay Harrison or Imperial the $56,021.58 for the November 12, 2018 invoice from Imperial.

**RFA NO. 29:** Admit that You received the November 12, 2018 invoice from Imperial for $53,600.71.

**RFA NO. 30:** Admit that You received the goods reflected on the November 12, 2018 invoice from Imperial for $53,600.71.

**RFA NO. 31:** Admit that You did not pay Harrison or Imperial the $53,600.71 for the November 12, 2018 invoice from Imperial.

**RFA NO. 32:** Admit that Ali did not pay Harrison or Imperial the $53,600.71 for the November 12, 2018 invoice from Imperial.

**RFA NO. 33:** Admit that You received the November 19, 2018 invoice from Imperial for $60,689.89.

**RFA NO. 34:** Admit that You received the goods reflected on the November 19, 2018 invoice from Imperial for $60,689.89.

**RFA NO. 35:** Admit that You did not pay Harrison or Imperial the $60,689.89 for the November 19, 2018 invoice from Imperial.

**RFA NO. 36:** Admit that Ali did not pay Harrison or Imperial the $60,689.89 for the November 19, 2018 invoice from Imperial.

**RFA NO. 37:** Admit that You received the November 19, 2018 invoice from Imperial for $51,934.32.

**RFA NO. 38:** Admit that You did not pay Harrison or Imperial the $51,934.32 for the November 19, 2018 invoice from Imperial.

**RFA NO. 39:** Admit that Ali did not pay Harrison or Imperial the $51,934.32 for the November 19, 2018 invoice from Imperial.

**RFA NO. 40:** Admit that You received the November 26, 2018 invoice from Imperial for $76,438.74.

81269449v.4

**RFA NO. 41:** Admit that You received the goods reflected on the November 26, 2018 invoice from Imperial for $76,438.74.

**RFA NO. 42:** Admit that You did not pay Harrison or Imperial the $76,438.74 for the November 26, 2018 invoice from Imperial.

**RFA NO. 43:** Admit that Ali did not pay Harrison or Imperial the $76,438.74 for the November 26, 2018 invoice from Imperial.

**RFA NO. 44:** Admit that You received the November 26, 2018 invoice from Imperial for $64,406.71.

**RFA NO. 45:** Admit that You received the goods reflected on the November 26, 2018 invoice from Imperial for $64,406.71.

**RFA NO. 46:** Admit that You did not pay Harrison or Imperial the $64,406.71 for the November 26, 2018 invoice from Imperial.

**RFA NO. 47:** Admit that Ali did not pay Harrison or Imperial the $64,406.71 for the November 26, 2018 invoice from Imperial.

**RFA NO. 48:** Admit that You received the December 3, 2018 invoice from Imperial for $73,330.20.

**RFA NO. 49:** Admit that You received the goods reflected on the December 3, 2018 invoice from Imperial for $73,330.20.

**RFA NO. 50:** Admit that You did not pay Harrison or Imperial the $73,330.20 for the December 3, 2018 invoice from Imperial.

**RFA NO. 51:** Admit that Ali did not pay Harrison or Imperial the $73,330.20 for the December 3, 2018 invoice from Imperial.

**RFA NO. 52:** Admit that You received the December 3, 2018 invoice from Imperial for $66,868.30.

**RFA NO. 53:** Admit that You received the goods reflected on the December 3, 2018 invoice from Imperial for $66,868.30.

**RFA NO. 54:** Admit that You did not pay Harrison or Imperial the $66,868.30 for the December 3, 2018 invoice from Imperial.

**RFA NO. 55:** Admit that Ali did not pay Harrison or Imperial the $66,868.30 for the December 3, 2018 invoice from Imperial.

81269449v.4

**RFA NO. 56:** Admit that You received the December 10, 2018 invoice from Imperial for $93,135.93.

**RFA NO. 57:** Admit that You received the goods reflected on the December 10, 2018 invoice from Imperial for $93,135.93.

**RFA NO. 58:** Admit that You did not pay Harrison or Imperial the $93,135.93 for the December 10, 2018 invoice from Imperial.

**RFA NO. 59:** Admit that Ali did not pay Harrison or Imperial the $93,135.93 for the December 10, 2018 invoice from Imperial.

**RFA NO. 60:** Admit that You received the December 10, 2018 invoice from Imperial for $95,773.09.

**RFA NO. 61:** Admit that You received the goods reflected on the December 10, 2018 invoice from Imperial for $95,773.09.

**RFA NO. 62:** Admit that You did not pay Harrison or Imperial the $95,773.09 for the December 10, 2018 invoice from Imperial.

**RFA NO. 63:** Admit that Ali did not pay Harrison or Imperial the $95,773.09 for the December 10, 2018 invoice from Imperial.

**RFA NO. 64:** Admit that You received the December 17, 2018 invoice from Imperial for $97,157.26.

**RFA NO. 65:** Admit that You received the goods reflected on the December 17, 2018 invoice from Imperial for $97,157.26.

**RFA NO. 66:** Admit that You did not pay Harrison or Imperial the $97,157.26 for the December 17, 2018 invoice from Imperial.

**RFA NO. 67:** Admit that Ali did not pay Harrison or Imperial the $97,157.26 for the December 17, 2018 invoice from Imperial.

**RFA NO. 68:** Admit that You received the December 17, 2018 invoice from Imperial for $93,210.19.

**RFA NO. 69:** Admit that You did not pay Harrison or Imperial the $93,210.19 for the December 17, 2018 invoice from Imperial.

**RFA NO. 70:** Admit that Ali did not pay Harrison or Imperial the $93,210.19 for the December 17, 2018 invoice from Imperial.

81269449v.4

APP 11

**RFA NO. 71:** Admit that You received the December 26, 2018 invoice from Imperial for $62,816.49.

**RFA NO. 72:** Admit that You received the goods reflected on the December 26, 2018 invoice from Imperial for $62,816.49.

**RFA NO. 73:** Admit that You did not pay Harrison or Imperial the $62,816.49 for the December 26, 2018 invoice from Imperial.

**RFA NO. 74:** Admit that Ali did not pay Harrison or Imperial the $62,816.49 for the December 26, 2018 invoice from Imperial.

**RFA NO. 75:** Admit that You received the December 26, 2018 invoice from Imperial for $49,212.02.

**RFA NO. 76:** Admit that You received the goods reflected on the December 26, 2018 invoice from Imperial for $49,212.02.

**RFA NO. 77:** Admit that You did not pay Harrison or Imperial the $49,212.02 for the December 26, 2018 invoice from Imperial.

**RFA NO. 78:** Admit that Ali did not pay Harrison or Imperial the $49,212.02 for the December 26, 2018 invoice from Imperial.

**RFA NO. 79:** Admit that You received the January 2, 2018 invoice from Imperial for $52,215.72.

**RFA NO. 80:** Admit that You received the goods reflected on the January 2, 2018 invoice from Imperial for $52,215.72.

**RFA NO. 81:** Admit that You did not pay Harrison or Imperial the $52,215.72 for the January 2, 2019 invoice from Imperial.

**RFA NO. 82:** Admit that Ali did not pay Harrison or Imperial the $52,215.72 for the January 2, 2019 invoice from Imperial.

**RFA NO. 83:** Admit that You received the January 2, 2019 invoice from Imperial for $64,300.37.

**RFA NO. 84:** Admit that You received the goods reflected on the January 2, 2019 invoice from Imperial for $64,300.37.

**RFA NO. 85:** Admit that You did not pay Harrison or Imperial the $64,300.37 for the January 2, 2019 invoice from Imperial.

**RFA NO. 86:** Admit that Ali did not pay Harrison or Imperial the $64,300.37 for the January 2, 2019 invoice from Imperial.

12

**RFA NO. 87:** Admit that You received the January 7, 2019 invoice from Imperial for $67,740.70.

**RFA NO. 88:** Admit that You received the goods reflected on the January 7, 2019 invoice from Imperial for $67,740.70.

**RFA NO. 89:** Admit that You did not pay Harrison or Imperial the $67,740.70 for the January 7, 2019 invoice from Imperial.

**RFA NO. 90:** Admit that Ali did not pay Harrison or Imperial the $67,740.70 for the January 7, 2019 invoice from Imperial.

**RFA NO. 91:** Admit that You received the January 7, 2019 invoice from Imperial for $73,867.04.
**RFA NO. 92:** Admit that You received the goods reflected on the January 7, 2019 invoice from Imperial for $73,867.04.

**RFA NO. 93:** Admit that You did not pay Harrison or Imperial the $73,867.04 for the January 7, 2019 invoice from Imperial.

**RFA NO. 94:** Admit that Ali did not pay Harrison or Imperial the $73,867.04 for the January 7, 2019 invoice from Imperial.

**RFA NO. 95:** Admit that You received the January 14, 2019 invoice from Imperial for $69,196.02.

**RFA NO. 96:** Admit that You received the goods reflected on the January 14, 2019 invoice from Imperial for $69,196.02.

**RFA NO. 97:** Admit that You did not pay Harrison or Imperial the $69,196.02 for the January 14, 2019 invoice from Imperial.

**RFA NO. 98:** Admit that Ali did not pay Harrison or Imperial the $69,196.02 for the January 14, 2019 invoice from Imperial.

**RFA NO. 99:** Admit that You received the January 21, 2019 invoice from Imperial for $57,993.27.

**RFA NO. 100:** Admit that You received the goods reflected on the January 21, 2019 invoice from Imperial for $57,993.27.

**RFA NO. 101:** Admit that You did not pay Harrison or Imperial the $57,993.27 for the January 21, 2019 invoice from Imperial.

**RFA NO. 102:** Admit that Ali did not pay Harrison or Imperial the $57,993.27 for the January 21, 2019 invoice from Imperial.

13

APP 13

**RFA NO. 103:** Admit that You received the January 21, 2019 invoice from Imperial for $51,189.51.

**RFA NO. 104:** Admit that You received the goods reflected on the January 21, 2019 invoice from Imperial for $51,189.51.

**RFA NO. 105:** Admit that You did not pay Harrison or Imperial the $51,189.51 for the January 21, 2019 invoice from Imperial.

**RFA NO. 106:** Admit that Ali did not pay Harrison or Imperial the $51,189.51 for the January 21, 2019 invoice from Imperial.

**RFA NO. 107:** Admit that You received the January 28, 2019 invoice from Imperial for $78,844.92.

**RFA NO. 108:** Admit that You received the goods reflected on the January 28, 2019 invoice from Imperial for $78,844.92.

**RFA NO. 109:** Admit that You did not pay Harrison or Imperial the $78,844.92 for the January 28, 2019 invoice from Imperial.

**RFA NO. 110:** Admit that Ali did not pay Harrison or Imperial the $78,844.92 for the January 28, 2019 invoice from Imperial.

**RFA NO. 111:** Admit that You received the January 28, 2019 invoice from Imperial for $61,754.76.

**RFA NO. 112:** Admit that You received the goods reflected on the January 28, 2019 invoice from Imperial for $61,754.76.

**RFA NO. 113:** Admit that You did not pay Harrison or Imperial the $61,754.76 for the January 28, 2019 invoice from Imperial.

**RFA NO. 114:** Admit that Ali did not pay Harrison or Imperial the $61,754.76 for the January 28, 2019 invoice from Imperial.

**RFA NO. 115:** Admit that You received the February 4, 2019 invoice from Imperial for $52,434.50.

**RFA NO. 116:** Admit that You received the goods reflected on the February 4, 2019 invoice from Imperial for $52,434.50.

**RFA NO. 117:** Admit that You did not pay Harrison or Imperial the $52,434.50 for the February 4, 2019 invoice from Imperial.

81269449v.4

APP 14

**RFA NO. 118:** Admit that Ali did not pay Harrison or Imperial the $52,434.50 for the February 4, 2019 invoice from Imperial.

**RFA NO. 119:** Admit that You received the February 4, 2019 invoice from Imperial for $51,237.44.

**RFA NO. 120:** Admit that You received the goods reflected on the February 4, 2019 invoice from Imperial for $51,237.44.

**RFA NO. 121:** Admit that You did not pay Harrison or Imperial the $51,237.44 for the February 4, 2019 invoice from Imperial.

**RFA NO. 122:** Admit that Ali did not pay Harrison or Imperial the $51,237.44 for the February 4, 2019 invoice from Imperial.

**RFA NO. 123:** Admit that You received the February 11, 2019 invoice from Imperial for $73,970.96.

**RFA NO. 124:** Admit that You received the goods reflected on the February 11, 2019 invoice from Imperial for $73,970.96.

**RFA NO. 125:** Admit that You did not pay Harrison or Imperial the $73,970.96 for the February 11, 2019 invoice from Imperial.

**RFA NO. 126:** Admit that Ali did not pay Harrison or Imperial the $73,970.96 for the February 11, 2019 invoice from Imperial.

**RFA NO. 127:** Admit that You received the February 11, 2019 invoice from Imperial for $69,427.07.

**RFA NO. 128:** Admit that You received the goods reflected on the February 11, 2019 invoice from Imperial for $69,427.07.

**RFA NO. 129:** Admit that You did not pay Harrison or Imperial the $69,427.07 for the February 11, 2019 invoice from Imperial.

**RFA NO. 130:** Admit that Ali did not pay Harrison or Imperial the $69,427.07 for the February 11, 2019 invoice from Imperial.

**RFA NO. 131:** Admit that You received the February 18, 2018 invoice from Imperial for $53,936.77.

**RFA NO. 132:** Admit that You received the goods reflected on the February 18, 2018 invoice from Imperial for $53,936.77.

81269449v.4

APP 15

**RFA NO. 133:** Admit that You did not pay Harrison or Imperial the $53,936.77 for the February 18, 2019 invoice from Imperial.

**RFA NO. 134:** Admit that Ali did not pay Harrison or Imperial the $53,936.77 for the February 18, 2019 invoice from Imperial.

**RFA NO. 135:** Admit that You received the February 18, 2019 invoice from Imperial for $55,853.63.

**RFA NO. 136:** Admit that You did not pay Harrison or Imperial the $55,853.63 for the February 18, 2019 invoice from Imperial.

**RFA NO. 137:** Admit that Ali did not pay Harrison or Imperial the $55,853.63 for the February 18, 2019 invoice from Imperial.

**RFA NO. 138:** Admit that You received the February 25, 2019 invoice from Imperial for $71,912.55.

**RFA NO. 139:** Admit that You received the goods reflected on the February 25, 2019 invoice from Imperial for $71,912.55.

**RFA NO. 140:** Admit that You did not pay Harrison or Imperial the $71,912.55 for the February 25, 2019 invoice from Imperial.

**RFA NO. 141:** Admit that Ali did not pay Harrison or Imperial the $71,912.55 for the February 25, 2019 invoice from Imperial.

**RFA NO. 142:** Admit that You received the February 25, 2019 invoice from Imperial for $60,802.34.

**RFA NO. 143:** Admit that You received the goods reflected on the February 25, 2019 invoice from Imperial for $60,802.34.

**RFA NO. 144:** Admit that You did not pay Harrison or Imperial the $60,802.34 for the February 25, 2019 invoice from Imperial.

**RFA NO. 145:** Admit that Ali did not pay Harrison or Imperial the $60,802.34 for the February 25, 2019 invoice from Imperial.

**RFA NO. 146:** Admit that You received the March 4, 2019 invoice from Imperial for $69,472.08.

**RFA NO. 147:** Admit that You received the goods reflected on the March 4, 2019 invoice from Imperial for $69,472.08.

**RFA NO. 148:** Admit that You did not pay Harrison or Imperial the $69,472.08 for the March 4, 2019 invoice from Imperial.

**RFA NO. 149:** Admit that Ali did not pay Harrison or Imperial the $69,472.08 for the March 4, 2019 invoice from Imperial.

**RFA NO. 150:** Admit that You received the March 4, 2019 invoice from Imperial for $70,833.64.

**RFA NO. 151:** Admit that You received the goods reflected on the March 4, 2019 invoice from Imperial for $70,833.64.

**RFA NO. 152:** Admit that You did not pay Harrison or Imperial the $70,833.64 for the March 4, 2019 invoice from Imperial.

**RFA NO. 153:** Admit that Ali did not pay Harrison or Imperial the $70,833.64 for the March 4, 2019 invoice from Imperial.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:** State all reasons for your denial in Paragraph 7 of Defendants' Original Answer that the Credit Agreement constitutes the entirety of the agreement between the parties. Identify all documents, terms, and/or provisions You contend comprise the entire agreement between the parties, and identify all persons with knowledge of facts and circumstances you contend support your denial.

**INTERROGATORY NO. 2:** State all reasons for Your denial in Paragraph 9 of Defendants' Original Answer that You ordered various quantities of tobacco products and other sundries from Harrison, which Harrison supplied through Imperial, under the Credit Agreement. If applicable, identify in Your response all products ordered by A-Z through Harrison that You contend Harrison did not supply through Imperial, and/or each (if any) instance you contend Harrison supplied products to A-Z contrary to the terms of the Credit Agreement.

**INTERROGATORY NO. 3:** Do You contend that You did not receive any product that You ordered from Harrison and/or Imperial during the Relevant Period? If so, identify each product You contend You did not receive, the date You ordered it, and the invoice You received that reflects Your order.

**INTERROGATORY NO. 4:** Do You contend that You are entitled to any offset for rebates offered to or payments made by You for the amounts invoiced by Imperial from October 22, 2018 through March 4, 2019? If so, identify the amount of any rebate, the date it was offered, by whom it was offered, and identify the amount, date, and source of any payment.

**INTERROGATORY NO. 5:** State all reasons for Your denial in Paragraph 10 of Defendants' Original Answer that A-Z placed orders through Harrison. Include all facts and circumstances You contend support your denial, identify all persons with knowledge thereof, and idntify all documents You contend support your denial.

**INTERROGATORY NO. 6:** State all reasons for Your denial in Paragraphs 11, 14, and 19 of Defendants' Original Answer that the total amount outstanding, due, and unpaid by You and Ali

to Harrison, as invoiced, is $2,574,885.73. Identify in Your answer all persons with knowledge of the facts and circumstances included in Your response, the amount You contend is due, Your method of calculation, and identify all documents You contend support Your denial.

**INTERROGATORY NO. 7:** State all reasons for Your denial in Paragraphs 12, 15, 18, and 22 of Defendants' Original Answer that A-Z and Ali are in default under the Credit agreement because they have failed and refused, and continue to fail and refuse, to pay the amounts due and owing to Harrison. Include in Your answer the date and amount of each payment you contend A-Z and Ali made on any invoice between October 22, 2018 and March 4, 2019.

**INTERROGATORY NO. 8:** State all reasons for Your denial in Paragraphs 17 and 25 of Defendants' Original Answer that Harrison has performed all conditions precedent, covenants, and promises required of it pursuant to the Credit Agreement that have not been waived. Identify all conditions precedent, covenants, or promises that you contend Harrison failed to perform under the terms of the Credit Agreement, identify all persons with knowledge of facts you contend corroborate your claim, and identify all documents you contend support Your denial.

**INTERROGATORY NO. 9:** State all reasons for Your denial in Paragraph 21 of Defendants' Original Answer that Harrison required a guarantor to extend Credit to A-Z and that Harrison relied on Your guarantee to extend credit to You. Identify in Your response all persons with knowledge thereof and identify all documents you contend support Your denial.

## REQUESTS FOR PRODUCTION

Please produce any document that contains, concerns, embodies, refers to, relates to, analyzes, summarizes, evaluates, discusses, reports, explains, supports, corroborates, substantiates, confirms, disputes, refutes, contradicts, forms a basis of or otherwise contains information about the following:

**RFP NO. 1:** the entire agreement between the parties in accordance with your denial in Paragraph 7 of Defendants' Original Answer that the Credit Agreement constitutes the entirety of the agreement.

**RFP NO. 2:** communications that relate to rebates or credits you contend were offered or agreed to by Harrison or Imperial on any order or product during the Relevant Period.

