UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HARRISON COMPANY, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-1057-B |
| | § | |
| A-Z WHOLESALERS, INC., and | § | |
| BARKAT G. ALI, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants A-Z Wholesalers, Inc. and Barkat Ali's Motion for Leave to Join a Party (Doc. 17) and Motion for Leave to File First Amended Answer (Doc. 15). For the reasons that follow, the Court **DENIES** the Motion for Leave to Join a Party (Doc. 17) and **GRANTS IN PART** the Motion for Leave to File First Amended Answer (Doc. 15) to the extent it asserts affirmative defenses and makes a jury demand. Accordingly, it is **ORDERED** that Defendants file a renewed Motion for Leave to File First Amended Answer, with the proposed affirmative defenses and jury demand.

I.

FACTUAL BACKGROUND

On March 11, 2011, Plaintiff Harrison and Defendant A-Z executed a credit agreement (the "Credit Agreement") setting forth terms under which Harrison would sell tobacco products and other sundries to A-Z. Doc. 1, Compl., ¶ 7. Simultaneously, Ali executed a personal guaranty (Guarantee) of A-Z's payment and performance under the Credit Agreement. *Id.* ¶ 8.

- 1 -

Thereafter, Harrison alleges A-Z placed orders pursuant to the Credit Agreement, which were supplied and invoiced by Harrison's parent company, Imperial Trading Company, LLC. *Id.* ¶ 9. Harrison claims that, although A-Z remitted payment for Imperial invoices of orders placed through Harrison initially, it did not remit payment for the same regarding 39 invoices concerning orders placed between October 22, 2018, and March 4, 2019, totaling $2,574,885.73. *Id.* ¶¶ 10–11. In response, Imperial and Harrison each sent demand letters to A-Z and Ali for these payments. *Id.* ¶ 12.

Subsequently, Harrison brought causes of action against Defendants for breach of the Credit Agreement and the Guarantee, and requested attorney's fees. *Id.* ¶¶ 16–24.

Defendants filed an Answer to Harrison's Complaint on August 12, 2019. *See* Doc. 5, Defs.' Answer to Compl. Defendants then brought two motions: Motion for Leave to File First Amended Answer (Doc. 15) and Motion for Leave to Join a Party (Doc. 17) to join Imperial. Defendants' Motion for Leave to File First Amended Answer seeks to add affirmative defenses, demand a jury trial, and assert a third-party complaint against Imperial.[1] All briefing has been submitted and the motions are ripe for review.

## II.
## LEGAL STANDARD

A.   *Rule 19*

Under Federal Rule of Civil Procedure 19, a person must be joined as a party to a suit when (1) the person's absence will prevent the court from "accord[ing] complete relief among existing

---

[1] Because the Court denies Defendants' Motion for Leave to Join a Party (Doc. 17), Defendants' Motion for Leave to File First Amended Answer (Doc. 15) is denied to the extent it seeks to assert a third-party claim against Imperial.

parties," or (2) the person claims an interest in the subject of the case, and disposing of the case in the person's absence will either "impair or impede the person's ability to protect the interest," or create a risk of multiple or inconsistent obligations for an existing party because of the interest. FED. R. CIV. P. 19(a)(1). If joining the required person is not feasible, "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." FED. R. CIV. P. 19(b).

B.     *Amendment: Affirmative Defenses*

Courts "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). But this "generous standard is tempered by the necessary power of a district court to manage a case." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003). While Rule 15(a) indicates "a bias in favor of granting leave to amend, leave is by no means automatic." *Southmark Corp. v. Schulte Rother & Zabel (In re Southmark Corp.)*, 88 F.3d 311, 314 (5th Cir. 1996) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1998)). Although the decision to grant leave remains within the district court's discretion, the court must have a "substantial reason" to deny leave. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citation omitted). In its discretion, the Court should consider several factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (alterations in *Rosenzweig*). Absent one of these factors, the court should grant leave. *Id.* (citing *Foman*, 371 U.S. at 182).

C.   *Jury Demand*

Federal Rule of Civil Procedure 39(b) provides that "[i]ssues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." FED. R. CIV. P. 39(b). In determining whether to grant such a motion, a court should consider five factors:

> (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial.

*Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990) (citing *Parrott v. Wilson*, 707 F.2d 1262, 1267(11th Cir. 1983)).

Generally, a "court should grant a jury trial in the absence of strong and compelling reasons to the contrary." *Id.* (quoting *Swofford v. B & W, Inc.*, 336 F.2d 406, 409 (5th Cir. 1991)). However, where a movant presents "no viable reasons for [a] delay" in requesting a jury trial, the court may "assume the delay resulted from mere inadvertence," and does not abuse its discretion by denying the movant's request for a jury trial. *Farias v. Bexar Cty. Bd. of Trs.*, 925 F.2d 866, 873 (5th Cir. 1991).

