Joyce W. Lindauer
State Bar No. 21555700
Jeffery M. Veteto
State Bar No. 24098548
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
12720 Hillcrest Road, Suite 625
Dallas, TX 75230
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **HARRISON COMPANY, LLC.,** § § **Plaintiff,** § § v. § § **A-Z WHOLESALERS, INC., and** § **BARKAT G. ALI,** § § **Defendants.** § | Civil Action No.: 3:19-cv-01057-B |

**<u>RENEWED MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER</u>**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE**:

COMES NOW, A-Z Wholesalers, Inc., and Barkat Ali, (collectively, "<u>Defendants</u>"), pursuant to the Court's *Memorandum Opinion and Order* [D.E. 31] (the "<u>Order</u>"), files their *Renewed Motion for Leave to File First Amended Answer* (the "<u>Renewal</u>"), with proposed affirmative defenses and jury demand, and in support thereof states as follows:

**BACKGROUND**

1.  On February 26, 2020, the Court rendered its Order, instructing Defendants to file a Renewed Motion for Leave to File First Amended Answer, with proposed affirmative defenses and jury demand.

2.	Pursuant to the Court's directive, the Defendants' hereby file their Renewal, attaching as Exhibit "A" thereto their First Amended Answer, with proposed affirmative defenses and jury demand.

WHEREFORE, PREMISES CONSIDERED, for all the reasons stated herein, the Court should enter an order granting the Defendants Renew Motion for Leave and instruct the clerk to enter onto the docket Defendants' *First Amended Answer*.

DATED: February 26, 2020.

Respectfully submitted,

 /s/ Joyce W. Lindauer
Joyce W. Lindauer
State Bar No. 21555700
Jeffery M. Veteto
State Bar No. 24098548
Guy Harvey Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
12720 Hillcrest Road, Suite 625
Dallas, Texas 75230
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
joyce@joycelindauer.com
jeff@joycelindauer.com
guy@joycelindauer.com
**ATTORNEYS FOR DEFENDANTS**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 26, 2020, a true and correct copy of the foregoing was served on all parties via the Court's ECF system.

 /s/ Joyce W. Lindauer
Joyce W. Lindauer

# EXHIBIT "A"

Joyce W. Lindauer
State Bar No. 21555700
Jeffery M. Veteto
State Bar No. 24098548
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
12720 Hillcrest Road, Suite 625
Dallas, TX 75230
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **HARRISON COMPANY, LLC.,** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No.: 3:19-cv-01057-B | |
| § | | |
| **A-Z WHOLESALERS, INC., and** § | JURY TRIAL DEMANDED | |
| **BARKAT G. ALI,** § | | |
| § | | |
| Defendants. § | | |

## DEFENDANTS' FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES

Defendants, A-Z Wholesalers, Inc. ("A-Z") and Barkat G. Ali ("Ali") (collectively "Defendants"), file their *First Amended Answer* (the "Answer"), responding to *Plaintiff's Original Complaint* (the "Complaint"), filed by Plaintiff, Harrison Company, L.L.C. ("Harrison"). The following sections and numbered paragraphs correspond to the sections and numbered paragraphs in the Complaint. To the extent the allegations within *Plaintiff's Original Complaint* are not expressly admitted, they are hereby denied. All answers and defenses are admitted or denied as to all named defendants except were explicitly noted.

**DEFENDANTS DEMAND TRIAL BY JURY PURSUANT TO FRCP 38 AND 39.**

## PARTIES

1. Defendants admit the allegations in paragraph 1.

2. Defendants admit the allegations in paragraph 2.

3. Defendants admit only that Ali is an individual, and they deny the remaining allegations in paragraph 3.

## JURISDICTION AND VENUE

4. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 4.

5. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 5.

6. Defendants admit the allegations in paragraph 6, but deny that Plaintiff are entitled to any relief whatsoever in this action.

## FA CTUAL BACKGROUND

7. Defendants admit the allegations in paragraph 7, but deny that the "Credit Agreement" constitutes the entirety of the agreement.

8. Defendants admit the allegations in paragraph 8, but deny that Plaintiff is entitled to any relief whatsoever in this action.

9. Defendants deny the allegations in paragraph 9.

10. Defendants admit only that they received invoices from Imperial and that they paid Imperial's invoices, but Defendants deny the remaining allegations in paragraph 10.

11. Defendants admit only that Imperial sent A-Z invoices, but deny the remaining allegations in paragraph 11.

12. Defendants admit only that they received demand letters, but deny the remaining allegations in paragraph 12, and further denies that Plaintiff is entitled to any relief whatsoever in this action.

13. Defendants admit only that Imperial (i) filed a state-court action against A-Z, Ali, and others and (ii) obtained through an *ex-parte* hearing before an associate judge the appointment of a receiver. The very next day, the district-court judge heard from defendants and dissolved the receivership. The request for a receivership was groundless and brought in bad faith and solely for the purposes of harassment. Defendants lack sufficient knowledge or information to form a belief about the remaining allegations in paragraph 13.

14. Defendants deny the allegations in paragraph 14.

15. Defendants deny the allegations in paragraph 15, except that they admit Harrison hired lawyers.

## CAUSES OF ACTION

**Count One - Breach of Contract:**

16. Defendants adopt by reference their responses to paragraphs 1 through 15 as if fully set forth herein.

17. Defendants admit only that the Credit Agreement was executed by Ali, but deny the remaining allegations in paragraph 17.

18. Defendants deny the allegations in paragraph 18.

19. Defendants deny the allegations in paragraph 19.

**Count 2 - Suit on Ali's Guarantee:**

20. Defendants adopt by reference their responses to paragraphs 1 through 19 as if fully set forth herein.

21. Defendants admit only that Ali executed and delivered a guarantee to Harrison, but they deny the remaining allegations in paragraph 21.

22. Defendants admit only that Harrison and Imperial made demands on them, but they deny the remaining allegations in paragraph 22.

**Court 3 - Attorneys' Fees:**

23. Defendants adopt by reference their responses to paragraphs 1 through 22 as if fully set forth herein.

24. Defendants admit only that the Credit Agreement and Guarantee contain a provision providing for the recovery of reasonable attorneys' fees, but Defendants deny the remaining allegations in paragraph 24.

**CONDITIONS PRECEDENT**

25. Defendants deny the allegations in paragraph 25.

**AFFIRMATIVE AND OTHER DEFENSES**

In asserting these defenses, Defendants do not assume the burden of proof on any matters for which Plaintiff rightfully bears the burden of proof.  In addition, Defendants are continuing to investigate Plaintiff's allegations and, therefore, reserve the right to amend its Answer and Defenses.

1. Plaintiff lacks standing as it incurred no personalized injury in fact.

2.      Plaintiff lacks capacity to sue as it cannot assert claims on behalf of a parent or sister entity.

3.      To the extent Plaintiff's claims are based on acts that occurred prior to any applicable statute of limitations, those claims are time-barred.

4.      To the extent the Plaintiff failed to comply with any procedural prerequisites prior to bringing its claims in this action, this Court lacks subject matter jurisdiction over such claims or such claims are otherwise barred.

5.      To the extent the Plaintiff failed to comply with the procedural prerequisites contracted for in the Credit Application and Agreement, this Court lacks subject matter jurisdiction over such claims or such claims are otherwise barred.

6.      Plaintiff's claims are barred, in whole or in part, because Defendants acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by Defendants at the time they so acted.

7.      Plaintiff's claims are barred, in whole or in part, due to accord and satisfaction.

8.      Plaintiff's Original Complaint is barred, in whole or in part, by the doctrine of unclean hands.

9.      Plaintiff's Original Complaint is barred, in whole or in part, by the doctrine of unconscionability, given the parties had agreed to new terms which have not been breached.

10.     Plaintiff' claims are barred by the doctrine of novation, given the parties agreed to new terms.

11.     Plaintiff' claims are barred by the doctrine of modification, as the parties modified their original agreement and the defendants complied with the modification.

12. Plaintiff' claims are barred by the doctrine of waiver, as Plaintiff waived rights under the guarantee when Harrison transferred distribution and shipping to Imperial without consideration.

13. To the extent Plaintiff are not in privity of contract with the Defendants, Plaintiff' lacks standing and its claims are barred in whole or in part.

14. To the extent Plaintiff failed to mitigate its damages, their recovery, if any, must be reduced accordingly.

15. Defendants are not liable to Plaintiff because of mutual mistake related to repayment terms of any alleged arrearage.

16. Defendants are not liable to Plaintiff because of failure of consideration related to the Credit Agreement, caused by Harrison's transferring shipping and distribution to Imperial.

17. Plaintiff's Original Complaint is barred, in whole or in part, because any conduct by Defendants was ratified, consented to and/or acquiesced by Plaintiff.

18. Any and all conduct of which Plaintiff complain or which is attributed to Defendants was a just and proper exercise of its management discretion, at all times privileged and justified, and undertaken for fair and honest reasons, in good faith and without malice.

19. Defendants invoke any and all limitations (including constitutional, statutory and common-law) on awards of compensatory, punitive, and/or other damages.

20. Defendants reserve the right to assert additional defenses as they become known during the course of this litigation, and hereby reserve the right to amend this Answer for the purpose of asserting additional affirmative and other defenses.

WHEREFORE PREMISES CONSIDERED, Defendants deny that Plaintiff is entitled to recover anything against either of them and request that the Court enter a take-nothing judgment,

awarding Defendants their reasonable and necessary attorneys' fees, expenses, and costs of court, along with such other and further relief to which they may show themselves justly entitled.

DATED: February 26, 2020.

Respectfully submitted,

  /s/ Joyce W. Lindauer
Joyce W. Lindauer
State Bar No. 21555700
Jeffery M. Veteto
State Bar No. 24098548
Guy Harvey Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
12720 Hillcrest Road, Suite 625
Dallas, Texas 75230
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
joyce@joycelindauer.com
jeff@joycelindauer.com
guy@joycelindauer.com
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 26, 2020, a true and correct copy of the foregoing was served on all parties via the Court's ECF system.

  /s/ Joyce W. Lindauer
Joyce W. Lindauer