UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HARRISON COMPANY, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-1057-B |
| | § | |
| A-Z WHOLESALERS, INC. and | § | |
| BARKAT G. ALI, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

On March 3, 2020, this Court ordered Defendants A-Z Wholesalers, Inc. and Barkat G. Ali to show cause "why each answer [of its proposed amended answer] is necessary and should not be stricken under Federal Rule of Civil Procedure 12(f)." Doc. 35, Order to Show Cause, 1. For the reasons that follow, the Court **STRIKES** the "accord and satisfaction" and "doctrine of unclean hands" affirmative defenses from Defendants' proposed amended answer. *See* Doc. 36, Am. Mot. for Leave to File Am. Answer, Ex. A, ¶¶ 32–33. Accordingly, the Court **DENIES WITHOUT PREJUDICE** Defendants' Motion for Leave to File an Amended Answer (Doc. 36), so that Defendants may file a motion for leave to file an amended answer in compliance with this Order.

### I.

### BACKGROUND

This is a breach-of-contract dispute. On February 26, 2020, the Court denied Defendants' Motion for Leave to Join a Party, but granted Defendants' Motion to mend its answer, including to add affirmative defenses. Doc. 31, Mem. Op. & Order, 1. The Court ordered that Defendants re-file

- 1 -

their proposed amended answer, without the proposed joined party but with the newly asserted affirmative defenses. *See id.* at 12.

However, upon further review of the proposed amended answer, the Court became "concerned with the potential number and vagueness of Defendants' affirmative . . . defenses . . . ." Doc. 35, Order to Show Cause. The Court ordered Defendants to respond to this concern and Plaintiff to file a reply to Defendants' response, if it deemed necessary. *Id.* Both parties timely responded, and Defendants' affirmative defenses are now before the Court for review.

## II.

## LEGAL STANDARD

A.   *Rule 12(f) Motion to Strike*

Rule 12(f) of the Federal Rules of Civil Procedure provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter[,]" acting either sua sponte or upon a party's motion. Fed. R. Civ. P. 12(f). Motions to strike a portion of a pleading are generally viewed with disfavor and are seldom granted, as such motions seek a "drastic remedy" and are often "sought by the movant simply as a dilatory tactic." *FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993) (citing *Augustus v. Bd. of Pub. Instruction of Escambia Cnty.*, 306 F.2d 862, 868 (5th Cir. 1962)). The Federal Rules require that defenses be pleaded only in "short and plain terms." Fed. R. Civ. P. 8(b). In addition, Rule 8(c) allows a party to "affirmatively state any avoidance or affirmative defense." These pleading rules have been interpreted to require that affirmative defenses be pleaded "with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Woodfield v. Bowman,* 193 F.3d 354, 362 (5th Cir. 1999). Stated another way, parties "must allege sufficient facts to give . . . [their opponent]

fair notice of the nature of the affirmative defense and to prevent unfair surprise." *EEOC v. Courtesy Bldg. Servs., Inc.*, 2011 WL 208408, at * 2 (N.D. Tex. Jan. 21, 2011). Because the Fifth Circuit has yet to determine whether the *Twombly* and *Iqbal*[1] pleading standard applies to affirmative defenses, the Court applies the "fair notice" standard articulated in *Woodfield* when considering a motion to strike such defenses under Rule 12(f). *Id.* (citations omitted) (declining to apply the *Twombly* and *Iqbal* pleading standard to affirmative defenses in the absence of authority from the Fifth Circuit).

## III.

## ANALYSIS

After reviewing Defendants' proposed amended answer, and the responses to the Court's show-cause order, the Court concludes that Defendants' "accord and satisfaction" and "doctrine of unclean hands" affirmative defenses must be stricken. *See* Doc. 36, Am. Mot. for Leave to File Am. Answer, Ex. A, ¶¶ 32–33.

Although the Court believes that it made clear in its show-cause order that it asked Defendants to explain "why each answer is necessary and should not be stricken under Federal Rule of Civil Procedure 12(f)," see Doc. 35, Order to Show Cause, 1, Defendants seemingly misunderstood the Court's request. Their response to the Court's order was a renewed motion to file an amended answer that did not address the Court's concerns. In their response to the Court's order, Defendants noted that they made four revisions to their amended answer: (1) the proposed additional party was removed; (2) the third-party complaint/declaratory relief against the proposed additional party was removed; (3) the prayer for relief that made reference to the third-party complaint was removed; and (4) the signature block of the amended answer removed the signature

---

[1] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

of an attorney who withdrew from the case. *See* Doc. 36, Mot. for Leave to File Am. Answer, Ex. A, 2. These four revisions, however, do not address the Court's specific concerns about Defendants' affirmative defenses. Moreover, although re-stylized, the affirmative defenses in the renewed proposed amended answer were nearly identical to those made in the proposed answer filed after the Court's Memorandum Opinion & Order (Doc. 31), but before the Court's Order to Show Cause (Doc. 35). *Compare* Doc. 36, Mot. for Leave to File Am. Answer, Ex. A, ¶¶ 26–46, *with* Doc. 33, Mot. for Leave to File Am. Answer, Ex. A, Compl., 4–6.

Plaintiff argues that this misstep by Defendants—not answering the Court's concern about Defendants' affirmative defenses—is grounds in itself for the Court to strike all of Defendants' proposed affirmative defenses. Doc. 37, Pl.'s Reply, 1. However, because the Court raised this issue sua sponte,[2] the Court believes that Defendants' inadequate response is not reason on its own to strike the affirmative defenses. Instead, the Court conducts its own analysis.

The Court concludes that Defendants' "accord and satisfaction" and "doctrine of unclean hands" affirmative defenses must be stricken. *See* Doc. 36, Am. Mot. for Leave to File Am. Answer, Ex. A, ¶¶ 32–33. These asserted affirmative defenses are not pled "with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Woodfield,* 193 F.3d at 362.

The Fifth Circuit in *Woodfield* confronted a situation similar to the one before the Court here. Although the Fifth Circuit there acknowledged that at times "merely pleading the name of the

---

[2] Additionally, if Plaintiff had brought the motion itself, it would be its burden to show why the defenses should be stricken. *See Centex Homes v. Lexington Ins. Co.*, 2014 WL 1225501, at *16 (N.D. Tex. Mar. 25, 2014) ("In light of the fact that Rule 12(f) motions are often viewed with disfavor and are infrequently granted, the Court concludes that Plaintiff did not meet its burden under Rule 12(f) . . . .").

affirmative defense . . . may be sufficient[,]" "baldly 'naming' the broad affirmative defense[] of 'accord and satisfaction' . . . falls well short of the minimum particulars" required to identify an affirmative defense. *See id.* Here, Defendants "baldly 'nam[e]'" the same "broad affirmative defense[.]" *See id.*; Doc. 36, Am. Mot. for Leave to File Am. Answer, Ex. A, ¶ 32. Therefore, the "accord and satisfaction" affirmative defense is stricken.

The Court finds that the "doctrine of unclean hands" is a similarly broad affirmative defense. Thus, simply naming the defense, without an explanation of its application to this case, does not give Plaintiff fair notice of how to respond to the defense. "Such [a] broad and vague defense[] prejudice[s] a Plaintiff in expanding the cost and time of discovery where it may be unnecessary." *Murphy v. Remedial Constr. Servs., L.P.*, 2010 WL 11583237, at *9 (S.D. Tex. Jan. 11, 2010).

However, "because affirmative defenses must be pleaded or they are waived," the Court finds it fair to give Defendants an opportunity to amend their answer only as to the two deficiently pled affirmative defenses. *See id.* (citation omitted). In deciding whether to amend, Defendants should note that their other affirmative defenses adequately explain their application to this case. *See, e.g.*, Doc. 36, Am. Mot. for Leave to File Am. Answer, Ex. A, ¶¶ 31, 34–37.

Defendants have **FOURTEEN DAYS** from the entry of this order to file their amended motion for leave to file an amended answer. With respect to each of the affirmative defenses at issue, "accord and satisfaction" and "doctrine of unclean hands," Defendants must either: (1) amend their answer to allege the affirmative defense in a manner providing fair notice; or (2) amend their answer to omit the affirmative defense. Due to the Defendants' multiple motions to amend their answer, this is the final motion to amend that will be considered by the Court.

## IV.

## CONCLUSION

For the foregoing reasons, Defendants' "accord and satisfaction" and "doctrine of unclean hands" affirmative defenses are **STRICKEN WITHOUT PREJUDICE**. Defendants Motion for Leave to File Amended Answer (Doc. 36) are **DENIED**. The Court **ORDERS** Defendants to file their motion to file an amended answer within **FOURTEEN DAYS** from the entry of this Order.

**SO ORDERED.**

**SIGNED: April 27, 2020.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE