UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HARRISON COMPANY LLC, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> A-Z WHOLESALERS INC. and § <br> BARKAT G. ALI, § <br> § <br> Defendants. § | § <br> § <br> § <br> § <br> CIVIL ACTION NO. 3:19-CV-1057-B <br> § <br> § <br> § <br> § <br> § |

**AGREED PROTECTIVE ORDER**

This Agreed Protective Order (the "Order") is made pursuant to Federal Rule of Civil Procedure 26(c) by and between Plaintiff Harrison Company, LLC and Defendants A-Z Wholesalers Inc. and Barkat G. Ali (collectively referred to as the "Parties" and individually as a "Party"), represented herein by their respective counsel of record, who are aware that certain non-public, sensitive, or proprietary information or data, whether in the possession of Plaintiff or Defendants, will or might be pertinent to the issues being litigated in the above-captioned lawsuit (the "Litigation") and desire that all such information and data, whether contained in the document or testimony, shall be treated as, and shall remain, confidential by submitting this Order to the Court as follows:

**Designation and Maintenance of Information**

1.  All documents, and the information contained therein, that the Producing Party reasonably believes to be entitled to confidential treatment subject to protection under this Order that are prepared, compiled, and/or produced in response to a discovery request, including discovery responses themselves, and that are conspicuously marked as "CONFIDENTIAL" in a

1

way that does not obscure, alter, or interfere with the legibility of the original document, shall be deemed confidential ("Confidential Information"), except to the extent such documents, or the information contained therein, are publicly available, have been released to the public generally, can be lawfully obtained outside the scope of this Litigation, or were lawfully obtained prior to this Litigation.

2. Confidential Information shall also include testimony given at a deposition, hearing, or other court proceeding that is designated as "Confidential" in accordance with this Order by notifying the other Party: (a) on the record; or, (b) in writing, identifying the specific pages and lines of the transcript that contain confidential information, within fifteen (15) calendar days of the Designating Party's receipt of the transcript. The court reporter must attach a copy of a final and timely written designation notice and a copy of this Order to the transcript and each copy of the transcript in its possession, custody, or control. The portions of any testimony designated as confidential contained in any notice provided hereunder shall be treated in accordance with this Order. Pending such notification, the entire transcript from any deposition, hearing, or other court proceeding shall be treated as Confidential Information. If no such designation is made timely, the entire transcript will be considered devoid of Confidential Information.

3. No Party shall knowingly designate a document as Confidential Information that (1) has been knowingly or voluntarily made available to the general public by the Producing Party or its parent company, subsidiary, or affiliate(s), and/or (2) does not pose any risk of (a) being material, non-public information; (b) placing the Producing Party at a competitive disadvantage; or (b) revealing proprietary information or trade secrets of the Producing Party or its parent company, subsidiary, or affiliate(s).

## Challenge to Designations

4. Nothing in this Order shall constitute a waiver of any Party's right to object to the designation of any document, testimony, or information as Confidential Information.

5. Any Receiving Party who believes a document or documents should not be designated as Confidential Information, but has been marked as "CONFIDENTIAL" (or bears some indication that the Producing Party believes it to be Confidential Information) may request the Producing Party to articulate the basis for its confidentiality and/or change the designation. The Producing Party will then have ten (10) business days after receipt of a challenge notice to advise the Receiving party whether or not it will change the designation. If the Parties are unable to reach agreement after the expiration of this ten (10) business day time-fame, and after the conference required under Local Rule 7.1(a), the Receiving Party may at any time thereafter seek an order to alter the Confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the presiding judge, the designation will remain in full force and effect, and the information will continue to be afforded the Confidential treatment required by this Order.

## Disclosure and Use of Confidential Information

6. Confidential Information shall be used solely in connection with the preparation, trial, and/or appeal of the Litigation, and for no other purpose.

7. This Order will in no way restrict the use of Confidential Information at trial or other hearing before the Court; however, reasonable efforts shall be made to ensure that such Confidential Information remains confidential and used only in connection with the Litigation and is not made public, including filing of Confidential Information under seal, if necessary.

8. Confidential Information shall be made available only to the following persons when needed by them in connection with their duties in the conduct of the Litigation, to wit:

    a. The Parties in the case;

    b. Attorneys of record in the Litigation and their partners or associate attorneys;

    c. Any person regularly employed by such attorneys or their firms, when working in connection with the Litigation under the direct supervision of partners or associate attorneys of said firm;

    d. Any independent expert, attorney, consultant, or similar person consulted or retained by counsel to provide assistance, expert advice, technical consultation, or testimony in the Litigation, and the employees of such experts, consultants, or similar persons when working in connection with this action under the direct supervision of said persons;

    e. The officers, directors, or employees of a Party to the Litigation only to the extent that such persons are assisting counsel for that Party in the conduct of the Litigation;

    f. Witnesses or potential witnesses for the sole purpose of preparing for or testifying in the Litigation;

    g. The Court;

    h. Court reporters or other official personnel reasonably required for the preparation of transcripts of testimony;

    i. Commercial photocopying or document-handling firms used by any Party to the Litigation or counsel for photocopying, storage, retrieval, or handling; and,

    j. Any other person on such terms and conditions as the Parties may mutually agree, in writing, or as the Court may hereafter direct by further order.

9. Before any person listed in Paragraph 5(d) and (f) can be shown any Confidential Information by Plaintiff or Defendants, counsel for the Party showing the material shall give a copy of this Order to that person, shall obtain the agreement of that person that he or she will be bound by the terms hereof, and shall obtain the signature of each person on the Acknowledgement of Protective Order, attached hereto as "Exhibit 1."

10. No person to whom Confidential Information is disclosed pursuant to the provisions of this Order shall disclose the Confidential Information to any person not entitled,

under the terms of this Order, to receive it.  No copies of produced Confidential Information shall be made or furnished, and no information contained therein shall be disclosed to any person, firm, or corporation except those identified in this Order.

11.     If any such Confidential Information is included with, or the contents thereof are in any way disclosed by any pleading or other paper filed with the Court, such confidential materials shall be filed by the Party filing the pleading or other paper, requesting it to be filed by the Clerk of Court under seal, until further order of the Court.

12.     All notes, memoranda, summaries, identification, or indices relating to any of the Confidential Information produced during the course of the Litigation shall not be disseminated to any person other than those specifically authorized by this Order, and shall be used solely in connection with the preparation, trial, and/or appeal of the Litigation, and for no other purpose. All such notes, memoranda, summaries, identification or indexes relating to such Confidential Information, and any copy thereof, prepared by the attorneys of record are subject to the terms of this Order for as long as such documents exist.  All notes, memoranda, summaries, identification, or indexes relating to such Confidential Information, prepared by anyone other than the attorneys of record shall be destroyed at the conclusion of the Litigation upon request of the Producing Party.

13.     The Parties in the Litigation are specifically given the right to request that this Court modify or otherwise grant relief from any provision of the Order notwithstanding their approval of or agreement to this Order.

14.     This Order does not affect a Party's right to use its own confidential information in any way.

15.     Nothing in this Order precludes a Party from sharing Confidential Information with a deponent or witness that authored the document containing the Confidential Information, or with

a deponent or witness that reviewed, received, or was copied with the Confidential Information prior to the date of this Order or the production of the Confidential Information.

16. Nothing in this Order shall prevent any Party from using or disclosing its own documents, or from the use or disclosure of any non-privileged document or information, which such Party may have acquired from independent sources or outside of the production process in the Litigation, and the Receiving Party shall have no obligation to return or destroy such documents at the conclusion of the Litigation.

### Nonparty Information

17. The existence of this Order must be disclosed to any person producing documents, tangible things, or testimony in this Litigation who may reasonably be expected to desire confidential treatment for such documents, tangible things, or testimony. Any such person may designate documents, tangible things, or testimony Confidential pursuant to this Order.

### Filing Documents With the Court

18. If any Party wishes to submit Confidential Information to the Court, the submission must filed only under seal on CM/ECF.

19. Nothing in this Order shall be construed in any way as a finding that any particular document (or information contained therein) is or is not privileged, or is or is not admissible in evidence. Additionally, a Party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not admissible in evidence at any potential trial of the Litigation.

### No prejudice

20. Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to the Litigation.

## Conclusion of Litigation

21.     At the conclusion of the Litigation, all documents, information, or other discovery materials covered by this Order, all copies thereof, and all information contained therein shall remain confidential pursuant to the terms of this Order and, if requested, shall be returned to the Producing Party or its attorneys of record or destroyed.

## Remedies

22.     This Order shall remain in full force and effect until amended, modified, or terminated by the Parties or by the Court in accordance with law.

23.     This Order will be enforced by the sanctions set forth in Federal Rule of Civil procedure 37(b) and any other sanctions may be available to the presiding judge, including the power to hold Parties or other violators of this Order in contempt.  All other remedies available to any person injured by a violation of this Order are fully reserved.

24.     Any Party may petition the presiding judge for good cause shown if the Party desires relief from a term or condition of this Order.


Signed this _____ day of _____, 2018.


_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **HARRISON COMPANY LLC,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:19-CV-1057-B |
| **A-Z WHOLESALERS INC. and BARKAT G. ALI,** | § § § § | |
| Defendants. | § § | |

## ACKNOWLEDGEMENT OF AGREED PROTECTIVE ORDER

I, THE UNDERSIGNED, hereby acknowledge that I have read the Agreed Protective Order entered in the above-captioned lawsuit. Having been advised and given an opportunity to seek my own counsel before doing so, I agree to be bound by the terms of the Protective Order.

Signed this _____ day of _____, 20____.

_____
Signature

_____
Printed Name

_____
Title