Joyce W. Lindauer
State Bar No. 21555700
Jeffery M. Veteto
State Bar No. 24098548
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, TX 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Counsel for Defendants

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **HARRISON COMPANY, LLC.,** § | | |
| § | | |
| Plaintiffs, § | Civil Action No.: 3:19-cv-01057-B | |
| § | | |
| v. § | | |
| § | | |
| **A-Z WHOLESALERS, INC., and** § | JURY TRIAL DEMANDED | |
| **BARKAT G. ALI,** § | | |
| § | | |
| Defendants § | | |

**DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

COME NOW Defendants, A-Z Wholesalers, Inc. ("A-Z") and Barkat G. Ali ("Ali") (collectively, "Defendants), file their *First Amended Answer* ("Answer"), responding to *Plaintiff's Original Complaint* (the "Complaint"), filed by Plaintiff, Harrison Company, L.L.C. ("Harrison").  The following sections and numbered paragraphs correspond to the sections and numbered paragraphs in the Complaint.  To the extent the allegations within *Plaintiff's Original Complaint* are not expressly admitted, they are hereby denied.  All answers and defenses are admitted or denied as to all named defendants except were explicitly noted.

# I.
# JURY DEMAND

Defendants demand a trial by jury of all issues so triable pursuant FEDERAL RULES CIVIL PROCEDURE 38 and 39.

# II.
# RESPONSE TO HARRISON'S STATEMENT OF PARTIES

1. Defendants admit the allegations in Paragraph 1.

2. Defendants admit the allegations in Paragraph 2.

3. Defendants admit only that Ali is an individual, and they deny the remaining allegations in Paragraph 3.

# III.
# RESPONSE TO HARRISON'S JURISDICTION AND VENUE

4. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 4.

5. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 5.

6. Defendants admit the allegations in Paragraph 6, but deny that Plaintiffs are entitled to any relief whatsoever in this action.

# IV.
# RESPONSE TO HARRISON'S FACTUAL BACKGROUND

7. Defendants admit the allegations in Paragraph 7, but deny that the "Credit Agreement" constitutes the entirety of the agreement.

8. Defendants admit the allegations in Paragraph 8, but deny that Plaintiffs are entitled to any relief whatsoever in this action.

9. Defendants deny the allegations in Paragraph 9.

10. Defendants admit only the they received invoices from Imperial and that they paid Imperial's invoices, but Defendants deny the remaining allegations in Paragraph 10.

11. Defendants admit only that Imperial sent A-Z invoices, but deny the remaining allegations in Paragraph 11.

12. Defendants admit only that they received demand letters, but deny the remaining allegations in Paragraph 12, and further denies that Plaintiffs are entitled to any relief whatsoever in this action.

13. Defendants admit only that Imperial (i) filed a state-court action against A-Z, Ali, and others and (ii) obtained through an *ex-parte* hearing before an associate judge the appointment of a receiver. The very next day, the district-court judge heard from defendants and dissolved the receivership. The request for a receivership was groundless and brought in bad faith and solely for the purposes of harassment. Defendants lack sufficient knowledge or information to form a belief about the remaining allegations in Paragraph 13.

14. Defendants deny the allegations in Paragraph 14.

15. Defendants deny the allegations in Paragraph 15, except that they admit Harrison hired lawyers.

V.
RESPONSE TO HARRISON'S CAUSES OF ACTION

**Harrison's Count One - Breach of Contract**

16. Defendants adopt by reference their responses to Paragraphs 1 through 15 as if fully set forth herein.

17. Defendants admit only that the Credit Agreement was executed by Ali, but deny the remaining allegations in Paragraph 17.

18. Defendants deny the allegations in Paragraph 18.

19. Defendants deny the allegations in Paragraph 19.

**Harrison's Count 2 - Suit on Ali's Guarantee**

20. Defendants adopt by reference their responses to Paragraphs 1 through 19 as if fully set forth herein.

21. Defendants admit only that Ali executed and delivered a guarantee to Harrison, but they deny the remaining allegations in Paragraph 21.

22. Defendants admit only that Harrison and Imperial made demands on them, but they deny the remaining allegations in Paragraph 22.

**Harrison's Court 3 - Attorneys' Fees:**

23. Defendants adopt by reference their responses to Paragraphs 1 through 22 as if fully set forth herein.

24. Defendants admit only that the Credit Agreement and Guarantee contain a provision providing for the recovery of reasonable attorneys' fees, but Defendants deny the remaining allegations in Paragraph 24.

## VI.
## RESPONSE TO HARRISON'S STATEMENT OF CONDITIONS PRECEDENT

25. Defendants deny the allegations in Paragraph 25.

## VII.
## DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

26. In asserting these defenses, Defendants do not assume the burden of proof on any matters for which Plaintiff rightfully bears the burden of proof. In addition, Defendants are continuing to investigate Plaintiff's allegations and, therefore, reserve the right to amend its Answer and Defenses, as permitted.

27. Pursuant to FED. R. CIV. P. 9(a), Defendants specifically deny that Harrison has either the capacity or authority to sue on either the Agreement or the disputes at issue in this

lawsuit because Harrison was not a party to any transaction involving any of the claims it has asserted. Moreover, Harrison did not deliver to Defendants any of the product on which all the asserted claims for nonpayment are made. Rather, a totally separate legal entity—Imperial—was involved in all such transactions. And Harrison knows this to be true because Harrison is a separate but related company.

28. To the extent Plaintiff's claims are based on acts that occurred prior to any applicable statute of limitations, those claims are time-barred.

29. To the extent the Plaintiff failed to comply with any procedural prerequisites prior to bringing their claims in this action, this Court lacks subject matter jurisdiction over such claims or such claims are otherwise barred.

30. To the extent the Plaintiff failed to comply with the procedural prerequisites contracted for in the Credit Application and Agreement, this Court lacks subject matter jurisdiction over such claims, or such claims are otherwise barred.

31. Plaintiff's claims are barred, in whole or in part, because Defendants acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by Defendants at the time it so acted.

32. Plaintiff's claims are barred, in whole or in part, due to accord and satisfaction because the parties modified their payment terms as to arrearages and Defendant A-Z was performing in satisfaction of the modified terms.

33. Plaintiff's Original Complaint is barred, in whole or in part, by the doctrine of unclean hands because Plaintiff failed to fulfill their own side of the modified agreement and thus breached and therefore excused Defendants from performance.

34. Plaintiff's Original Complaint is barred, in whole or in part, by the doctrine of unconscionability, given the parties had agreed to new terms which have not been breached.

35. Plaintiff's claims are barred by the doctrine of novation, given the parties agreed to new terms.

36. Plaintiff's claims are barred by the doctrine of modification, as the parties modified their original agreement and the defendant complied with the modification.

37. Plaintiff's claims are barred by the doctrine of waiver, as Plaintiffs waived rights under the guarantee when the Harrison transferred distribution and shipping to Imperial without consideration.

38. To the extent Plaintiff is not in privity of contract with the Credit Application and Agreement, Plaintiff's lack standing and their claims are barred in whole or in part.

39. To the extent Plaintiff is not in privity of contract with alleged defaulted invoices, Plaintiff's lack standing and their claims are barred in whole or in part.

40. To the extent Plaintiff failed to mitigate their damages, their recovery, if any, must be reduced accordingly.

41. Defendants are not liable to Plaintiff because of mutual mistake related to repayment terms of any alleged arrearage.

42. Defendants are not liable to Plaintiff because of failure of consideration related to the Credit Agreement, caused by Harrison's transferring shipping and distribution to Imperial.

43. Plaintiff's Original Complaint is barred, in whole or in part, because any conduct by Defendants was ratified, consented to and/or acquiesced by Plaintiff.

44. Any and all conduct of which Plaintiff complains, or which is attributed to Defendants, was a just and proper exercise of its management discretion, at all times privileged and justified, and undertaken for fair and honest reasons, in good faith and without malice.

45. Defendants invoke any and all limitations (including constitutional, statutory and common-law) on awards of compensatory, punitive, and/or other damages.

46. Defendants reserve the right to assert additional defenses as they become known during the course of this litigation, and hereby reserve the right to amend this Answer for the purpose of asserting additional affirmative and other defenses.

WHEREFORE PREMISES CONSIDERED, Defendants deny that Plaintiff is entitled to recover anything against either of them and request that the Court enter a take-nothing judgment, awarding Defendants their reasonable and necessary attorneys' fees, expenses, and costs of court.

DATED: May 6, 2020.

Respectfully submitted,

 /s/ Joyce W. Lindauer
Joyce W. Lindauer
State Bar No. 21555700
Jeffery M. Veteto
State Bar No. 24098548
Guy Harvey Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
joyce@joycelindauer.com
jeff@joycelindauer.com
guy@joycelindauer.com
**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on May 6, 2020, a true and correct copy of the foregoing was served on all parties via the Court's ECF system.

                                                /s/ Joyce W. Lindauer
                                                Joyce W. Lindauer