# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **HARRISON COMPANY LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:19-CV-1057-B** |
| | § | |
| **A-Z WHOLESALERS INC. and** | § | |
| **BARKAT G. ALI,** | § | |
| | § | |
| **Defendants.** | § | |

## DECLARATION OF JOSEPH A. UNIS, JR.

1.      My name is Joseph A. Unis, Jr.  I am over 21 years of age, of sound mind, and have never been convicted of a felony or other crime of moral turpitude.

2.      I am an attorney with Locke Lord LLP, and am one of Plaintiff Harrison Company, LLC's ("Harrison") counsel in the above-captioned case.

3.      I have personal knowledge of the matters stated below and could and would competently testify to them if called upon to do so.  The matters in my declaration are true and correct, and made in support of Harrison's Motion for Summary Judgment.

4.      Exhibit A to my Declaration is a true and correct copy of Defendant A-Z Wholesalers, Inc.'s Response to Plaintiff's Second Set of Discovery Requests, served on June 24, 2020.

5.      Exhibit B to my Declaration is a true and correct copy of Defendant Barkat Ali's Response to Plaintiff' Second Set of Discovery Requests, served on June 24, 2020.

6.      Exhibit C to my Declaration is a true and correct copy of an email I received from Defendants' Counsel, Guy Holman, on June 18, 2020.

I declare under penalty of perjury that the foregoing is true and correct.


Executed in Dallas County, Texas on the 7th day of July, 2020.

_____

Joseph A. Unis, Jr.

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **HARRISON COMPANY LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 3:19-CV-1057-B** |
| | § | |
| **A-Z WHOLESALERS INC. and** | § | |
| **BARKAT G. ALI,** | § | |
| | § | |
| **Defendants.** | § | |

---

## DEFENDANT A-Z WHOLESALERS, INC RESPONSE TO PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS

---

To:    Plaintiff Harrison Company, LLC, by and through its counsel of record, David L. Swanson, Joseph A. Unis, and Anna K. Finger, Locke Lord LLP, 2200 Ross Avenue, Suite 2800, Dallas, Texas 75201-6776.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant A-Z Wholesalers, Inc. ("A-Z") serves its *Response to Plaintiff's Second Set of Discovery Requests*. Herein, the following definitions apply:

1.   "Modified Oral Agreement" or "MOA" refers to the oral modification of a payment terms concerning Imperial's invoices to A-Z.

2.   "Credit Agreement" refers to the Credit Agreement and Guaranty entered into between Harrison Company, LLC and A-Z Wholesalers, Inc. signed and guaranteed by Barkat G. Ali on March 11, 2011.

3.   "Promissory Note" refers to the Promissory Note entered into between Imperial Trading Company, LLC and A-Z Wholesalers, Inc. signed and guaranteed by Amar Ali on January 11, 2019.

### <u>REQUESTS FOR ADMISSIONS</u>

Appendix 04

**RFA NO. 154:** Admit that A-Z has one or more agreements with Harrison.

Answer:  Admitted to the extent that A-Z executed a Credit Agreement with Harrison which was in force during the time A-Z conducted business with Harrison. Further, A-Z had an oral agreement to cease doing business with Harrison as of March, 2015 and to conduct subsequent orders through Imperial.

**RFA NO. 155:** Admit that A-Z has one or more agreements with Imperial.

Answer:  Admitted that 1) A-Z had payment terms with Imperial for goods sold by Imperial as memorialized on Imperial's invoices, 2) Further agreement that any arrearages became subject to the MOA, 3) Agreement that Barkat Ali was excused from person liability for payment on Imperial's invoices, and 4) Promissory Note executed by Amar Ali on behalf of A-Z.

**RFA NO. 156:** Admit that A-Z has no personal knowledge of Harrison's operations.

Answer:  Admitted to the extent that A-Z has no personal knowledge of such other than the knowledge of Harrison's operations that can be reasonably observed from the perspective of A-Z being a long term customer of Harrison and having a guided tour of Harrison's distribution center.

**RFA NO. 157:** Admit that A-Z has no personal knowledge of Imperial's operations.

Answer:  Admitted to the extent that A-Z has no personal knowledge of such other than the knowledge of Imperial's operations that can be reasonably observed from the perspective of A-Z being a long term customer of Imperial and having a guided tour of Imperial's distribution center.

## <u>INTERROGATORIES</u>

**INTERROGATORY NO. 10:** In paragraph 27 of the Answer, You contend "Harrison was not a party to any transaction involving any of the claims it has asserted."  Please state with specificity all facts upon which this contention is based, identify all persons with knowledge of those facts, and identify any document You contend memorializes, supports, or corroborates those facts.

*RESPONSE*:  A-Z contends that Harrison was not a party to any transaction involving any of the claims it has asserted.  As evidence of such contention, A-Z relies on the oral representations of Imperial personnel and executives, supported by text messages between Amar Ali and Wayne Baquet, Brad Prendergast, Sandy Zazulak, and Shauntrice Jones, invoices originating from Imperial (App. 33-182), payments tendered to Imperial as payee on A-Z's checking account (App. 183-190), and Imperial's Open Invoice Report (App. 191-192).

**INTERROGATORY NO. 11:** In paragraph 27 of the Answer, You contend "Harrison did not deliver to Defendants any of the product on which all the asserted claims for nonpayment are made."  Please state with specificity all facts upon which this contention is based, identify all

persons with knowledge of those facts, and identify any document You contend memorializes, supports, or corroborates those facts.

*RESPONSE*:  A-Z contends that Harrison did not deliver to A-Z any of the product on which all the asserted claims for nonpayment are made.  Evidence of this may be found on both the allegedly delinquent invoices (App. 33-182) and Imperial's Open Invoice Report (App. 191-192), both of which indicate they originated from Imperial. Additionally, A-Z relies on the oral representations of Imperial personnel and executives, supported by text messages between Amar Ali and Wayne Baquet, Brad Prendergast, Sandy Zazulak, and Shauntrice Jones previously produced.

**INTERROGATORY NO. 12:** Do you contend any claim in the Complaint is barred by limitations?  If Your response is anything other than an unequivocal "no," please state for each such claim, and with specificity, all claims You contend are time barred, when You contend each claim arose, and when You contend each claim became time barred.

*RESPONSE*:  A-Z contends that any claim in the Complaint is barred by limitations.  Given that A-Z ceased doing business with Harrison as of March, 2015, the limitations for any potential Harrison claims would have run by March, 2019.

**INTERROGATORY NO. 13:** Do You contend Plaintiff failed to follow any procedural prerequisite (contractual or otherwise)?  If Your response is anything other than an unequivocal "no," please identify each procedural prerequisite You contend Plaintiff failed to follow, and for each, state with specificity all facts upon which Your contention that it was not followed is based, identify all persons with knowledge of those facts, and identify any document You contend memorializes, supports, or corroborates those facts.

*RESPONSE*:  A-Z contends that Harrison failed to follow procedural prerequisites when it failed to give notice to A-Z identifying Harrison's invoices which were allegedly in default for non-payment prior to filing suit.

**INTERROGATORY NO. 14:** Do You contend that "act[ing] reasonably and in good faith at all times material herein" is a defense to repayment of a debt?  *See* Paragraph 31 of the Answer.  If Your response is anything other than an unequivocal "no," please state with specificity all facts upon which this contention is based, identify all persons with knowledge of those facts, and identify any document You contend memorializes, supports, or corroborates those facts.

*RESPONSE*:  A-Z contends that it acted reasonably and in good faith at all times.  Once A-Z was notified that Imperial purchased Harrison and that the relationship with Harrison was terminated, Imperial and A-Z entered into a Modified Oral Agreement ("MOA") to extend terms on delinquent invoices.  A-Z acted reasonably and in good faith as to its performance under the MOA between Imperial and A-Z.  Aside from the issue of standing, Harrison cannot prove breach of the orally modified contract (i.e. the MOA).  A-Z relies on the oral representations of Imperial personnel and executives, supported by text messages between Amar Ali and Wayne Baquet, Brad Prendergast, Sandy Zazulak, and Shauntrice Jones previously produced.

**INTERROGATORY NO. 15:** In Paragraph 32 of the Answer, You contend that "Plaintiff's claims are barred, in whole or in part, due to accord and satisfaction[.]" Please state with specificity all facts upon which this contention is based, identify all persons with knowledge of those facts, and identify any document You contend memorializes, supports, or corroborates those facts.

*RESPONSE*: A-Z contends that Harrison's claims are barred, in whole or in part, due to accord and satisfaction resulting from the fact that all sales to A-Z that were invoiced by Harrison have been paid in full and are thereby satisfied. As to Imperial's open invoices (App. 191-192), A-Z reiterates its response to INTERROGATORY NO. 14. A-Z relies on the oral representations of Imperial personnel and executives, supported by text messages between Amar Ali and Wayne Baquet, Brad Prendergast, Sandy Zazulak, and Shauntrice Jones previously produced.

**INTERROGATORY NO. 16:** In Paragraph 32 of the Answer, You contend that "the parties modified their payments terms as to arrearages and Defendant A-Z was performing in satisfaction of the modified terms." Please state with specificity all facts upon which this contention is based, including the amount of arrearages due, when, and to whom, as well as when You contend the payment terms were modified, and how the terms were modified. Please also identify all persons with knowledge of those facts, including the persons you contend modified the payment terms, and identify any document You contend memorializes, supports, or corroborates those facts.

*RESPONSE*: A-Z reiterates its response to INTERROGATORY NO. 14. A-Z contends that the parties modified their payments terms as to arrearages and that A-Z was performing in satisfaction of the modified terms since A-Z made continuing partial payments on arrearages owed, and therefore was not in breach to Imperial as per the terms of the MOA. Persons who engaged in development of the MOA and who have knowledge of such include Amar Ali, Barkat Ali, Brad Prendergast and Wayne Baquet. A-Z relies on the oral representations of Imperial personnel and executives, supported by text messages between Amar Ali and Wayne Baquet, Brad Prendergast, Sandy Zazulak, and Shauntrice Jones previously produced.

**INTERROGATORY NO. 17:** In Paragraph 33 of the Answer, You contend that "Plaintiff's Original Complaint is barred, in whole or in part, by the doctrine of unclean hands[.]" Please state with specificity all facts upon which this contention is based and identify all conduct by Plaintiff that you contend constitutes "unclean hand." Please also identify persons with knowledge of those facts, and identify any document You contend memorializes, supports, or corroborates those facts.

*RESPONSE*: A-Z contends that Harrison's Original Complaint is barred, in whole or in part, by the doctrine of unclean hands for two (2) reasons. First, Imperial breached the MOA when it discontinued shipments of its products to A-Z while A-Z was tendering performance in good faith pursuant to the terms of the MOA. A-Z relies on the oral representations of Imperial personnel and executives, supported by text messages between Amar Ali and Wayne Baquet, Brad Prendergast, Sandy Zazulak, and Shauntrice Jones previously produced. Second,

Harrison and Imperial both operated with unclean hands by taking diametrically opposed positions, initially by Imperial in state court litigation filed in the 101st Judicial District Court, Dallas County, Texas (Cause No. DC-19-04222), then in this federal court as to who sold, shipped, and was owed payment. A-Z relies on the conflicting statements contained in Brad Prendergast's (an officer of Imperial) verification of the state court petition filed by Imperial and his declaration in the instant case. (See App. 18). As a result, A-Z has been injured by being forced to defend meritless claims, first in state court, and then again in federal court. Such injuries include loss of reputation, costs, and attorneys' fees.

**INTERROGATORY NO. 18:** In Paragraph 34 of the Answer, You contend that "Plaintiff's Original Complaint is barred, in whole or in part, by the doctrine of unconscionability[.]" Please state with specificity all facts upon which this contention is based, identify all persons with knowledge of those facts, and identify any document You contend memorializes, supports, or corroborates those facts.

*RESPONSE*: A-Z contends that Harrison's Original Complaint is barred, in whole or in part, by the doctrine of unconscionability because Harrison is attempting to impermissibly assert claims, if any, that belong to a sister corporation--Imperial, which were characterized as such in a verified pleadings in an earlier proceeding before the 101st Judicial District Court, Dallas County, Texas (Cause No. DC-19-04222) (See App. 1-14).

**INTERROGATORY NO. 19:** In Paragraph 34 of the Answer, You contend that "the parties had agreed to new terms which have not been breached. Please state with specificity all facts upon which this contention is based, including the alleged "new terms which have not been breached." Please also identify all persons with knowledge of those facts, and identify any document You contend memorializes, supports, or corroborates those facts.

*RESPONSE*: A-Z contends that the parties had agreed to new terms which had not been breached by A-Z as is evidenced by the MOA, which allowed A-Z to make partial payments on arrearages. In essence the MOA allowed A-Z flexibility to pay down amounts in arrearage such that the overall balance would continue to go down. The MOA established that the business relationship between A-Z and Imperial would continue with A-Z continuing to purchase from Imperial and with Imperial continuing to ship/deliver product, all with the proviso that A-Z would pay down the arrearage as it also paid subsequent invoices. A-Z relies on the oral representations of Imperial personnel and executives, supported by text messages between Amar Ali and Wayne Baquet, Brad Prendergast, Sandy Zazulak, and Shauntrice Jones previously produced.

**INTERROGATORY NO. 20:** In Paragraph 35 of the Answer, You contend that "Plaintiff's claims are barred by the doctrine of novation." Please state with specificity all facts upon which this contention is based, identify all persons with knowledge of those facts, and identify any document You contend memorializes, supports, or corroborates those facts.

*RESPONSE*: A-Z contends that Harrison's claims are barred by the doctrine of novation because the MOA and the new Promissory Note as to Imperial (App. 24-28) was a novation of

the original credit agreement as to Harrison.  Persons with knowledge of the MOA, the Promissory Note, and the terms thereof include Amar Ali, Barkat Ali, Wayne Baquet, and Brad Prendergast.  A-Z relies on the oral representations of Imperial personnel and executives, supported by text messages between Amar Ali and Wayne Baquet, Brad Prendergast, Sandy Zazulak, and Shauntrice Jones previously produced.

**INTERROGATORY NO. 21:** In Paragraph 36 of the Answer, You contend that "Plaintiff's claims are barred by the doctrine of modification[.]"  Please state with specificity all facts upon which this contention is based, identify all persons with knowledge of those facts, and identify any document You contend memorializes, supports, or corroborates those facts.

*RESPONSE*:  A-Z contends that Plaintiff's claims are barred by the doctrine of modification for two (2) reasons.  First, After Imperial's acquisition of Harrison, A-Z ceased doing business with Harrison and established a new relationship with Imperial.  Second, the MOA established new terms of payment for any arrearages due and owing to Imperial, and such terms were not breached by A-Z.  A-Z relies on the oral representations of Imperial personnel and executives, supported by text messages between Amar Ali and Wayne Baquet, Brad Prendergast, Sandy Zazulak, and Shauntrice Jones previously produced.

**INTERROGATORY NO. 22:** In Paragraph 37 of the Answer, You contend that "Plaintiff's claims are barred by the doctrine of waiver[.]"  Please state with specificity all facts upon which this contention is based, identify all persons with knowledge of those facts, and identify any document You contend memorializes, supports, or corroborates those facts.

*RESPONSE*:  A-Z contends that Harrison's claims are barred by the doctrine of waiver because such claims have been asserted and verified to be those of Imperial.  A-Z relies on the verified petition filed in the 101st Judicial District Court, Dallas County, Texas (Cause No. DC-19-04222).

**INTERROGATORY NO. 23:** In Paragraph 37 of the Answer, You contend that "Harrison transferred distribution and shipping to Imperial without consideration."  Please state with specificity all facts upon which this contention is based, identify all persons with knowledge of those facts, and identify any document You contend memorializes, supports, or corroborates those facts.

*RESPONSE*:  A-Z contends that Harrison transferred distribution and shipping to Imperial without consideration, A-Z relies on the fact that no document exists which assigns the Credit Agreement (between A-Z and Harrison) to Imperial or to Noble Feldman.

**INTERROGATORY NO. 24:** Do You contend that Plaintiff failed to mitigate their damages, such that Plaintiff's recovery should be reduced accordingly?  If Your response is anything other than an unequivocal "no," please state with specificity all facts upon which this contention is based, including what You contend should have been done to mitigate, when, by whom, and how You contend that would have affected Harrison's claims.  Please state with specificity how You

calculated that amount (if any).  Please also identify all persons with knowledge of those facts, and identify any document You contend memorializes, supports, or corroborates those facts.

> *RESPONSE*:  A-Z contends that Harrison has no damages.  However, once the relationship migrated from Harrison to Imperial, Imperial failed to mitigate its own damages by halting acceptance of partial payments on arrearages as required by the terms of the MOA.  A-Z relies on the oral representations of Imperial personnel and executives, supported by text messages between Amar Ali and Wayne Baquet, Brad Prendergast, Sandy Zazulak, and Shauntrice Jones previously produced.

**INTERROGATORY NO. 25:**  Identify any and all contracts You have with either Harrison or Imperial, and for each contract, please identify the parties to the contract, state its terms, when it was formed, how it was formed (written, oral, or both), the amount, if any, You contend is owed under the contract, and to whom it is owed.  Please state with specificity how You calculated that amount.  Please also identify all persons with knowledge of those facts, and identify any document You contend memorializes, supports, or corroborates those facts.

> *RESPONSE*:  A-Z had a Credit Agreement with Harrison. (App. 19-23).  That business relationship terminated as of March, 2015 — the date of the last Harrison invoice to A-Z.  Agreements as to Imperial consist of a Promissory Note dated January 11, 2019 (App. 24-28) and the MOA.  Terms of the latter are addressed in INTERROGATORY NO. 19.  A-Z relies on the oral representations of Imperial personnel and executives, supported by text messages between Amar Ali and Wayne Baquet, Brad Prendergast, Sandy Zazulak, and Shauntrice Jones previously produced.

## <u>REQUESTS FOR PRODUCTION</u>

**RFP NO. 6:** Please produce any document that contains, concerns, embodies, refers to, relates to, analyzes, summarizes, evaluates, discusses, reports, explains, supports, corroborates, substantiates, confirms, disputes, refutes, contradicts, forms a basis of or otherwise contains information about any affirmative defense asserted in the Answer.

> *RESPONSE*:  All documents responsive to this request have either been previously produced to Plaintiff pursuant to the first set of discovery request or are identified in each corresponding interrogatory and have already been served on opposing counsel in the Appendix to the Defendants' Motion for Summary Judgment.

DATED:  June 24, 2020

Respectfully submitted,

  /s/ Joyce W. Lindauer
Joyce W. Lindauer
State Bar No. 21555700
Guy Harvey Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
joyce@joycelindauer.com
guy@joycelindauer.com
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 24, 2020, a true and correct copy of the foregoing was served on opposing counsel via email.

  /s/ Joyce W. Lindauer
Joyce W. Lindauer

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **HARRISON COMPANY LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 3:19-CV-1057-B** |
| | § | |
| **A-Z WHOLESALERS INC. and** | § | |
| **BARKAT G. ALI,** | § | |
| | § | |
| **Defendants.** | § | |

---

**DEFENDANT BARKAT ALI'S RESPONSE TO PLAINTIFF'S SECOND SET OF
DISCOVERY REQUESTS**

---

To:   Plaintiff Harrison Company, LLC, by and through its counsel of record, David L. Swanson, Joseph A. Unis, and Anna K. Finger, Locke Lord LLP, 2200 Ross Avenue, Suite 2800, Dallas, Texas 75201-6776.

   Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Barkat Ali ("Ali") serves his *Response to Plaintiff's Second Set of Discovery Requests*.

Herein, the following definitions apply:

1.   "Modified Oral Agreement" or "MOA" refers to the oral modification of a payment terms concerning Imperial's invoices to A-Z.

2.   "Credit Agreement" refers to the Credit Agreement and Guaranty entered into between Harrison Company, LLC and A-Z Wholesalers, Inc. signed and guaranteed by Barkat G. Ali on March 11, 2011.

3.   "Promissory Note" refers to the Promissory Note entered into between Imperial Trading Company, LLC and A-Z Wholesalers, Inc. signed and guaranteed by Amar Ali on January 11, 2019.

## REQUESTS FOR ADMISSIONS

**RFA NO. 193:** Admit that Ali has one or more agreements with Harrison.

Answer:  Admitted to the extent that Ali executed a personal guarantee in connection with a Credit Agreement executed by A-Z with Harrison which was in force during the time A-Z conducted business with Harrison. Further, Ali had an oral agreement to cease doing business with Harrison as of March, 2015 and to conduct subsequent orders through Imperial.

**RFA NO. 194:** Admit that Ali has one or more agreements with Imperial.

Answer: Admitted that Ali had an oral agreement that he would not have to personally guarantee Imperial invoices.  Additionally, Ali had an oral agreement with Imperial to transition the business relationship from Harrison to Imperial.

**RFA NO. 195:** Admit that Ali has no personal knowledge of Harrison's operations.

Answer:  Admitted to the extent that Ali has no personal knowledge of such other than the knowledge of Harrison's operations that can be reasonably observed from the perspective of Ali being a former corporate representative of A-Z which was a long term customer of Harrison.

**RFA NO. 196:** Admit that Ali has no personal knowledge of Imperial's operations.

Answer:  Admitted to the extent that Ali has no personal knowledge of such other than the knowledge of Imperial's operations that can be reasonably observed from the perspective of Ali being a former corporate representative of A-Z which was a long term customer of Imperial.

## INTERROGATORIES

**INTERROGATORY NO. 10:** In Paragraph 41 of the Answer, You contend that "Defendants are not liable to Plaintiff because of mutual mistake related to repayment terms of any alleged arrearage."  Please state with specificity all facts upon which this contention is based, including what "mutual mistake" You contend occurred and when You contend it occurred.  Please also identify all persons with knowledge of those facts, and identify any document You contend memorializes, supports, or corroborates those facts.

*RESPONSE:*  Ali contends that Defendants are not liable to Plaintiff due to mutual mistake because Harrison is mistaken that the Ali guarantee was assigned to Imperial and Harrison is mistaken that A-Z's alleged default on Imperial's invoices can trigger the Ali guarantee to Harrison.; Also Ali was mistaken that Imperial would not seek to enforce the Ali

guarantee to Harrison and Ali was also mistaken that Harrison would not seek to enforce the Ali guarantee as to Imperial's invoices.

**INTERROGATORY NO. 11:** In Paragraph 42 of the Answer, You contend that "Defendants are not liable to Plaintiff because of failure of consideration related to the Credit Agreement[.]" Please state with specificity all facts upon which this contention is based, including what "consideration" You contend failed and when You contend such failure occurred. Please also identify all persons with knowledge of those facts, and identify any document You contend memorializes, supports, or corroborates those facts.

> *RESPONSE:* Ali contends that the Defendants are not liable to Plaintiff because of failure of consideration related to the Credit Agreement because Harrison did not assign the Credit Agreement to Imperial for valuable consideration.

**INTERROGATORY NO. 12:** In Paragraph 43 of the Answer, You contend that "Plaintiff's Original Complaint is barred, in whole or in part, because any conduct by Defendants was ratified, consented to and/or acquiesced by Plaintiff." Please state with specificity all facts upon which this contention is based, including what "conduct" and when and how You contend Plaintiff ratified, consented to and/or acquiesced to such conduct. Please also identify all persons with knowledge of those facts, and identify any document You contend memorializes, supports, or corroborates those facts.

> *RESPONSE*: Ali contends that Plaintiff's Original Complaint is barred, in whole or in part, because any conduct by Defendants was ratified, consented to and/or acquiesced by Plaintiff evinced by Imperial's ongoing acceptance of partial payments from A-Z on any arrearages, including continuation of shipment/deliveries. Facts are supported by emails between Defendants and Imperial's staff and executives which have already been produced to Plaintiff in Defendant's first request for production, and UCC public filings..

**INTERROGATORY NO. 13:** In Paragraph 44 of the Answer, You contend that "any and all conduct of which Plaintiff complains, or which is attributed to Defendants, was a just and proper exercise of its [sic] management discretion, at all times privileged and justified, and undertaken for fair and honest reasons, in good faith and without malice." Please state with specificity all facts upon which this contention is based, identify all persons with knowledge of those facts, and identify any document You contend memorializes, supports, or corroborates those facts.

> RESPONSE: Ali contends that any and all conduct of which Plaintiff complains, or which is attributed to Defendants, was a just and proper exercise of its' management discretion, at all times privileged and justified, and undertaken for fair and honest reasons, in good faith and without malice, because A-Z was performing as agreed under the orally modified payment terms concerning arrearages on Imperial's invoices, when Imperial improperly discontinued shipment and deliveries to A-Z. Facts are supported by email communications between A-Z and Imperial which have been previously produced to Harrison.

**INTERROGATORY NO. 14:** Identify any and all contracts You have with either Harrison or Imperial, and for each contract, please identify the parties to the contract, state its terms, when it was formed, how it was formed (written, oral, or both), the amount, if any, you contend is owed under the contract, and to whom it is owed.  Please state with specificity how you calculated that amount.  Please also identify all persons with knowledge of those facts, and identify any document You contend memorializes, supports, or corroborates those facts.

> Response:  Ali maintains that he had issued a personal guarantee associated with a certain Credit Agreement between A-Z and Harrison--that agreement is null and void as A-Z no longer conducts business with Harrison as the business relationship with Harrison was terminated in March 2015, which is the date of the last invoice Harrison issued to A-Z. Other than the oral agreement that Ali did not have to personally guaranty Imperial's invoices, Ali has no other agreements with Imperial.  Ali relies on public UCC filings. Persons with knowledge of these agreements would be Amar Ali and Wayne Baquet, Brad Prendergast, Sandy Zazulak, and Shauntrice Jones.

**INTERROGATORY NO. 15:** To the extent Defendants assert any other plea in avoidance or defense to any claim in the Complaint not otherwise referenced in Plaintiff's interrogatories to You, or in Plaintiffs' interrogatories to A-Z, please identify any such plea or defense.  For each, please state with specificity all facts upon which it is based, identify all persons with knowledge of those facts, and identify any document You contend memorializes, supports, or corroborates those facts.

> *RESPONSE*: Defendants assert that Plaintiff's claims are barred in whole due to lack of standing, as the right to assert any potential claims belong to Imperial, not Harrison. Defendants rely on emails between Defendants and Imperial's executive officers and staff, Imperial's invoices, and Imperial's verified state court petition, as well as public UCC filings.

## REQUESTS FOR PRODUCTION

**RFP NO. 5:** Please produce any document that contains, concerns, embodies, refers to, relates to, analyzes, summarizes, evaluates, discusses, reports, explains, supports, corroborates, substantiates, confirms, disputes, refutes, contradicts, forms a basis of or otherwise contains information about any affirmative defense asserted in the Answer.

> RESPONSE: Defendant has no additional document production responsive to the request that has not been already produced.

.       DATED:  June 24, 2020

Respectfully submitted,

  /s/ Joyce W. Lindauer
Joyce W. Lindauer
State Bar No. 21555700
Guy Harvey Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
joyce@joycelindauer.com
guy@joycelindauer.com
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 24, 2020, a true and correct copy of the foregoing was served on opposing counsel via email.

  /s/ Joyce W. Lindauer
Joyce W. Lindauer

# EXHIBIT C

| | |
|---|---|
| **From:** | Guy Holman <guy@joycelindauer.com> |
| **Sent:** | Thursday, June 18, 2020 10:45 AM |
| **To:** | Unis, Joseph; Swanson, David |
| **Cc:** | Joyce Lindauer; Finger, Anna K. |
| **Subject:** | RE: Harrison's Second Set of Discovery Requests to A-Z and Barkat Ali |

**\*\* External email \*\***
Joseph,

We agree that objections have been waived and we intend to produce any responsive documents on or by the June 24th extension. The RFA's are deemed admitted.

Guy Harvey Holman, esq
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Phone: 972.503.4033
Fax: 972.503.4034
Email: guy@joycelindauer.com

**From:** Unis, Joseph <JUnis@lockelord.com>
**Sent:** Thursday, June 18, 2020 9:22 AM
**To:** Guy Holman <guy@joycelindauer.com>; Swanson, David <dswanson@lockelord.com>
**Cc:** Joyce Lindauer <joyce@joycelindauer.com>; Finger, Anna K. <Anna.K.Finger@lockelord.com>
**Subject:** RE: Harrison's Second Set of Discovery Requests to A-Z and Barkat Ali

Guy,

Your responses were due on or before June 15, 2020. If you disagree, please let me know why. If you agree, you've waived any objection to any discovery request and the admissions are deemed admitted.

If you're writing to ask us not to file a motion to compel because you are representing that you will respond, without objection, to the discovery (including production of all responsive documents) on or before June 24, 2020, please confirm that is your request and we'll respond.

Let me know if you have questions or want to discuss.

Thanks,


**Joe Unis**
**Locke Lord LLP**
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
T: 214-740-8448
F: 214-756-8668
junis@lockelord.com
www.lockelord.com

**From:** Guy Holman <guy@joycelindauer.com>
**Sent:** Wednesday, June 17, 2020 6:38 PM
**To:** Unis, Joseph <JUnis@lockelord.com>; Swanson, David <dswanson@lockelord.com>
**Cc:** Joyce Lindauer <joyce@joycelindauer.com>; Finger, Anna K. <Anna.K.Finger@lockelord.com>
**Subject:** RE: Harrison's Second Set of Discovery Requests to A-Z and Barkat Ali

**\*\* External email \*\***
Joseph—we are requesting a seven (7) day extension on your Second Set of Discovery Requests until Wednesday June 24, 2020.

Guy


Guy Harvey Holman, esq
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Phone: 972.503.4033
Fax: 972.503.4034
Email: guy@joycelindauer.com

---

**From:** Unis, Joseph <JUnis@lockelord.com>
**Sent:** Thursday, May 14, 2020 2:04 PM
**To:** Swanson, David <dswanson@lockelord.com>; Guy Holman <guy@joycelindauer.com>
**Cc:** Joyce Lindauer <joyce@joycelindauer.com>; Finger, Anna K. <Anna.K.Finger@lockelord.com>
**Subject:** Harrison's Second Set of Discovery Requests to A-Z and Barkat Ali


Guy,

Please see the attached discovery requests to A-Z and to Barkat Ali.

Best,

**Joe Unis**
**Locke Lord LLP**
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
T: 214-740-8448
F: 214-756-8668
junis@lockelord.com
www.lockelord.com

Atlanta | Austin | Boston | Brussels | Chicago | Cincinnati | Dallas | Hartford | Hong Kong | Houston | London | Los Angeles | Miami | New Orleans | New York | Princeton | Providence | San Francisco | Stamford | Washington DC | West Palm Beach

For more information visit www.lockelord.com

CONFIDENTIALITY NOTICE:
This e-mail and any attached files from Locke Lord LLP may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this e-mail by accident, please notify the sender immediately and destroy this e-mail and all copies of it. We may scan and or monitor emails sent to and from our servers to ensure regulatory compliance to protect our clients and business.

Appendix 21