UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HARRISON COMPANY LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:19-CV-1057-B |
| § | |
| A-Z WHOLESALERS INC. and § | |
| BARKAT G. ALI, § | |
| § | |
| Defendants. § | |

**HARRISON'S BRIEF IN SUPPORT OF
OBJECTIONS TO AND MOTION TO STRIKE
DEFENDANTS' SUMMARY JUDGMENT EVIDENCE**

Plaintiff Harrison Company, LLC ("Harrison") files this Brief in Support of Objections to and Motion to Strike Defendants' Summary Judgment Evidence pursuant to Federal Rule of Civil Procedure 56(c) and states:

**INTRODUCTION**

Harrison moves the Court to strike or disregard certain sworn statements made in the *Declaration of Amar Ali* (Doc. 56 at pp. 216-220) and the *Declaration of Barkat Ali* (Doc. 56 at pp. 221-225) in Defendants' Appendix to Brief in Support of Motion for Summary Judgment (Doc. 56) because they are inadmissible legal conclusions and because Amar Ali ("Amar") and Barkat Ali ("Barkat") lack the requisite personal knowledge to make them. Statements in a declaration that are inadmissible evidence cannot be considered in support of a motion for summary judgment and must be struck.

1

## ARGUMENT

Sworn statements submitted in support of a motion for summary judgment must "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).  The Court cannot consider inadmissible evidence contained in affidavits or declarations.  *Burton v. Banta Global Turkey, Ltd.*, 170 Fed. App'x 918, 923 (5th Cir. 2006) (citing Fed. R. Civ. P. 56(c)(4)) (declining to consider affidavit because witness lacked personal knowledge and affidavit was irrelevant to the issue at hand).  Legal conclusions and statements made without personal knowledge in a declaration are inadmissible and cannot be considered on summary judgment. *D'Onofrio v. Vacation Pubs., Inc.*, 888 F.3d 197, 208 (5th Cir. 2018).

### A. Amar and Barkat's statements regarding Imperial's operations and subjective intent are inadmissible because Amar and Barkat lack personal knowledge.

Amar and Barkat's statements relating to Imperial's operations and subjective intent are inadmissible because Amar and Barkat lack sufficient personal knowledge to make such assertions.  In the first sentence of paragraph 3 of both declarations, Amar and Barkat state: "On September 1, 2018, Imperial Trading Company, LLC ('Imperial') acquired Harrison and took over the process of fulfilling all orders." (Doc. 56. at pp. 216, 222).  But Amar and Barkat do not explain how they respectively came to acquire any personal knowledge of Harrison and/or Imperial's structure and process for fulfilling orders.  They also do not identify any document supporting their conclusory statements.  In fact, A-Z and Barkat admit that they do not have any personal knowledge of Harrison's or Imperial's internal operations.  (Pl.'s App. to Resp. in Opp. to Defs.' Mot. for Summ. J. 5, A-Z's 2d Disc. Resps., RFA 157-157; 14, Barkat Apli's 2d Disc. Resps.,

RFA 195, 196; 19, Holman Email).[1]  That inadmissible statement must be disregarded and struck from both declarations.

Amar and Barkat's assumptions regarding Imperial's motivation and rationale in the state-court lawsuit are also inadmissible.  In the last sentence of paragraph 5 of Amar's declaration and the last sentence in paragraph 4 of Barkat's declaration, Amar and Barkat allege that Imperial's request for an ex parte hearing "was groundless and brought in bad faith and solely for the purpose of harassment."  (Doc. 56 at pp. 217, 222).  Amar and Barkat's opinions stated as sworn fact that Imperial acted in bad faith or "solely for the purpose of harassment" are inadmissible conclusions, irrelevant opinions, and not based on personal knowledge.

The first two sentences in paragraph 6 of Amar's declaration and paragraph 5 of Barkat's declaration should be disregarded and stricken for the same reasons.  There, Amar and Barkat offer their opinions on *why* Imperial voluntarily non-suited its state-court action.  (Doc. 56 at pp. 217-218, 222).  Neither of them has any personal knowledge as to Imperial's decision and any opinion is not admissible.

B. **Amar and Barkat's statements regarding the merit of Imperial's claims in the state-court lawsuit are inadmissible because they are improper legal conclusions and unsupported opinions.**

Amar and Barkat's own subjective conclusions or opinions on the merits of the state-court lawsuit—which was non-suited shortly after filing and before any ruling on the merits—cannot constitute competent evidence in support of Defendants' Motion for Summary Judgment. "Declarations 'setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment.'" *Fairview Hospitality, LLC v. State Bank of Texas*, 2019 WL 2491970, at *3 (N.D. Tex. June 14, 2019) (quoting *Stagliano v.*

---

[1] Harrison incorporates its Appendix to Harrison's Response in opposition to Defendants' Motion for Summary Judgment by reference pursuant to Federal Rule of Civil Procedure 10(c).

3

*Cincinnati Ins. Co.*, 663 F. App'x 217, 219 (5th Cir. 2015)) (declining to consider conclusory statements in reviewing defendants' motion for summary judgment). Legal conclusions are not competent summary judgment evidence. *D'Onofrio*, 888 F.3d at 208. Nor are unsubstantiated assertions, conclusory allegations, improbable inferences, and unsupported speculation. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994); *see Texas Clinical Labs, Inc. v. Shalala*, 1999 WL 1243200, at *9 (N.D. Tex. Dec. 21, 1999).

Amar and Barkat's opinions regarding the merit of the state-court lawsuit against A-Z are improper legal conclusions or, at least, unsubstantiated opinions that cannot be considered on review of Defendants' Motion for Summary Judgment. In the last sentence of paragraph 5 of Amar's Declaration and the last sentence of paragraph 4 of Barkat's declaration, both state: "The request for such was groundless and brought in bad faith and solely for the purpose of harassment." (Doc. 56 at pp. 217, 222). Besides the fact that neither Amar nor Barkat has any personal knowledge of the subjective intent behind any action taken in the state-court lawsuit, whether the suit was frivolous as the declarants imply is either an inadmissible legal conclusion, an irrelevant opinion, or both. Amar and Barkat's conclusive sworn statements are inadmissible, should be disregarded, and the Court must strike them.

Paragraph 6 of Amar's Declaration and paragraph 5 of Barkat's declaration should be struck in their entirety for the same reasons. There, both state: "Imperial's arguments, actions, and claims in state court lacked merit and were therefore not successful. As a result, Imperial elected to non-suit its case. Harrison then filed the instant legal action against A-Z and [Barkat G. Ali/me], adopting in their entirety Imperial's failed causes of action and reiterating the same meritless arguments identical to those proposed by Imperial in state court in an attempt to collect on debts allegedly owed to its parent company, and upon with Imperial was not able to collect in state

court." (Doc. 56 at pp. 217-218, 222). The merit of Imperial's and/or Harrison's claims is a question of law not to be conclusively decided by Barkat and Amar. Accordingly, such statements are not competent evidence and the Court should not consider them in support of Defendants' Motion for Summary Judgment.

## CONCLUSION

Harrison respectfully requests that the Court disregard and strike the sentences identified above in the Declarations of Amar Ali and Barkat Ali filed in support of Defendants' Motion for Summary Judgment, and grant Harrison any and all further relief to which it may show itself entitled.

Respectfully submitted,

*/s/ Joseph A. Unis, Jr.*
David L. Swanson
  State Bar No. 19554525
  dswanson@lockelord.com
Joseph A. Unis, Jr.
  State Bar No. 24075625
  junis@lockelord.com
Anna K. Finger
  State Bar No. 24105860
  anna.k.finger@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
T: 214-740-8000
F: 214-740-8800
**ATTORNEYS FOR PLAINTIFF
HARRISON COMPANY, L.L.C.**

## **CERTIFICATE OF SERVICE**

      I certify that on July 7, 2020, I filed this document using the Court's Electronic Case Filing ("ECF") system, which will automatically deliver a notice of electronic filing to Defendants' counsel of record, who are registered ECF users. Delivery of such notice of electronic filing constitutes service of this document as contemplated by Rule 5 of the Federal Rules of Civil Procedure. *See* LR 5.1.

                                                */s/ Joseph A. Unis, Jr.*
                                                Counsel for Plaintiff