UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HARRISON COMPANY LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-1057-B |
| | § | |
| A-Z WHOLESALERS INC. and | § | |
| BARKAT G. ALI, | § | |
| | § | |
| Defendants. | § | |

### HARRISON'S BRIEF IN SUPPORT OF OBJECTIONS TO AND MOTION TO STRIKE SECOND DECLARATION OF AMAR B. ALI

Plaintiff, Harrison Company, LLC ("Harrison") files this Brief in Support of Objections to and Motion to Strike Second Declaration of Amar B. Ali pursuant to Federal Rule of Civil Procedure 56(c) and states:

### INTRODUCTION

Harrison moves the Court to strike or disregard certain sworn statements made in the *Declaration of Amar B. Ali* (Doc. 66 at pp. 584-585) in Defendants' Response and Brief in Opposition to Plaintiff's Motion and Brief for Summary Judgment because they are irrelevant conclusory opinions and Amar lacks the requisite personal knowledge to make them. Statements in a declaration that are inadmissible evidence cannot be considered in support of a motion for summary judgment and must be struck.

### ARGUMENT

Sworn statements submitted in support of a motion for summary judgment must "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). The Court

1

cannot consider inadmissible evidence contained in affidavits or declarations. *Burton v. Banta Global Turkey, Ltd.*, 170 Fed. App'x 918, 923 (5th Cir. 2006) (citing Fed. R. Civ. P. 56(c)(4)) (declining to consider affidavit because witness lacked personal knowledge and affidavit was irrelevant to the issue at hand).

### A. Amar's statements regarding Harrison's or Imperial's operations are inadmissible because Amar lacks personal knowledge and they are irrelevant.

Amar's statements relating to Harrison's and Imperial's operations are inadmissible because Amar lacks sufficient personal knowledge to make such assertions. In paragraph 2 of his Declaration, Amar states: "After entering into a Credit Agreement with Harrison, on or about March 11, 2011, Harrison assigned A-Z the following customer account numbers: #17501 and #17502, requesting A-Z's Dallas and Waco locations respectively." (Doc. 66 at pp. 459, APP584). In paragraph 3 of his Declaration, Amar states: "On or about March 31, 2015 A-Z terminated its relationship with Harrison and transitioned the business relationship to Harrison's parent company, Imperial. Imperial then assigned A-Z new customer account numbers #95750 and #95751, representing A-Z's Dallas and Waco locations respectively." (Doc. 66 at pp. 359, APP584). Amar has no personal knowledge of any business transition between Harrison and Imperial. Further, although Amar may be aware of a change in or assignment of account numbers to A-Z, he cannot speculate as to whether Harrison or Imperial effected that change; nor can he imply how or why that decision was made in a sworn statement based solely on his own speculation.

Amar's statements in paragraphs 2 and 3 are also inadmissible because they are irrelevant. To be admissible, evidence must have a tendency to make a fact that is of consequence in determining the action more or less probable than it would be without the evidence. Fed. R. Evid. 401; *see Burton*, 170 Fed. App'x at 923. The sole purpose of Amar's Declaration is to attempt to support Defendants' argument that A-Z, and not Barkat, is indebted to Imperial (not Harrison),

despite the absence of any writing. Whether Harrison or Imperial assigned new numbers to A-Z's accounts has nothing to do with A-Z failing to pay for the products A-Z received from Harrison. Whether A-Z's business relationship was "transitioned" from Harrison to Imperial (which it was not) is also irrelevant absent any written assignment. The Credit Agreement is the operative agreement. There is no other agreement created orally or pursuant to an alleged course of conduct with Imperial that modifies or negates the Credit Agreement. Accordingly, Amar's statements are irrelevant and, therefore, inadmissible. Paragraphs 2 and 3 must be struck.

### B. Amar's opinions and beliefs are inadmissible because they are conclusory and irrelevant.

Amar's statements relating to his / A-Z's opinions and beliefs regarding A-Z's relationship with Harrison and Imperial are also irrelevant and, therefore, not competent summary judgment evidence. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence." *Peavy v. Dallas Ind. Sch. Dist.*, 57 F. Supp.2d 382, 387 (N.D. Tex. 1999). The court cannot consider "[s]tatements which merely express beliefs, conjectures, opinions, conclusions, arguments or assumptions." *Id.* at 386 n.3; *see Stevenson v. Rochdale Inv. Mgmt. Inc.*, 2000 WL 1278479, at *1 n.2 (N.D. Tex. Sept. 7, 2000); *see also Sandidge v. Fed. Nat'l Mortg. Ass'n*, 2017 WL 2362016, at * (N.D. Tex. May 31, 2017) (sustaining objections to declaration because statements were conclusory allegations and irrelevant to the facts at hand).

In paragraph 2, Amar states that "A-Z terminated its relationship with Harrison and transitioned the business relationship to Harrison's parent company, Imperial." This statement is nothing more than Amar's belief, opinion, conclusion, or legal conclusion and, therefore, inadmissible.

Paragraph 4 of Amar's Declaration deals entirely with his / A-Z's subjective belief "that it was contracting with Imperial." (Doc. 66 at pp. 359-360, APP584-85). But, the undisputed fact remains that A-Z contracted with Harrison, and Harrison never assigned or transferred the Credit Agreement or the Guaranty. (Doc. 65 ¶19). Amar's alleged subjective confusion regarding whether A-Z's payments were being internally allocated to a Harrison account or an Imperial account is irrelevant and does not change the undisputed fact that neither A-Z nor Barkat Ali has paid Harrison. Therefore, paragraph 4 of Amar's Declaration must be struck. Since the only substantive statements in Amar's Declaration are contained in paragraphs 2, 3, and 4—all of which must be struck—the Court should strike the Declaration of Amar Ali in its entirety.

## **CONCLUSION**

Harrison respectfully requests that the Court sustain Harrison's objections, disregard and strike the Declaration of Amar B. Ali filed in support of Defendants' Response to Plaintiff's Motion for Summary Judgment, and grant Harrison any and all further relief to which it may show itself to be justly entitled.

          Respectfully submitted,

          */s/ Joseph A. Unis, Jr.*
          David L. Swanson
            State Bar No. 19554525
            dswanson@lockelord.com
          Joseph A. Unis, Jr.
            State Bar No. 24075625
            junis@lockelord.com
          Anna K. Finger
            State Bar No. 24105860
            anna.k.finger@lockelord.com
          LOCKE LORD LLP
          2200 Ross Avenue, Suite 2800
          Dallas, Texas 75201-6776
          T: 214-740-8000
          F: 214-740-8800
          **ATTORNEYS FOR PLAINTIFF**
          **HARRISON COMPANY, L.L.C.**

## <u>CERTIFICATE OF SERVICE</u>

     I certify that on July 21, 2020, I filed this document using the Court's Electronic Case Filing ("ECF") system, which will automatically deliver a notice of electronic filing to Defendants' counsel of record, who are registered ECF users. Delivery of such notice of electronic filing constitutes service of this document as contemplated by Rule 5 of the Federal Rules of Civil Procedure. *See* LR 5.1.

          */s/ Anna K. Finger*
          Counsel for Plaintiff