**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **HARRISON COMPANY, LLC.,** | § | |
| | § | |
| **Plaintiff,** | § | **Civil Action No.: 3:19-cv-01057-B** |
| | § | |
| **v.** | § | |
| | § | |
| **A-Z WHOLESALERS, INC., and** | § | |
| **BARKAT G. ALI,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS' RESPONSE AND BRIEF IN OPPOSITION TO**
**HARRISON'S OBJECTION TO AND MOTION TO STRIKE DEFENDANTS'**
**SUMMARY JUDGMENT EVIDENCE**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**COME NOW**, Defendants A-Z Wholesalers, Inc ("A-Z") and Barkat Ali ("Ali")(collectively, "Defendants"), in the above-entitled and numbered cause, by and through their attorneys,  file this *Response and Brief in Opposition* (the "Response") to *Harrison's Objection to And Motion to Strike Defendants' Summary Judgment Evidence* [D.E. 63] (the "Motion").  Defendants move this Court to deny Plaintiff's Motion and show as follows:

**I.**
**SUMMARY OF ARGUMENT**

1.      Defendants offer this response to Plaintiff's objection to Defendant's declarations in support of Defendants' Motion for Summary Judgment.  Plaintiff's incorrectly assert that Defendants lack personal knowledge to make their declarations because they lack personal knowledge of Imperial's "internal" operations.

2.     Defendants' maintain that sources other than Imperial's "internal" operations have sufficiently informed their personal knowledge to deem them competent to make their declarations pursuant to FRCP 56(c)(4).

## II.
## LAW AND ARGUMENT

### a.     Standard of Review Concerning Summary Judgment Evidence

3.     To reject testimony because it is unsubstantiated and self-serving is to weigh the strength of the evidence or make credibility determinations—tasks belonging to the trier of fact. At summary judgment, whether the movant's evidence is more persuasive than the evidence of the non-movant is irrelevant. The only question is whether the evidence presented, reasonably construed in the light most favorable to the non-movant, creates a genuine dispute regarding any material fact precluding judgment as a matter of law.[1]

4.     Personal knowledge may include reasonable inferences, however the inferences must be grounded in observation or other first-hand personal experience.  They must not be flights of fancy, speculations, hunches, intuitions, or rumors about matters remote from that experience.[2]

5.     Fed. R. Civ. P. 56(c) permits a party to support or dispute summary judgment through unsworn declarations, provided their contents can be presented in admissible form at trial. Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible, the material may be presented in a form that would not, in itself, be admissible at trial. At the summary judgment stage, evidence need not be authenticated or otherwise presented in an admissible form.[3]

---

[1] United States v. Funds in the Amount of One Hundred Thousand One Hundred & Twenty Dollars ($100,120.00), 730 F.3d 711, 717 (7th Cir. 2013).
[2] Payne v. Pauley, 337 F.3d 767, 772 (7th Cir. 2003).
[3] Patel v. Tex. Tech Univ., 941 F.3d 743,746 (5th Cir. 2019); Maurer v. Independence Town, 870 F.3d 380, 384 (5th

b.      **Defendants' Personal Knowledge Need Not Rely on Personal Knowledge of Imperial or Harrison's Internal Operations**

6.      Although Defendants admittedly do not have personal knowledge of Imperial's or Harrison's internal operations, Defendants' nonetheless have sufficient personal knowledge to make their declarations or affidavits.

7.      Defendant A-Z has been a long-term customer of both Harrison and Imperial. Defendant Barkat is competent to make his declaration because he is a party opponent who executed the personal guarantee on the Credit Agreement to Harrison and is also a former executive of A-Z.  Amar Ali, who serves as A-Z's current president and CEO, by his position alone, is competent to make his declaration as he served at the helm of A-Z during the relevant period at issue.

8.      Further, Defendants have been observing the external operations of both Harrison and Imperial over multiple years from the personal perspective of being a customer.  Being a customer of Harrison and Imperial afforded the Defendants a unique vantage point to observe the customary practices of both Harrison and Imperial.  Knowledge of Harrison's or Imperial's internal operations is not required.

9.      The Defendants' personal experience and observation on how Harrison and Imperial interface with their customers is sufficient for personal knowledge.  There is no requirement that the affiant be familiar with internal operations that may be hidden to the public. Arguably, it is Harrison's and Imperial's external interactions that are most relevant to the issues at hand.  By way of analogy, a customer does not need to know the secret herbs and spices that go

---

Cir. 2017)("At the summary judgment stage, evidence need not be authenticated or otherwise presented in an admissible form. Fed. R. Civ. P. 56(c). Materials cited to support or dispute a fact need only be capable of being presented in a form that would be admissible in evidence. Fed. R. Civ. P. 56(c)(2)").

into making KFC's fried chicken to know whether the chicken tastes good or if the restaurants are clean.  A customer can readily make these inferences from their personal observations and personal experiences.

10.     Moreover, Defendants' have personally reviewed the documents produced by the parties which yield significant insight into the operations of both Harrison and Imperial. Additionally, Defendants have authenticated the documents they rely on in support of their observations. [**Def. APP 218-220; 223-225**].

11.     Here, Plaintiff's objection to Defendants' declarations, on the basis that Defendants lack personal knowledge of Imperial's or Harrison's internal operations must fail because, personal knowledge of internal operations is not required nor relevant to the issues at hand.

c.     <u>**Defendants' Inferences and Observations Are Supported by The Record**</u>

12.     Although authentication of summary judgment evidence is no longer required by the rules[4], Defendants expressly authenticated and identified the documents relied upon to support any and all inferences and observations in their declarations. [**Def. APP 218-220; 223-225**].

13.     Defendants have the requisite personal knowledge as detailed above and have authenticated specific documents which have informed their understandings; as follows:

| STATEMENT OBEJECTED TO | BASIS OF INFERENCE |
|---|---|
| "Imperial's request of an ex-parte hearing was groundless and brought in bad faith and solely for the purpose of harassment". [D.E. 56 at pp. 217, 222] | Imperial's verified State Court Petition [APP 1-14,18], which is contradicted by the instant Complaint [D.E.1] and Declaration of Brad Prendergast [Pl. APP 14-18] |
| "Imperial's arguments, actions, and claims in state court lacked merit and were therefore not successful.  As a result, Imperial elected to non-suit its case. | Imperial's verified State Court Petition [APP 1-14,18], which is contradicted by instant Complaint [D.E.1] and Declaration of Brad Prendergast [Pl. APP 14-18]. |

---

[4] See <u>Patel</u> at 746.

| | |
|---|---|
| Harrison then filed the instant legal action against A-Z and me, adopting in their entirety Imperial's failed causes of action and reiterating the same meritless arguments identical to those proposed by Imperial in state court in an attempt to collect on debts allegedly owed to its parent company, and upon which Imperial was not able to collect in state court" [D.E. 56 at pp.217-218, 222] | Additionally, Defendants rely on Imperial's Motion for Non-Suit [APP 15] and Order granting Non-Suit [APP17] |
| "Imperial acquired Harrison and took over process of fulfilling all orders" [D.E. 56 at pp. 216, 222] | UCC-1 [APP 29]; Notice of Default and Demand [APP 30-32]; Invoices [APP 33-182]; Open Invoice Report [APP 191-192]; Secretary of State Filings [Pl. APP 9-13] |

14.     Although Defendants' inferences and observations may be self-serving, for the Court to reject Defendants' declarations on that basis would be an abuse of discretion.  Defendants' personal knowledge may include reasonable inferences that are grounded in personal observation, first hand experience and/or supported by the record.  Here, Plaintiff's objection to Defendants' declarations must fail because Defendants' inferences are in fact informed by personal observation, personal experience, and supported by citation and authentication of documents on the record.

### III.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants request the Court to deny *Harrison's Objection to And Motion to Strike Defendants' Summary Judgment Evidence* and grant Defendants such further relief, both at law and equity to which Defendants may be justly entitled.

Dated: July 21, 2020.

Respectfully submitted,

  /s/ Joyce W. Lindauer
Joyce W. Lindauer
State Bar No. 21555700
Guy Harvey Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
joyce@joycelindauer.com
guy@joycelindauer.com
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 21, 2020, a true and correct copy of the foregoing was served on all parties via the Court's ECF system.

  /s/ Joyce W. Lindauer
Joyce W. Lindauer