**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **HARRISON COMPANY, LLC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No.: 3:19-cv-01057-B** |
| | § | |
| **A-Z WHOLESALERS, INC., and** | § | |
| **BARKAT G. ALI,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT'S RESPONSE AND BRIEF IN OPPOSITION TO**
**HARRISON'S OBJECTION TO AND MOTION TO STRIKE SECOND**
**DECLARATION OF AMAR B. ALI**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**COMES NOW**, Defendant A-Z Wholesalers, Inc ("A-Z" or the "Defendant") in the above-entitled and numbered cause, by and through its attorneys, and files this *Response and Brief in Opposition* (the "Response") to *Harrison's Objection to and Motion to Strike Second Declaration Of Amar B. Ali* [D.E. 69/70] (the "Motion"). Defendant moves the Court to deny Plaintiff's Motion and shows as follows:

**I.**
**SUMMARY OF ARGUMENT**

1.     Without offering any evidence in support, Harrison makes the general allegation that the declaration of Amar Ali is inadmissible because he "lacks the requisite personal knowledge to make them" and that his statements are "irrelevant conclusory opinions". [1]

---

[1] D.E. 70, p. 1.

2.      The evidence will show however, that Amar Ali's personal knowledge is firmly supported by: 1) his initial role as vice-president of A-Z and his current role as President and CEO of A-Z—positions he has maintained during the relevant period at issue; 2) Amar Ali's direct involvement in the matters sworn to; and 3) Amar Ali's direct review of documents of record with the Court.  Also, the evidence will show that statements made by Amar Ali in his declaration are highly relevant and non-conclusory, as the statements are reasonable inferences grounded in his personal observations and first-hand experiences.

3.      Pursuant to FRCP 56(c)(4), Amar Ali should be deemed to have personal knowledge and is competent to offer his declaration in his capacity as the corporate representative of A-Z.  The Court should also find that statements by Amar Ali meet the relevancy test of FRE 401, as his statements have the tendency to make facts more or less probable than they would be without the evidence, and that his statements are of consequence in determining this matter.

## II.
## LAW AND ARGUMENT

### a.      Standard of Review Concerning Summary Judgment Evidence

4.      It is proper in the summary judgment context for district courts to rely on affidavits where the affiants' personal knowledge and competence to testify are reasonably inferred from their positions and the nature of their participation in the matters to which they swore.[2]  Personal knowledge may include reasonable inferences and opinions; however, the inferences must be grounded in observation or other first-hand personal experience.  They must not be flights of fancy, speculations, hunches, intuitions, or rumors about matters remote from that experience.[3]  Personal

---

[2] DIRECTV Inc. v. Budden, 420 F.3d 521, 529 (5th Cir. 2005).
[3] Payne v. Pauley, 337 F.3d 767, 772 (7th Cir. 2003); U.S. v. Whittemore, 776 F.3d 1074, 1082 (9th Cir. 2015)("Witnesses are not permitted to speculate, guess, or voice suspicions.  However, personal knowledge includes opinions and inferences grounded in observations and experience.").

knowledge may also consist of what the witness thinks he knows from personal perception. Likewise, a witness may testify to the fact of what he did not know and, how, if he had known that independently established fact, it would have affected his conduct or behavior.[4] Also, personal knowledge does not require that the witness' knowledge be positive or rise to the level of absolute certainty.   Moreover, personal knowledge does not necessarily mean contemporaneous knowledge.[5]  Further Fed. R. Evid 602, provides that "[e]vidence to prove personal knowledge may consist of the witness's own testimony."[6] Evidence is inadmissible only if in the proper exercise of the trial court' discretion it finds that the witness could not have actually perceived or observed that which he testifies to.[7]

**b.    Amar Ali's Personal Knowledge and Competence Can Be Reasonably Inferred From His Position and Involvement in the Matters Sworn To**

5.      Amar Ali has the requisite personal knowledge as detailed here:

| STATEMENT OBJECTED TO | BASIS OF INFERENCE |
|---|---|
| "After entering into a Credit Agreement with Harrison, on or about March 11, 2011, Harrison assigned A-Z the following customer account numbers: #17501 and #17502, representing A-Z's Dallas and Waco locations respectively" [D.E. 66, APP584] | Amar Ali, in his capacity as Vice-President of A-Z between November, 2008 through December, 2017 was personally involved with the events sworn to.  In his current capacity as President and CEO of A-Z, Amar Ali has personally reviewed the Credit Application [APP 19-21], and historical invoices and statements generated by Harrison [APP226-246]. |
| "On or about March 31, 2015 A-Z terminated its relationship with Harrison | Amar Ali, in his capacity as Vice-President of A-Z between November, 2008 through |

---

[4] U.S. v. Cuti, 720 F.3d 453, 458-59 (2nd Cir. 2013).
[5] World Health Jets LLC v. Barrett, 610 B.R. 118, 136 (Bankr. S.D. Miss)(quoting Dalton v. FDIC, 987 F.2d 1216, 1223 (5th Cir. 1993).
[6] Federal Rules of Evidence 602.
[7] U.S. v. Sinclair, 109 F.3d 1527, 1536 (10th Cir. 1997); **See also** U.S. v. Brown, 669 F.3d 10, 22 (1st Cir. 2012); Sec v. Singer, 786 F. Supp. 1158, 1167 (S.D.N.Y. 1992)("A witness' conclusion based on personal observations over time may constitute personal knowledge despite the witness' inability to recall the specific incidents upon which he based his conclusion.").

| | |
|---|---|
| and transitioned the business relationship to Harrison's parent company, Imperial. Imperial then assigned A-Z new customer account numbers #95750 and #95751, representing A-Z's Dallas and Waco locations respectively" [D.E. 66, APP584] | December, 2017 was personally involved with the events sworn to. Additionally, Amar Ali has reviewed Imperial's invoices [APP33-182] and shipping manifests [APP 247-285]. |
| "A-Z has been operating with the understanding that it was contracting with Imperial" [D.E. 66, APP584] | Amar Ali, in his capacity as President and CEO of A-Z, was personally involved in the events sworn to. Additionally, the following documents informed his understanding: Invoices [APP33-182]; Shipping manifests [APP 247-285]; Cancelled Checks [APP 286-443]; Emails [APP 444-576]; Offer of Compromise [APP 577-583]; UCC-1's [APP 29]; and Open Invoice Reports [APP 191-192] |

## c.    Statements By Amar Ali, In His Capacity As Corporate Representative of A-Z, Meet The Relevancy Test

6.    Amar Ali's statements in his declaration are certainly relevant to the controversy at hand.   His factual account of "when" customer numbers were assigned, "who" assigned the customer numbers, and "which" customer numbers were assigned directly weighs on a genuine fact issue ---i.e. which entity is owed the alleged debt, Harrison or Imperial.

7.    Additionally, Amar Ali's statement concerning "when" the Harrison Credit Agreement was terminated directly weighs on a question of law ---i.e. whether the Barkat Ali personal guarantee was triggered.

8.    Also, Amar Ali's statement concerning "who" the contracting parties were directly weighs on A-Z's defenses such as modification, novation, acquiescence, consent, and most importantly lack of standing and privity of contract.

9.    As such, the Court should find the statements objected to in Amar Ali's declaration to be relevant.

**d.    Statements By Amar Ali Are Not Conclusory Allegations But Are Rather His Reasonably Inferred Perceptions Informed From His Position, Personal Observations, And Personal Experiences**

10.    Personal knowledge may include reasonable inferences and opinions; however, the inferences must be grounded in observation or other first-hand personal experience.[8]

11.    As detailed above, Amar Ali, in his capacity as Vice-President of A-Z between November, 2008 through December, 2017 and as President from January, 2018 to present, was personally involved with the events sworn to.  Additionally, Amar Ali has thoroughly reviewed the documents on record with the Court.  Taken together, Amar Ali is more than competent to swear to the facts as he perceives them.  His perceptions are well rooted in his personal observations and experiences from direct involvement with Harrison and Imperial.

## III.
## CONCLUSION

12.    Defendant has shown that Amar Ali meets the requirements of FRCP 56(c)(4).  Amar Ali's position with A-Z has given him the unique vantage point to observe events and to directly participate in the decision making concerning several key events that are relevant to the matters sworn to.  Also, the Defendant has shown that Amar Ali's statements are not conclusory allegations, but are in fact reasonable inferences grounded in this personal experience and observations.  For these reasons, the Court should deny *Harrison's Objection To And Motion To Strike Second Declaration Of Amar B. Ali*.

---

[8] Payne v. Pauley, 337 F.3d 767, 772 (7th Cir. 2003); U.S. v. Whittemore, 776 F.3d 1074, 1082 (9th Cir. 2015)("Witnesses are not permitted to speculate, guess, or voice suspicions.  However, personal knowledge includes opinions and inferences grounded in observations and experience.").

## IV.
## <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Court denies *Harrison's Objection To And Motion To Strike Second Declaration Of Amar B. Ali.* and grants Defendant such further relief, both at law and equity to which Defendant may be justly entitled.

Dated: July 23, 2020.

Respectfully submitted,

  /s/ Joyce W. Lindauer
Joyce W. Lindauer
State Bar No. 21555700
Guy Harvey Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
joyce@joycelindauer.com
guy@joycelindauer.com
**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on July 23, 2020, a true and correct copy of the foregoing was served on all parties via the Court's ECF system.

  /s/ Joyce W. Lindauer
Joyce W. Lindauer