UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HARRISON COMPANY LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:19-CV-1057-B |
| A-Z WHOLESALERS INC. and BARKAT G. ALI, | § § § § | |
| Defendants. | § | |

**HARRISON'S REPLY IN SUPPORT OF OBJECTIONS TO
AND MOTIONS TO STRIKE DEFENDANTS' DECLARATIONS**

Plaintiff, Harrison Company, LLC ("Harrison") files this Reply in Support of: (1) its Objections to and Motion to Strike Defendants' Summary Judgment Evidence (Docs. 63-64); and, (2) its Objections to and Motion to Strike Second Declaration of Amar B. Ali (Docs. 69-70), and states:

## INTRODUCTION

Harrison properly objected to declarations that purport to testify to "observations" that Defendants filed with their Motion for Summary Judgment (Docs. 54, 56, and 57) and their response to Harrison's Motion for Summary Judgment (Docs. 51-53) because the observations are not competent evidence and are irrelevant to any element of a claim or defense. The observations do not make any material fact more or less probable, and the Defendants' subjective interpretation of *documents* is not an observation of an objective fact. The documents in the record are the best evidence of their content, speak for themselves, and it is for the Court, and not the parties, to interpret any legal effect. Defendants' declarations are not evidence, much less the "best evidence," of any fact. Defendants' "observations" and "inferences" on documents (e.g., invoices)

1

are Defendants' subjective interpretations and not statements of fact that would be admissible evidence. Legal arguments and/or conclusions under the guise of "reasonable inference" are inadmissible.

## **ARGUMENT**

The law does not support considering the Defendants' declarations. Indeed, "[s]tatements which merely express beliefs, conjectures, opinions, conclusions, arguments or assumptions will not be considered by the court. For example, a person's subjective belief or opinion regarding a matter or event is of no moment and is not competent summary judgment evidence." *Peavy v. Dallas Indep. Sch. Dist.*, 57 F. Supp. 2d 382, 386 (N.D. Tex. 1999); *see also United States v. Almallah*, No. 304CV2230BFHECF, 2006 WL 8437215, at *3 (N.D. Tex. Aug. 28, 2006) ("The personal opinion of Ms. Nicholas that the marriage of Defendant to Ms. Hawley was not a sham marriage is not relevant. This Court gives no weight to Ms. Nicholas' opinion."), *aff'd*, 244 F. App'x 584 (5th Cir. 2007).

Notwithstanding this authority, and without citing any contrary authority in support, Defendants argue that the statements in their declarations are "reasonable inferences grounded in [their] personal observations and first-hand experiences." (Doc. 73, ¶2). Although an individual can observe a heading on a document, he cannot infer legal conclusions from that heading (such as a contract modification, novation, and/or release). Those are the very "inferences" that Defendants are arguing the Court should accept as fact.

In their first response, Defendants' argue: "[b]y way of analogy, a customer does not need to know the secret herbs and spices that go into making KFC's fried chicken to know whether the chicken tasted good or if the restaurants are clean." (Doc. 71, ¶9). But Defendants' proffered declarations about Harrison's invoices, bills of lading, and accounting system is, in fact, equivalent

to speculating as to the ingredients in a secret recipe (as Harrison's and Imperial's accounting system and process is internal and proprietary).

Even if Defendants designated Amar and Barkat Ali as experts, which Defendants did not do, neither one can simply "study the documents" then testify to conclusions based on their review of them. *See* Doc. 71, ¶10. Opinions that the documents reviewed do not satisfy legal requirements are conclusory and amount to impermissible legal conclusion. *See*, *e.g.*, *Easterling v. U.S. Bank Nat'l Ass'n*, No. 3:16-CV-3403-L-BH, 2018 WL 7266516, at *19 (N.D. Tex. Dec. 6, 2018) (collecting cases), *report and recommendation adopted*, No. 3:16-CV-3403-L, 2019 WL 156264 (N.D. Tex. Jan. 10, 2019); *see also Goodman v. Harris Cty.*, 571 F.3d 388, 399 (5th Cir. 2009). Thus, the Court should sustain Harrison's objections and grant its first motion to strike (Docs. 63-64).

Defendants' response to Harrison's second motion to strike (Doc. 73) is more of the same, and generally tracks Defendants' earlier response (Doc. 71). Both responses show that Amar Ali is offering legal conclusions based on his review of documents. Again, he is not an expert, but even if he were, such "opinions" would still be inadmissible. *See*, *e.g.*, *Easterling*, 2018 WL 7266516, at *19 (collecting cases). Reviewing and construing documents is the Court's responsibility, and Amar Ali's personal knowledge with respect to *A-Z's* operations does not qualify him to testify as to *Harrison's* or *Imperial's* operations—e.g., to conclude *who* issued account numbers or *why*; or, to conclude that a new account number terminates the Credit Agreement (i.e., an improper legal conclusion). *See Peavy*, 57 F. Supp. 2d at 386 ("Statements which merely express beliefs, conjectures, opinions, conclusions, arguments or assumptions will not be considered by the court.").

Last, if the documents say/mean what Defendants argue they mean, then those opinions in the declarations are duplicative (*see* Doc. 71, ¶¶12-14), and are only argument. The documents are the "best evidence," and speak for themselves. Defendants admit that their declarations are "self-serving." Doc. 71, ¶14. For these reasons, and pursuant to applicable law, the Court should disregard Defendants' declarations. *See Burton v. Banta Global Turkey, Ltd.*, 170 Fed. App'x 918, 923 (5th Cir. 2006) (citing Fed. R. Civ. P. 56(c)(4)) (declining to consider affidavit because witness lacked personal knowledge and affidavit was irrelevant to the issue at hand); *see also Sandidge v. Fed. Nat'l Mortg. Ass'n*, 2017 WL 2362016, at * (N.D. Tex. May 31, 2017) (sustaining objections to declaration because statements were conclusory allegations and irrelevant to the facts at hand).

## **CONCLUSION**

Harrison respectfully requests that the Court (1) sustain Harrison's objections and grant its Motion to Strike Defendants Summary Judgment Evidence (Docs. 63-64); (2) sustain Harrison's objections and grant its Motion to Strike Second Declaration of Amar B. Ali (Docs. 69-70); and (3) grant Harrison any and all further relief to which it may show itself to be justly entitled.

Respectfully submitted,

*/s/ Joseph A. Unis, Jr.*
David L. Swanson
  State Bar No. 19554525
  dswanson@lockelord.com
Joseph A. Unis, Jr.
  State Bar No. 24075625
  junis@lockelord.com
Anna K. Finger
  State Bar No. 24105860
  anna.k.finger@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
T: 214-740-8000
F: 214-740-8800
**ATTORNEYS FOR PLAINTIFF
HARRISON COMPANY, L.L.C.**

## CERTIFICATE OF SERVICE

I certify that on August 4, 2020, I filed this document using the Court's Electronic Case Filing ("ECF") system, which will automatically deliver a notice of electronic filing to Defendants' counsel of record, who are registered ECF users. Delivery of such notice of electronic filing constitutes service of this document as contemplated by Rule 5 of the Federal Rules of Civil Procedure. *See* LR 5.1.

*/s/ Joseph A. Unis, Jr.*
Counsel for Plaintiff