UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HARRISON COMPANY LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-1057-B |
| | § | |
| A-Z WHOLESALERS INC. and | § | |
| BARKAT G. ALI, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION
TO CLARIFY AND RECONSIDER**

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................................. 3

II. STANDARD .......................................................................................................................... 4

III. ARGUMENT & AUTHORITIES ........................................................................................ 5

   A. The Court should grant summary judgment on all affirmative defenses. ........................... 5

      1. The Court should grant summary judgment on all affirmative defenses that Defendants did not address. ....................................................................................................................... 6

      2. The Court should grant summary judgment on Defendants' novation and modification defenses. ........................................................................................................................................ 8

      3. The Court should grant summary judgment on Defendants' judicial estoppel defense. 8

      4. The Court should grant summary judgment on Defendants' standing defense. .............. 8

      5. The Court should grant Harrison's Motion for Summary Judgment on Defendants' capacity and ratification/consent/acquiescence defenses. ...................................................... 11

   B. The Court should sustain Harrison's Objections to Defendants' Summary Judgment Evidence. ................................................................................................................................... 11

   C. The Court should grant summary judgment on Harrison's breach of contract and guaranty claims. ......................................................................................................................................... 13

      1. Only the second element is at issue (if at all). ............................................................. 13

      2. There is no genuine issue of material fact. .................................................................. 14

IV. CONCLUSION .................................................................................................................... 17

## TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) .................................................................. 7

*Austin v. Kroger Texas, LP*, 864 F.3d 326 (5th Cir. 2017) ......................................................... 5, 6

*Brown v. Wichita Cty., Tex.*, 2011 WL 1562567 (N.D. Tex. Apr. 26, 2011) .............................. 5, 6

*Cotton v. Certain Underwriters at Lloyd's of London*, 831 F.3d 592 (5th Cir. 2016) .................. 10

*E.E.O.C. v. Rock-Tenn Servs. Co., Inc.*, 991 F. Supp. 2d 810 (N.D. Tex. 2012) ........................... 6

*Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) ............................................................... 7

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 457 U.S. 574 (1986) ..................................... 7

*South Shore Hellenic Church, Inc. v. Artech Church Interiors, Inc.*, 183 F. Supp. 3d 197 (D. Mass 2016) ................................................................................................................................ 10

*SR Partners Hulen, LLC v. JPMorgan Chase Bank, Nat'l Ass'n*, 2011 WL 2923971 (N.D. Tex. July 21, 2011) ....................................................................................................................... 6, 7, 9

*Stabilis Fund II, LLC v. Compass Bank*, 2018 WL 3768343 (N.D. Tex. Aug. 9, 2018) ................ 5

*Texas Brand Bank v. Luna & Luna, LLP*, 2016 WL 3660579 (N.D. Tex. Jan. 29, 2016) .......... 5, 6

**Statutes**

Fed. R. Civ. P. 54(b) ...................................................................................................................... 5

Plaintiff Harrison Company, LLC ("Harrison") files this Brief in Support of its Motion to Clarify and Reconsider pursuant to Federal Rules of Civil Procedure 54(b) and Local Rule 7.1, and states:

## I. INTRODUCTION

From the Court's Order (ECF No. 76, the "Order"), it is unclear to Harrison what specific fact issue(s) remain for trial, relative to the pleadings, the breach of contract (and guaranty) claim Harrison asserted under the Credit Agreement, and the affirmative defenses still at issue (if any). If this case proceeds to trial, Harrison and Defendants need to know the fact questions to include in a proposed jury charge, to include in the pre-trial order, or to address in a motion in limine. Therefore, Harrison asks the Court to clarify its Order on the Parties' Cross-Motions for Summary Judgment, Harrison's Objections to Defendants' Summary Judgment Evidence, and Harrison's Objections to the Second Declaration of Amar B. Ali ("Amar") (which is not expressly addressed in the Order).

Harrison moved for summary judgment on all of Defendants' 19 affirmative defenses and Harrison cannot determine the affirmative defenses that are still at issue because Defendants responded to only four. Harrison, Defendants A-Z, and Defendant Barkat G. Ali ("Barkat") are the only parties to the Credit Agreement. Harrison seeks clarification on what fact question exists on standing. Namely, is the fact question who provided the goods under the Credit Agreement? If so, Harrison objected to the only "evidence" offered to contradict Harrison's record (i.e., Defendants' conclusory declarations and irrelevant evidence). The Court overruled Harrison's objections as moot, so it is unclear what the fact issue is for trial and what information in the summary judgment record created it.

Harrison respectfully requests that the Court exercise its broad discretion under Federal Rule of Civil Procedure 54(b) to modify the Order to: (1) consider, and ultimately grant, Harrison's Objections to and Motion to Strike Defendants' Summary Judgment Evidence; (2) clarify whether the Court impliedly granted certain portions of Harrison's Motion for Summary Judgment on Defendants' affirmative defenses where the Court only ruled on Defendants' Motion on the same issues; (3) grant summary judgment for Harrison on each of Defendants' affirmative defenses; and, (4) in light of the issues of law addressed below, reconsider and grant Harrison's Motion for Summary Judgment as to its breach of contract and breach of guaranty claims.

## II.  STANDARD

Requests for reconsideration of interlocutory orders (e.g., summary judgment orders) are governed by Rule 54(b). *Austin v. Kroger Texas, LP*, 864 F.3d 326, 336 (5th Cir. 2017); *Stabilis Fund II, LLC v. Compass Bank*, 2018 WL 3768343, at *2 (N.D. Tex. Aug. 9, 2018) (J. Boyle); *Texas Brand Bank v. Luna & Luna, LLP*, 2016 WL 3660579, at *2 (N.D. Tex. Jan. 29, 2016). Rule 54(b) authorizes the district court to "revise[] [the order] at any time before the entry of judgment." Fed. R. Civ. P. 54(b). "Although the precise standard for evaluating a motion for reconsideration under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the court." *Texas Brand Bank*, 2016 WL 3660579, at *2; *see Brown v. Wichita Cty., Tex.*, 2011 WL 1562567, at *2 (N.D. Tex. Apr. 26, 2011). "The district court's discretion in this respect is broad." *Brown*, 20112 WL 1562567, at *2. While motions for reconsideration are generally most appropriate for the purpose of correcting manifest errors of law or fact or presenting newly discovered evidence, *see Stabilis Fund II LLC*, 2018 WL 3768343, at *2, the Fifth Circuit has held that "[u]nder Rule 54(b), the trial court is free to reconsider and revise its

decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law," *Austin*, 864 F.3d at 336; *see also Texas Brand Bank*, 2016 WL 3660579, at *2; *Brown*, 2011 WL 1562567, at *2.

### III.  ARGUMENT & AUTHORITIES

#### A.  The Court should grant summary judgment on all affirmative defenses.

Harrison moved for summary judgment on all of Defendants' 19 affirmative defenses. (ECF No. 52, 13-16). Defendants only responded with respect to the following affirmative defenses: (1) standing[1]; (2) lack of capacity; (3) modification; (4) novation; and, (5) ratification/consent/acquiescence. (ECF No. 65, 12). In their motion, Defendants moved for summary judgment on: (1) standing; (2) modification; and, (3) novation. (ECF No. 57, 12-13). In its Order, the Court denied Defendants' motion on all three affirmative defenses (plus judicial estoppel, which Defendants did not plead), but the Order does not contain a ruling on Harrison's motion on those defenses or on the other affirmative defenses that Defendants did not address in their briefing. (*See id.*).

Where a defendant moves for summary judgment on an affirmative defense that the defendant would bear the burden to prove at trial, "[it] must establish beyond peradventure <u>all</u> of the essential elements of the defense." *E.E.O.C. v. Rock-Tenn Servs. Co., Inc.*, 991 F. Supp. 2d 810, 815 (N.D. Tex. 2012) (Boyle, J.) (internal citation omitted) (emphasis added). Where the plaintiff moves for summary judgment on a defendant's affirmative defense, the burden remains on the defendant to present sufficient evidence in support of <u>each</u> element of the defense to survive the motion. *See SR Partners Hulen, LLC v. JPMorgan Chase Bank, Nat'l Ass'n*, 2011 WL 2923971, at *4 (N.D. Tex. July 21, 2011) (Boyle, J.). A plaintiff "need not support its

---

[1]  In Defendants' Brief in Opposition to Harrison's Motion for Summary Judgment, Defendants refer to this defense as their "lack of privity defense," which, in the First Amended Answer, is pleaded as standing. (ECF 50, ¶¶ 38-39).

motion with evidence negating the [defendant]'s case." *Id.* "Rather, the [plaintiff] may satisfy its burden by pointing to the mere absence of evidence supporting the [defendant]'s case." *Id.* Then, the defendant "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Id.* (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). In order to defeat summary judgment on its affirmative defenses, the defendant must "point to specific evidence in the record and articulate precisely how that evidence supports the challenged claim." *Id.* The evidence must "raise more than some metaphysical doubt as to the material facts" and "must be such that a jury could reasonably base a verdict in the [defendant]'s favor." *Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 457 U.S. 574, 586 (1986) and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). If the defendant "is unable to make such a showing, the court must grant summary judgment" in the plaintiff's favor. *Id.* (citing *Little*, 37 F.3d at 1075)).

**1. The Court should grant summary judgment on all affirmative defenses that Defendants did not address.**

The Court should grant Harrison's Motion for Summary Judgment as to the affirmative defenses that Defendants did not address. As listed in the First Amended Answer, those are:

1. To the extent Plaintiff's claims are based on acts that occurred prior to any applicable statute of limitations, those claims are time-barred. (ECF No. 50 at ¶ 28);

2. To the extent the Plaintiff failed to comply with any procedural prerequisites prior to bringing their claims in this action, this Court lacks subject matter jurisdiction over such claims or such claims are otherwise barred. (*Id.* at ¶ 29);

3. To the extent Plaintiff failed to comply with the procedural prerequisites contracted for in the Credit Application and Agreement, this Court lacks subject matter jurisdiction over such claims, or such claims are otherwise barred. (*Id.* at ¶ 30);

4. Plaintiff's claims are bared, in whole or in part, because Defendants acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by Defendants at the time it so acted. (*Id.* at ¶ 31);

5. Plaintiff's claims are barred, in whole or in part, due to accord and satisfaction because the parties modified their payment terms to arrearages and Defendant A-Z was performing in satisfaction of the modified terms. (*Id.* at ¶ 32);

6. Plaintiff's Original Complaint is barred, in whole or in part, by the doctrine of unclean hands because Plaintiff failed to fulfill their own side of the modified agreement and thus breached and therefore excused Defendants from performance. (*Id.* at ¶ 33);

7. Plaintiff's Original Complaint is barred, in whole or in part, by the doctrine of unconscionability, given the parties have agreed to new terms which have not been breached. (*Id.* at ¶ 34);

8. Plaintiff's claims are barred by the doctrine of waiver, as Plaintiffs [sic] waived rights under the guarantee when the Harrison [sic] transferred distribution and shipping to Imperial without consideration. (*Id.* at ¶ 37);

9. To the extent Plaintiff is not in privity of contract with the Credit Application and Agreement, Plaintiff's [sic] lack standing and their claims are barred in whole or in part. (*Id.* at ¶ 38);[2]

10. To the extent Plaintiff failed to mitigate their damages, their recovery, if any, must be reduced accordingly. (*Id.* at ¶ 40);

11. Defendants are not liable to Plaintiff because of mutual mistake related to payment terms of any alleged arrearage. (*Id.* at ¶ 41); and,

12. Defendants are not liable to Plaintiff because of failure of consideration related to the Credit Agreement, caused by Harrison's transferring shipping and distribution to Imperial. (*Id.* at ¶ 42).

13. Any and all conduct of which Plaintiff complains, or which is attributed to Defendants, was a just and proper exercise of its management discretion, at all times privileged and justified, and undertaken for fair and honest reasons, in good faith and without malice. (*Id.* at ¶ 44); and,

14. Defendants invoke any and all claims and all limitations (including constitutional, statutory, and common-law) on awards of compensatory, punitive, and/or other damages. (*Id.* at ¶ 45).

---

[2]   Defendants assert two affirmative defenses relating to standing. The second defense, not listed here, is pleaded as follows: "To the extent Plaintiff is not in privity of contract with alleged defaulted invoices, Plaintiff's [sic] lack standing and their claims are barred in whole or in part (*Id.* at ¶ 39). This is the only "standing" defense related to the Court's discussion of a fact issue in the Order, which is addressed below. It is undisputed that Harrison is a party to the Credit Agreement with A-Z. (*See* ECF No. 57 ¶ 10).

Because Defendants did not present any evidence in support of all elements of any of these affirmative defenses, the Court should grant summary judgment disposing of them. *See SR Partners Hulen LLC*, 2011 WL 2923971, at *4.

### 2. The Court should grant summary judgment on Defendants' novation and modification defenses.

Because the Court held that Defendants failed to satisfy their burden to present evidence of every element of their novation and modification defenses, the Court should grant Harrison's Motion for Summary Judgment on those defenses. (*See* ECF No. 76, 10). Defendants failed to present specific evidence of all essential elements of those claims. (*Id.*). Therefore, Harrison's Motion for Summary Judgment on those affirmative defenses should be granted. *See SR Partners Hulen LLC*, 2011 WL 2923971, at *4.

### 3. The Court should grant summary judgment on Defendants' judicial estoppel defense.

The Court should also grant summary judgment disposing of Defendants' judicial estoppel defense. Although Defendants never pleaded judicial estoppel as an affirmative defense, Defendants essentially argued it—and the Court considered it as such—in Defendants' Motion for Summary Judgment. (*See* ECF No. 57, 7; ECF No. 76, 8-9). At this point, the Court need not consider whether Defendants waived a judicial estoppel defense by failing to assert it in their pleadings because the Court held that Harrison is not judicially estopped as a matter of law. (ECF No. 76, 8-9). However, to avoid any confusion and to protect the record, the Court should expressly dispose of the judicial estoppel affirmative defense—to the extent it exists in this litigation—because Defendants failed to meet their burden. Judicial estoppel was not pleaded and is not an outstanding defense for trial.

### 4. The Court should grant summary judgment on Defendants' standing defense.

The Court should grant Harrison's Motion for Summary Judgment on Defendants' affirmative defense of standing. The Court denied summary judgment on Defendants' standing defense on the grounds that "there is a genuine dispute of material fact on whether Plaintiff has standing to bring suit." (ECF No. 76, 5; 11). From the Order, it appears the issue the Court was referring to was Harrison's "*contractual* standing"—not whether Harrison has actual (constitutional) standing to pursue its claim. (ECF No. 76, 5-8; 11-12). But the fact issue identified in the Order is not a question of contractual standing. Harrison's Article III standing and contractual standing are both undisputed. Harrison, A-Z, and Barkat are the only parties to the Credit Agreement. That is undisputed. The fact issue identified in the Order appears to be one of *performance* (not standing)—i.e., whether Harrison performed under the Credit Agreement—which goes to the merits of Harrison's breach of contract claim, not Defendants' affirmative defense of standing.

"Contractual standing" is a plaintiff's right to sue under the contract at issue. *See Cotton v. Certain Underwriters at Lloyd's of London*, 831 F.3d 592, 594 (5th Cir. 2016). For example, in *South Shore* (cited in the Order), plaintiff South Shore Hellenic Church (SSHC) asserted a breach of contract claim against the defendant for breach of a contract that SSHC was not a signatory to. *South Shore Hellenic Church, Inc. v. Artech Church Interiors, Inc.*, 183 F. Supp. 3d 197, 202 (D. Mass 2016). The parties to the contract were Panagia Greek Orthodox Church (PGOC) and defendant. *Id.* at 211. SSHC argued that it had contractual rights against defendant because PGOC was a well-known trade name of SSHC. *See id.* Defendant, on the other hand, argued that PGOC was an entirely separate entity from SSHC and, therefore, SSHC had no actionable interest in the written contract. *Id.* The court found a fact issue as to whether a

contract existed between SSHC and the defendant such that it could have been breached (i.e., whether SSHC had "contractual standing"). *Id.*

*South Shore* is distinguishable because it is undisputed that Harrison is a signatory to the only contact on which Harrison is suing—the Credit Agreement. As this Court previously held, "Harrison has only asked for damages stemming from the alleged breach of the Credit Agreement." (ECF No. 31, 6). It is undisputed that Harrison and A-Z are the only parties to the Credit Agreement (guaranteed by Barkat). (*Id.*) The Court further held that Imperial "is not a party to the Credit Agreement and is not entitled to any recovery for breach of the Credit Agreement." (*Id.* at 7). That is why the Court denied joining Imperial in this case. (*Id.*) That is also why Imperial non-suited the State Court Action and Harrison filed this one.[3] Therefore, Harrison's contractual standing is not at issue.[4] Defendants do not challenge Harrison's Article III standing. Accordingly, the Court should deny Defendants' affirmative defense of standing.

Harrison understands the fact issue identified in the Order to be whether Harrison (as opposed to Imperial) sold and delivered the products at issue to A-Z, such that A-Z's failure to pay for those products is a breach of the Credit Agreement. (*See* ECF No. 31, 7). Whether: (1) Harrison performed under the Credit Agreement; and, (2) A-Z breached, are elements of Harrison's breach of contract claim. Therefore, those facts should be analyzed under the lens of contract law as opposed to standing. *See Denham Homes, LLC v. Teche Federal Bank*, 182 So. 3d 108, (La. App. 2015) (cited by the Court to list elements of breach of contract); *In Re Staley*,

---

[3] The State Court Action (which Imperial non-suited) aligns more closely with the facts in *South Shore* because Harrison is a party to the Credit Agreement, not Imperial. Neither Harrison nor Defendants have argued that Imperial is a party to the Credit Agreement.

[4] Even if Harrison's contractual standing were an issue, it goes to the merits of Harrison's breach of contract claim; it is not a question of standing. *See Bond v. U.S.*, 564 U.S. 211, 219 (2011). Accordingly, Defendants' affirmative defense of standing should be dismissed and, to the extent a fact issue exists as to Harrison's contractual standing (which it does not), it should be addressed in the context of whether Harrison has satisfied the elements of its breach of contract claim.

320 S.W.3d 490, 499 (Tex. App.—Dallas 2010, no pet.) (cited by the Court to list elements of breach of contract).

For the reasons discussed in Section C below, the Court should grant Harrison's Motion for Summary Judgment on its breach of contract and guaranty claim. Even if the Court were to disagree, Harrison respectfully requests that the Court modify the Order to: (1) clarify that Defendants' Motion for Summary Judgment on its standing defense is denied because there is no genuine dispute of material fact as to Harrison's contractual or Article III standing; and, (2) grant Harrison's Motion for Summary Judgment on Defendants' standing defense for the same reason.

> **5. The Court should grant Harrison's Motion for Summary Judgment on Defendants' capacity and ratification/consent/acquiescence defenses.**

Defendants opposed Harrison's Motion for Summary Judgment on Defendants' defenses of: (1) capacity; and, (2) ratification/consent/acquiescence; however, the Order does not have a ruling on Harrison's Motion as to those defenses. The Court should grant Harrison's Motion for the reasons set forth in Harrison's Reply in Support of its Motion for Summary Judgment (ECF No. 68). In sum, Defendants merely reiterate their "standing" argument in support of these defenses, which fails for the reasons discussed above. Defendants do not list, or satisfy, any element of a capacity, ratification, consent or acquiescence defense. Indeed, that is not what Defendants argue. Nor did the Court find that any one of those affirmative defenses potentially has merit. Thus, there is no fact question related to an affirmative defense for a jury to resolve. The outstanding fact question (if any) relates to Harrison's breach of contract claim. Accordingly, the Court should grant Harrison's Motion for Summary Judgment on Harrison's defenses of capacity and ratification/consent/acquiescence.

### B. The Court should sustain Harrison's Objections to Defendants' Summary Judgment Evidence.

Whether the question is one of contractual standing or performance, Harrison offered the declarations of Wayne Baquet, Brad Prendergast, and Sandy Zazulak: (1) showing that Harrison sold and delivered the goods at issue; and, (2) explaining Harrison's internal accounting procedures, with account balances affirmed by Defendants and subsequent records that reconcile with Harrison's claim. It was Defendants' burden to refute that evidence with competent summary judgment proof. Instead, Defendants filed conclusory, self-serving declarations, and attached irrelevant documents to their summary judgment briefing.

Harrison filed two Motions to Strike objecting to Defendants' summary judgment evidence, both of which are incorporated herein by reference (ECF Nos. 63-64, 69-70). The first motion objected to, and sought to strike, certain statements in: (a) the Declaration of Amar B. Ali; and, (b) the Declaration of Barkat Ali, both filed in support of Defendants' Motion for Summary Judgment. (ECF No. 63-64, *Harrison's Objs. to and Mot. to Strike Defs.' Summ. J. Evid.* and *Brief in Support*). The second motion objected to, and sought to strike, certain statements made in the Declaration of Amar B. Ali filed in support of Defendants' Response and Brief in Opposition to Plaintiff's Motion and Brief for Summary Judgment. (ECF Nos. 69-70, *Harrison's Objs. to and Mot. to Strike 2d Decl. of Amar B. Ali* and *Brief in Support*).

The Order has no ruling on Harrison's first motion. (*See id.*) The Court denied the second motion as moot on the grounds that the Court did not rely on Amar's second declaration in ruling on the parties' cross-motions for summary judgment. (ECF No. 76, 12). *See id.* Given the uncontroverted declarations and evidence that Harrison put in the record, a fact issue (e.g., whether Harrison performed under the Credit Agreement) could not exist *unless* it is one putatively raised by Defendants' evidence. Therefore, Harrison respectfully asks the Court to

consider and sustain Harrison's objections and strike Defendants' summary judgment evidence for the reasons set forth in Harrison's first motion and brief in support (ECF Nos. 63-64). Harrison also requests that the Court reconsider and sustain Harrison's objections in its second motion and strike the Declaration of Amar B. Ali because one of Amar's conclusory statements—which Harrison objected to (ECF No. 63)—might be the basis for the finding of a genuine issue of fact precluding summary judgment. (*See* ECF No. 76, 12).

### C. The Court should grant summary judgment on Harrison's breach of contract and guaranty claims.

In their summary judgment briefing, Defendants did not raise a genuine issue of material fact to defeat Harrison's Motion for Summary Judgment on its breach of contract (and, therefore, breach of guaranty) claim. To be entitled to summary judgment, Harrison must have established in its motion: (1) the existence of a valid, enforceable contract; (2) that Harrison performed, tendered performance of, or was excused from performing its contractual obligations; (3) that A-Z breached the contract; and, (4) that A-Z's breach caused injury to Harrison. *See Denham Homes, LLC*, 182 So. 3d at 119.

**1. Only the second element is at issue (if at all).**

As discussed above, there is no dispute as to the first element of Harrison's claim because Harrison's "contractual standing" is undisputed. The Court held that Harrison—*not Imperial*—is the only party to the Credit Agreement with A-Z (which Barkat guaranteed). (ECF No. 31, 6-7). Harrison is only suing under the Credit Agreement and only Harrison can recover under that agreement. (*Id.* at 7).

The outstanding fact question identified in the Order is whether Harrison (as opposed to Imperial) sold and delivered products to A-Z. (*See* ECF No. 76, 8 ("[T]he issue is still who contracted with Defendants as to the specific goods at issue here."); *see also id.* at 12 ("[T]here is

a genuine dispute as to which customer numbers Defendant A-Z owes money."). In other words, the issue is whether Harrison "performed" under the Credit Agreement, which goes to the second element of Harrison's breach of contract claim.

The remaining elements of Harrison's claim are satisfied because it is undisputed that A-Z did not pay for the products and, therefore, if Harrison sold the products at issue (which it did), then it suffered damages in the amount of $2,575,335.73, which Harrison proved through the accounting records attached to the Declaration of Sandy Zazulak (ECF No. 53, App. 40-74). Defendants did not present any evidence to refute Harrison's damages and, therefore, there is no genuine issue of material fact as to the amount of damages. Accordingly, to the extent there is any fact issue left to be tried, it is only whether Harrison (as opposed to Imperial) sold products to A-Z, which goes to the performance element of Harrison's breach of contract claim.

   2. **There is no genuine issue of material fact.**

The Order directs the parties to the following evidence of a genuine dispute of material fact as to the second element of Harrison's claim: (1) "the invoices externally say 'Imperial' on them;" (2) "the notice of default stated that the 'Credit Agreements executed [were] in favor of Imperial by [Defendants];" (3) "the draft promissory note is between A-Z and Imperial;" and, (4) the account numbers assigned to A-Z changed at some point in time after Imperial acquired the ownership interest in Harrison's parent. (*See* ECF No. 76, 7; 12). But, none of these, even if accepted as true, contradicts the facts established by Harrison's declarations that Harrison sold and delivered the products to A-Z. (*See* ECF No. 53, App. 15 ¶ 6).

First, there is no dispute "Imperial" is on the invoices. How Harrison handles its invoicing and accounting has nothing to do with whether *Harrison* in fact sold and delivered the

products.[5] Even so, Harrison presented uncontroverted evidence explaining that payments on "Bossier"-labeled invoices were credited to *Harrison* customer accounts by Harrison's and Imperial's shared accounting services. (ECF No. 61, 4 (citing ECF No. 53, App. 15, Prendergast ¶¶ 3, 6; ECF No. 53, App. 3, Baquet ¶¶ 13-14)). Defendants did not present any evidence that contradicts Harrison's evidence. In fact, they cannot present any contradictory evidence because they lack any personal knowledge of Harrison's internal accounting procedures or process of taking or fulfilling orders. (*See* ECF No. 64, 2). Because Defendants did not present any evidence that Harrison did not sell and deliver the products to A-Z—notwithstanding the fact the invoices reflect "Imperial"—the invoices do raise a genuine issue of material fact.

Second, the after-the-fact notice of default is irrelevant. (*See* ECF No. 56, Ex. H). Again, as the Court concluded, the *only* party to the Credit Agreement is Harrison—not Imperial. (ECF 31, 6-7). The Court further affirmed that conclusion by rejecting Defendants' modification defense. (ECF No. 76, 10). And neither party contends that Harrison assigned any right in the Credit Agreement. Whether the Credit Agreement was entered "*in favor*" of Imperial (as suggested in the notice of default in Defendants' Exhibit H) does not matter here because the Credit Agreement was only *executed* by Harrison—not Imperial.

Third, the draft promissory note is just that—a draft. Again, the Court rejected Defendants' modification defense. (ECF No. 76, 10). And neither party contends that Harrison assigned any right in the Credit Agreement. The draft promissory note does not (and cannot) modify the Credit Agreement or alter the nature of prior or subsequent sales made under the

---

[5] No law or provision of the Credit Agreement prevents Harrison from outsourcing accounting services. If a consumer purchases groceries on a Visa credit card, then receives an invoice from Visa, that does not mean that Visa sold the groceries to the consumer. The same is true here. Accounting and invoicing functions should not be conflated or confused with *actual* sales.

Credit Agreement. In fact, the draft promissory note references the Credit Agreement and recognizes its continuing effect. (*See* ECF No. 56, App. 24, Exhibit F).

Fourth, as the Court found—the account numbers *changed* when Imperial and Harrison began sharing accounting services. (ECF No. 76, 12). There is no evidence that Imperial assigned two *additional* account numbers to A-Z separate and apart from the Harrison account numbers such that A-Z was starting with a zero balance under an entirely new and unrelated agreement. Defendants again present no evidence to contradict Harrison's.[6]

Ultimately, the only facts Defendants pointed to, that are also referenced in the Order, relate to how payments were billed and would have been handled (if they were actually made) *after* products were sold and delivered. However, Harrison's back office operations have nothing to do with any element of any claim or defense at issue in the litigation, including whether Harrison performed under and A-Z breached the Credit Agreement. Even if they did, Defendants did not—and cannot[7]—present any competent, contemporaneous evidence to contradict Harrison's evidence.

- There is no evidence that either party terminated the Credit Agreement.
- There is no evidence that any entity other than Harrison sold the products to A-Z.
- There is no evidence that any entity other than Harrison delivered the products to A-Z.
- There is no evidence of any other agreement.

The invoices, notice of default, and promissory note do not create a separate contract for the products sold and delivered to A-Z by Harrison and that is the only "evidence" Defendants

---

[6] To continue the credit card analogy, when a credit card is lost or stolen, the credit card company will issue a new card, with a new number. But, that does not negate any existing balance or otherwise modify the credit agreement. The same is true here.

[7] As discussed above, the Court should grant Harrison's Objections to and Motion to Strike Defendants' Summary Judgment Evidence for this reason. (ECF No. 63-64).

produced in response to Harrison's motion.

There is no dispute that A-Z executed and delivered the Credit Agreement, along with Barkat's guaranty, to Harrison. Harrison performed its obligations under the Credit Agreement by delivering the products to A-Z, and there is no dispute that A-Z received them. Neither A-Z nor Barkat paid for the products, and neither A-Z nor Barkat dispute that fact. Defendants also do not dispute the amount owed for those products. Therefore, Harrison has been damaged in the amount of $2,575,335.73 (as confirmed by the accounting records attached to the Declaration of Sandy Zazulak (ECF No. 53, App. 40-74)). Because summary judgment is proper on Harrison's breach of contract claim, summary judgment is also proper on Harrison's breach of guaranty claim. Accordingly, Harrison respectfully requests that the Court reconsider Harrison's Motion for Summary Judgment on Harrison's breach of contract and breach of guaranty claims, and grant summary judgment for Harrison.

## IV.  CONCLUSION

For the reasons stated above, Harrison respectfully requests that the Court modify its Order on the Parties' Motions for Summary Judgment and grant Harrison's Motion. Alternatively, if a trial is necessary, Harrison requests that the Court clarify its Order to eliminate any confusion as to which defenses (if any) remain at issue, and to identify any outstanding fact question and the element of Harrison's breach of contract claim to which it pertains. Specifically, Harrison requests that the Court modify the Order to:

(1) grant Harrison's Motion for Summary Judgment on the 15 affirmative defenses Defendants did not acknowledge in their Motion or Opposition to Harrison's Motion;

(2) grant Harrison's Motion for Summary Judgment on Defendants' capacity defense;

(3) grant Harrison's Motion for Summary Judgment on Defendants' ratification/consent/acquiescence defense;

(4) grant Harrison's Motion for Summary Judgment on Defendants' novation and modification defenses;

(5) grant Harrison's Motion for Summary Judgment on Defendants' judicial estoppel defense;

(6) grant Harrison's Motion for Summary Judgment on Defendants' standing defense;

(7) sustain Harrison's Objections to and strike Defendants' summary judgment evidence;

(8) sustain Harrison's Objections to and strike the Second Declaration of Amar B. Ali; and,

(9) grant Harrison's Motion for Summary Judgment on Harrison's breach of contract and breach of guaranty claims.

Alternatively, Harrison requests that the Court modify the Order to:

(1) grant Harrison's Motion for Summary Judgment on the 15 affirmative defenses Defendants did not acknowledge in their Motion or Opposition to Harrison's Motion;

(2) grant Harrison's Motion for Summary Judgment on Defendants' capacity defense;

(3) grant Harrison's Motion for Summary Judgment on Defendants' ratification/consent/acquiescence defense;

(4) grant Harrison's Motion for Summary Judgment on Defendants' novation and modification defenses;

(5) grant Harrison's Motion for Summary Judgment on Defendants' judicial estoppel defense;

(6) grant Harrison's Motion for Summary Judgment on Defendants' standing defense;

(7) sustain Harrison's Objections to and strike Defendants' summary judgment evidence;

(8) sustain Harrison's Objections to and strike the Second Declaration of Amar B. Ali; and,

(9) clarify that the only question of fact precluding summary judgment on Harrison's breach of contract and breach of guaranty claims, and the *only issue to be tried*, is whether Harrison (as opposed to Imperial) is the party that sold and delivered the products that A-Z failed to pay for, such that Harrison has not established the "performance" element of its breach of contract claim as a matter of law.

Harrison also respectfully requests such additional and further relief to which it may show itself to be justly entitled.

Respectfully submitted,

/s/ *Joseph A. Unis, Jr.*
**David L. Swanson**
  State Bar No. 19554525
  dswanson@lockelord.com
**Joseph A. Unis, Jr.**
  State Bar No. 24075625
  junis@lockelord.com
**Anna K. Finger**
  State Bar No. 24105860
  anna.k.finger@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
T: 214-740-8000
F: 214-740-8800

**ATTORNEYS FOR PLAINTIFF**
**HARRISON COMPANY, L.L.C.**

## CERTIFICATE OF SERVICE

I certify that on November 4, 2020, 2020, I served this document on all counsel of record via the ECF system and/or email.

/s/ *Joseph A. Unis, Jr.*
Counsel for Plaintiff