IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **HARRISON COMPANY, LLC.,** | § § § | |
| Plaintiff, | § § | Civil Action No.: 3:19-cv-01057-B |
| v. | § § | |
| **A-Z WHOLESALERS, INC., and BARKAT G. ALI,** | § § § § | |
| Defendants. | § § | |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO CLARIFY AND RECONSIDERATION

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**COME NOW**, Defendants A-Z Wholesalers, Inc ("A-Z") and Barkat Ali ("Ali") (collectively, the "Defendants"), in the above-entitled and numbered cause, by and through counsel, and file this their *Response* (the "Response") to *Plaintiff's Motion and Brief in Support to Plaintiff's Motion to Clarify and Reconsideration* [D.E. 79/80] (the "Motion"). In support thereof, Defendants respectfully show as follows:

### I.
### SUMMARY STATEMENT

1. In its Motion, Plaintiff is essentially seeking a second bite at the apple for summary judgment disguised as a motion for clarification or reconsideration, as Plaintiff is well aware that the deadline to file dispositive motions has long run, and further realizes that orders denying summary judgment are generally non-appealable.[1]

---

[1] Meza v. Livingston, 537 F.3d 364, 366 (5th Cir. 2008) ("The denial of a summary judgment is generally not a final, appealable order.")

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO CLARIFY
AND RECONSIDERATION
Page 1

2.  Plaintiff's Motion also improperly requests that the Court sustain its objection to certain summary judgment evidence offered by Defendants. This request is improper because the Court has already explained that it "[did] not rely on these sources of evidence in [its] Order, which rendered those objections Moot.² Plaintiff is in essence asking the Court to reconsider that which it gave no consideration in reaching its Opinion.

3.  Plaintiff's Motion to Clarify or Reconsider should be denied because the Court's Opinion is clear and unambiguous on the point that "there are genuine disputes of material fact that prevent summary judgment on Defendants' affirmative defenses and the parties' cross-motions for summary judgment."³

## II.
## ARGUMENT AND AUTHORITIES

### a. The Summary Judgment Burden-Shifting Scheme

4.  The controversy here involves the fate of certain affirmative and other defenses (collectively the "Other Defenses") plead in Defendants' Answer, which were not affirmatively re-asserted in either Defendants' Motion for Summary Judgment or in Defendants' Response to Plaintiff's Motion for Summary Judgment, and not specifically addressed by the Court's Opinion.

5.  The Fifth Circuit has held that the familiar summary judgment burden-shifting scheme does not vary where [the movant] is the plaintiff challenging [the nonmovant's] affirmative defense; because the nonmovant bears the ultimate burden of persuasion at trial on its [affirmative defense], it must **(provided [the movant] has met its summary judgment burden)** present admissible evidence legally sufficient to sustain a finding favorable to [it] on each element of that defense. Correspondingly, the movant should be able to obtain summary judgment simply by

---

² Memorandum Opinion and Order. [Doc. No. 76].
³ Id.

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO CLARIFY
AND RECONSIDERATION
Page 2

disproving the existence of any essential element of the opposing party's claim or affirmative defense.[4]

6.   Plaintiff argues that it is entitled to summary judgment on "those defenses or the other affirmative defenses that Defendants did not address in their briefing."[5]

7.   Although Defendants are not entitled to summary judgment on affirmative defenses not plead; conversely, Plaintiff is not automatically entitled to summary judgment on Defendants' Affirmative Defenses if the Plaintiff (as movant) did not satisfy its summary judgment burden.

8.   Here, the Plaintiff did not meet its summary judgment burden as to Defendants' Affirmative Defenses because it offered no analysis or argument related to any particular affirmative defense.  What Plaintiff did in its Motion for Summary Judgment was to assert a blanket allegation that "Defendants' affirmative defenses are conclusory and argumentative…meritless and duplicative…and are otherwise barred by law."[6]  These assertions are themselves conclusory and are insufficient to satisfy Plaintiff's summary judgment burden. Moreover, Plaintiff offered no evidence disproving the existence of any essential element of Defendants' affirmative defenses.

9.   Because the Court denied the parties' cross motions for summary judgment, the effect is that the Court has merely postponed the decision related to the Other Defenses for trial.[7]

10.   "Denial of a motion for summary judgment does not constitute the law of the case because it does not purport to decide the factual question, it merely denies the motion because, in the court's then view, there were issuable facts. Such a denial merely postpones decision of any

---

[4] Serna v. Law Office of Joseph Onwuteaka, P.C., 614 Fed. Appx. 146, 154 (5th Cir. 2015)(internal citation omitted).
[5] Pl. Brief Doc 80 at p. 6.
[6] Id. at 16.
[7] Paquin v. Fed. Nat. Mortg. Ass'n, 20 F. Supp. 2d 94, 96 (D.D.C. 1998) ("the denial of summary judgment has no precedential effect."); See Also Wright & Miller, Federal Practice and Procedure § 2712 (4th ed. 2008) ("[A] denial of summary judgment is not a decision on the merits, it simply is a decision that there is a material factual issue to be tried.").

question; it decides none."[8]  Here, the Court did not reach the Other Defenses, because the Court realized that there were numerous genuine disputes of material fact to be determined at trial.

11. It would now be improper for the Court to clarify or reconsider its Opinion given the presence of numerous genuine disputes of material fact coupled with Plaintiff's failure to meet its Summary Judgment burden.

12. Additionally, Plaintiff recognizes that not all of Defendants' Other Defenses were in fact affirmative defenses.[9]  To the extent Defendants raised defenses which were not affirmative defenses, the initial burden remained with the Plaintiff and that burden was left wanting as Plaintiff offered no analysis on each of these defenses, but now attempts to do so belatedly in its Motion to Reconsider.

### b. **To The Extent Defendants Failed To Properly Support Or Address A Fact Concerning Their Affirmative Defenses, The Court Should Allow Defendants An Opportunity To Support Or Address Such Fact Pursuant To FRCP 56(e)(1).**

13. Alternatively, instead of granting summary judgment on any Other Defense not properly supported or addressed by Defendants, pursuant to FED.R.CIV.P 56(e)(1), the Court may "give an opportunity to support or address the fact".[10]  In all sense of justice and fair play, the Court should give the Defendants the opportunity to properly support their affirmative defenses, as opposed to the harsh option of granting summary judgment on same.

## III.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants pray that the Court denies all relief requested in Plaintiff's Motion to Clarify and Reconsideration, or in the alternative, grant

---

[8] Id.
[9] Doc. No. 52 at p. 14.
[10] FED.R.CIV.P 56(e)(1).

Defendants leave to more fully brief all of their defenses, and grant Defendants such further relief both at law and equity to which Defendants may be justly entitled.

Dated: November 25, 2020.

Respectfully submitted,

/s/ Joyce W. Lindauer
Joyce W. Lindauer
State Bar No. 21555700
Guy Harvey Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
joyce@joycelindauer.com
guy@joycelindauer.com
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 25, 2020, a true and correct copy of the foregoing document was served on all parties via the Court's ECF system.

/s/ Joyce W. Lindauer
Joyce W. Lindauer