**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **HARRISON COMPANY LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:19-CV-1057-B** |
| | § | |
| **A-Z WHOLESALERS INC. and** | § | |
| **BARKAT G. ALI,** | § | |
| | § | |
| **Defendants.** | § | |

---

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION**
**TO CLARIFY AND RECONSIDER**

---

Plaintiff Harrison Company, LLC ("Harrison") files this Reply in Support of its Motion to Clarify and Reconsider pursuant to Federal Rules of Civil Procedure 54(b) and Local Rule 7.1. and states:

## I.      INTRODUCTION

Defendants' response supports the Parties' request that the Court clarify its rulings on the Parties' cross-motions for summary judgment.  Importantly, Defendants do not contest Harrison's request that the Court (1) dismiss the affirmative defenses on which the Court found Defendants failed to satisfy their burden; (2) clarify that the only fact issue identified by the Court pertains to Harrison's breach of contract claim (as opposed to Defendants' affirmative defense of standing); and, (3) reconsider—through the lens of contract law—whether that fact issue precludes summary judgment, without regard to Defendants' evidence to which Harrison objected.  *See generally*, ECF No. 82 (Defendants' Response); *see also* ECF No. 79, Cert. of Conf.  Rather, Defendants only response was untimely and inaccurate arguments as to why the affirmative defenses they

(admittedly) failed to address on summary judgment should somehow now survive. They should not.

## II.      ARGUMENT & AUTHORITIES

Defendants' contradictory Response attempts to graph language into the Court's Order. Defendants simultaneously acknowledge that the Court's Order does not specifically address those affirmative defenses that Defendants—admittedly—did not address in their summary judgment briefing, ECF No. 82 ¶4, while alleging a wholly unsupported assumption that the Court did not rule on those defenses "because the Court realized that there were numerous genuine disputes of material fact to be determined at trial," ECF No. 82 ¶10. Defendants also argue that the Court "denied the parties' cross motions for summary judgment," thereby "merely postpon[ing] the decision related to the [defenses] for trial." *Id.* at ¶9.

In fact, the Court did not deny Harrison's Motion for Summary Judgment as to the defenses that Defendants ignored in their briefing. *See generally* ECF No. 76. Nor did the Court expressly find any fact issue relating to those defenses. *Id.* Harrison recognizes, and indeed relies upon in part for its Motion, the fact that the Court has not yet granted it summary judgment on those defenses. Harrison's Motion therefore respectfully requests that the Court clarify whether summary judgment is granted on those defenses; or, if not, identify the genuine issues of fact are that remain to be tried, and to which defenses those fact issues pertain.

Harrison maintains that those defenses should be dismissed for the reasons set forth in its Motion for Summary Judgment and Brief in Support. ECF Nos. 52, 13-16; 80, 7-9. As Defendants admit, they did not dispute Harrison's argument in their summary judgment briefing. *See* ECF No. 82 ¶4 (admitting that Defendants did not assert these affirmative defenses in their Response to Harrison's Motion for Summary Judgment). For that reason, Defendants' defenses should be dismissed. *See Hitachi Capital Am. Corp. v. Med. Plaza Surgical Ctr., LLP*, 2007 WL 2752692,

at *6 (S.D. Tex. Sep. 20, 2007) (granting summary judgment on the affirmative defenses that defendants failed to address in responding to plaintiff's motion).  In their Response, it is the Defendants, not Harrison, that seek a "second bite at the summary judgment apple" to "properly support their affirmative defenses."  ECF No. 82 ¶¶1, 13.  Defendants' time to address those defenses has passed.  Nevertheless, Harrison replies to each of Defendants' arguments below.

### A.   Affirmative Defenses

As set forth in Harrison's Motion for Summary Judgment and Brief in Support, Harrison maintains that the affirmative defenses that Defendants—admittedly—failed to address on summary judgment should be dismissed because Defendants have no evidence to support each element of any of them.  *See* ECF Nos. 52, 13-16; 80, 7-9.  In their summary judgment briefing, Defendants did not dispute Harrison's argument.  *See generally* ECF No. 65; *see also* ECF No. 82 ¶4 (admitting that Defendants did not assert these affirmative defenses in their Response to Harrison's Motion for Summary Judgment).  Yet, now—for the first time—Defendants claim that Harrison failed to satisfy its summary judgment burden as to those defenses (which it did not).  *See* ECF No. 82 ¶¶5-8.  Defendants argue that Harrison did not meet its summary judgment burden to "disprove[e] the existence of any essential element of Defendants' affirmative defenses."  ECF No. 82 ¶8.  But, that is not the applicable legal standard.  *See SR Partners Hulen, LLC v. JPMorgan Chase Bank, Nat'l Ass'n*, 2011 WL 2923971, at *4 (N.D. Tex. July 21, 2011) (Boyle, J.).

Where the plaintiff moves for summary judgment on a defendant's affirmative defense, "the [plaintiff] may satisfy its burden by pointing to the mere absence of evidence supporting the [defendant]'s case."  *Id.*; *see* ECF No. 76, 3 (citing *Austin v. Kroger Tex, LP*, 864 F.3d 326, 335 n.10 (5th Cir. 2017)).  Then, the defendant "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."  *SR Partners*, 2011 WL 2923971, at *4 (citing *Little v. Liquid Air Corp.*,  37 F.3d 1069, 1075 (5th Cir. 1994)); *see* ECF No. 76, 3 (citing *Little*,

3

37 F.3d at 1075).  If the defendant is unable to point to specific evidence in the record and articulate precisely how that evidence supports each element of the defense, the court must grant summary judgment in the plaintiff's favor.  *SR Partners*, 2011 WL 2923971, at *4 (citing *Little*, 37 F.3d at 1075); *see Hitachi Capital Am. Corp.*, 2007 WL 2752692, at *6.

Because Harrison asserted that Defendants did not have evidence to support their affirmative defenses, Defendants were required to come forth in their Response to Harrison's Motion for Summary Judgment with specific facts, supported by competent, admissible evidence in the record, demonstrating that a jury could reasonably base a verdict in Defendants' favor.  Not only did Defendants not present *any* evidence in support of those defenses, they (again, admittedly) did not make any mention of those defenses at all.  *See generally* ECF No. 65; *see* ECF No. 82 ¶4. In modifying the Order to reflect the Court's decision on Harrison's Motion for Summary Judgment as to these affirmative defenses, Harrison therefore respectfully requests that the Court grant summary judgment and dismiss those defenses.

### B.    "Other" Defenses

To the extent any of those defenses that the parties require the Court's ruling on are not affirmative defenses as Defendants now claim, those too should be dismissed on summary judgment.  Harrison moved for summary judgment on all defenses affirmatively asserted in Defendants' First Amended Answer.  ECF No. 52, 13-16.  Defendants now (again, for the first time) claim that not all of those defenses are affirmative ones on which they bear the burden of proof.  ECF No. 82 ¶12.

A defense may either be an affirmative defense or a negative defense.  "An affirmative defense is properly concerned with the pleading of a matter not within the plaintiff's prima facie case, that is, pleading matter to avoid plaintiff's cause of action."  *DCA Design v. Bellavida Custom Homes LLC*, 2018 WL 8755529, at *6 (S.D. Tex. Dec. 5, 2018).  "By contrast, a negative defense

is 'one which tends to disprove one or all of the elements of a complaint.'" *Id.* (quoting *Norma Ribbon & Trimming, Inc. v. Little*, 51 F.3d 45, 47 (5th Cir. 1995)).  Where a defense does not do anything but seek to disprove one or all elements of the plaintiff's cause of action, summary judgment is proper as to the defense.  *Id.*[1]

Harrison cannot ascertain, and Defendants do not identify, which (if any) of Defendants' enumerated defenses are not in fact affirmative defenses on which Defendants bear the burden of proof.  However, to the extent there are any, they should still be dismissed as "defenses" because they are inappropriately pleaded.  Furthermore, Defendants could have—and should have—raised any negative defense in their summary judgment briefing as evidence of a genuine issue of material fact with respect to to any element of Harrison's prima facie case.  Instead, Defendants admit they did not acknowledge those "defenses" at all—affirmative or not.  ECF No. 82 ¶4.  The only fact issue that may remain to be tried (if any) is the one identified in the Court's Order, which—as explained in Harrison's Motion—pertains to Harrison's contract claims.  Harrison merely requests that the Court reconsider whether that fact precludes summary judgment when analyzed through the breach of contract lens (as opposed to standing), and without regard to any of Defendants' incompetent summary judgment evidence to which Harrison objected. [2]

---

[1]      Alternatively, the Court may (on its own) strike these defenses from Defendants' First Amended Answer. Fed R. Civ. P. 12(f).  Negative defenses amongst a defendant's list of affirmative defenses in the answer are appropriately struck under Rule 12(f) as immaterial and redundant because they simply repeat the defendant's denial of the allegations in the plaintiff's complaint.  *See FTC v. Think All Pub. LLC*, 564 F. Supp. 2d 663, 665-666 (E.D. Tex. Mar. 24, 2008).

[2]      Defendants' Response briefly mentions that the Court should deny Harrison's Motion to the extent it requests that the Court rule on Harrison's Objections to Defendants' Summary Judgment Evidence because the Court already ruled that the objections were moot.  ECF No. 82 ¶2.  Defendants ignore the fact that Harrison filed two separate Objections.  *See* ECF Nos. 63-64; 69-70).  In fact, as explained in Harrison's Motion, the Court's Order does not contain a ruling on Harrison's first set of objections.  *See* ECF No. 76.  The Court did overrule Harrison's second set of objections as moot on the grounds that the Court did not rely on the evidence objected to.  *See* ECF No. 76, 12. However, as stated in Harrison's Motion, it *does* appear that one of the statements Harrison objected to in its second motion might be the basis for the Court's finding of a genuine issue of fact precluding summary judgment.  *See* ECF No. 76, 12.  That is why Harrison is asking the Court to clarify.

### III.   CONCLUSION

Harrison's Motion and Defendants' Response reflects that the Parties need the Court's rulings on summary judgment as to (1) Harrison's Objections to Defendants' Summary Judgment Evidence; (2) the affirmative defenses on which the Court held Defendants failed to satisfy their summary judgment burden; and (3) the defenses Defendants did not address in their summary judgment briefing.  The Parties further need the Court to clarify the fact issue (if any) that remains to be tried, and to which element of which claim or defense that fact issue pertains.  Harrison therefore respectfully requests that the Court grant Harrison's Motion and modify its Order on the Parties' cross-motions for summary judgment as set forth in its Motion:

(1) grant Harrison's Motion for Summary Judgment on the 15 affirmative defenses Defendants did not address in their Motion or Opposition to Harrison's Motion;

(2) grant Harrison's Motion for Summary Judgment on Defendants' capacity defense;

(3) grant Harrison's Motion for Summary Judgment on Defendants' ratification/consent/acquiescence defense;

(4) grant Harrison's Motion for Summary Judgment on Defendants' novation and modification defenses;

(5) grant Harrison's Motion for Summary Judgment on Defendants' judicial estoppel defense;

(6) grant Harrison's Motion for Summary Judgment on Defendants' standing defense;

(7) sustain Harrison's Objections to and strike Defendants' summary judgment evidence;

(8) sustain Harrison's Objections to and strike the Second Declaration of Amar B. Ali; and,

(9) grant Harrison's Motion for Summary Judgment on Harrison's breach of contract and breach of guaranty claims.

Alternatively, Harrison requests that the Court modify the Order to:

(1) grant Harrison's Motion for Summary Judgment on the 15 affirmative defenses Defendants did not address in their Motion or Opposition to Harrison's Motion;

(2) grant Harrison's Motion for Summary Judgment on Defendants' capacity defense;

(3) grant Harrison's Motion for Summary Judgment on Defendants' ratification/consent/acquiescence defense;

(4) grant Harrison's Motion for Summary Judgment on Defendants' novation and modification defenses;

(5) grant Harrison's Motion for Summary Judgment on Defendants' judicial estoppel defense;

(6) grant Harrison's Motion for Summary Judgment on Defendants' standing defense;

(7) sustain Harrison's Objections to and strike Defendants' summary judgment evidence;

(8) sustain Harrison's Objections to and strike the Second Declaration of Amar B. Ali; and,

(9) clarify that the only question of fact precluding summary judgment on Harrison's breach of contract and breach of guaranty claims, and the *only issue to be tried*, is whether Harrison (as opposed to Imperial) is the party that sold and delivered the products that A-Z failed to pay for, such that Harrison has not established the "performance" element of its breach of contract claim as a matter of law.

Harrison also respectfully requests such additional and further relief to which it may show itself to be justly entitled.

Respectfully submitted,

/s/ *Anna K. Finger*
**David L. Swanson**
  State Bar No. 19554525
  dswanson@lockelord.com
**Joseph A. Unis, Jr.**
  State Bar No. 24075625
  junis@lockelord.com
**Anna K. Finger**
  State Bar No. 24105860
  anna.k.finger@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
T: 214-740-8000
F: 214-740-8800

**ATTORNEYS FOR PLAINTIFF
HARRISON COMPANY, L.L.C.**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 8, 2020, 2020, I served this document on all counsel of record via the ECF system and/or email.

/s/ *Anna K. Finger*
Counsel for Plaintiff