UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HARRISON COMPANY LLC, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> A-Z WHOLESALERS INC. and § <br> BARKAT G. ALI, § <br> § <br> Defendants. § | CIVIL ACTION NO. 3:19-CV-1057-B |

## JOINT PRETRIAL ORDER

Pursuant to Local Rule 16.4 and the Court's Scheduling Order (ECF No. 9), Plaintiff Harrison Company LLC ("Harrison") and Defendants A-Z Wholesalers Inc. ("A-Z") and Barkat G. Ali ("Barkat") (collectively, Defendants) file the following Joint Pretrial Order:

### I. SUMMARY OF CLAIMS AND DEFENSES

#### A. PLAINTIFF'S CONTENTIONS

Harrison filed this lawsuit to collect amounts due under a credit agreement and a guaranty. In March 2011, A-Z executed and delivered a Credit Agreement to Harrison, which Barkat guaranteed. In reliance on the Credit Agreement and Guaranty, Harrison sold and delivered goods to A-Z. Harrison contends that A-Z breached the Credit Agreement by failing to pay for goods that it ordered and received from Harrison. Barkat has also not made any payment to Harrison on A-Z's unpaid balances and is therefore liable under the Guaranty. Accordingly, Harrison seeks to recover the outstanding balance of $2,574,885.73 due under the Credit Agreement, plus any applicable pre-and post-judgment interest, costs, and expenses. Harrison further seeks recovery of the reasonable and necessary attorneys' fees it has incurred in this litigation.

1

Although Defendants contend that A-Z ceased doing business with Harrison on March 31, 2015 and began doing business with Imperial instead, that is not the case. Defendants have no personal knowledge of Harrison's or Imperial's internal operations. Harrison is located in Bossier City, Louisiana (and has been since prior to the inception of the Credit Agreement). In 2014, Harrison's parent entity, Noble Feldman, Inc. ("Noble Feldman") merged into Imperial Trading Company LLC ("Imperial"), making Imperial Harrison's sole member. Although Harrison remained a separate operational entity, Imperial began sharing management and accounting services with Harrison for efficiency and marketing purposes. Imperial, for branding purposes, placed the Imperial name on Harrison's invoices and delivery trucks. Imperial assigned Harrison customers new account numbers in the accounting system to avoid duplication in the merged internal system. However, Harrison continued to operate out of—and purchased, maintained, and shipped goods from—Bossier City, and Imperial continued to operate out of—and purchased, maintained, and shipped goods from—Harahan, Louisiana. Harrison employees operate the Bossier City warehouse; Harrison purchased all products for the Bossier city warehouse; Harrison leased the Bossier City delivery trucks; and, so forth.

The consolidation of Harrison and Imperial's management and accounting services did not alter Harrison's relationship with its customers, including A-Z. Neither the Credit Agreement nor the Guaranty were amended, modified, or terminated. Harrison never released Barkat from the Guaranty. A-Z continued to order products from Bossier City (i.e., Harrison) through March 2019. Harrison continued to supply those goods, employed the staff that processed the orders, employed the drivers who delivered the goods, and distinguished A-Z's account as a Harrison customer in the internal accounting system. Therefore, the outstanding balances owed by A-Z and Barkat for goods ordered and received by A-Z are owed to Harrison—not Imperial, despite Defendants'

irrelevant subjective beliefs to the contrary. Neither A-Z nor Barkat has made a payment since March 2019.

### B. DEFENDANTS' CONTENTIONS

Harrison wrongfully filed this lawsuit to collect on amounts due and owing its parent corporation, Imperial. After Noble Feldman, Harrison's parent corporation, merged into Imperial in 2014, there was a merger transition phase whereby the business relationship between Harrison and A-Z, was incrementally transitioned to Imperial.

On or about March 31, 2015, A-Z made its last purchase from Harrison, with any open invoices due Harrison being fully satisfied by June, 2015. After which, the entire A-Z relationship transitioned to Imperial, with Imperial continuing to use the site at 4801 Viking Dr, Bossier City, LA 71111 ("Bossier City"), Harrison's former headquarters, as a distribution center for Imperial. During the merger transition period, Imperial issued new account numbers to A-Z. After the merger transition phase was complete, A-Z interfaced solely with persons who held themselves out as being employees or agents of Imperial. Imperial delivered products to A-Z using trucks with Imperial insignia painted on them. Imperial issued invoices and shipping manifests with Imperial insignia on them, which contained instructions directing payments to Imperial. A-Z made payment to Imperial. Imperial accepted and processed the A-Z payments. Imperial was responsible for setting vendor terms and pricing. Imperial was also responsible for issuing credits and other rebates to A-Z. From the customer's perspective, Harrison ceased to exist. In reliance on the foregoing business conduct over many years, Defendants are justified in giving contractual performance to Imperial, and expecting performance from Imperial.

While Defendants acknowledge that on or about March, 2011 they executed a Credit Agreement and Guaranty in favor of Harrison, said agreement was terminated once all open

Harrison invoices were paid in full and no new purchases made via Harrison. Alternatively, Defendants contend that persons acting as dual agents for both Imperial and Harrison, modified or gave a novation to new agreements between Imperial and A-Z, thereby terminating the previously executed Credit Agreement and Guaranty. Defendants further contend the Harrison has no privity of contract on any open invoices due Imperial, and moreover, any alleged open invoices due Harrison are outside the statute of limitations.

Defendants further contend that Harrison's assertion that it merely used Imperial's insignia, invoices, and new account numbers for internal accounting and branding purposes is irrelevant. Here, what is relevant is who do the underlying invoices and shipping manifests consistently and unambiguously say the contracting parties are? Is A-Z justified in relying to its detriment that it was contracting with Imperial?

## II.  STATEMENT OF STIPULATED FACTS

1. Harrison is a regional food distributor with its principal place of business located in Bossier City, Louisiana.

2. In 2008, three trusts—the John D. Georges, Jr. Trust; the Eliza Blaise Georges Trust; and, the Alexandra Coleman Georges Trust (collectively, "Georges")—acquired Harrison's parent entity, Noble Feldman, Inc. ("Noble Feldman") to expand George's distribution business in Arkansas, Louisiana, and Texas.

3. In 2014, Noble Feldman merged into Imperial Trading Company LLC ("Imperial"). Thus, Imperial became Harrison's sole member. Imperial and Harrison share common upstream ownership (Georges), and Harrison and Imperial are now, and always have been, separate entities.

4. Harrison's principal place of business is located at 4801 Viking Dr, Bossier City, LA 71111. Imperial's principal place of business is located at 701 Edwards Ave, Harahan, LA 70123.

5. A-Z is a wholesaler of tobacco products and sundries. It is a Texas corporation with its principal place of business in Dallas, Texas. A-Z maintains and operates two warehouses: one in Dallas, Texas and another in Waco, Texas.

6. On March 11, 2011, A-Z executed and delivered a credit agreement to Harrison, which Barkat guaranteed (the "Credit Agreement" and the "Guaranty," respectively).

7. Exhibit 1 is a true and correct copy of the Credit Agreement and Guaranty.

8. Harrison has not assigned or transferred, in whole or in part, the Credit Agreement or the Guaranty.

### III. CONTESTED ISSUES OF FACT

The Parties dispute the issues of fact that remain to be tried, which is what prompted Harrison's Motion to Clarify and Reconsider. Because the Parties do not agree to the contested issues of fact, they are listed separately below:

#### A. PLAINTIFF'S CONTENTIONS

1. Whether Harrison sold and delivered products to A-Z from March 2015 through March 2019.

#### B. DEFENDANTS' CONTENTIONS

1. Whether Harrison sold products to A-Z, reflected by certain invoices, during periods that are within the statute of limitations which are in default, thereby triggering liability under the Credit Agreement and Guaranty.

2. Whether Harrison assigned A-Z account numbers 17501 and 17502.

3. Whether Imperial assigned A-Z account numbers 95750 and 95751.

4. Whether the Credit Agreement and Guaranty are only applicable to accounts 17501 and 17502.

5. Whether Imperial sued Defendants in the 101st Judicial District Dallas County, Texas in Cause No. DC-19-04222, for Breach on the same Credit Agreement and Guaranty and alleged damages now at issue.

## IV. CONTESTED ISSUES OF LAW

The Parties dispute the issues of law that remain to be tried, which is what prompted Harrison's Motion to Clarify and Reconsider. Because the Parties do not agree to the contested issues of law, they are listed separately below:

### A. PLAINTIFF'S CONTENTIONS

1. Whether Louisiana or Texas law applies to Defendants' affirmative defenses.

2. Whether Harrison has standing to sue under the Credit Agreement for amounts due on purchases made by A-Z from March 2015 to March 2019.

### B. DEFENDANTS' CONTENTIONS

1. Whether Louisiana or Texas law applies in this matter.

2. Whether Harrison has standing to sue under the Credit Agreement for amounts due Imperial under invoices issued to A-Z from October 22, 2018 to March 4, 2019.

3. Whether Defendants' affirmative defenses bar recovery by Plaintiff.

## V. ESTIMATED LENGTH OF TRIAL

Harrison and Defendants estimate a four (4) day trial, including jury selection. This estimate does not include arguments and evidence on attorneys' fees that, if applicable, should be addressed post-verdict.

## VI. ADDITIONAL MATTERS

1. Harrison's Motion to Clarify and Reconsider remains pending before the Court (ECF Nos. 79-80). If the Court grants the Motion in whole or in part, the Court's ruling may aid in the disposition of this case for the following reasons:

6

- If the Court rules in Harrison's favor on all issues raised in the Motion, judgment should be entered for Harrison as a matter of law, without the need for a trial. Defendants contend that Harrison would still need to prove it is entitled to judgment given its MSJ was denied.

- If the Court rules in Harrison's favor only in part, the issues that remain for trial will nevertheless be significantly altered and limited by (1) clarifying which of Defendants' affirmative defenses, if any, remain; and/or, (2) allowing the parties to understand what fact issues remains for trial.

- If the Court denies Harrison's Motion entirely, additional jury instructions will be required to address Defendants' numerous affirmative defenses.

2. Harrison is filing its Motion in Limine contemporaneously with this Joint Pretrial Order. The Court's ruling on Harrison's Motion in Limine may aid in the disposition of this case by focusing the universe of relevant evidence admissible at trial that will allow the parties to present their cases as efficiently as possible.

3. Harrison's claim for attorneys' fees is to be addressed post-trial.

4. A-Z will file its Motion in Limine in a separate filing.

Respectfully submitted,

_/s/ Anna K. Finger_____
**David L. Swanson**
  State Bar No. 19554525
  dswanson@lockelord.com
**Joseph A. Unis, Jr.**
  State Bar No. 24075625
  junis@lockelord.com
**Anna K. Finger**
  State Bar No. 24105860
  anna.k.finger@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
T: 214-740-8000
F: 214-740-8800

**ATTORNEYS FOR PLAINTIFF
HARRISON COMPANY, L.L.C.**

/s/ Joyce W. Lindauer_____
Joyce W. Lindauer
State Bar No. 21555700
Guy Harvey Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
joyce@joycelindauer.com
guy@joycelindauer.com

**ATTORNEYS FOR DEFENDANTS**