**RFP NO. 3:** communications between You and Ali from October 22, 2018 to the present that relate to Harrison, Imperial, and/or the Credit Agreement. This request includes, but is not limited to, communications relating to payment of any invoice from Imperial and/or Your orders of Harrison or Imperial products.

**RFP NO. 4:** internal communications from October 22, 2018 to the present that relate to Harrison, Imperial, and/or the Credit Agreement. This request includes, but is not limited to, communications relating to payment of any invoice from Imperial and/or Your orders of Harrison or Imperial products.

**RFP NO. 5:** Your payment or attempt to pay any Imperial invoice during the Relevant Period.

18

Respectfully submitted,

*/s/David L. Swanson*

_____

David L. Swanson
  State Bar No. 19554525
  dswanson@lockelord.com
Joseph A. Unis, Jr.
  State Bar No. 24075625
  junis@lockelord.com
Anna K. Finger
  State Bar No. 24105860
  anna.k.finger@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
T: 214-740-8000
F: 214-740-8800

**ATTORNEYS FOR PLAINTIFF
HARRISON COMPANY, L.L.C.**


## <u>CERTIFICATE OF SERVICE</u>

I certify that on November 4, 2019, I served this document—via email on Lars L. Berg, Elizabeth Cuneo, Judy Collins, and Mary Ann Delf, Kelly Hart & Hallman, LLP.

*/s/ David L. Swanson*

19

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **HARRISON COMPANY LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:19-CV-1057-B** |
| | § | |
| **A-Z WHOLESALERS INC. and** | § | |
| **BARKAT G. ALI,** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT BARKAT G. ALI

To:   Defendant Barkat G. Ali, by and through its counsel, Lars L. Berg and Elizabeth A. Cuneo, Kelly Hart & Hallman, LLP, 201 Main Street, Suite 2500, Fort Worth, TX 67102

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the instructions and definitions set forth below, Plaintiff Harrison Company, LLC ("Harrison") serves its First Set of Discovery Requests on Defendant Barkat G. Ali ("Ali").

## **DEFINITIONS**

The following Definitions apply throughout these Requests without regard to capitalization. In addition, the definitions and rules of construction set forth in Federal Rule of Civil Procedure 34 are incorporated by reference and apply throughout these Requests as if fully set out herein.

1.   The term "Identify," when used in reference to a person, shall include natural persons and persons other than individuals.  When used in reference to a natural person, "Identify" means to state that person's: (1) full name and present or last known residence address; (2) present or last known business affiliation, including the address thereof and position therewith; and (3) each of

1

APP 20

the person's prior or other business affiliations and positions in respect thereto.  When used in reference to a person other than an individual, "Identify" means to state: (1) its full name; (2) its nature of organization, including the name of the state or country under the laws of which it was organized; (3) the address of its principal place of business; and (4) its principal line of business.  Once a person has been identified in accordance with this subparagraph, only the name of that person needs to be listed in response to subsequent discovery requesting the identification of that person.

2.   When referring to documents, "Identify" means to give, to the extent known, the: (i) type of document; (ii) general subject matter; (iii) date of the document; and, (iv) author(s), addressee(s), and recipient(s).

3.   The term "Document" or "Documents" shall mean all written, recorded, or graphic matter within the scope of the Federal Rules of Civil Procedure 26 and 34, including, but not limited to, the original and all non-identical copies of all papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, data, data compilations, records, letters, tangible things, correspondence, communications, e-mails, telegrams, cables, telex messages, post-it notes, memoranda, notes, notations, work papers, transcripts, minutes, reports, recordings of telephone or other conversations, interviews, conferences or other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, advertisements, instructions, charges, brochures, publications, schedules, lists, journals, statistical records or calculations, desk calendars, appointment books, diaries, tabulations, programs, data process input and output, microfilm, ledgers, journals or books of account, records and invoices reflecting business operations, records kept by electronic, photographic or mechanical means, any notes or drafts relating to the foregoing,

81276774v.4

APP 21

and all things similar to any of the foregoing, however denominated. The word "document" or "documents" also means the original and each non-identical copy including translations (whether different from the original because of marginal notes or in whatever respect), of any written or graphic matter, whether typed, printed, recorded, filmed, produced by hand, or reproduced by any other mechanical process or means.

4.   The term "communication" means any oral or written conversation, statement, comment, note, or correspondence including, but not limited to: letters, facsimiles, notes, telegraphs, telegrams or other documents; telephone conversations including voice-mail or answering machine messages; email, internet, or other computer based or electronic correspondence; or meetings, interviews, or in-person contact.

5.   The term "electronically stored information" or "ESI" refers to any portion of data available only on a computer or other device capable of storing electronic data. "Electronically stored information" includes, but is not limited to, email (whether conducted intra-company using company email addresses or conducted through an individual, non-company account (e.g. Bloomberg, Gmail, Yahoo!, or AOL), spreadsheets, databases, word processing documents, images, presentations, application files, executable files, log files, and all other files present on any type of device capable of storing electronic data. Devices capable of storing electronically stored information include, but are not limited to: servers, desktop computers, portable computers, handheld computers, flash memory devices, wireless communication devices, pagers, workstations, minicomputers, mainframes, and all other forms of online or offline storage, whether on or off company premises. ESI is meant to include instant messages (such as Cisco Jabber, iBM Sametime, ICQ, Kik, BBM, AIM, WhatsApp, and similar types of messages), cell phone text messages (SMS messages and MMS messages), voicemail messages, and similar types of

3

messages. For any document kept in electronic form, the term "document" includes any metadata associated with the document.

6.  The term "A-Z" means Defendant A-Z Wholesalers, Inc.

7.  The term "You" or "Ali" means Defendant Barkat G. Ali.

8.  The term "Amar" means Amar Barkat Ali.

9.  The term "Harrison" or "Plaintiff" means Plaintiff Harrison Company, LLC.

10. The term "Imperial" means Imperial Trading Co., LLC, which is the sole member of Harrison.

11. The term "Credit Agreement" means the written agreement entered into between You and Harrison on March 11, 2011, and guaranteed by Ali, together with any amendment or modification.

12. The term "Relevant Period" means March 11, 2011 to the present.

13. To bring within the scope of these Requests all information that might otherwise be construed to be outside their scope, the following rules of construction apply: (a) the word "including" shall be read to mean including without limitation; (b) the present tense shall be construed to include the past tense and vice versa; (c) references to employees, officers, directors, or agents shall include both current and former employers, officers, directors, agents, and representatives; (d) the terms "and" and "or" and "all," "any," and "each" mean any and all; (e) the terms "concerning," "relating to," "referring to," "describing," "evidencing," or "constituting" shall be read interchangeably.

## INSTRUCTIONS

1.  If You answer an interrogatory by referring to documents, identify those documents "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could," as required under Federal Rule of Civil Procedure 33(d)(1). If those

81276774v.4

APP 23

documents have not previously been produced, attach them as an exhibit to the response and refer to it in the response. *See* Fed. R. Civ. P. 33(d)(2).

2.   If You elect to produce business records in response to an interrogatory pursuant to Federal Rule of Civil Procedure 33(d), produce the records as they are kept in the usual course of business or organize and label them to correspond with the interrogatory. *See* Fed. R. Civ. P. 34(b)(2)(e)(i) (requiring production in the ordinary course of business). If the document is being produced in its native electronic format (inclusive of its metadata), identify the document using its hash or other appropriate electronic identification and identify the interrogatories to which the document is responsive. If the document is not being produced in electronic form, identify the document using the applicable Bates numbers or specifically identify the type of document being produced (e.g., letter, memorandum, telegram, contract, invoice, etc.), its date and author(s), its custodian, and every person to whom such document or any copy thereof was given or sent. For all documents produced pursuant to Rule 33(d), identify the employee, officer, or agent certifying the documents as a business record. If the procedure for answering interrogatories as authorized by Federal Rule of Civil Procedure 33(d) is used, for each interrogatory and subpart thereof, you must identify the production with specificity (i.e., Bates numbers of the specific document or group of documents).

3.   Any document bearing on any sheet any mark that is not part of the original text (including, by way of example and not by way of limitation, initials, stamped indicia, comment, or notation of any character) is to be considered a separate document from the original for the purposes of document requests.

4.   When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, You

81276774v.4

must clearly indicate the portions as to which privilege is claimed. When a document has been redacted, identify as to each such document the reason for the redaction. Any redaction must be clearly indicated on the face of the redacted document.

5.   If You object to producing a document or electronically stored information, You must do as follows:

a.   If You withhold a document or electronically stored information under a claim of privilege (including the work-product doctrine), provide the information set forth in accordance with any e-discovery order entered by the Court.

b.   If You object for any reason other than privilege, You must identify the withheld document and, in addition to the information requested above, state the reason for withholding the document.

c.   If You object to a request on the ground that production would be unduly burdensome, You must produce all responsive documents to that request that You can produce without undue burden and explain which documents are being withheld and the exact nature of the burden.

d.   If any document is no longer in existence, state for each such document the type of the document, the information contained therein, the date upon which the document ceased to exist, the circumstances under which the document ceased to exist, the location where the document was destroyed, the identity of all persons having knowledge of the circumstances under which the document ceased to exist, and the identity of all persons having knowledge or who had knowledge of the document's contents.

6.   These requests are continuing and require supplemental responses as specified in Federal Rule of Civil Procedure 26(e) if You (or any person acting on Your behalf) obtain additional

6

information called for by the request between the time of the original response and the time set for trial. Each supplemental response shall be served on Harrison no later than thirty (30) days after the discovery of additional, responsive information, and in no event shall any supplemental response be served later than sixty (60) days before trial.

7.   Pursuant to Federal Rule of Civil Procedure 34(b), documents shall be produced as they are kept in the usual course of business or segregated as responsive to each specific request enumerated in this First Set of Discovery Requests.

8.   If only part of a discovery request is objectionable, answer the remainder of the request. If an objection is made to all or part of a request, set forth the specific ground for the objection clearly in the response to that request.

## REQUESTS FOR ADMISSIONS

**RFA NO. 1:** Admit that You guaranteed the Credit Agreement entered into between Harrison and A-Z on March 11, 2011.

**RFA NO. 2:** Admit that A-Z ordered products from Imperial.

**RFA NO. 3:** Admit that A-Z ordered products from Harrison.

**RFA NO. 4:** Admit that A-Z received the October 22, 2018 invoice from Imperial for $91,709.76.

**RFA NO. 5:** Admit that A-Z received the goods reflected on the October 22, 2018 invoice from Imperial for $91,709.76.

**RFA NO. 6:** Admit that You knew A-Z received the October 22, 2018 invoice from Imperial for $91,709.76.

**RFA NO. 7:** Admit that A-Z did not pay Harrison or Imperial the $91,709.76 for the October 22, 2018 invoice from Imperial.

**RFA NO. 8:** Admit that You did not pay Harrison or Imperial the $91,709.76 for the October 22, 2018 invoice from Imperial.

**RFA NO. 9:** Admit that A-Z received the October 29, 2018 invoice from Imperial for $70,186.96.

81276774v.4

APP 26

**RFA NO. 10:** Admit that A-Z received the goods reflected on the October 29, 2018 invoice from Imperial for $70,186.96.

**RFA NO. 11:** Admit that You knew A-Z received the October 29, 2018 invoice from Imperial for $70,186.96.

**RFA NO. 12:** Admit that A-Z did not pay Harrison or Imperial the $70,186.96 for the October 29, 2018 invoice from Imperial.

**RFA NO. 13:** Admit that You did not pay Harrison or Imperial the $70,186.96 for the October 29, 2018 invoice from Imperial.

**RFA NO. 14:** Admit that A-Z received the October 29, 2018 invoice from Imperial for $70,124.23.

**RFA NO. 15:** Admit that A-Z received the goods reflected on the October 29, 2018 invoice from Imperial for $70,124.23.

**RFA NO. 16:** Admit that You knew A-Z received the October 29, 2018 invoice from Imperial for $70,124.23.

**RFA NO. 17:** Admit that A-Z did not pay Harrison or Imperial the $70,124.23 for the October 29, 2018 invoice from Imperial.

**RFA NO. 18:** Admit that You did not pay Harrison or Imperial the $70,124.23 for the October 29, 2018 invoice from Imperial.

**RFA NO. 19:** Admit that A-Z received the November 5, 2018 invoice from Imperial for $57,775.61.

**RFA NO. 20:** Admit that A-Z received the goods reflected on the November 5, 2018 invoice from Imperial for $57,775.61.

**RFA NO. 21:** Admit that You knew A-Z received the November 5, 2018 invoice from Imperial for $57,775.61.

**RFA NO. 22:** Admit that A-Z did not pay Harrison or Imperial the $57,775.61 for the November 5, 2019 invoice from Imperial.

**RFA NO. 23:** Admit that You did not pay Harrison or Imperial the $57,775.61 for the November 5, 2019 invoice from Imperial.

**RFA NO. 24:** Admit that A-Z received the November 5, 2018 invoice from Imperial for $54,637.58.

**RFA NO. 25:** Admit that A-Z received the goods reflected on the November 5, 2018 invoice from Imperial for $54,637.58.

**RFA NO. 26:** Admit that You knew A-Z received the November 5, 2018 invoice from Imperial for $54,637.58.

**RFA NO. 27:** Admit that A-Z did not pay Harrison or Imperial the $54,637.58 for the November 5, 2018 invoice from Imperial.

**RFA NO. 28:** Admit that You did not pay Harrison or Imperial the $54,637.58 for the November 5, 2018 invoice from Imperial.

**RFA NO. 29:** Admit that A-Z received the November 12, 2018 invoice from Imperial for $56,021.58.

**RFA NO. 30:** Admit that A-Z received the goods reflected on the November 12, 2018 invoice from Imperial for $56,021.58.

**RFA NO. 31:** Admit that You knew A-Z received the November 12, 2018 invoice from Imperial for $56,021.58.

**RFA NO. 32:** Admit that A-Z did not pay Harrison or Imperial the $56,021.58 for the November 12, 2018 invoice from Imperial.

**RFA NO. 33:** Admit that You did not pay Harrison or Imperial the $56,021.58 for the November 12, 2018 invoice from Imperial.

**RFA NO. 34:** Admit that A-Z received the November 12, 2018 invoice from Imperial for $53,600.71.

**RFA NO. 35:** Admit that A-Z received the goods reflected on the November 12, 2018 invoice from Imperial for $53,600.71.

**RFA NO. 36:** Admit that You knew A-Z received the November 12, 2018 invoice from Imperial for $53,600.71.

**RFA NO. 37:** Admit that A-Z did not pay Harrison or Imperial the $53,600.71 for the November 12, 2018 invoice from Imperial.

**RFA NO. 38:** Admit that You did not pay Harrison or Imperial the $53,600.71 for the November 12, 2018 invoice from Imperial.

**RFA NO. 39:** Admit that A-Z received the November 19, 2018 invoice from Imperial for $60,689.89.

81276774v.4

APP 28

**RFA NO. 40:** Admit that A-Z received the goods reflected on the November 19, 2018 invoice from Imperial for $60,689.89.

**RFA NO. 41:** Admit that You knew A-Z received the November 19, 2018 invoice from Imperial for $60,689.89.

**RFA NO. 42:** Admit that A-Z did not pay Harrison or Imperial the $60,689.89 for the November 19, 2018 invoice from Imperial.

**RFA NO. 43:** Admit that You did not pay Harrison or Imperial the $60,689.89 for the November 19, 2018 invoice from Imperial.

**RFA NO. 44:** Admit that A-Z received the November 19, 2018 invoice from Imperial for $51,934.32.

**RFA NO. 45:** Admit that A-Z received the goods reflected on the November 19, 2018 invoice from Imperial for $51,934.32.

**RFA NO. 46:** Admit that You knew A-Z received the November 19, 2018 invoice from Imperial for $51,934.32.

**RFA NO. 47:** Admit that A-Z did not pay Harrison or Imperial the $51,934.32 for the November 19, 2018 invoice from Imperial.

**RFA NO. 48:** Admit that You did not pay Harrison or Imperial the $51,934.32 for the November 19, 2018 invoice from Imperial.

**RFA NO. 49:** Admit that A-Z received the November 26, 2018 invoice from Imperial for $76,438.74.

**RFA NO. 50:** Admit that A-Z received the goods reflected on the November 26, 2018 invoice from Imperial for $76,438.74.

**RFA NO. 51:** Admit that You knew A-Z received the November 26, 2018 invoice from Imperial for $76,438.74.

**RFA NO. 52:** Admit that A-Z did not pay Harrison or Imperial the $76,438.74 for the November 26, 2018 invoice from Imperial.

**RFA NO. 53:** Admit that You did not pay Harrison or Imperial the $76,438.74 for the November 26, 2018 invoice from Imperial.

**RFA NO. 54:** Admit that A-Z received the November 26, 2018 invoice from Imperial for $64,406.71.

81276774v.4

**RFA NO. 55:** Admit that A-Z received the goods reflected on the November 26, 2018 invoice from Imperial for $64,406.71.

**RFA NO. 56:** Admit that You knew A-Z received the November 26, 2018 invoice from Imperial for $64,406.71.

**RFA NO. 57:** Admit that A-Z did not pay Harrison or Imperial the $64,406.71 for the November 26, 2018 invoice from Imperial.

**RFA NO. 58:** Admit that You did not pay Harrison or Imperial the $64,406.71 for the November 26, 2018 invoice from Imperial.

**RFA NO. 59:** Admit that A-Z received the December 3, 2018 invoice from Imperial for $73,330.20.

**RFA NO. 60:** Admit that You knew A-Z received the December 3, 2018 invoice from Imperial for $73,330.20.

**RFA NO. 61:** Admit that A-Z did not pay Harrison or Imperial the $73,330.20 for the December 3, 2018 invoice from Imperial.

**RFA NO. 62:** Admit that You did not pay Harrison or Imperial the $73,330.20 for the December 3, 2018 invoice from Imperial.

**RFA NO. 63:** Admit that A-Z received the December 3, 2018 invoice from Imperial for $66,868.30.

**RFA NO. 64:** Admit that A-Z received the goods reflected on the December 3, 2018 invoice from Imperial for $66,868.30.

**RFA NO. 65:** Admit that You knew A-Z received the December 3, 2018 invoice from Imperial for $66,868.30.

**RFA NO. 66:** Admit that A-Z did not pay Harrison or Imperial the $66,868.30 for the December 3, 2018 invoice from Imperial.

**RFA NO. 67:** Admit that You did not pay Harrison or Imperial the $66,868.30 for the December 3, 2018 invoice from Imperial.

**RFA NO. 68:** Admit that A-Z received the December 10, 2018 invoice from Imperial for $93,135.93.

**RFA NO. 69:** Admit that A-Z received the goods reflected on the December 10, 2018 invoice from Imperial for $93,135.93.

81276774v.4

APP 30

**RFA NO. 70:** Admit that You knew A-Z received the December 10, 2018 invoice from Imperial for $93,135.93.

**RFA NO. 71:** Admit that A-Z did not pay Harrison or Imperial the $93,135.93 for the December 10, 2018 invoice from Imperial.

**RFA NO. 72:** Admit that You did not pay Harrison or Imperial the $93,135.93 for the December 10, 2018 invoice from Imperial.

**RFA NO. 73:** Admit that A-Z received the December 10, 2018 invoice from Imperial for $95,773.09.

**RFA NO. 74:** Admit that A-Z received the goods reflected on the December 10, 2018 invoice from Imperial for $95,773.09.

**RFA NO. 75:** Admit that You knew A-Z received the December 10, 2018 invoice from Imperial for $95,773.09.

**RFA NO. 76:** Admit that A-Z did not pay Harrison or Imperial the $95,773.09 for the December 10, 2018 invoice from Imperial.

**RFA NO. 77:** Admit that You did not pay Harrison or Imperial the $95,773.09 for the December 10, 2018 invoice from Imperial.

**RFA NO. 78:** Admit that A-Z received the December 17, 2018 invoice from Imperial for $97,157.26.

**RFA NO. 79:** Admit that A-Z received the goods reflected on the December 17, 2018 invoice from Imperial for $97,157.26.

**RFA NO. 80:** Admit that You knew A-Z received the December 17, 2018 invoice from Imperial for $97,157.26.

**RFA NO. 81:** Admit that A-Z did not pay Harrison or Imperial the $97,157.26 for the December 17, 2018 invoice from Imperial.

**RFA NO. 82:** Admit that You did not pay Harrison or Imperial the $97,157.26 for the December 17, 2018 invoice from Imperial.

**RFA NO. 83:** Admit that A-Z received the December 17, 2018 invoice from Imperial for $93,210.19.

**RFA NO. 84:** Admit that A-Z received the goods reflected on the December 17, 2018 invoice from Imperial for $93,210.19.

**RFA NO. 85:** Admit that You knew A-Z received the December 17, 2018 invoice from Imperial for $93,210.19.

**RFA NO. 86:** Admit that A-Z did not pay Harrison or Imperial the $93,210.19 for the December 17, 2018 invoice from Imperial.

**RFA NO. 87:** Admit that You did not pay Harrison or Imperial the $93,210.19 for the December 17, 2018 invoice from Imperial.

**RFA NO. 88:** Admit that A-Z received the December 26, 2018 invoice from Imperial for $62,816.49.

**RFA NO. 89:** Admit that A-Z received the goods reflected on the December 26, 2018 invoice from Imperial for $62,816.49.

**RFA NO. 90:** Admit that You knew A-Z received the December 26, 2018 invoice from Imperial for $62,816.49.

**RFA NO. 91:** Admit that A-Z did not pay Harrison or Imperial the $62,816.49 for the December 26, 2018 invoice from Imperial.

**RFA NO. 92:** Admit that You did not pay Harrison or Imperial the $62,816.49 for the December 26, 2018 invoice from Imperial.

**RFA NO. 93:** Admit that A-Z received the December 26, 2018 invoice from Imperial for $49,212.02.

**RFA NO. 94:** Admit that A-Z received the goods reflected on the December 26, 2018 invoice from Imperial for $49,212.02.

**RFA NO. 95:** Admit that You knew A-Z received the December 26, 2018 invoice from Imperial for $49,212.02.

**RFA NO. 96:** Admit that A-Z did not pay Harrison or Imperial the $49,212.02 for the December 26, 2018 invoice from Imperial.

**RFA NO. 97:** Admit that You did not pay Harrison or Imperial the $49,212.02 for the December 26, 2018 invoice from Imperial.

**RFA NO. 98:** Admit that A-Z received the January 2, 2018 invoice from Imperial for $52,215.72.

**RFA NO. 99:** Admit that A-Z received the products reflected on the January 2, 2018 invoice from Imperial for $52,215.72.

**RFA NO. 100:** Admit that You knew A-Z received the January 2, 2018 invoice from Imperial for $52,215.72.

**RFA NO. 101:** Admit that A-Z did not pay Harrison or Imperial the $52,215.72 for the January 2, 2019 invoice from Imperial.

**RFA NO. 102:** Admit that You did not pay Harrison or Imperial the $52,215.72 for the January 2, 2019 invoice from Imperial.

**RFA NO. 103:** Admit that A-Z received the January 2, 2019 invoice from Imperial for $64,300.37.

**RFA NO. 104:** Admit that A-Z received the goods reflected on the January 2, 2019 invoice from Imperial for $64,300.37.

**RFA NO. 105:** Admit that You knew A-Z received the January 2, 2019 invoice from Imperial for $64,300.37.

**RFA NO. 106:** Admit that A-Z did not pay Harrison or Imperial the $64,300.37 for the January 2, 2019 invoice from Imperial.

**RFA NO. 107:** Admit that You did not pay Harrison or Imperial the $64,300.37 for the January 2, 2019 invoice from Imperial.

**RFA NO. 108:** Admit that A-Z received the January 7, 2019 invoice from Imperial for $67,740.70.

**RFA NO. 109:** Admit that A-Z received the goods reflected on the January 7, 2019 invoice from Imperial for $67,740.70.

**RFA NO. 110:** Admit that You knew A-Z received the January 7, 2019 invoice from Imperial for $67,740.70.

**RFA NO. 111:** Admit that A-Z did not pay Harrison or Imperial the $67,740.70 for the January 7, 2019 invoice from Imperial.

**RFA NO. 112:** Admit that You did not pay Harrison or Imperial the $67,740.70 for the January 7, 2019 invoice from Imperial.

**RFA NO. 113:** Admit that A-Z received the January 7, 2019 invoice from Imperial for $73,867.04.

**RFA NO. 114:** Admit that A-Z received the goods reflected on the January 7, 2019 invoice from Imperial for $73,867.04.

**RFA NO. 115:** Admit that You knew A-Z received the January 7, 2019 invoice from Imperial for $73,867.04.

14

APP 33

**RFA NO. 116:** Admit that A-Z did not pay Harrison or Imperial the $73,867.04 for the January 7, 2019 invoice from Imperial.

**RFA NO. 117:** Admit that You did not pay Harrison or Imperial the $73,867.04 for the January 7, 2019 invoice from Imperial.

**RFA NO. 118:** Admit that A-Z received the January 14, 2019 invoice from Imperial for $69,196.02.

**RFA NO. 119:** Admit that A-Z received the goods reflected on the January 14, 2019 invoice from Imperial for $69,196.02.

**RFA NO. 120:** Admit that You knew A-Z received the January 14, 2019 invoice from Imperial for $69,196.02.

**RFA NO. 121:** Admit that A-Z did not pay Harrison or Imperial the $69,196.02 for the January 14, 2019 invoice from Imperial.

**RFA NO. 122:** Admit that You did not pay Harrison or Imperial the $69,196.02 for the January 14, 2019 invoice from Imperial.

**RFA NO. 123:** Admit that A-Z received the January 21, 2019 invoice from Imperial for $57,993.27.

**RFA NO. 124:** Admit that A-Z received the goods reflected on the January 21, 2019 invoice from Imperial for $57,993.27.

**RFA NO. 125:** Admit that You knew A-Z received the January 21, 2019 invoice from Imperial for $57,993.27.

**RFA NO. 126:** Admit that A-Z did not pay Harrison or Imperial the $57,993.27 for the January 21, 2019 invoice from Imperial.

**RFA NO. 127:** Admit that You did not pay Harrison or Imperial the $57,993.27 for the January 21, 2019 invoice from Imperial.

**RFA NO. 128:** Admit that A-Z received the January 21, 2019 invoice from Imperial for $51,189.51.

**RFA NO. 129:** Admit that A-Z received the goods reflected on the January 21, 2019 invoice from Imperial for $51,189.51.

**RFA NO. 130:** Admit that You knew A-Z received the January 21, 2019 invoice from Imperial for $51,189.51.

**RFA NO. 131:** Admit that A-Z did not pay Harrison or Imperial the $51,189.51 for the January 21, 2019 invoice from Imperial.

**RFA NO. 132:** Admit that You did not pay Harrison or Imperial the $51,189.51 for the January 21, 2019 invoice from Imperial.

**RFA NO. 133:** Admit that A-Z received the January 28, 2019 invoice from Imperial for $78,844.92.

**RFA NO. 134:** Admit that A-Z received the goods reflected on the January 28, 2019 invoice from Imperial for $78,844.92.

**RFA NO. 135:** Admit that You knew A-Z received the January 28, 2019 invoice from Imperial for $78,844.92.

**RFA NO. 136:** Admit that A-Z did not pay Harrison or Imperial the $78,844.92 for the January 28, 2019 invoice from Imperial.

**RFA NO. 137:** Admit that You did not pay Harrison or Imperial the $78,844.92 for the January 28, 2019 invoice from Imperial.

**RFA NO. 138:** Admit that A-Z received the January 28, 2019 invoice from Imperial for $61,754.76.

**RFA NO. 139:** Admit that A-Z received the goods reflected on the January 28, 2019 invoice from Imperial for $61,754.76.

**RFA NO. 140:** Admit that You knew A-Z received the January 28, 2019 invoice from Imperial for $61,754.76.

**RFA NO. 141:** Admit that A-Z did not pay Harrison or Imperial the $61,754.76 for the January 28, 2019 invoice from Imperial.

**RFA NO. 142:** Admit that You did not pay Harrison or Imperial the $61,754.76 for the January 28, 2019 invoice from Imperial.

**RFA NO. 143:** Admit that A-Z received the February 4, 2019 invoice from Imperial for $52,434.50.

**RFA NO. 144:** Admit that A-Z received the goods reflected on the February 4, 2019 invoice from Imperial for $52,434.50.

**RFA NO. 145:** Admit that You knew A-Z received the February 4, 2019 invoice from Imperial for $52,434.50.

81276774v.4

APP 35

**RFA NO. 146:** Admit that A-Z did not pay Harrison or Imperial the $52,434.50 for the February 4, 2019 invoice from Imperial.

**RFA NO. 147:** Admit that You did not pay Harrison or Imperial the $52,434.50 for the February 4, 2019 invoice from Imperial.

**RFA NO. 148:** Admit that A-Z received the February 4, 2019 invoice from Imperial for $51,237.44.

**RFA NO. 149:** Admit that A-Z received the goods reflected on the February 4, 2019 invoice from Imperial for $51,237.44.

**RFA NO. 150:** Admit that You knew A-Z received the February 4, 2019 invoice from Imperial for $51,237.44.

**RFA NO. 151:** Admit that A-Z did not pay Harrison or Imperial the $51,237.44 for the February 4, 2019 invoice from Imperial.

**RFA NO. 152:** Admit that You did not pay Harrison or Imperial the $51,237.44 for the February 4, 2019 invoice from Imperial.

**RFA NO. 153:** Admit that A-Z received the February 11, 2019 invoice from Imperial for $73,970.96.

**RFA NO. 154:** Admit that A-Z received the goods reflected on the February 11, 2019 invoice from Imperial for $73,970.96.

**RFA NO. 155:** Admit that You knew A-Z received the February 11, 2019 invoice from Imperial for $73,970.96.

**RFA NO. 156:** Admit that A-Z did not pay Harrison or Imperial the $73,970.96 for the February 11, 2019 invoice from Imperial.

**RFA NO. 157:** Admit that You did not pay Harrison or Imperial the $73,970.96 for the February 11, 2019 invoice from Imperial.

**RFA NO. 158:** Admit that A-Z received the February 11, 2019 invoice from Imperial for $69,427.07.

**RFA NO. 159:** Admit that A-Z received the goods reflected on the February 11, 2019 invoice from Imperial for $69,427.07.

**RFA NO. 160:** Admit that You knew A-Z received the February 11, 2019 invoice from Imperial for $69,427.07.

81276774v.4

APP 36

**RFA NO. 161:** Admit that A-Z did not pay Harrison or Imperial the $69,427.07 for the February 11, 2019 invoice from Imperial.

**RFA NO. 162:** Admit that You did not pay Harrison or Imperial the $69,427.07 for the February 11, 2019 invoice from Imperial.

**RFA NO. 163:** Admit that A-Z received the February 18, 2018 invoice from Imperial for $53,936.77.

**RFA NO. 164:** Admit that A-Z received the goods reflected on the February 18, 2018 invoice from Imperial for $53,936.77.

**RFA NO. 165:** Admit that You knew A-Z received the February 18, 2018 invoice from Imperial for $53,936.77.

**RFA NO. 166:** Admit that A-Z did not pay Harrison or Imperial the $53,936.77 for the February 18, 2019 invoice from Imperial.

**RFA NO. 167:** Admit that You did not pay Harrison or Imperial the $53,936.77 for the February 18, 2019 invoice from Imperial.

**RFA NO. 168:** Admit that A-Z received the February 18, 2019 invoice from Imperial for $55,853.63.

**RFA NO. 169:** Admit that A-Z received the goods reflected on the February 18, 2019 invoice from Imperial for $55,853.63.

**RFA NO. 170:** Admit that You knew A-Z received the February 18, 2019 invoice from Imperial for $55,853.63.

**RFA NO. 171:** Admit that A-Z did not pay Harrison or Imperial the $55,853.63 for the February 18, 2019 invoice from Imperial.

**RFA NO. 172:** Admit that You did not pay Harrison or Imperial the $55,853.63 for the February 18, 2019 invoice from Imperial.

**RFA NO. 173:** Admit that A-Z received the February 25, 2019 invoice from Imperial for $71,912.55.

**RFA NO. 174:** Admit that A-Z received the goods reflected on the February 25, 2019 invoice from Imperial for $71,912.55.

**RFA NO. 175:** Admit that You knew A-Z received the February 25, 2019 invoice from Imperial for $71,912.55.

18

**RFA NO. 176:** Admit that A-Z did not pay Harrison or Imperial the $71,912.55 for the February 25, 2019 invoice from Imperial.

**RFA NO. 177:** Admit that You did not pay Harrison or Imperial the $71,912.55 for the February 25, 2019 invoice from Imperial.

**RFA NO. 178:** Admit that A-Z received the February 25, 2019 invoice from Imperial for $60,802.34.

**RFA NO. 179:** Admit that A-Z received the goods reflected on the February 25, 2019 invoice from Imperial for $60,802.34.

**RFA NO. 180:** Admit that You knew A-Z received the February 25, 2019 invoice from Imperial for $60,802.34.

**RFA NO. 181:** Admit that A-Z did not pay Harrison or Imperial the $60,802.34 for the February 25, 2019 invoice from Imperial.

**RFA NO. 182:** Admit that You did not pay Harrison or Imperial the $60,802.34 for the February 25, 2019 invoice from Imperial.

**RFA NO. 183:** Admit that A-Z received the March 4, 2019 invoice from Imperial for $69,472.08.

**RFA NO. 184:** Admit that A-Z received the goods reflected on the March 4, 2019 invoice from Imperial for $69,472.08

**RFA NO. 185:** Admit that You knew A-Z received the March 4, 2019 invoice from Imperial for $69,472.08.

**RFA NO. 186:** Admit that A-Z did not pay Harrison or Imperial the $69,472.08 for the March 4, 2019 invoice from Imperial.

**RFA NO. 187:** Admit that You did not pay Harrison or Imperial the $69,472.08 for the March 4, 2019 invoice from Imperial.

**RFA NO. 188:** Admit that A-Z received the March 4, 2019 invoice from Imperial for $70,833.64.

**RFA NO. 189:** Admit that A-Z received the goods reflected on the March 4, 2019 invoice from Imperial for $70,833.64

**RFA NO. 190:** Admit that You knew A-Z received the March 4, 2019 invoice from Imperial for $70,833.64.

**RFA NO. 191:** Admit that A-Z did not pay Harrison or Imperial the $70,833.64 for the March 4, 2019 invoice from Imperial.

**RFA NO. 192:** Admit that You did not pay Harrison or Imperial the $70,833.64 for the March 4, 2019 invoice from Imperial.

## INTERROGATORIES

**INTERROGATORY NO. 1:** State all reasons for your denial in Paragraph 7 of Defendants' Original Answer that the Credit Agreement constitutes the entirety of the agreement between the parties. Identify all documents, terms, and/or provisions You contend comprise the entire agreement between the parties, and identify all persons with knowledge of facts and circumstances you contend support your denial.

**INTERROGATORY NO. 2:** State all reasons for Your denial in Paragraph 9 of Defendants' Original Answer that A-Z ordered various quantities of tobacco products and other sundries from Harrison, which Harrison supplied through Imperial, under the Credit Agreement. If applicable, identify in Your response all products ordered by A-Z through Harrison that You contend Harrison did not supply through Imperial, and/or each (if any) instance You contend Harrison supplied products to A-Z contrary to the terms of the Credit Agreement.

**INTERROGATORY NO. 3:** State all reasons for Your denial in Paragraph 10 of Defendants' Original Answer that A-Z placed orders through Harrison. Include all facts and circumstances you contend support your denial, identify all persons with knowledge thereof, and identify all documents you contend support your denial.

**INTERROGATORY NO. 4:** State all reasons for Your denial in Paragraphs 11, 14, and 19 of Defendants' Original Answer that the total amount outstanding, due, and unpaid by A-Z and Ali to Harrison, as invoiced, is $2,574,885.73. Identify in your answer all persons with knowledge of the facts and circumstances included in Your response, the amount you contend is due, your method of calculation, and identify all documents You contend support Your denial.

**INTERROGATORY NO. 5:** State all reasons for Your denial in Paragraphs 12, 15, 18, and 22 of Defendants' Original Answer that A-Z and Ali are in default of the Credit agreement because they have failed and refused, and continue to fail and refuse, to pay the amounts due and owing to Harrison. Include in Your answer the date and amount of each payment you contend A-Z and Ali made on any invoice between October 22, 2018 and March 4, 2019.

**INTERROGATORY NO. 6:** State all reasons for Your denial in Paragraphs 17 and 25 of Defendants' Original Answer that Harrison has performed all conditions precedent, covenants, and promises required of it pursuant to the Credit Agreement that have not been waived. Identify all conditions precedent, covenants, or promises that you contend Harrison failed to perform, identify all persons with knowledge of facts you contend corroborate your claim, and identify all documents you contend support Your denial.

**INTERROGATORY NO. 7:** State all reasons for Your denial in Paragraph 21 of Defendants' Original Answer that Harrison required a guarantor to extend Credit to A-Z and that Harrison relied on Your guarantee to extend credit to A-Z. Identify in Your response all persons with knowledge thereof and identify all documents you contend support Your denial.

## REQUESTS FOR PRODUCTION

Please produce any document that contains, concerns, embodies, refers to, relates to, analyzes, summarizes, evaluates, discusses, reports, explains, supports, corroborates, substantiates, confirms, disputes, refutes, contradicts, forms a basis of or otherwise contains information about the following:

**RFP NO. 1:** the entire agreement between the parties in accordance with Your denial in Paragraph 7 of Defendants' Original Answer that the Credit Agreement constitutes the entirety of the agreement.

**RFP NO. 2:** credits You contend were offered or agreed to by Harrison or Imperial on any order or product during the Relevant Period.

**RFP NO. 3:** communications between You and A-Z from October 22, 2018 to the present that relate to Harrison, Imperial, and/or the Credit Agreement. This request includes, but is not limited to, communications relating to payment of any invoice from Imperial and/or Harrison, A-Z's orders of Harrison and/or Imperial products, and/or Your guarantee of the Credit Agreement.

**RFP NO. 4:** Your payment or attempted payment of any Imperial invoice during the Relevant Period.

Respectfully submitted,

*/s/ David L. Swanson*

David L. Swanson
  State Bar No. 19554525
  dswanson@lockelord.com
Joseph A. Unis, Jr.
  State Bar No. 24075625
  junis@lockelord.com
Anna K. Finger
  State Bar No. 24105860
  anna.k.finger@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
T: 214-740-8000
F: 214-740-8800

**ATTORNEYS FOR PLAINTIFF
HARRISON COMPANY, L.L.C.**

81276774v.4

APP 40

## <u>CERTIFICATE OF SERVICE</u>

I certify that on November 4, 2019, I served this document—via email on Lars L. Berg, Elizabeth Cuneo, Judy Collins, and Mary Ann Delf, Kelly Hart & Hallman, LLP.

*/s/ David L. Swanson*

81276774v.4

APP 41

# EXHIBIT C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HARRISON COMPANY, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | Civil Action No.: 3:19-cv-01057 |
| A-Z WHOLESALERS, INC., and | § | |
| BARKAT G. ALI | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT A-Z WHOLESALERS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS**

Defendant A-Z Wholesaler, Inc. ("A-Z") responds as follows to the First Set of Discovery Requests from Plaintiff.

## DEFINITIONS

A-Z objects to the "Definitions" because each, individually, and when combined with one another, are vague and confusing and improperly seek to expand the scope of the commonly understood meaning of word and phrases. A-Z will respond based only on the commonly understood meaning of the words and phrases used, referring only to a common dictionary for guidance.

## INSTRUCTIONS

A-Z objects to the instructions because they, individually and in combination with one another, improperly seek to impose duties and obligations beyond those required by the Federal Rules of Civil Procedure and the case law interpreting those rules, and A-Z will follow only the rules and case law in responding.

## REQUESTS FOR ADMISSIONS

**RFA NO. 1:** Admit that You entered into a Credit Agreement with Harrison on March 11, 2011.

**RESPONSE:**        Admit


**RFA NO. 2:** Admit that Defendant Barkat G. Ali guaranteed the Credit Agreement You entered with Harrison on March 11, 2011.

**RESPONSE:**        Admit


**RFA NO. 3:** Admit that You ordered products from Harrison during the Relevant Period.

**RESPONSE:** Admit only that during some, but not all, of the Relevant Period A-Z ordered products from Harrison.  Deny that any of the products forming the basis of Harrison's lawsuit were ordered from Harrison.


**RFA NO. 4:** Admit that You ordered products from Imperial during the Relevant Period.

**RESPONSE:** Admit only that during some, but not all, of the Relevant Period A-Z ordered products from Harrison.


**RFA NO. 5:** Admit that You received and accepted delivery of all products that you ordered from Harrison and/or Imperial during the Relevant Period.

**RESPONSE:**        Deny


**RFA NO. 6:** Admit that You received the October 22, 2018 invoice from Imperial for $91,709.76.

**RESPONSE:**        Admit.


**RFA NO. 7:** Admit that You did not pay Harrison or Imperial the $91,709.76 for the October 22, 2018 invoice from Imperial.

**RESPONSE:** Objection.   The request is vague and ambiguous.   A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments, and therefore cannot admit or deny.

DEFENDANT A-Z WHOLESALERS, INC.'S RESPONSES AND
OBJECTIONS TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS                    PAGE 2
3047144_1

APP 43

**RFA NO. 8:** Admit that Ali did not pay Harrison or Imperial the $91,709.76 for the October 22, 2018 invoice from Imperial.

**RESPONSE:** Objection.   The request is vague and ambiguous.   Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny.  Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 9:** Admit that You received the October 29, 2018 invoice from Imperial for $70,186.96.

**RESPONSE:** Admit.

**RFA NO. 10:** Admit that You received the goods reflected on the October 29, 2018 invoice from Imperial for $70,186.96.

**RESPONSE:** Deny.  Goods were shorted in the amount of $105.58.

**RFA NO. 11:** Admit that You did not pay Harrison or Imperial the $70,186.96 for the October 29, 2018 invoice from Imperial.

**RESPONSE:** Objection.   The request is vague and ambiguous.   A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments, and therefore cannot admit or deny.

**RFA NO. 12:** Admit that Ali did not pay Harrison or Imperial the $70,186.96 for the October 29, 2018 invoice from Imperial.

**RESPONSE:** Objection.   The request is vague and ambiguous.   Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny.  Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 13:** Admit that You received the October 29, 2018 invoice from Imperial for $70,124.23.

**RESPONSE:** Admit.

**RFA NO. 14:** Admit that You received the goods reflected on the October 29, 2018 invoice from Imperial for $70,124.23.

DEFENDANT A-Z WHOLESALERS, INC.'S RESPONSES AND
OBJECTIONS TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS          PAGE 3
3047144_1

APP 44

**RESPONSE:** Admit.

**RFA NO. 15:** Admit that You did not pay Harrison or Imperial the $70,124.23 for the October 29, 2018 invoice from Imperial.

**RESPONSE:** Objection.  The request is vague and ambiguous.  A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments, and therefore cannot admit or deny.

**RFA NO. 16:** Admit that Ali did not pay Harrison or Imperial the $70,124.23 for the October 29, 2018 invoice from Imperial.

**RESPONSE:** Objection.  The request is vague and ambiguous.  Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny.  Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 17:** Admit that You received the November 5, 2018 invoice from Imperial for $57,775.61.

**RESPONSE:** Admit.

**RFA NO. 18:** Admit that You received the goods reflected on the November 5, 2018 invoice from Imperial for $57,775.61.

**RESPONSE:** Admit.

**RFA NO. 19:** Admit that You did not pay Harrison or Imperial the $57,775.61 for the November 5, 2019 invoice from Imperial.

**RESPONSE:** Objection.  The request is vague and ambiguous.  A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments, and therefore cannot admit or deny.

**RFA NO. 20:** Admit that Ali did not pay Harrison or Imperial the $57,775.61 for the November 5, 2019 invoice from Imperial.

**RESPONSE:** Objection.  The request is vague and ambiguous.  Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny.  Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

DEFENDANT A-Z WHOLESALERS, INC.'S RESPONSES AND
OBJECTIONS TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS                    PAGE 4
3047144_1

APP 45

**RFA NO. 21:** Admit that You received the November 5, 2018 invoice from Imperial for $54,637.58.

**RESPONSE:** Admit.


**RFA NO. 22:** Admit that You received the goods reflected on the November 5, 2018 invoice from Imperial for $54,637.58.

**RESPONSE:** Admit.


**RFA NO. 23:** Admit that You did not pay Harrison or Imperial the $54,637.58 for the November 5, 2018 invoice from Imperial.

**RESPONSE:** Objection.   The request is vague and ambiguous.   A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments, and therefore cannot admit or deny.


**RFA NO. 24:** Admit that Ali did not pay Harrison or Imperial the $54,637.58 for the November 5, 2018 invoice from Imperial.

**RESPONSE:** Objection.   The request is vague and ambiguous.   Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny.   Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.


**RFA NO. 25:** Admit that You received the November 12, 2018 invoice from Imperial for $56,021.58.

**RESPONSE:** Admit.


**RFA NO. 26:** Admit that You received the goods reflected on the November 5, 2018 invoice from Imperial for $54,637.58.

**RESPONSE:** Admit.


**RFA NO. 27:** Admit that You did not pay Harrison or Imperial the $56,021.58 for the November 12, 2018 invoice from Imperial.

DEFENDANT A-Z WHOLESALERS, INC.'S RESPONSES AND
OBJECTIONS TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS                    PAGE 5
3047144_1

APP 46

**RESPONSE:** Objection.   The request is vague and ambiguous.   A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments, and therefore cannot admit or deny.

**RFA NO. 28:** Admit that Ali did not pay Harrison or Imperial the $56,021.58 for the November 12, 2018 invoice from Imperial.

**RESPONSE:** Objection.   The request is vague and ambiguous.   Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny.   Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 29:** Admit that You received the November 12, 2018 invoice from Imperial for $53,600.71.

**RESPONSE:** Admit.

**RFA NO. 30:** Admit that You received the goods reflected on the November 12, 2018 invoice from Imperial for $53,600.71.
**RESPONSE:** Deny.  Goods were shorted in the amount of $866.68.

**RFA NO. 31:** Admit that You did not pay Harrison or Imperial the $53,600.71 for the November 12, 2018 invoice from Imperial.

**RESPONSE:** Objection.   The request is vague and ambiguous.   A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments, and therefore cannot admit or deny.

**RFA NO. 32:** Admit that Ali did not pay Harrison or Imperial the $53,600.71 for the November 12, 2018 invoice from Imperial.

**RESPONSE:** Objection.   The request is vague and ambiguous.   Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny.   Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 33:** Admit that You received the November 19, 2018 invoice from Imperial for $60,689.89.

**RESPONSE:** Admit.

DEFENDANT A-Z WHOLESALERS, INC.'S RESPONSES AND
OBJECTIONS TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS                    PAGE 6
3047144_1

APP 47

**RFA NO. 34:** Admit that You received the goods reflected on the November 19, 2018 invoice from Imperial for $60,689.89.

**RESPONSE:** Admit.

**RFA NO. 35:** Admit that You did not pay Harrison or Imperial the $60,689.89 for the November 19, 2018 invoice from Imperial.

**RESPONSE:** Objection.    The request is vague and ambiguous.    A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments, and therefore cannot admit or deny.

**RFA NO. 36:** Admit that Ali did not pay Harrison or Imperial the $60,689.89 for the November 19, 2018 invoice from Imperial.

**RESPONSE:** Objection.    The request is vague and ambiguous.    Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny.    Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 37:** Admit that You received the November 19, 2018 invoice from Imperial for $51,934.32.

**RESPONSE:** Admit.

**RFA NO. 38:** Admit that You did not pay Harrison or Imperial the $51,934.32 for the November 19, 2018 invoice from Imperial.

**RESPONSE:** Objection.    The request is vague and ambiguous.    A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments, and therefore cannot admit or deny.

**RFA NO. 39:** Admit that Ali did not pay Harrison or Imperial the $51,934.32 for the November 19, 2018 invoice from Imperial.

**RESPONSE:** Objection.    The request is vague and ambiguous.    Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny.    Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

DEFENDANT A-Z WHOLESALERS, INC.'S RESPONSES AND
OBJECTIONS TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS                                        PAGE 7
3047144_1

APP 48

**RFA NO. 40:** Admit that You received the November 26, 2018 invoice from Imperial for $76,438.74.

**RESPONSE:** Admit.

**RFA NO. 41:** Admit that You received the goods reflected on the November 26, 2018 invoice from Imperial for $76,438.74.

**RESPONSE:** Deny.  Goods were shorted in the amount of $64.40.

**RFA NO. 42:** Admit that You did not pay Harrison or Imperial the $76,438.74 for the November 26, 2018 invoice from Imperial.

**RESPONSE:** Objection.  The request is vague and ambiguous.  A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments, and therefore cannot admit or deny.

**RFA NO. 43:** Admit that Ali did not pay Harrison or Imperial the $76,438.74 for the November 26, 2018 invoice from Imperial.

**RESPONSE:** Objection.  The request is vague and ambiguous.  Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny.  Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 44:** Admit that You received the November 26, 2018 invoice from Imperial for $64,406.71.

**RESPONSE:** Admit.

**RFA NO. 45:** Admit that You received the goods reflected on the November 26, 2018 invoice from Imperial for $64,406.71.

**RESPONSE:** Admit.

**RFA NO. 46:** Admit that You did not pay Harrison or Imperial the $64,406.71 for the November 26, 2018 invoice from Imperial.

Objection.  The request is vague and ambiguous.  A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments, and therefore cannot admit or deny.

DEFENDANT A-Z WHOLESALERS, INC.'S RESPONSES AND
OBJECTIONS TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS                                    PAGE 8
3047144_1

APP 49

**RFA NO. 47:** Admit that Ali did not pay Harrison or Imperial the $64,406.71 for the November 26, 2018 invoice from Imperial.

**RESPONSE:** Objection.   The request is vague and ambiguous.   Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny.  Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 48:** Admit that You received the December 3, 2018 invoice from Imperial for $73,330.20.

**RESPONSE:** Admit.

**RFA NO. 49:** Admit that You received the goods reflected on the December 3, 2018 invoice from Imperial for $73,330.20.

**RESPONSE:** Admit.

**RFA NO. 50:** Admit that You did not pay Harrison or Imperial the $73,330.20 for the December 3, 2018 invoice from Imperial.

**RESPONSE:** Objection.  The request is vague and ambiguous. A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments, and therefore cannot admit or deny.

**RFA NO. 51:** Admit that Ali did not pay Harrison or Imperial the $73,330.20 for the December 3, 2018 invoice from Imperial.

**RESPONSE:** Objection.   The request is vague and ambiguous.   Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny.  Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 52:** Admit that You received the December 3, 2018 invoice from Imperial for $66,868.30.

**RESPONSE:** Admit.

**RFA NO. 53:** Admit that You received the goods reflected on the December 3, 2018 invoice from Imperial for $66,868.30.

DEFENDANT A-Z WHOLESALERS, INC.'S RESPONSES AND
OBJECTIONS TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS                    PAGE 9
3047144_1

APP 50

**RESPONSE:** Admit.

**RFA NO. 54:** Admit that You did not pay Harrison or Imperial the $66,868.30 for the December 3, 2018 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments, and therefore cannot admit or deny.

**RFA NO. 55:** Admit that Ali did not pay Harrison or Imperial the $66,868.30 for the December 3, 2018 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny. Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 56:** Admit that You received the December 10, 2018 invoice from Imperial for $93,135.93.

**RESPONSE:** Admit.

**RFA NO. 57:** Admit that You received the goods reflected on the December 10, 2018 invoice from Imperial for $93,135.93.

**RESPONSE:** Deny. Goods were shorted in the amount of $126.05.

**RFA NO. 58:** Admit that You did not pay Harrison or Imperial the $93,135.93 for the December 10, 2018 invoice from Imperial.

Objection. The request is vague and ambiguous. A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments, and therefore cannot admit or deny.

**RFA NO. 59:** Admit that Ali did not pay Harrison or Imperial the $93,135.93 for the December 10, 2018 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny. Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

DEFENDANT A-Z WHOLESALERS, INC.'S RESPONSES AND
OBJECTIONS TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS                PAGE 10
3047144_1

APP 51

**RFA NO. 60:** Admit that You received the December 10, 2018 invoice from Imperial for $95,773.09.

**RESPONSE:** Admit.

**RFA NO. 61:** Admit that You received the goods reflected on the December 10, 2018 invoice from Imperial for $95,773.09.

**RESPONSE:** Admit.

**RFA NO. 62:** Admit that You did not pay Harrison or Imperial the $95,773.09 for the December 10, 2018 invoice from Imperial.

**RESPONSE:** Objection.   The request is vague and ambiguous.   A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments, and therefore cannot admit or deny.

**RFA NO. 63:** Admit that Ali did not pay Harrison or Imperial the $95,773.09 for the December 10, 2018 invoice from Imperial.

**RESPONSE:** Objection.   The request is vague and ambiguous.   Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny.   Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 64:** Admit that You received the December 17, 2018 invoice from Imperial for $97,157.26.

**RESPONSE:** Admit.

**RFA NO. 65:** Admit that You received the goods reflected on the December 17, 2018 invoice from Imperial for $97,157.26.

**RESPONSE:** Deny.  Goods were shorted in the amount of $1,824.60.

**RFA NO. 66:** Admit that You did not pay Harrison or Imperial the $97,157.26 for the December 17, 2018 invoice from Imperial.

DEFENDANT A-Z WHOLESALERS, INC.'S RESPONSES AND
OBJECTIONS TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS                    PAGE 11
3047144_1

APP 52

**RESPONSE:** Objection. The request is vague and ambiguous. A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments, and therefore cannot admit or deny.

**RFA NO. 67:** Admit that Ali did not pay Harrison or Imperial the $97,157.26 for the December 17, 2018 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny. Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 68:** Admit that You received the December 17, 2018 invoice from Imperial for $93,210.19.

**RESPONSE:** Admit.

**RFA NO. 69:** Admit that You did not pay Harrison or Imperial the $93,210.19 for the December 17, 2018 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments, and therefore cannot admit or deny.

**RFA NO. 70:** Admit that Ali did not pay Harrison or Imperial the $93,210.19 for the December 17, 2018 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny. Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 71:** Admit that You received the December 26, 2018 invoice from Imperial for $62,816.49.

Admit.

**RFA NO. 72:** Admit that You received the goods reflected on the December 26, 2018 invoice from Imperial for $62,816.49.

DEFENDANT A-Z WHOLESALERS, INC.'S RESPONSES AND
OBJECTIONS TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS                PAGE 12
3047144_1

APP 53

**RESPONSE:** Admit.

**RFA NO. 73:** Admit that You did not pay Harrison or Imperial the $62,816.49 for the December 26, 2018 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments, and therefore cannot admit or deny.

**RFA NO. 74:** Admit that Ali did not pay Harrison or Imperial the $62,816.49 for the December 26, 2018 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny. Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 75:** Admit that You received the December 26, 2018 invoice from Imperial for $49,212.02.

**RESPONSE:** Admit.

**RFA NO. 76:** Admit that You received the goods reflected on the December 26, 2018 invoice from Imperial for $49,212.02.

**RESPONSE:** Deny. Goods were shorted in the amount of $65.09.

**RFA NO. 77:** Admit that You did not pay Harrison or Imperial the $49,212.02 for the December 26, 2018 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments, and therefore cannot admit or deny.

**RFA NO. 78:** Admit that Ali did not pay Harrison or Imperial the $49,212.02 for the December 26, 2018 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and,

Defendant A-Z Wholesalers, Inc.'s Responses and
Objections to Plaintiff's First Set Of Discovery Requests
3047144_1

Page 13

APP 54

therefore, cannot admit or deny.  Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 79:** Admit that You received the January 2, 2018 invoice from Imperial for $52,215.72.

**RESPONSE:** Admit.

**RFA NO. 80:** Admit that You received the goods reflected on the January 2, 2018 invoice from Imperial for $52,215.72.

**RESPONSE:** Admit.

**RFA NO. 81:** Admit that You did not pay Harrison or Imperial the $52,215.72 for the January 2, 2019 invoice from Imperial.

**RESPONSE:** Objection.  The request is vague and ambiguous.  A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments, and therefore cannot admit or deny.

**RFA NO. 82:** Admit that Ali did not pay Harrison or Imperial the $52,215.72 for the January 2, 2019 invoice from Imperial.

**RESPONSE:** Objection.  The request is vague and ambiguous.  Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny.  Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 83:** Admit that You received the January 2, 2019 invoice from Imperial for $64,300.37.

**RESPONSE:** Admit.

**RFA NO. 84:** Admit that You received the goods reflected on the January 2, 2019 invoice from Imperial for $64,300.37.

**RESPONSE:** Admit.

**RFA NO. 85:** Admit that You did not pay Harrison or Imperial the $64,300.37 for the January 2, 2019 invoice from Imperial.

**RESPONSE:** Objection.   The request is vague and ambiguous.   A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments, and therefore cannot admit or deny.

**RFA NO. 86:** Admit that Ali did not pay Harrison or Imperial the $64,300.37 for the January 2, 2019 invoice from Imperial.

**RESPONSE:** Objection.   The request is vague and ambiguous.   Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny.   Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 87:** Admit that You received the January 7, 2019 invoice from Imperial for $67,740.70.

**RESPONSE:** Admit.

**RFA NO. 88:** Admit that You received the goods reflected on the January 7, 2019 invoice from Imperial for $67,740.70.

**RESPONSE:** Admit.

**RFA NO. 89:** Admit that You did not pay Harrison or Imperial the $67,740.70 for the January 7, 2019 invoice from Imperial.

**RESPONSE:** Objection.   The request is vague and ambiguous.   A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments, and therefore cannot admit or deny.

**RFA NO. 90:** Admit that Ali did not pay Harrison or Imperial the $67,740.70 for the January 7, 2019 invoice from Imperial.

**RESPONSE:** Objection.   The request is vague and ambiguous.   Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny.   Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 91:** Admit that You received the January 7, 2019 invoice from Imperial for $73,867.04.

DEFENDANT A-Z WHOLESALERS, INC.'S RESPONSES AND
OBJECTIONS TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS                    PAGE 15
3047144_1

APP 56

**RESPONSE:** Admit.

**RFA NO. 92:** Admit that You received the goods reflected on the January 7, 2019 invoice from Imperial for $73,867.04.

**RESPONSE:** Deny. Goods were shorted in the amount of $285.18.

**RFA NO. 93:** Admit that You did not pay Harrison or Imperial the $73,867.04 for the January 7, 2019 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments, and therefore cannot admit or deny.

**RFA NO. 94:** Admit that Ali did not pay Harrison or Imperial the $73,867.04 for the January 7, 2019 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny. Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 95:** Admit that You received the January 14, 2019 invoice from Imperial for $69,196.02.

**RESPONSE:** Admit.

**RFA NO. 96:** Admit that You received the goods reflected on the January 14, 2019 invoice from Imperial for $69,196.02.

**RESPONSE:** Deny. Goods were shorted in the amount of $937.76.

**RFA NO. 97:** Admit that You did not pay Harrison or Imperial the $69,196.02 for the January 14, 2019 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments, and therefore cannot admit or deny.

DEFENDANT A-Z WHOLESALERS, INC.'S RESPONSES AND
OBJECTIONS TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS                PAGE 16
3047144_1

APP 57

**RFA NO. 98:** Admit that Ali did not pay Harrison or Imperial the $69,196.02 for the January 14, 2019 invoice from Imperial.

**RESPONSE:** Objection.   The request is vague and ambiguous.   Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny.  Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 99:** Admit that You received the January 21, 2019 invoice from Imperial for $57,993.27.

**RESPONSE:** Admit.

**RFA NO. 100:** Admit that You received the goods reflected on the January 21, 2019 invoice from Imperial for $57,993.27.

**RESPONSE:** Admit.

**RFA NO. 101:** Admit that You did not pay Harrison or Imperial the $57,993.27 for the January 21, 2019 invoice from Imperial.

**RESPONSE:** Objection.   The request is vague and ambiguous.   A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments, and therefore cannot admit or deny.

**RFA NO. 102:** Admit that Ali did not pay Harrison or Imperial the $57,993.27 for the January 21, 2019 invoice from Imperial.

**RESPONSE:** Objection.   The request is vague and ambiguous.   Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny.  Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 103:** Admit that You received the January 21, 2019 invoice from Imperial for $51,189.51.

**RESPONSE:** Admit.

**RFA NO. 104:** Admit that You received the goods reflected on the January 21, 2019 invoice from Imperial for $51,189.51.

Defendant A-Z Wholesalers, Inc.'s Responses and
Objections to Plaintiff's First Set Of Discovery Requests                                    Page 17
3047144_1

APP 58

**RESPONSE:** Admit.

**RFA NO. 105:** Admit that You did not pay Harrison or Imperial the $51,189.51 for the January 21, 2019 invoice from Imperial.

**RESPONSE:** Objection.   The request is vague and ambiguous.   A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments, and therefore cannot admit or deny.

**RFA NO. 106:** Admit that Ali did not pay Harrison or Imperial the $51,189.51 for the January 21, 2019 invoice from Imperial.

**RESPONSE:** Objection.   The request is vague and ambiguous.   Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny.  Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 107:** Admit that You received the January 28, 2019 invoice from Imperial for $78,844.92.

**RESPONSE:** Admit.

**RFA NO. 108:** Admit that You received the goods reflected on the January 28, 2019 invoice from Imperial for $78,844.92.

**RESPONSE:** Admit.

**RFA NO. 109:** Admit that You did not pay Harrison or Imperial the $78,844.92 for the January 28, 2019 invoice from Imperial.

**RESPONSE:** Objection.   The request is vague and ambiguous.   A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments, and therefore cannot admit or deny.

**RFA NO. 110:** Admit that Ali did not pay Harrison or Imperial the $78,844.92 for the January 28, 2019 invoice from Imperial.

**RESPONSE:** Objection.   The request is vague and ambiguous.   Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and,

DEFENDANT A-Z WHOLESALERS, INC.'S RESPONSES AND
OBJECTIONS TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS                                    PAGE 18
3047144_1

APP 59

therefore, cannot admit or deny.  Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 111:** Admit that You received the January 28, 2019 invoice from Imperial for $61,754.76.

**RESPONSE:** Admit.

**RFA NO. 112:** Admit that You received the goods reflected on the January 28, 2019 invoice from Imperial for $61,754.76.

**RESPONSE:** Admit.

**RFA NO. 113:** Admit that You did not pay Harrison or Imperial the $61,754.76 for the January 28, 2019 invoice from Imperial.

**RESPONSE:** Objection.  The request is vague and ambiguous.  A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments, and therefore cannot admit or deny.

**RFA NO. 114:** Admit that Ali did not pay Harrison or Imperial the $61,754.76 for the January 28, 2019 invoice from Imperial.

**RESPONSE:** Objection.  The request is vague and ambiguous.  Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny.  Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 115:** Admit that You received the February 4, 2019 invoice from Imperial for $52,434.50.

**RESPONSE:** Admit.

**RFA NO. 116:** Admit that You received the goods reflected on the February 4, 2019 invoice from Imperial for $52,434.50.

**RESPONSE:** Admit.

DEFENDANT A-Z WHOLESALERS, INC.'S RESPONSES AND
OBJECTIONS TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS                    PAGE 19
3047144_1

APP 60

**RFA NO. 117:** Admit that You did not pay Harrison or Imperial the $52,434.50 for the February 4, 2019 invoice from Imperial.

**RESPONSE:** Objection.   The request is vague and ambiguous.   A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments, and therefore cannot admit or deny.

**RFA NO. 118:** Admit that Ali did not pay Harrison or Imperial the $52,434.50 for the February 4, 2019 invoice from Imperial.

**RESPONSE:** Objection.   The request is vague and ambiguous.   Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny.  Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 119:** Admit that You received the February 4, 2019 invoice from Imperial for $51,237.44.

**RESPONSE:** Admit.

**RFA NO. 120:** Admit that You received the goods reflected on the February 4, 2019 invoice from Imperial for $51,237.44.

**RESPONSE:** Deny.  Goods were shorted in the amount of $780.24.

**RFA NO. 121:** Admit that You did not pay Harrison or Imperial the $51,237.44 for the February 4, 2019 invoice from Imperial.

**RESPONSE:** Objection.   The request is vague and ambiguous.   A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments, and therefore cannot admit or deny.

**RFA NO. 122:** Admit that Ali did not pay Harrison or Imperial the $51,237.44 for the February 4, 2019 invoice from Imperial.

**RESPONSE:** Objection.   The request is vague and ambiguous.   Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny.  Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

DEFENDANT A-Z WHOLESALERS, INC.'S RESPONSES AND
OBJECTIONS TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS                    PAGE 20
3047144_1

APP 61

**RFA NO. 123:** Admit that You received the February 11, 2019 invoice from Imperial for $73,970.96.

**RESPONSE:** Admit.

**RFA NO. 124:** Admit that You received the goods reflected on the February 11, 2019 invoice from Imperial for $73,970.96.

**RESPONSE:** Admit.

**RFA NO. 125:** Admit that You did not pay Harrison or Imperial the $73,970.96 for the February 11, 2019 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments, and therefore cannot admit or deny.

**RFA NO. 126:** Admit that Ali did not pay Harrison or Imperial the $73,970.96 for the February 11, 2019 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny. Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 127:** Admit that You received the February 11, 2019 invoice from Imperial for $69,427.07.

**RESPONSE:** Admit.

**RFA NO. 128:** Admit that You received the goods reflected on the February 11, 2019 invoice from Imperial for $69,427.07.

**RESPONSE:** Deny. Goods were shorted in the amount of $41.82.

**RFA NO. 129:** Admit that You did not pay Harrison or Imperial the $69,427.07 for the February 11, 2019 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments, and therefore cannot admit or deny.

DEFENDANT A-Z WHOLESALERS, INC.'S RESPONSES AND
OBJECTIONS TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS                PAGE 21
3047144_1

APP 62

**RFA NO. 130:** Admit that Ali did not pay Harrison or Imperial the $69,427.07 for the February 11, 2019 invoice from Imperial.

**RESPONSE:** Objection.   The request is vague and ambiguous.   Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny.  Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 131:** Admit that You received the February 18, 2018 invoice from Imperial for $53,936.77.

**RESPONSE:** Admit.

**RFA NO. 132:** Admit that You received the goods reflected on the February 18, 2018 invoice from Imperial for $53,936.77.

**RESPONSE:** Deny.   Goods were shorted in the amount of $156.36, but for invoice dated February 18, 2019, not dated February 18, 2018.

**RFA NO. 133:** Admit that You did not pay Harrison or Imperial the $53,936.77 for the February 18, 2019 invoice from Imperial.

**RESPONSE:** Objection.   The request is vague and ambiguous.   A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments, and therefore cannot admit or deny.

**RFA NO. 134:** Admit that Ali did not pay Harrison or Imperial the $53,936.77 for the February 18, 2019 invoice from Imperial.

**RESPONSE:** Objection.   The request is vague and ambiguous.   Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny.  Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 135:** Admit that You received the February 18, 2019 invoice from Imperial for $55,853.63.
**RESPONSE:** Admit.

**RFA NO. 136:** Admit that You did not pay Harrison or Imperial the $55,853.63 for the February 18, 2019 invoice from Imperial.

DEFENDANT A-Z WHOLESALERS, INC.'S RESPONSES AND
OBJECTIONS TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS                    PAGE 22
3047144_1

APP 63

**RESPONSE:** Objection.   The request is vague and ambiguous.   A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments, and therefore cannot admit or deny.

**RFA NO. 137:** Admit that Ali did not pay Harrison or Imperial the $55,853.63 for the February 18, 2019 invoice from Imperial.

**RESPONSE:** Objection.   The request is vague and ambiguous.   Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny.  Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 138:** Admit that You received the February 25, 2019 invoice from Imperial for $71,912.55.

**RESPONSE:** Admit.

**RFA NO. 139:** Admit that You received the goods reflected on the February 25, 2019 invoice from Imperial for $71,912.55.

**RESPONSE:** Admit.

**RFA NO. 140:** Admit that You did not pay Harrison or Imperial the $71,912.55 for the February 25, 2019 invoice from Imperial.

**RESPONSE:** Objection.   The request is vague and ambiguous.   A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments, and therefore cannot admit or deny.

**RFA NO. 141:** Admit that Ali did not pay Harrison or Imperial the $71,912.55 for the February 25, 2019 invoice from Imperial.

**RESPONSE:** Objection.   The request is vague and ambiguous.   Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny.  Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 142:** Admit that You received the February 25, 2019 invoice from Imperial for $60,802.34.

DEFENDANT A-Z WHOLESALERS, INC.'S RESPONSES AND
OBJECTIONS TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS                    PAGE 23
3047144_1

APP 64

**RESPONSE:** Deny.  The invoice received was in the amount of $68,802.34.

**RFA NO. 143:** Admit that You received the goods reflected on the February 25, 2019 invoice from Imperial for $60,802.34.

**RESPONSE:** Deny.  See response for RFA No. 142

**RFA NO. 144:** Admit that You did not pay Harrison or Imperial the $60,802.34 for the February 25, 2019 invoice from Imperial.

**RESPONSE:** Objection.  The request is vague and ambiguous.  A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments, and therefore cannot admit or deny.

**RFA NO. 145:** Admit that Ali did not pay Harrison or Imperial the $60,802.34 for the February 25, 2019 invoice from Imperial.

**RESPONSE:** Objection.  The request is vague and ambiguous.  Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny.  Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 146:** Admit that You received the March 4, 2019 invoice from Imperial for $69,472.08.

**RESPONSE:** Admit.

**RFA NO. 147:** Admit that You received the goods reflected on the March 4, 2019 invoice from Imperial for $69,472.08.

**RESPONSE:** Deny.  Goods were shorted in the amount of $1,152.70.

**RFA NO. 148:** Admit that You did not pay Harrison or Imperial the $69,472.08 for the March 4, 2019 invoice from Imperial.
**RESPONSE:** Objection.  The request is vague and ambiguous.  A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments, and therefore cannot admit or deny.

DEFENDANT A-Z WHOLESALERS, INC.'S RESPONSES AND
OBJECTIONS TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS                    PAGE 24
3047144_1

APP 65

**RFA NO. 149:** Admit that Ali did not pay Harrison or Imperial the $69,472.08 for the March 4, 2019 invoice from Imperial.

**RESPONSE:** Objection.   The request is vague and ambiguous.   Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny.  Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 150:** Admit that You received the March 4, 2019 invoice from Imperial for $70,833.64.

**RESPONSE:** Admit.

**RFA NO. 151:** Admit that You received the goods reflected on the March 4, 2019 invoice from Imperial for $70,833.64.

**RESPONSE:** Deny.  Goods were shorted in the amount of $20.91.

**RFA NO. 152:** Admit that You did not pay Harrison or Imperial the $70,833.64 for the March 4, 2019 invoice from Imperial.

**RESPONSE:** Objection.   The request is vague and ambiguous.   A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments, and therefore cannot admit or deny.

**RFA NO. 153:** Admit that Ali did not pay Harrison or Imperial the $70,833.64 for the March 4, 2019 invoice from Imperial.

**RESPONSE:** Objection.   The request is vague and ambiguous.   Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny.  Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

## INTERROGATORIES

**INTERROGATORY NO. 1:** State all reasons for your denial in Paragraph 7 of Defendants' Original Answer that the Credit Agreement constitutes the entirety of the agreement between the parties.  Identify all documents, terms, and/or provisions You contend comprise the entire agreement between the parties, and identify all persons with knowledge of facts and circumstances you contend support your denial.

Defendant A-Z Wholesalers, Inc.'s Responses and
Objections to Plaintiff's First Set Of Discovery Requests                         Page 25
3047144_1

APP 66

**RESPONSE:** A-Z objects to this interrogatory because it improperly requires A-Z to marshal its evidence.

A-Z further objects because this interrogatory contains subparts that must be counted as three separate interrogatories.

The Credit Agreement and other correspondence makes up the entirety of the agreement between A-Z and Harrison. But none of the products at issue in this lawsuit were delivered by Harrison; rather, they were all delivered by Imperial. No Credit Agreement exists between A-Z and Imperial. A-Z and Imperial reached an agreement for any debt that Imperial claimed was owed on the product delivered by Imperial, and Imperial breached that agreement, thereby relieving A-Z of any obligation to further comply with such agreement. Oral communications and related correspondence between A-Z and Imperial constitutes the agreement between A-Z and Imperial. Persons with knowledge are Barkat Ali, Amar Ali, Wayne Baquet, Brad Prendergast, and Brad Albritton.

**INTERROGATORY NO. 2:** State all reasons for Your denial in Paragraph 9 of Defendants' Original Answer that You ordered various quantities of tobacco products and other sundries from Harrison, which Harrison supplied through Imperial, under the Credit Agreement. If applicable, identify in Your response all products ordered by A-Z through Harrison that You contend Harrison did not supply through Imperial, and/or each (if any) instance you contend Harrison supplied products to A-Z contrary to the terms of the Credit Agreement.

**RESPONSE:** A-Z objects to this interrogatory because it improperly requires A-Z to marshal its evidence.

A-Z further objects because this interrogatory contains subparts that must be counted as three separate interrogatories.

A-Z neither ordered product from Harrison nor received product from Harrison from October 22, 2018 through March 4, 2019.

A-Z ordered product from Imperial – not Harrison - and received product from Imperial – not Harrison- from October 22, 2018 through March 4, 2019. To the extent that there is a dispute regarding payments and credits, the dispute is with Imperial, not Harrison.

**INTERROGATORY NO. 3:** Do You contend that You did not receive any product that You ordered from Harrison and/or Imperial during the Relevant Period? If so, identify each product You contend You did not receive, the date You ordered it, and the invoice You received that reflects Your order.

**RESPONSE:** A-Z objects to this interrogatory because it improperly requires A-Z to marshal its evidence.

DEFENDANT A-Z WHOLESALERS, INC.'S RESPONSES AND
OBJECTIONS TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS                    PAGE 26
3047144_1

APP 67

A-Z further objects because this interrogatory contains subparts that must be counted as two separate interrogatories.

The claimed Relevant Period is overly broad and unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery fo admissible evidence.

The invoices from Imperial from October 22, 2018 through March 4, 2019, had goods that were shorted, including but not limited to invoices dated:

October 29, 2018, November 12, 2018, November 26, 2018, December 10, 2018, December 17, 2018, December 26, 2018, January 7, 2019, January 14, 2019, February 4, 2019, February 11, 2019, February 18, 2019 and March 4, 2019. See Responses to Requests for Admissions.

**INTERROGATORY NO. 4:** Do You contend that You are entitled to any offset for rebates offered to or payments made by You for the amounts invoiced by Imperial from October 22, 2018 through March 4, 2019? If so, identify the amount of any rebate, the date it was offered, by whom it was offered, and identify the amount, date, and source of any payment.

**RESPONSE:** A-Z objects to this interrogatory as being vague and ambiguous, especially in light of the wording of the complaint, the directions and definitions to these discovery requests and the discovery requests themselves.

A-Z objects to this interrogatory because it improperly requires A-Z to marshal its evidence.

A-Z further objects because this interrogatory contains subparts that must be counted as three separate interrogatories.

Imperial claimed that A-Z owed it money, and the those two entities entered into an agreement related to that dispute. Specifically, A-Z and Imperial reached an agreement for any debt that Imperial claimed was owed on the product delivered by Imperial, and, even though A-Z made payments under that agreement, Imperial breached that agreement, thereby relieving A-Z of any obligation to further comply with such agreement. Oral communications and related correspondence between A-Z and Imperial constitutes the agreement between A-Z and Imperial. To the extent that agreement constitutes an "offset for rebates," it was offered by Wayne Baquet and/or Brad Prendergast.

**INTERROGATORY NO. 5:** State all reasons for Your denial in Paragraph 10 of Defendants' Original Answer that A-Z placed orders through Harrison. Include all facts and circumstances You contend support your denial, identify all persons with knowledge thereof, and identify all documents You contend support your denial.

**RESPONSE:** A-Z objects to this interrogatory as being vague and ambiguous, especially in light of the wording of the complaint, the directions and definitions to these discovery requests and the discovery requests themselves.

DEFENDANT A-Z WHOLESALERS, INC.'S RESPONSES AND
OBJECTIONS TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS                    PAGE 27
3047144_1

APP 68

A-Z objects to this interrogatory because it improperly requires A-Z to marshal its evidence.

A-Z further objects because this interrogatory contains subparts that must be counted as two separate interrogatories.

A-Z initially ordered and received product from Harrison, but Harrison quit accepting orders and providing product.  Instead, all the product at issue was ordered from and received from Imperial.
Persons with knowledge are Barkat Ali, Amar Ali, Wayne Baquet, Brad Prendergast, and Brad Albritton.

**INTERROGATORY NO. 6:** State all reasons for Your denial in Paragraphs 11, 14, and 19 of Defendants' Original Answer that the total amount outstanding, due, and unpaid by You and Ali to Harrison, as invoiced, is $2,574,885.73. Identify in Your answer all persons with knowledge of the facts and circumstances included in Your response, the amount You contend is due, Your method of calculation, and identify all documents You contend support Your denial.

**RESPONSE:** A-Z objects to this interrogatory because it improperly requires A-Z to marshal its evidence.

A-Z further objects because this interrogatory contains subparts that must be counted as seven separate interrogatories (three separate paragraphs in the complaint as to two separate parties – A-Z and Ali – for six separate interrogatories, plus on seeking the identification of persons having knowledge).

Neither A-Z nor Ali ever owed Harrison any of the amounts claimed because neither A-Z nor Ali order or received the product at issue from Harrison.  Rather, it was all ordered and received from Imperial. Ali never made any guarantee in favor of Imperial.  Imperial claimed that A-Z owed it money, and the those two entities entered into an agreement related to that dispute. Specifically, A-Z and Imperial reached an agreement for any debt that Imperial claimed was owed on the product delivered by Imperial, and, even though A-Z made payments under that agreement, Imperial breached that agreement, thereby relieving A-Z of any obligation to further comply with such agreement.  Zero is the amount due. Oral communications and related correspondence between A-Z and Imperial constitutes the agreement between A-Z and Imperial.
Persons with knowledge are Barkat Ali, Amar Ali, Wayne Baquet, Brad Prendergast, and Brad Albritton.

**INTERROGATORY NO. 7:** State all reasons for Your denial in Paragraphs 12, 15, 18, and 22 of Defendants' Original Answer that A-Z and Ali are in default under the Credit agreement because they have failed and refused, and continue to fail and refuse, to pay the amounts due and owing to Harrison. Include in Your answer the date and amount of each payment you contend A-Z and Ali made on any invoice between October 22, 2018 and March 4, 2019.

DEFENDANT A-Z WHOLESALERS, INC.'S RESPONSES AND
OBJECTIONS TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS          PAGE 28
3047144_1

APP 69

**RESPONSE:** A-Z objects to this interrogatory because it improperly requires A-Z to marshal its evidence.

A-Z further objects because this interrogatory contains subparts that must be counted as eight separate interrogatories (four separate paragraphs in the complaint as to two separate parties – A-Z and Ali – for eight separate interrogatories).

A-Z further objects because this interrogatory and all its subparts, along with all the other subparts of the previous interrogatories exceeds the 25 interrogatories permitted by Rule 33.

Neither A-Z nor Ali could be in default of the Credit Agreement because they never owed Harrison any of the amounts claimed because neither A-Z nor Ali order or received the product at issue from Harrison. Rather, it was all ordered and received from Imperial. Ali never made any guarantee in favor of Imperial. Imperial claimed that A-Z owed it money, and the those two entities entered into an agreement related to that dispute. Specifically, A-Z and Imperial reached an agreement for any debt that Imperial claimed was owed on the product delivered by Imperial, and, even though A-Z made payments under that agreement, Imperial breached that agreement, thereby relieving A-Z of any obligation to further comply with such agreement. Zero is the amount due.

**INTERROGATORY NO. 8:** State all reasons for Your denial in Paragraphs 17 and 25 of Defendants' Original Answer that Harrison has performed all conditions precedent, covenants, and promises required of it pursuant to the Credit Agreement that have not been waived. Identify all conditions precedent, covenants, or promises that you contend Harrison failed to perform under the terms of the Credit Agreement, identify all persons with knowledge of facts you contend corroborate your claim, and identify all documents you contend support Your denial.

**RESPONSE:** A-Z objects to this interrogatory because it improperly requires A-Z to marshal its evidence.

A-Z further objects because this interrogatory contains subparts that must be counted as four separate interrogatories (two separate paragraphs in the complaint as to two separate issues – conditions precedent and covenants of promises).

A-Z further objects because this interrogatory and all its subparts, along with all the other subparts of the previous interrogatories exceeds the 25 interrogatories permitted by Rule 33.

In order for either A-Z or Ali to have any obligation at all to Harrison, Harrison first had to deliver product to A-Z, and none of the product at issue in this lawsuit was ordered or received from, or delivered by, Harrison; and, therefore, no promise or condition precedent was ever fulfilled by Harrison.

**INTERROGATORY NO. 9:** State all reasons for Your denial in Paragraph 21 of Defendants' Original Answer that Harrison required a guarantor to extend Credit to A-Z and that Harrison

DEFENDANT A-Z WHOLESALERS, INC.'S RESPONSES AND
OBJECTIONS TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS                                    PAGE 29
3047144_1

APP 70

relied on Your guarantee to extend credit to You. Identify in Your response all persons with knowledge thereof and identify all documents you contend support Your denial.

**RESPONSE:** A-Z objects to this interrogatory because it improperly requires A-Z to marshal its evidence.

A-Z further objects because this interrogatory and all its subparts, along with all the other subparts of the previous interrogatories exceeds the 25 interrogatories permitted by Rule 33.

Harrison did not extend credit to either A-Z or Ali relative to any of the product at issue in this case.

## REQUESTS FOR PRODUCTION

**RFP NO. 1:** The entire agreement between the parties in accordance with your denial in Paragraph 7 of Defendants' Original Answer that the Credit Agreement constitutes the entirety of the agreement.

**RESPONSE:** The agreement was a combination of oral and written communications. The written communications will be produced.


**RFP NO. 2:** Communications that relate to rebates or credits you contend were offered or agreed to by Harrison or Imperial on any order or product during the Relevant Period.

**RESPONSE:** The rebates or credits were in a combination of oral and written communications. The written communications will be produced.


**RFP NO. 3:** Communications between You and Ali from October 22, 2018 to the present that relate to Harrison, Imperial, and/or the Credit Agreement. This request includes, but is not limited to, communications relating to payment of any invoice from Imperial and/or Your orders of Harrison or Imperial products.

**RESPONSE:** A-Z objects to this request because it fails to identify with reasonable particularity each item or category of item to be produced. A-Z further objects because the request is vague and ambiguous and seems to improperly seek all communications, without regard to whether such communications are in any way related to any claim made in this lawsuit. A-Z further objects because this request is harassing in that it obviously improperly seeks the disclosure of information shielded from discovery by the attorney-client privilege and the attorney-work-product exemption. Because of the overbreadth of this request, A-Z objects to providing any privilege log.

A-Z will produce non-privileged and non-exempt communications pertaining to the specifically requested information about payment of invoices and orders.

DEFENDANT A-Z WHOLESALERS, INC.'S RESPONSES AND
OBJECTIONS TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS                                    PAGE 30
3047144_1

APP 71

**RFP NO. 4:** Internal communications from October 22, 2018 to the present that relate to Harrison, Imperial, and/or the Credit Agreement. This request includes, but is not limited to, communications relating to payment of any invoice from Imperial and/or Your orders of Harrison or Imperial products.

**RESPONSE:** A-Z objects to this request because it fails to identify with reasonable particularity each item or category of item to be produced.  A-Z further objects because the request is vague and ambiguous and seems to improperly seek all communications, without regard to whether such communications are in any way related to any claim made in this lawsuit.  A-Z further objects because this request is harassing in that it obviously improperly seeks the disclosure of information shielded from discovery by the attorney-client privilege and the attorney-work-product exemption.  Because of the overbreadth of this request, A-Z objects to providing any privilege log.

A-Z will produce non-privileged and non-exempt communications pertaining to the specifically requested information about payment of invoices and orders.

**RFP NO. 5:** Your payment or attempt to pay any Imperial invoice during the Relevant Period.

**RESPONSE:** A-Z will produce responsive documents.

Respectfully submitted,

*/s/ Lars L. Berg*
Lars L. Berg
State Bar No. 00787072
lars.berg@kellyhart.com
Elizabeth A. Cuneo
State Bar No. 24100166
Elizabeth.cuneo@kellyhart.com
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280

**ATTORNEYS FOR DEFENDANTS**

DEFENDANT A-Z WHOLESALERS, INC.'S RESPONSES AND
OBJECTIONS TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS                    PAGE 31
3047144_1

APP 72

## VERIFICATION

My name is Amar Ali. I am an officer of A-Z Wholesalers, Inc., and in such capacity, I am authorized to make this verification. I have read the foregoing Responses and Objections to Plaintiff's First Set of Discovery Requests ("Responses"). I have personal knowledge of the answers in the interrogatory responses, and I hereby verify that, based on my personal knowledge, the facts stated in the interrogatory responses are true and correct.

I declare under penalty of perjury that the forgoing is true and correct.

Executed on _Dcember 11_, 2019.

Amar Ali for A-Z, as its _prcsiocnt_

DEFENDANT A-Z WHOLESALERS, INC.'S RESPONSES AND
OBJECTIONS TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS
A-Z_s Responses to Harrison_s First Set of Discovery Requests to A-Z (2)

PAGE 32

APP 73

## CERTIFICATE OF SERVICE

I certify that on the 11th day of December, 2019, a true copy of the foregoing was served upon the following counsel of record as follows:

David L. Swanson – via email - dswanson@lockelord.com
Joseph A. Unis, Jr. – via email - junis@lockelord.com
Anna K. Finger – via email - anna.k.finger@lockelord.com

/s/ *Lars L. Berg*
Lars L. Berg

DEFENDANT A-Z WHOLESALERS, INC.'S RESPONSES AND
OBJECTIONS TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS                      PAGE 33
3047144_1

APP 74

# EXHIBIT D

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HARRISON COMPANY, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | Civil Action No.: 3:19-cv-01057 |
| A-Z WHOLESALERS, INC., and | § | |
| BARKAT G. ALI | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT BARKAT G. ALI'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS**

Defendant Barkat G. Ali ("Ali") responds as follows to the First Set of Discovery Requests from Plaintiff.

## DEFINITIONS

Ali objects to the "Definitions" because each, individually, and when combined with one another, are vague and confusing and improperly seek to expand the scope of the commonly understood meaning of word and phrases. Ali will respond based only on the commonly understood meaning of the words and phrases used, referring only to a common dictionary for guidance.

## INSTRUCTIONS

Ali objects to the instructions because they, individually and in combination with one another, improperly seek to impose duties and obligations beyond those required by the Federal Rules of Civil Procedure and the case law interpreting those rules, and Ali will follow only the rules and case law in responding.

## REQUESTS FOR ADMISSIONS

**RFA NO. 1:** Admit that You guaranteed the Credit Agreement entered into between Harrison and A-Z on March 11, 2011.

**RESPONSE:** Admit

**RFA NO. 2:** Admit that A-Z ordered products from Imperial.

**RESPONSE:** Admit

**RFA NO. 3:** Admit that A-Z ordered products from Harrison.

**RESPONSE:** Admit

**RFA NO. 4:** Admit that A-Z received the October 22, 2018 invoice from Imperial for $91,709.76.

**RESPONSE:** Admit

**RFA NO. 5:** Admit that A-Z received the goods reflected on the October 22, 2018 invoice from Imperial for $91,709.76.

**RESPONSE:** Admit

**RFA NO. 6:** Admit that You knew A-Z received the October 22, 2018 invoice from Imperial for $91,709.76.

**RESPONSE:** Deny

**RFA NO. 7:** Admit that A-Z did not pay Harrison or Imperial the $91,709.76 for the October 22, 2018 invoice from Imperial.

**RESPONSE:** Objection. This request is vague and ambiguous. A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments; and, therefore, cannot admit or deny.

**RFA NO. 8:** Admit that You did not pay Harrison or Imperial the $91,709.76 for the October 22, 2018 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny. Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 9:** Admit that A-Z received the October 29, 2018 invoice from Imperial for $70,186.96.

**RESPONSE:** Admit

**RFA NO. 10:** Admit that A-Z received the goods reflected on the October 29, 2018 invoice from Imperial for $70,186.96.

**RESPONSE:** Deny. Goods were shorted by $105.58.

**RFA NO. 11:** Admit that You knew A-Z received the October 29, 2018 invoice from Imperial for $70,186.96.

**RESPONSE:** Deny

**RFA NO. 12:** Admit that A-Z did not pay Harrison or Imperial the $70,186.96 for the October 29, 2018 invoice from Imperial.

**RESPONSE:** Objection. This request is vague and ambiguous. A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments; and, therefore, cannot admit or deny.

**RFA NO. 13:** Admit that You did not pay Harrison or Imperial the $70,186.96 for the October 29, 2018 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny. Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 14:** Admit that A-Z received the October 29, 2018 invoice from Imperial for $70,124.23.

**RESPONSE:** Admit

**RFA NO. 15:** Admit that A-Z received the goods reflected on the October 29, 2018 invoice from Imperial for $70,124.23.

**RESPONSE:** Admit

**RFA NO. 16:** Admit that You knew A-Z received the October 29, 2018 invoice from Imperial for $70,124.23.

**RESPONSE:** Deny

**RFA NO. 17:** Admit that A-Z did not pay Harrison or Imperial the $70,124.23 for the October 29, 2018 invoice from Imperial.

**RESPONSE:** Objection. This request is vague and ambiguous. A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments; and, therefore, cannot admit or deny.

**RFA NO. 18:** Admit that You did not pay Harrison or Imperial the $70,124.23 for the October 29, 2018 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny. Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 19:** Admit that A-Z received the November 5, 2018 invoice from Imperial for $57,775.61.

**RESPONSE:** Admit

**RFA NO. 20:** Admit that A-Z received the goods reflected on the November 5, 2018 invoice from Imperial for $57,775.61.

**RESPONSE:** Admit

**RFA NO. 21:** Admit that You knew A-Z received the November 5, 2018 invoice from Imperial for $57,775.61.

**RESPONSE:** Deny

**RFA NO. 22:** Admit that A-Z did not pay Harrison or Imperial the $57,775.61 for the November 5, 2019 invoice from Imperial.

**RESPONSE:** Objection. This request is vague and ambiguous. A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments; and, therefore, cannot admit or deny.

**RFA NO. 23:** Admit that You did not pay Harrison or Imperial the $57,775.61 for the November 5, 2019 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny. Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 24:** Admit that A-Z received the November 5, 2018 invoice from Imperial for $54,637.58.

**RESPONSE:** Admit

**RFA NO. 25:** Admit that A-Z received the goods reflected on the November 5, 2018 invoice from Imperial for $54,637.58.

**RESPONSE:** Admit

**RFA NO. 26:** Admit that You knew A-Z received the November 5, 2018 invoice from Imperial for $54,637.58.

**RESPONSE:** Deny

**RFA NO. 27:** Admit that A-Z did not pay Harrison or Imperial the $54,637.58 for the November 5, 2018 invoice from Imperial.

**RESPONSE:** Objection. This request is vague and ambiguous. A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments; and, therefore, cannot admit or deny

**RFA NO. 28:** Admit that You did not pay Harrison or Imperial the $54,637.58 for the November 5, 2018 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny. Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 29:** Admit that A-Z received the November 12, 2018 invoice from Imperial for $56,021.58.

**RESPONSE:** Admit

**RFA NO. 30:** Admit that A-Z received the goods reflected on the November 12, 2018 invoice from Imperial for $56,021.58.

**RESPONSE:** Admit

**RFA NO. 31:** Admit that You knew A-Z received the November 12, 2018 invoice from Imperial for $56,021.58.

**RESPONSE:** Deny

**RFA NO. 32:** Admit that A-Z did not pay Harrison or Imperial the $56,021.58 for the November 12, 2018 invoice from Imperial.

**RESPONSE:** Objection. This request is vague and ambiguous. A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments; and, therefore, cannot admit or deny.

**RFA NO. 33:** Admit that You did not pay Harrison or Imperial the $56,021.58 for the November 12, 2018 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny. Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 34:** Admit that A-Z received the November 12, 2018 invoice from Imperial for $53,600.71.

**RESPONSE:** Admit

**RFA NO. 35:** Admit that A-Z received the goods reflected on the November 12, 2018 invoice from Imperial for $53,600.71.

**RESPONSE:** Deny. Goods were shorted by $866.68.

**RFA NO. 36:** Admit that You knew A-Z received the November 12, 2018 invoice from Imperial for $53,600.71.

**RESPONSE:** Deny

**RFA NO. 37:** Admit that A-Z did not pay Harrison or Imperial the $53,600.71 for the November 12, 2018 invoice from Imperial.

**RESPONSE:** Objection. This request is vague and ambiguous. A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments; and, therefore, cannot admit or deny.

**RFA NO. 38:** Admit that You did not pay Harrison or Imperial the $53,600.71 for the November 12, 2018 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny. Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 39:** Admit that A-Z received the November 19, 2018 invoice from Imperial for $60,689.89.

**RESPONSE:** Admit

**RFA NO. 40:** Admit that A-Z received the goods reflected on the November 19, 2018 invoice from Imperial for $60,689.89.

**RESPONSE:** Admit

**RFA NO. 41:** Admit that You knew A-Z received the November 19, 2018 invoice from Imperial for $60,689.89.

**RESPONSE:** Deny

**RFA NO. 42:** Admit that A-Z did not pay Harrison or Imperial the $60,689.89 for the November 19, 2018 invoice from Imperial.

**RESPONSE:** Objection. This request is vague and ambiguous. A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments; and, therefore, cannot admit or deny.

**RFA NO. 43:** Admit that You did not pay Harrison or Imperial the $60,689.89 for the November 19, 2018 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny. Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 44:** Admit that A-Z received the November 19, 2018 invoice from Imperial for $51,934.32.

**RESPONSE:** Admit

**RFA NO. 45:** Admit that A-Z received the goods reflected on the November 19, 2018 invoice from Imperial for $51,934.32.

**RESPONSE:** Admit

**RFA NO. 46:** Admit that You knew A-Z received the November 19, 2018 invoice from Imperial for $51,934.32.

**RESPONSE:** Deny

**RFA NO. 47:** Admit that A-Z did not pay Harrison or Imperial the $51,934.32 for the November 19, 2018 invoice from Imperial.

**RESPONSE:** Objection. This request is vague and ambiguous. A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments; and, therefore, cannot admit or deny.

**RFA NO. 48:** Admit that You did not pay Harrison or Imperial the $51,934.32 for the November 19, 2018 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny. Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 49:** Admit that A-Z received the November 26, 2018 invoice from Imperial for $76,438.74.

**RESPONSE:** Admit

**RFA NO. 50:** Admit that A-Z received the goods reflected on the November 26, 2018 invoice from Imperial for $76,438.74.

**RESPONSE:** Deny. Goods were shorted by $64.40.

**RFA NO. 51:** Admit that You knew A-Z received the November 26, 2018 invoice from Imperial for $76,438.74.

**RESPONSE:** Deny

**RFA NO. 52:** Admit that A-Z did not pay Harrison or Imperial the $76,438.74 for the November 26, 2018 invoice from Imperial.

**RESPONSE:** Objection. This request is vague and ambiguous. A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments; and, therefore, cannot admit or deny.

**RFA NO. 53:** Admit that You did not pay Harrison or Imperial the $76,438.74 for the November 26, 2018 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny. Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 54:** Admit that A-Z received the November 26, 2018 invoice from Imperial for $64,406.71.

**RESPONSE:** Admit

**RFA NO. 55:** Admit that A-Z received the goods reflected on the November 26, 2018 invoice from Imperial for $64,406.71.

**RESPONSE:** Admit

**RFA NO. 56:** Admit that You knew A-Z received the November 26, 2018 invoice from Imperial for $64,406.71.

**RESPONSE:** Deny

**RFA NO. 57:** Admit that A-Z did not pay Harrison or Imperial the $64,406.71 for the November 26, 2018 invoice from Imperial.

**RESPONSE:** Objection. This request is vague and ambiguous. A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments; and, therefore, cannot admit or deny.

**RFA NO. 58:** Admit that You did not pay Harrison or Imperial the $64,406.71 for the November 26, 2018 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny. Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 59:** Admit that A-Z received the December 3, 2018 invoice from Imperial for $73,330.20.

**RESPONSE:** Admit

**RFA NO. 60:** Admit that You knew A-Z received the December 3, 2018 invoice from Imperial for $73,330.20.

**RESPONSE:** Deny

**RFA NO. 61:** Admit that A-Z did not pay Harrison or Imperial the $73,330.20 for the December 3, 2018 invoice from Imperial.

**RESPONSE:** Objection. This request is vague and ambiguous. A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments; and, therefore, cannot admit or deny.

**RFA NO. 62:** Admit that You did not pay Harrison or Imperial the $73,330.20 for the December 3, 2018 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny. Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 63:** Admit that A-Z received the December 3, 2018 invoice from Imperial for $66,868.30.

**RESPONSE:** Admit

**RFA NO. 64:** Admit that A-Z received the goods reflected on the December 3, 2018 invoice from Imperial for $66,868.30.

**RESPONSE:** Admit

**RFA NO. 65:** Admit that You knew A-Z received the December 3, 2018 invoice from Imperial for $66,868.30.

**RESPONSE:** Deny

**RFA NO. 66:** Admit that A-Z did not pay Harrison or Imperial the $66,868.30 for the December 3, 2018 invoice from Imperial.

**RESPONSE:** Objection. This request is vague and ambiguous. A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments; and, therefore, cannot admit or deny.

**RFA NO. 67:** Admit that You did not pay Harrison or Imperial the $66,868.30 for the December 3, 2018 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and,

therefore, cannot admit or deny.  Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 68:** Admit that A-Z received the December 10, 2018 invoice from Imperial for $93,135.93.

**RESPONSE:** Admit

**RFA NO. 69:** Admit that A-Z received the goods reflected on the December 10, 2018 invoice from Imperial for $93,135.93.

**RESPONSE:** Deny.  Goods were shorted by $126.05.

**RFA NO. 70:** Admit that You knew A-Z received the December 10, 2018 invoice from Imperial for $93,135.93.

**RESPONSE:** Deny

**RFA NO. 71:** Admit that A-Z did not pay Harrison or Imperial the $93,135.93 for the December 10, 2018 invoice from Imperial.

**RESPONSE:** Objection.  This request is vague and ambiguous.  A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments; and, therefore, cannot admit or deny.

**RFA NO. 72:** Admit that You did not pay Harrison or Imperial the $93,135.93 for the December 10, 2018 invoice from Imperial.

**RESPONSE:** Objection.  The request is vague and ambiguous.  Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny.  Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 73:** Admit that A-Z received the December 10, 2018 invoice from Imperial for $95,773.09.

**RESPONSE:** Admit

**RFA NO. 74:** Admit that A-Z received the goods reflected on the December 10, 2018 invoice from Imperial for $95,773.09.

**RESPONSE:** Admit

**RFA NO. 75:** Admit that You knew A-Z received the December 10, 2018 invoice from Imperial for $95,773.09.

**RESPONSE:** Deny

**RFA NO. 76:** Admit that A-Z did not pay Harrison or Imperial the $95,773.09 for the December 10, 2018 invoice from Imperial.

**RESPONSE:** Objection. This request is vague and ambiguous. A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments; and, therefore, cannot admit or deny.

**RFA NO. 77:** Admit that You did not pay Harrison or Imperial the $95,773.09 for the December 10, 2018 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny. Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 78:** Admit that A-Z received the December 17, 2018 invoice from Imperial for $97,157.26.

**RESPONSE:** Admit

**RFA NO. 79:** Admit that A-Z received the goods reflected on the December 17, 2018 invoice from Imperial for $97,157.26.

**RESPONSE:** Deny. Goods were shorted by $1,824.60.

**RFA NO. 80:** Admit that You knew A-Z received the December 17, 2018 invoice from Imperial for $97,157.26.

**RESPONSE:** Deny

**RFA NO. 81:** Admit that A-Z did not pay Harrison or Imperial the $97,157.26 for the December 17, 2018 invoice from Imperial.

**RESPONSE:** Objection. This request is vague and ambiguous. A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments; and, therefore, cannot admit or deny.

**RFA NO. 82:** Admit that You did not pay Harrison or Imperial the $97,157.26 for the December 17, 2018 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny. Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 83:** Admit that A-Z received the December 17, 2018 invoice from Imperial for $93,210.19.

**RESPONSE:** Admit

**RFA NO. 84:** Admit that A-Z received the goods reflected on the December 17, 2018 invoice from Imperial for $93,210.19.

**RESPONSE:** Admit

**RFA NO. 85:** Admit that You knew A-Z received the December 17, 2018 invoice from Imperial for $93,210.19.

**RESPONSE:** Deny

**RFA NO. 86:** Admit that A-Z did not pay Harrison or Imperial the $93,210.19 for the December 17, 2018 invoice from Imperial.

**RESPONSE:** Objection. This request is vague and ambiguous. A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments; and, therefore, cannot admit or deny.

**RFA NO. 87:** Admit that You did not pay Harrison or Imperial the $93,210.19 for the December 17, 2018 invoice from Imperial.

APP 88

**RESPONSE:** Objection. The request is vague and ambiguous. Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny. Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 88:** Admit that A-Z received the December 26, 2018 invoice from Imperial for $62,816.49.

**RESPONSE:** Admit

**RFA NO. 89:** Admit that A-Z received the goods reflected on the December 26, 2018 invoice from Imperial for $62,816.49.

**RESPONSE:** Admit

**RFA NO. 90:** Admit that You knew A-Z received the December 26, 2018 invoice from Imperial for $62,816.49.

**RESPONSE:** Deny

**RFA NO. 91:** Admit that A-Z did not pay Harrison or Imperial the $62,816.49 for the December 26, 2018 invoice from Imperial.

**RESPONSE:** Objection. This request is vague and ambiguous. A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments; and, therefore, cannot admit or deny.

**RFA NO. 92:** Admit that You did not pay Harrison or Imperial the $62,816.49 for the December 26, 2018 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny. Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 93:** Admit that A-Z received the December 26, 2018 invoice from Imperial for $49,212.02.

**RESPONSE:** Admit

**RFA NO. 94:** Admit that A-Z received the goods reflected on the December 26, 2018 invoice from Imperial for $49,212.02.

**RESPONSE:** Deny.  Goods were shorted by $65.09.


**RFA NO. 95:** Admit that You knew A-Z received the December 26, 2018 invoice from Imperial for $49,212.02.

**RESPONSE:** Deny


**RFA NO. 96:** Admit that A-Z did not pay Harrison or Imperial the $49,212.02 for the December 26, 2018 invoice from Imperial.

**RESPONSE:**  Objection.  This request is vague and ambiguous.  A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments; and, therefore, cannot admit or deny.


**RFA NO. 97:** Admit that You did not pay Harrison or Imperial the $49,212.02 for the December 26, 2018 invoice from Imperial.

**RESPONSE:**  Objection.  The request is vague and ambiguous.  Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny.  Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.


**RFA NO. 98:** Admit that A-Z received the January 2, 2018 invoice from Imperial for $52,215.72.

**RESPONSE:** Admit


**RFA NO. 99:** Admit that A-Z received the products reflected on the January 2, 2018 invoice from Imperial for $52,215.72.

**RESPONSE:** Admit


**RFA NO. 100:** Admit that You knew A-Z received the January 2, 2018 invoice from Imperial for $52,215.72.

**RESPONSE:** Deny

APP 90

**RFA NO. 101:** Admit that A-Z did not pay Harrison or Imperial the $52,215.72 for the January 2, 2019 invoice from Imperial.

**RESPONSE:** Objection. This request is vague and ambiguous. A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments; and, therefore, cannot admit or deny.

**RFA NO. 102:** Admit that You did not pay Harrison or Imperial the $52,215.72 for the January 2, 2019 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny. Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 103:** Admit that A-Z received the January 2, 2019 invoice from Imperial for $64,300.37.

**RESPONSE:** Admit

**RFA NO. 104:** Admit that A-Z received the goods reflected on the January 2, 2019 invoice from Imperial for $64,300.37.

**RESPONSE:** Admit

**RFA NO. 105:** Admit that You knew A-Z received the January 2, 2019 invoice from Imperial for $64,300.37.

**RESPONSE:** Deny

**RFA NO. 106:** Admit that A-Z did not pay Harrison or Imperial the $64,300.37 for the January 2, 2019 invoice from Imperial.

**RESPONSE:** Objection. This request is vague and ambiguous. A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments; and, therefore, cannot admit or deny.

**RFA NO. 107:** Admit that You did not pay Harrison or Imperial the $64,300.37 for the January 2, 2019 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny. Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 108:** Admit that A-Z received the January 7, 2019 invoice from Imperial for $67,740.70.

**RESPONSE:** Admit

**RFA NO. 109:** Admit that A-Z received the goods reflected on the January 7, 2019 invoice from Imperial for $67,740.70.

**RESPONSE:** Admit

**RFA NO. 110:** Admit that You knew A-Z received the January 7, 2019 invoice from Imperial for $67,740.70.

**RESPONSE:** Deny

**RFA NO. 111:** Admit that A-Z did not pay Harrison or Imperial the $67,740.70 for the January 7, 2019 invoice from Imperial.

**RESPONSE:** Objection. This request is vague and ambiguous. A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments; and, therefore, cannot admit or deny.

**RFA NO. 112:** Admit that You did not pay Harrison or Imperial the $67,740.70 for the January 7, 2019 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny. Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 113:** Admit that A-Z received the January 7, 2019 invoice from Imperial for $73,867.04.

**RESPONSE:** Admit

**RFA NO. 114:** Admit that A-Z received the goods reflected on the January 7, 2019 invoice from Imperial for $73,867.04.

**RESPONSE:** Deny.  Goods were shorted by $285.18.

**RFA NO. 115:** Admit that You knew A-Z received the January 7, 2019 invoice from Imperial for $73,867.04.

**RESPONSE:** Deny

**RFA NO. 116:** Admit that A-Z did not pay Harrison or Imperial the $73,867.04 for the January 7, 2019 invoice from Imperial.

**RESPONSE:** Objection.  This request is vague and ambiguous.  A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments; and, therefore, cannot admit or deny.

**RFA NO. 117:** Admit that You did not pay Harrison or Imperial the $73,867.04 for the January 7, 2019 invoice from Imperial.

**RESPONSE:** Objection.  The request is vague and ambiguous.  Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny.  Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 118:** Admit that A-Z received the January 14, 2019 invoice from Imperial for $69,196.02.

**RESPONSE:** Admit

**RFA NO. 119:** Admit that A-Z received the goods reflected on the January 14, 2019 invoice from Imperial for $69,196.02.

**RESPONSE:** Deny.  Goods were shorted by $937.76.

**RFA NO. 120:** Admit that You knew A-Z received the January 14, 2019 invoice from Imperial for $69,196.02.

**RESPONSE:** Deny

**RFA NO. 121:** Admit that A-Z did not pay Harrison or Imperial the $69,196.02 for the January 14, 2019 invoice from Imperial.

**RESPONSE:** Objection. This request is vague and ambiguous. A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments; and, therefore, cannot admit or deny.

**RFA NO. 122:** Admit that You did not pay Harrison or Imperial the $69,196.02 for the January 14, 2019 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny. Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 123:** Admit that A-Z received the January 21, 2019 invoice from Imperial for $57,993.27.

**RESPONSE:** Admit

**RFA NO. 124:** Admit that A-Z received the goods reflected on the January 21, 2019 invoice from Imperial for $57,993.27.

**RESPONSE:** Admit

**RFA NO. 125:** Admit that You knew A-Z received the January 21, 2019 invoice from Imperial for $57,993.27.

**RESPONSE:** Deny

**RFA NO. 126:** Admit that A-Z did not pay Harrison or Imperial the $57,993.27 for the January 21, 2019 invoice from Imperial.

**RESPONSE:** Objection. This request is vague and ambiguous. A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments; and, therefore, cannot admit or deny.

**RFA NO. 127:** Admit that You did not pay Harrison or Imperial the $57,993.27 for the January 21, 2019 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny. Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 128:** Admit that A-Z received the January 21, 2019 invoice from Imperial for $51,189.51.

**RESPONSE:** Admit

**RFA NO. 129:** Admit that A-Z received the goods reflected on the January 21, 2019 invoice from Imperial for $51,189.51.

**RESPONSE:** Admit

**RFA NO. 130:** Admit that You knew A-Z received the January 21, 2019 invoice from Imperial for $51,189.51.

**RESPONSE:** Deny

**RFA NO. 131:** Admit that A-Z did not pay Harrison or Imperial the $51,189.51 for the January 21, 2019 invoice from Imperial.

**RESPONSE:** Objection. This request is vague and ambiguous. A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments; and, therefore, cannot admit or deny.

**RFA NO. 132:** Admit that You did not pay Harrison or Imperial the $51,189.51 for the January 21, 2019 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny. Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 133:** Admit that A-Z received the January 28, 2019 invoice from Imperial for $78,844.92.

**RESPONSE:** Admit

**RFA NO. 134:** Admit that A-Z received the goods reflected on the January 28, 2019 invoice from Imperial for $78,844.92.

**RESPONSE:** Admit

**RFA NO. 135:** Admit that You knew A-Z received the January 28, 2019 invoice from Imperial for $78,844.92.

**RESPONSE:** Deny

**RFA NO. 136:** Admit that A-Z did not pay Harrison or Imperial the $78,844.92 for the January 28, 2019 invoice from Imperial.

**RESPONSE:** Objection. This request is vague and ambiguous. A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments; and, therefore, cannot admit or deny.

**RFA NO. 137:** Admit that You did not pay Harrison or Imperial the $78,844.92 for the January 28, 2019 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny. Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 138:** Admit that A-Z received the January 28, 2019 invoice from Imperial for $61,754.76.

**RESPONSE:** Admit

**RFA NO. 139:** Admit that A-Z received the goods reflected on the January 28, 2019 invoice from Imperial for $61,754.76.

**RESPONSE:** Admit

**RFA NO. 140:** Admit that You knew A-Z received the January 28, 2019 invoice from Imperial for $61,754.76.

**RESPONSE:** Deny

**RFA NO. 141:** Admit that A-Z did not pay Harrison or Imperial the $61,754.76 for the January 28, 2019 invoice from Imperial.

**RESPONSE:** Objection. This request is vague and ambiguous. A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments; and, therefore, cannot admit or deny.

**RFA NO. 142:** Admit that You did not pay Harrison or Imperial the $61,754.76 for the January 28, 2019 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny. Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 143:** Admit that A-Z received the February 4, 2019 invoice from Imperial for $52,434.50.

**RESPONSE:** Admit

**RFA NO. 144:** Admit that A-Z received the goods reflected on the February 4, 2019 invoice from Imperial for $52,434.50.

**RESPONSE:** Admit

**RFA NO. 145:** Admit that You knew A-Z received the February 4, 2019 invoice from Imperial for $52,434.50.

**RESPONSE:** Deny

**RFA NO. 146:** Admit that A-Z did not pay Harrison or Imperial the $52,434.50 for the February 4, 2019 invoice from Imperial.

**RESPONSE:** Objection. This request is vague and ambiguous. A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments; and, therefore, cannot admit or deny.

**RFA NO. 147:** Admit that You did not pay Harrison or Imperial the $52,434.50 for the February 4, 2019 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny. Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 148:** Admit that A-Z received the February 4, 2019 invoice from Imperial for $51,237.44.

**RESPONSE:** Admit

**RFA NO. 149:** Admit that A-Z received the goods reflected on the February 4, 2019 invoice from Imperial for $51,237.44.

**RESPONSE:** Deny. Goods were shorted by $780.24.

**RFA NO. 150:** Admit that You knew A-Z received the February 4, 2019 invoice from Imperial for $51,237.44.

**RESPONSE:** Deny

**RFA NO. 151:** Admit that A-Z did not pay Harrison or Imperial the $51,237.44 for the February 4, 2019 invoice from Imperial.

**RESPONSE:** Objection. This request is vague and ambiguous. A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments; and, therefore, cannot admit or deny.

**RFA NO. 152:** Admit that You did not pay Harrison or Imperial the $51,237.44 for the February 4, 2019 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny. Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 153:** Admit that A-Z received the February 11, 2019 invoice from Imperial for $73,970.96.

**RESPONSE:** Admit

**RFA NO. 154:** Admit that A-Z received the goods reflected on the February 11, 2019 invoice from Imperial for $73,970.96.

**RESPONSE:** Admit

**RFA NO. 155:** Admit that You knew A-Z received the February 11, 2019 invoice from Imperial for $73,970.96.

**RESPONSE:** Deny

**RFA NO. 156:** Admit that A-Z did not pay Harrison or Imperial the $73,970.96 for the February 11, 2019 invoice from Imperial.

**RESPONSE:** Objection. This request is vague and ambiguous. A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments; and, therefore, cannot admit or deny.

**RFA NO. 157:** Admit that You did not pay Harrison or Imperial the $73,970.96 for the February 11, 2019 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny. Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 158:** Admit that A-Z received the February 11, 2019 invoice from Imperial for $69,427.07.

**RESPONSE:** Admit

**RFA NO. 159:** Admit that A-Z received the goods reflected on the February 11, 2019 invoice from Imperial for $69,427.07.

**RESPONSE:** Deny. Goods were shorted by $41.82.

**RFA NO. 160:** Admit that You knew A-Z received the February 11, 2019 invoice from Imperial for $69,427.07.

**RESPONSE:** Deny

**RFA NO. 161:** Admit that A-Z did not pay Harrison or Imperial the $69,427.07 for the February 11, 2019 invoice from Imperial.

**RESPONSE:** Objection. This request is vague and ambiguous. A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments; and, therefore, cannot admit or deny.

**RFA NO. 162:** Admit that You did not pay Harrison or Imperial the $69,427.07 for the February 11, 2019 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny. Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 163:** Admit that A-Z received the February 18, 2018 invoice from Imperial for $53,936.77.

**RESPONSE:** Admit for 2019.

**RFA NO. 164:** Admit that A-Z received the goods reflected on the February 18, 2018 invoice from Imperial for $53,936.77.

**RESPONSE:** Deny. Goods on 2019 invoices were shorted by $156.36.

**RFA NO. 165:** Admit that You knew A-Z received the February 18, 2018 invoice from Imperial for $53,936.77.

**RESPONSE:** Deny

**RFA NO. 166:** Admit that A-Z did not pay Harrison or Imperial the $53,936.77 for the February 18, 2019 invoice from Imperial.

**RESPONSE:** Objection. This request is vague and ambiguous. A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments; and, therefore, cannot admit or deny.

**RFA NO. 167:** Admit that You did not pay Harrison or Imperial the $53,936.77 for the February 18, 2019 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny. Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 168:** Admit that A-Z received the February 18, 2019 invoice from Imperial for $55,853.63.

**RESPONSE:** Admit

**RFA NO. 169:** Admit that A-Z received the goods reflected on the February 18, 2019 invoice from Imperial for $55,853.63.

**RESPONSE:** Admit

**RFA NO. 170:** Admit that You knew A-Z received the February 18, 2019 invoice from Imperial for $55,853.63.

**RESPONSE:** Deny

**RFA NO. 171:** Admit that A-Z did not pay Harrison or Imperial the $55,853.63 for the February 18, 2019 invoice from Imperial.

**RESPONSE:** Objection. This request is vague and ambiguous. A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments; and, therefore, cannot admit or deny.

**RFA NO. 172:** Admit that You did not pay Harrison or Imperial the $55,853.63 for the February 18, 2019 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny. Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 173:** Admit that A-Z received the February 25, 2019 invoice from Imperial for $71,912.55.

**RESPONSE:** Admit

**RFA NO. 174:** Admit that A-Z received the goods reflected on the February 25, 2019 invoice from Imperial for $71,912.55.

**RESPONSE:** Admit

**RFA NO. 175:** Admit that You knew A-Z received the February 25, 2019 invoice from Imperial for $71,912.55.

**RESPONSE:** Deny

**RFA NO. 176:** Admit that A-Z did not pay Harrison or Imperial the $71,912.55 for the February 25, 2019 invoice from Imperial.

**RESPONSE:** Objection. This request is vague and ambiguous. A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments; and, therefore, cannot admit or deny.

**RFA NO. 177:** Admit that You did not pay Harrison or Imperial the $71,912.55 for the February 25, 2019 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny. Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 178:** Admit that A-Z received the February 25, 2019 invoice from Imperial for $60,802.34.

**RESPONSE:** Deny. Invoice was for $68,802.34.

**RFA NO. 179:** Admit that A-Z received the goods reflected on the February 25, 2019 invoice from Imperial for $60,802.34.

**RESPONSE:** Deny. Invoice was for $68,802.34.

**RFA NO. 180:** Admit that You knew A-Z received the February 25, 2019 invoice from Imperial for $60,802.34.

**RESPONSE:** Deny

**RFA NO. 181:** Admit that A-Z did not pay Harrison or Imperial the $60,802.34 for the February 25, 2019 invoice from Imperial.

**RESPONSE:** Objection. This request is vague and ambiguous. A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments; and, therefore, cannot admit or deny.

**RFA NO. 182:** Admit that You did not pay Harrison or Imperial the $60,802.34 for the February 25, 2019 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny. Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 183:** Admit that A-Z received the March 4, 2019 invoice from Imperial for $69,472.08.

**RESPONSE:** Admit

**RFA NO. 184:** Admit that A-Z received the goods reflected on the March 4, 2019 invoice from Imperial for $69,472.08

**RESPONSE:** Deny  Goods were shorted by $1,152.70.

**RFA NO. 185:** Admit that You knew A-Z received the March 4, 2019 invoice from Imperial for $69,472.08.

**RESPONSE:** Deny

**RFA NO. 186:** Admit that A-Z did not pay Harrison or Imperial the $69,472.08 for the March 4, 2019 invoice from Imperial.

**RESPONSE:** Objection. This request is vague and ambiguous. A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments; and, therefore, cannot admit or deny.

**RFA NO. 187:** Admit that You did not pay Harrison or Imperial the $69,472.08 for the March 4, 2019 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny. Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

**RFA NO. 188:** Admit that A-Z received the March 4, 2019 invoice from Imperial for $70,833.64.

**RESPONSE:** Admit

**RFA NO. 189:** Admit that A-Z received the goods reflected on the March 4, 2019 invoice from Imperial for $70,833.64

**RESPONSE:** Deny. Goods were shorted by $20.91.

**RFA NO. 190:** Admit that You knew A-Z received the March 4, 2019 invoice from Imperial for $70,833.64.

**RESPONSE:** Deny

**RFA NO. 191:** Admit that A-Z did not pay Harrison or Imperial the $70,833.64 for the March 4, 2019 invoice from Imperial.

**RESPONSE:** Objection. This request is vague and ambiguous. A-Z made payments to Imperial, but A-Z does not know how Imperial applied those payments; and, therefore, cannot admit or deny.

**RFA NO. 192:** Admit that You did not pay Harrison or Imperial the $70,833.64 for the March 4, 2019 invoice from Imperial.

**RESPONSE:** Objection. The request is vague and ambiguous. Ali, through A-Z, made payments to Imperial, but neither Ali nor A-Z knows how Imperial applied those payments; and, therefore, cannot admit or deny. Ali did not owe Imperial, nor was Ali obligated to pay Imperial for the invoice made the subject of this request.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:** State all reasons for your denial in Paragraph 7 of Defendants' Original Answer that the Credit Agreement constitutes the entirety of the agreement between the parties. Identify all documents, terms, and/or provisions You contend comprise the entire

agreement between the parties, and identify all persons with knowledge of facts and circumstances you contend support your denial.

**RESPONSE:** Ali objects to this interrogatory because it improperly requires him to marshal his evidence.

Ali further objects because this interrogatory contains subparts that must be counted as three separate interrogatories.

The Credit Agreement and Guarantee are the entirety of the agreement between Ali and Harrison. But none of the products at issue in this lawsuit were delivered by Harrison; rather, they were all delivered by Imperial. No Credit Agreement or Guarantee exists between either A-Z or Ali, on the one hand, and Imperial. A-Z and Imperial reached an agreement for any debt that Imperial claimed was owed on the product delivered by Imperial, and Imperial breached that agreement, thereby relieving A-Z of any obligation to further comply with such agreement. Oral communications and related correspondence between A-Z and Imperial constitutes the agreement between A-Z and Imperial. Persons with knowledge are Barkat Ali, Amar Ali, Wayne Baquet, Brad Prendergast, and Brad Albritton.

**INTERROGATORY NO. 2:** State all reasons for Your denial in Paragraph 9 of Defendants' Original Answer that A-Z ordered various quantities of tobacco products and other sundries from Harrison, which Harrison supplied through Imperial, under the Credit Agreement. If applicable, identify in Your response all products ordered by A-Z through Harrison that You contend Harrison did not supply through Imperial, and/or each (if any) instance You contend Harrison supplied products to A-Z contrary to the terms of the Credit Agreement.

**RESPONSE:** Ali objects to this interrogatory because it improperly requires Ali to marshal his evidence.

Ali further objects because this interrogatory contains subparts that must be counted as three separate interrogatories.

A-Z neither ordered product from Harrison nor received product from Harrison from October 22, 2018 through March 4, 2019.

A-Z ordered product from Imperial – not Harrison - and received product from Imperial – not Harrison- from October 22, 2018 through March 4, 2019. To the extent that there is a dispute regarding payments and credits, the dispute is with Imperial, not Harrison.

**INTERROGATORY NO. 3:** State all reasons for Your denial in Paragraph 10 of Defendants' Original Answer that A-Z placed orders through Harrison. Include all facts and circumstances you contend support your denial, identify all persons with knowledge thereof, and identify all documents you contend support your denial.

**RESPONSE:** Ali objects to this interrogatory as being vague and ambiguous, especially in light of the wording of the complaint, the directions and definitions to these discovery requests and the discovery requests themselves.

Ali objects to this interrogatory because it improperly requires Ali to marshal his evidence.

Ali further objects because this interrogatory contains subparts that must be counted as two separate interrogatories.

A-Z initially ordered and received product from Harrison, but Harrison quit accepting orders and providing product. Instead, all the product at issue was ordered from and received from Imperial.
Persons with knowledge are Barkat Ali, Amar Ali, Wayne Baquet, Brad Prendergast, and Brad Albritton.

**INTERROGATORY NO. 4:** State all reasons for Your denial in Paragraphs 11, 14, and 19 of Defendants' Original Answer that the total amount outstanding, due, and unpaid by A-Z and Ali to Harrison, as invoiced, is $2,574,885.73. Identify in your answer all persons with knowledge of the facts and circumstances included in Your response, the amount you contend is due, your method of calculation, and identify all documents You contend support Your denial.

**RESPONSE:**

**RESPONSE:** Ali objects to this interrogatory because it improperly requires Ali to marshal his evidence.

Ali further objects because this interrogatory contains subparts that must be counted as seven separate interrogatories (three separate paragraphs in the complaint as to two separate parties – A-Z and Ali – for six separate interrogatories, plus on seeking the identification of persons having knowledge).

Neither Ali nor A-Z ever owed Harrison any of the amounts claimed because neither A-Z nor Ali ordered or received the product at issue from Harrison. Rather, it was all ordered and received from Imperial. Ali never made any guarantee in favor of Imperial. Imperial claimed that A-Z owed it money, and the those two entities entered into an agreement related to that dispute. Specifically, A-Z and Imperial reached an agreement for any debt that Imperial claimed was owed on the product delivered by Imperial, and, even though A-Z made payments under that agreement, Imperial breached that agreement, thereby relieving A-Z of any obligation to further comply with such agreement. Zero is the amount due. Oral communications and related correspondence between A-Z and Imperial constitutes the agreement between Ali and Imperial. Persons with knowledge are Barkat Ali, Amar Ali, Wayne Baquet, Brad Prendergast, and Brad Albritton.

**INTERROGATORY NO. 5:** State all reasons for Your denial in Paragraphs 12, 15, 18, and 22 of Defendants' Original Answer that A-Z and Ali are in default of the Credit agreement because they have failed and refused, and continue to fail and refuse, to pay the amounts due and owing to Harrison. Include in Your answer the date and amount of each payment you contend Ali and Ali made on any invoice between October 22, 2018 and March 4, 2019.

**RESPONSE:** Ali objects to this interrogatory because it improperly requires Ali to marshal his evidence.

Ali further objects because this interrogatory contains subparts that must be counted as eight separate interrogatories (four separate paragraphs in the complaint as to two separate parties – A-Z and Ali – for eight separate interrogatories).

Neither A-Z nor Ali could be in default of the Credit Agreement because they never owed Harrison any of the amounts claimed because neither A-Z nor Ali order or received the product at issue from Harrison.  Rather, it was all ordered and received from Imperial. Ali never made any guarantee in favor of Imperial.  Imperial claimed that A-Z owed it money, and the those two entities entered into an agreement related to that dispute. Specifically, A-Z and Imperial reached an agreement for any debt that Imperial claimed was owed on the product delivered by Imperial, and, even though A-Z made payments under that agreement, Imperial breached that agreement, thereby relieving A-Z of any obligation to further comply with such agreement.  Zero is the amount due.

**INTERROGATORY NO. 6:** State all reasons for Your denial in Paragraphs 17 and 25 of Defendants' Original Answer that Harrison has performed all conditions precedent, covenants, and promises required of it pursuant to the Credit Agreement that have not been waived. Identify all conditions precedent, covenants, or promises that you contend Harrison failed to perform, identify all persons with knowledge of facts you contend corroborate your claim, and identify all documents you contend support Your denial.

**RESPONSE:** Ali objects to this interrogatory because it improperly requires Ali to marshal his evidence.

Ali further objects because this interrogatory contains subparts that must be counted as four separate interrogatories (two separate paragraphs in the complaint as to two separate issues – conditions precedent and covenants of promises).

Ali further objects because this interrogatory and all its subparts, along with all the other subparts of the previous interrogatories exceeds the 25 interrogatories permitted by Rule 33.

In order for either A-Z or Ali to have any obligation at all to Harrison, Harrison first had to deliver product to Ali, and none of the product at issue in this lawsuit was ordered or received from, or delivered by, Harrison; and, therefore, no promise or condition precedent was ever fulfilled by Harrison.

**INTERROGATORY NO. 7:** State all reasons for Your denial in Paragraph 21 of Defendants' Original Answer that Harrison required a guarantor to extend Credit to A-Z and that Harrison relied on Your guarantee to extend credit to A-Z. Identify in Your response all persons with knowledge thereof and identify all documents you contend support Your denial.

**RESPONSE:** Ali objects to this interrogatory because it improperly requires Ali to marshal his evidence.

Ali further objects because this interrogatory and all its subparts, along with all the other subparts of the previous interrogatories exceeds the 25 interrogatories permitted by Rule 33.

Harrison did not extend credit to either A-Z or Ali relative to any of the product at issue in this case.

## REQUESTS FOR PRODUCTION

Please produce any document that contains, concerns, embodies, refers to, relates to, analyzes, summarizes, evaluates, discusses, reports, explains, supports, corroborates, substantiates, confirms, disputes, refutes, contradicts, forms a basis of or otherwise contains information about the following:

A-Z objects to this preface to the requests for production because it is vague, ambiguous and utterly confusing and is overly broad and unreasonably burdensome. A-Z further objects because this preface is so overly broad that applying it would result in each request failing to identify with reasonable particularity the material sought.

**RFP NO. 1:** the entire agreement between the parties in accordance with Your denial in Paragraph 7 of Defendants' Original Answer that the Credit Agreement constitutes the entirety of the agreement.

**RESPONSE:** The agreement was a combination of oral and written communications. The written communications will be produced.

**RFP NO. 2:** credits You contend were offered or agreed to by Harrison or Imperial on any order or product during the Relevant Period.

**RESPONSE:** The rebates or credits were in a combination of oral and written communications. The written communications will be produced.

**RFP NO. 3:** communications between You and Ali from October 22, 2018 to the present that relate to Harrison, Imperial, and/or the Credit Agreement. This request includes, but is not limited to, communications relating to payment of any invoice from Imperial and/or Harrison,

Ali's orders of Harrison and/or Imperial products, and/or Your guarantee of the Credit Agreement.

**RESPONSE:** Ali objects to this request because it fails to identify with reasonable particularity each item or category of item to be produced. Ali further objects because the request is vague and ambiguous and seems to improperly seek all communications, without regard to whether such communications are in any way related to any claim made in this lawsuit. Ali further objects because this request is harassing in that it obviously improperly seeks the disclosure of information shielded from discovery by the attorney-client privilege and the attorney-work-product exemption. Because of the overbreadth of this request, Ali objects to providing any privilege log.

Ali will produce non-privileged and non-exempt communications pertaining to the specifically requested information about payment of invoices and orders.

**RFP NO. 4:** Your payment or attempted payment of any Imperial invoice during the Relevant Period.

**RESPONSE:** Ali will produce responsive documents.

Respectfully submitted,

*/s/ Lars L. Berg*
Lars L. Berg
State Bar No. 00787072
lars.berg@kellyhart.com
Elizabeth A. Cuneo
State Bar No. 24100166
Elizabeth.cuneo@kellyhart.com
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280

**ATTORNEYS FOR DEFENDANTS**

## VERIFICATION

My name is Barkat G. Ali.  I have read the foregoing Responses and Objections to Plaintiff's First Set of Discovery Requests ("Responses").  I have personal knowledge of the answers in the interrogatory responses, and I hereby verify that, based on my personal knowledge, the facts stated in the interrogatory responses are true and correct.

I declare under penalty of perjury that the forgoing is true and correct.

Executed on  December  11  , 2019.

_____

Barkat G. Ali

BARKAT G. ALI'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS       PAGE 36
Ali_s Responses and Objections to Plaintiff_s First Set of Discovery Requests to Ali (1)

APP 110

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 11th day of December, 2019, a true copy of the foregoing was served upon the following counsel of record as follows:

David L. Swanson – via email - dswanson@lockelord.com
Joseph A. Unis, Jr. – via email - junis@lockelord.com
Anna K. Finger – via email - anna.k.finger@lockelord.com


*/s/ Lars L. Berg*
Lars L. Berg

# EXHIBIT E

**Finger, Anna K.**

| | |
|---|---|
| **From:** | Lars Berg <lars.berg@kellyhart.com> |
| **Sent:** | Thursday, January 30, 2020 9:19 PM |
| **To:** | Swanson, David; Finger, Anna K.; Unis, Joseph |
| **Cc:** | Joyce Lindauer; Guy Holman |
| **Subject:** | RE: Civil Action No.: 3:19-cv-01057; Harrison Company, LLC v. A-Z Wholesalers, Inc. and Barkat G. Ali |
| **Attachments:** | image002.png; image003.jpg; image004.gif |

Checking.

Lars L. Berg
Partner



201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 878-3524 (phone)
(817) 878-9280 (fax)
lars.berg@kellyhart.com   www.kellyhart.com

On January 30, 2020 at 2:41:13 PM CST, Swanson, David <dswanson@lockelord.com> wrote:

Lars,

Please let me know when your clients will produce their documents.

Thanks.

David

David L. Swanson
Locke Lord LLP
214.740.8514 (office)
214.695.7389 (mobile)

**From:** Lars Berg <lars.berg@kellyhart.com>
**Sent:** Wednesday, January 22, 2020 10:11 AM
**To:** Swanson, David <dswanson@lockelord.com>; Finger, Anna K. <Anna.K.Finger@lockelord.com>; Unis, Joseph <JUnis@lockelord.com>
**Cc:** Joyce Lindauer <joyce@joycelindauer.com>; Guy Holman <guy@joycelindauer.com>
**Subject:** RE: Civil Action No.: 3:19-cv-01057; Harrison Company, LLC v. A-Z Wholesalers, Inc. and Barkat G. Ali

APP 112

Checking with client now.  I'll be in touch.


Lars L. Berg
Partner



201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 878-3524 (phone)
(817) 878-9280 (fax)
lars.berg@kellyhart.com    www.kellyhart.com


**From:** Swanson, David [mailto:dswanson@lockelord.com]
**Sent:** Tuesday, January 21, 2020 2:52 PM
**To:** Lars Berg; Finger, Anna K.; Unis, Joseph
**Cc:** Joyce Lindauer; Guy Holman
**Subject:** RE: Civil Action No.: 3:19-cv-01057; Harrison Company, LLC v. A-Z Wholesalers, Inc. and Barkat G. Ali
**Importance:** High

Lars,

When will we get the any of, or the remainder of, your clients' document production?  Please advise.

Thanks.

David

David L. Swanson
Locke Lord LLP
214.740.8514 (office)
214.695.7389 (mobile)

**From:** Lars Berg <lars.berg@kellyhart.com>
**Sent:** Tuesday, December 17, 2019 8:42 AM
**To:** Finger, Anna K. <Anna.K.Finger@lockelord.com>; Swanson, David <dswanson@lockelord.com>; Unis, Joseph <JUnis@lockelord.com>
**Subject:** RE: Civil Action No.: 3:19-cv-01057; Harrison Company, LLC v. A-Z Wholesalers, Inc. and Barkat G. Ali


Initial production was just mailed.


Lars L. Berg
Partner



201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 878-3524 (phone)

APP 113

(817) 878-9280 (fax)
lars.berg@kellyhart.com   www.kellyhart.com

---

**From:** Finger, Anna K. [mailto:Anna.K.Finger@lockelord.com]
**Sent:** Monday, December 16, 2019 9:28 AM
**To:** Lars Berg; Swanson, David; Unis, Joseph
**Subject:** RE: Civil Action No.: 3:19-cv-01057; Harrison Company, LLC v. A-Z Wholesalers, Inc. and Barkat G. Ali

Lars,

I am writing to follow up on your email below.  Please let me know when this week we can expect to receive the documents.

Thanks,

**Anna K. Finger**
Associate Attorney
**Locke Lord LLP**
**T:** 214-740-8558

**From:** Lars Berg <lars.berg@kellyhart.com>
**Sent:** Wednesday, December 11, 2019 3:48 PM
**To:** Finger, Anna K. <Anna.K.Finger@lockelord.com>; Swanson, David <dswanson@lockelord.com>; Unis, Joseph <JUnis@lockelord.com>
**Subject:** Re: Civil Action No.: 3:19-cv-01057; Harrison Company, LLC v. A-Z Wholesalers, Inc. and Barkat G. Ali

David,

In the next few days, my clients intend to start a rolling production of documents.

Best,

Lars L. Berg
Partner



201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 878-3524 (phone)
(817) 878-9280 (fax)
lars.berg@kellyhart.com www.kellyhart.com

On December 11, 2019 at 3:32:46 PM CST, Mary Ann Delf <Mary.Ann.Delf@kellyhart.com> wrote:

I have attached defendants' Barkat Ali and A-Z Wholesalers, Inc.'s Responses and Objections to Plaintiff's First Set of Discovery Requests in connection with the above case.

**Mary Ann Delf**

3

*Assistant*



201 MAIN STREET, SUITE 2500
FORT WORTH, TEXAS 76102
TELEPHONE (817) 810-5442
FAX (817) 878-9842
mary.ann.delf@*kellyhart.com*
*www.kellyhart.com*

CONFIDENTIAL NOTICE: This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and which may be legally privileged.  If you have received this communication in error, do not read it.  Please reply to the sender at Kelly Hart & Hallman LLP that you have received the message in error.  Then delete it.  Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.

\<Ali's resp-obj to Plaintiff's First Set of Discovery Requests.pdf\>
\<A-Z's res-0bj to Plaintiff's First Set of Discovery Requests.pdf\>



Atlanta | Austin | Boston | Brussels | Chicago | Cincinnati | Dallas | Hartford | Hong Kong | Houston | London | Los Angeles | Miami | New Orleans | New York | Princeton | Providence | San Francisco | Stamford | Washington DC | West Palm Beach

For more information visit www.lockelord.com

CONFIDENTIALITY NOTICE:
This e-mail and any attached files from Locke Lord LLP may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this e-mail by accident, please notify the sender immediately and destroy this e-mail and all copies of it. We may scan and or monitor emails sent to and from our servers to ensure regulatory compliance to protect our clients and business.

APP 115

# EXHIBIT F

**Finger, Anna K.**

| | |
|---|---|
| **From:** | Finger, Anna K. |
| **Sent:** | Tuesday, February 4, 2020 4:03 PM |
| **To:** | 'Lars Berg'; 'joyce@joycelindauer.com'; 'dian@joycelindauer.com'; 'legalbug3@aol.com'; 'elizabeth.cuneo@kellyhart.com'; 'guy@joycelindauer.com' |
| **Cc:** | Swanson, David; Unis, Joseph |
| **Subject:** | Harrison v. A-Z Discovery |

Lars,

We do not have your clients' complete document production.  Without those documents, we cannot move forward with discovery and schedule depositions.  Our discovery deadline will be here before we know it and, if we have any disagreement over discovery, we'll need time to address it with the court.  Would you please confirm that you will complete your document production by 5:00 p.m. this Friday, 2/7/20?  If that is impossible for some reason, please let me know why it cannot be done.  Failing complete production or some agreed upon date by which it will be done soon, we will have no choice other than to file a motion to compel.  Please consider this email our attempt to confer on this issue under Local Rule 7.1(b).

Call or email us if you have questions or want to discuss.

Thanks,

**Anna K. Finger**
Associate Attorney
**Locke Lord LLP**
2200 Ross Avenue
Suite 2800
Dallas, TX 75201
**T:** 214-740-8558
**F:** 214-740-8800
anna.k.finger@lockelord.com
www.lockelord.com

APP 116