**III.**

**ANALYSIS**

The Court concludes that Imperial is not a necessary party under Rule 19, but that Defendants should be granted leave to file their First Amended Answer to assert affirmative defenses and demand a jury trial.

A.   *Rule 19*

Defendants have asked the Court to grant leave to join Imperial as either an involuntary plaintiff or a third-party defendant because they believe Imperial is a necessary party under Rule 19. Doc. 18, Defs.' Br., 3. Because the Court concludes that Imperial is not a necessary party under Rule 19, the Court will not distinguish between joining Imperial as an involuntary plaintiff or a third-party defendant.[2]

Harrison has alleged that A-Z breached the Credit Agreement and Ali, the Guarantee. Doc. 1, Compl., ¶¶ 16–22. Defendants contend that, to determine whether A-Z breached the Credit Agreement, the Court must first determine whether Harrison has standing to sue because of non-payment to Imperial and, if so, whether A-Z breached its obligations to Imperial. Doc. 23, Defs.' Reply, 3. According to Defendants, these determinations make Imperial a necessary party for two reasons. First, Defendants argue that the above inquiry frames the interest of Imperial as a central issue, preventing the Court from awarding complete relief. *Id.* Second, Defendants assert that proceeding without Imperial would not necessarily resolve any alleged liability owed Imperial and would create a possibility of double recovery. *Id.*

The Court disagrees, and concludes that Imperial is not a necessary party under Rule 19. The party seeking joinder of a nonparty under Rule 19 "bears the burden of proving that joinder is necessary." *Boundy v. Dolenz*, 2002 WL 1160075, at *5 (N.D. Tex. May 30, 2002) (citing *Nevada Eighty-Eight, Inc. v. Title Ins. Co. of Minn.*, 753 F. Supp. 1516, 1522 (D. Nev. 1990)). The Rule 19

---

[2]Additionally, because Defendants' briefing did not address whether its proposed third-party complaint is proper under Federal Rule of Civil Procedure 14, see generally Doc. 18, Defs.' Br., the Court will not consider this argument.

inquiry is a "highly practical, fact-based decision" invoking case-specific determinations. *GE Bus. Fin. Servs. Inc. v. Sundance Res., Inc.*, 2009 WL 1449052, at *2 (N.D. Tex. May 21, 2009) (quoting *Pulitzer-Poster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986)).

Rule 19(a)(1)(A) classifies a party as necessary when, in its absence, "the court cannot accord complete relief among existing parties[.]" FED. R. CIV. P. 19(a)(1)(A). The focus of this inquiry is the relief between existing parties "and not on the speculative possibility of further litigation between a party and an absent person." *GE Bus. Fin. Servs. Inc.,* 2009 WL 1449052, at *2 (quoting *LLC Corp. v. Pension Benefit Guar. Corp.*, 703 F.2d 301, 325 (8th Cir. 1989)).

Here, the focus of litigation is the alleged breach of the Credit Agreement by A-Z and the resulting liability. *See* Doc. 1, Compl., ¶¶ 16–22. Defendants are correct that the question of whether non-payment to Imperial constituted breach under the Credit Agreement may arise. *See generally BCC Merch. Sols., Inc. v. JetPay, LLC*, 129 F. Supp. 3d 440 (N.D. Tex. 2015) (analyzing whether a parent company had standing to sue on behalf of its subsidiary for breach of a contract signed only by the subsidiary). Regardless, the Court can award complete relief to Harrison without adding Imperial because Harrison has asked only for damages stemming from the alleged breach of the Credit Agreement. *See* Doc. 1, Compl., 4–5. To award such relief, the Court must determine whether the Credit Agreement was breached; doing so requires no one other than the signatories to the Credit Agreement—Harrison and A-Z—to be in this suit. *See Gigi's Cupcakes LLC v. 4 Box LLC*, 2018 WL 3729610, at *3 n.4 (N.D. Tex. Aug. 6, 2018) (noting the Court could award complete relief without joinder because the plaintiff only sought "declarations of obligations" under one contract); *see also Pavecon Holding Co. v. Tuzinski*, 2017 WL 2539414, at *2–3 (E.D. Tex. May 19,

2017) (finding that potential additional claims were insufficient to mandate joinder under Rule 19(a)(1) because they did not affect the court's ability to grant "complete" relief).

Nor is Imperial a necessary party under a double-liability theory. Rule 19(a)(1)(B)(ii) classifies a party as necessary when disposing the action in their absence will "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." FED. R. CIV. P. 19(a)(1)(B)(ii).

In support of their asserted risk of incurring double liability, Defendants argue Harrison's suit is an improper attempt to recover on behalf of its parent, Imperial. Doc. 23, Defs.' Reply, 3–4. Even if true, this does not explain how Defendants may be subject to double liability. If, as Defendants suggest, no breach of the Credit Agreement results from A-Z's non-payment of Imperial invoices, then Harrison would not be entitled to recovery. However, if the Credit Agreement was breached by non-payment of Imperial invoices, only Harrison may recover; Imperial, by contrast, is not a party to the Credit Agreement and is not entitled to any recovery for breach of the Credit Agreement. *See Cooper Indus. LLC v. Am. Int'l Specialty Lines Ins. Co*, 273 F. App'x 297, 305 (5th Cir. 2008) (citing *Valero S. Tex. Processing Co. V. Starr Cty. Appraisal Dist.*, 954 S.W.2d 863, 866 (Tex. App.—San Antonio 1997, pet. denied)) ("It is well-established under Texas law that, absent exceptional circumstances, parent and subsidiary corporations are recognized separate entities."); *MCI Telecomms. Corp. v. Tex. Utils. Elec. Co.*, 995 S.W.2d 647, 650 (Tex. 1999) ("[A] presumption exists that parties contracted for themselves unless it clearly appears that they intended a third party to benefit from the contract."). That Imperial might someday bring causes of action outside the scope of the Credit Agreement is irrelevant. *See Gigi's Cupcakes LLC*, 2018 WL 3729610, at *10 (citing FED. R. CIV. P. 19(a)(1)(B)(ii)) ("Rule 19 is concerned with inconsistent obligations, not

inconsistent judgments."). As such, Defendants have failed to carry their burden to demonstrate that Imperial is a necessary party under Rule 19. Accordingly, Defendants' Motion for Leave to Join a Party (Doc. 17) is **DENIED**.

B.   *Amendment: Affirmative Defenses*

In addition to seeking leave to join Imperial and assert a third-party claim, Defendants seek leave to amend their answer to add various new affirmative defenses and demand a jury trial. Doc. 15, Defs.' Mot. to Amend, Ex. A, Proposed First Am. Answer, ¶¶ 26–46. Defendants filed their motion for leave to amend on December 19, 2019, see Doc. 15, Defs.' Mot. to Amend, the deadline specified in the scheduling order. *See* Doc. 9, Scheduling Order. Harrison claims that Defendants have failed to identify any new underlying facts in their proposed amended answer, and argues that Defendants' delay in asserting their affirmative defenses constitutes undue delay. Doc. 22, Pl.'s Resp., 9–10. Moreover, Harrison contends that, if leave is granted to allow Defendants to assert their affirmative defenses, Harrison would be unfairly prejudiced. *Id.* at 10. In support of the alleged prejudicial effect, Harrison cites its limited discovery requests and the financial burden of compressing the trial schedule to address Defendants' new affirmative defenses. *Id.*

In considering whether there has been undue delay, courts give great weight to whether a motion was made by court-set deadlines. *See Smallwood v. Bank of Am.*, 2011 WL 4941044, at *1 (N.D. Tex. Oct. 17, 2011) ("When . . . a party files a motion for leave to amend by the court-ordered deadline, there is a 'presumption of timeliness.'") (quoting *Poly-Am., Inc. v. Serrot Int'l Inc.*, 2002 WL 206454, at *1 (N.D. Tex. Feb. 7, 2002)). In analyzing whether granting leave to amend would be unduly prejudicial, courts also consider existing discovery deadlines and the extent to which extension of the discovery period may cure any prejudice. *See Chambers v. Soc. Sec. Admin.*, 2019 WL

5697200, at *2 (N.D. Tex. Nov. 4, 2019) (finding no undue delay or prejudice, "especially since there [were] almost two months left until the discovery deadline elapse[d]").

Here, Defendants' motion is their first seeking leave to amend their pleadings and, as discussed, was filed by the deadline specified in the scheduling order. *See Chambers*, 2019 WL 5697200, at *2. The discovery deadline is set for May 17, 2020, and extension of the deadline can cure any prejudice to Harrison imposed by compression of its time to complete discovery. *See id.* Moreover, should Harrison require written interrogatories in excess of its limit, it may request leave under Federal Rule of Civil Procedure 33. FED. R. CIV. P. 33(a)(1). As such, Harrison has not offered a "substantial reason" to deny Defendant's motion to file a first amended answer. *Smith*, 393 F.3d at 595. Accordingly, the Court **GRANTS** Defendants' Motion for Leave to File First Amended Answer (Doc. 15) to the extent that they seek to add affirmative defenses.

C.   *Jury Demand*

The Court will now consider whether to strike Defendants' jury demand. Defendants believe their jury demand must be granted because their time to demand a jury is renewed by their amended answer. Doc. 23, Defs.' Reply, 8–9. Alternatively, Defendants argue that even if the demand was untimely, the Court should grant the demand due to "the absence of strong and compelling reasons to the contrary . . . ." *Id.* at 9 (citing FED. R. CIV. P. 39(b)). In response, Harrison argues Defendants' amended answer does not revive their jury demand and that inadvertence on the part of Defendants' counsel in demanding a jury should not excuse their waiver. Doc. 22, Pl.'s Resp., 10–11. Because the Court concludes granting the jury demand is proper under Rule 39(b), it will not consider whether

the demand was untimely. As noted above, courts consider five factors in a Rule 39(b) analysis.[3] Each of those factors is discussed below.

　　　1.　　Issues best tried to a jury

Generally, facts underlying contract disputes are factors "well within the comprehension of a jury." *Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990). However, given the unique circumstances of the present case, as embodied by Defendants' asserted defenses, see Doc. 15, Defs.' Mot. to Amend, Ex. A, Proposed First Am. Answer ¶¶ 26–46, the facts surrounding the alleged breach of the Credit Agreement are "intertwined with legal issues." *SE Prop. Holdings LLC v. Jordan*, 2012 WL 2436057, at *2 (N.D. Tex. June 27, 2012). As such, this factor is neutral or "slightly in favor of a bench trial." *Id.*

　　　2.　　Disruption of the Court's or an adverse party's schedule

A jury trial will not disrupt the Court's scheduling, and Harrison has not indicated a jury trial would disrupt its schedule. *See* Pl.'s Resp., 10–11. Thus, this factor weighs in favor of a jury trial. *See SE Prop. Holdings LLC*, 2012 WL 2436057, at *2.

---

[3] These factors are:

> (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would disrupt the court schedule or that of an adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial.

*Daniel Int'l Corp.*, 916 F.2d at 1064 (citing *Parrott*, 707 F.2d at 1267).

3. Degree of prejudice to the adverse party

Harrison has not argued that it would be prejudiced by a jury trial. *See* Pl.'s Resp., 10–11. Accordingly, this factor weighs in favor of a jury trial. *See SE Prop. Holdings LLC*, 2012 WL 2436057, at *2.

4. Length of delay in requesting a jury trial

Assuming, without deciding, that Defendants' demand was not renewed by the amended pleadings, the deadline for demanding a jury trial under Rule 38(b) expired on August 26, 2019; Defendants' request, in turn, was made on December 19, 2019. *See* Doc. 15, Defs.' Mot. to Amend. This delay weighs in favor of a bench trial. *See Cross v. Senior Living Props., LLC*, 2008 WL 782657, at *3 (N.D. Tex. Mar. 24, 2008).

5. Reason for tardiness

Harrison argues Defendants' failure to request a jury trial earlier was due to mere inadvertence, which it believes is insufficient to overcome waiver of a jury trial. Doc. 22, Pl.'s Resp., 11. Defendants, by contrast, contend their delay in requesting a jury trial was due to prolonged consideration of the additional litigation costs associated with a jury trial. Doc. 23, Defs.' Reply, 9. Even if Defendants' proffered reasoning amounts to inadvertence, such inadvertence is not a "strong and compelling reason[]" to deny the jury demand. *See SE Prop. Holdings*, 2012 WL 2436057 at *2 (granting a Rule 39(b) motion despite the plaintiff's express admission that the demand's tardiness was due to inadvertence) (quoting *Daniel Int'l Corp.*, 916 F.2d at 1064); *Cross*, 2008 WL 782657, at *3 ("[U]nexcused delay, standing alone, is not a 'strong and compelling' reason for depriving plaintiff of his Seventh Amendment right to trial by jury."). Viewing the five factors together, the Court does not find that Harrison has set forth strong and compelling reasons to deny Defendants' request for

a jury trial. Accordingly, the Court **GRANTS** Defendants' Motion to File First Amended Answer (Doc. 15) to the extent that they seek to demand a jury trial.

## IV.

## CONCLUSION

For the foregoing reasons, the Court finds Imperial is not a necessary party under Rule 19, but that Defendants are entitled to assert affirmative defenses and demand a jury trial. Thus, the Court **DENIES** Defendants' Motion for Leave to Join a Party (Doc. 17) and **GRANTS IN PART** Defendants' Motion for Leave to File First Amended Answer (Doc. 15) to the extent it seeks to assert additional affirmative defenses and demand a jury trial. It is **ORDERED** that Defendants file a renewed Motion for Leave to File First Amended Answer, with the proposed affirmative defenses and jury demand.

**SO ORDERED.**

**SIGNED: February 26, 2020**.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE