**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **HARRISON COMPANY LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:19-CV-1057-B** |
| | § | |
| **A-Z WHOLESALERS INC. and** | § | |
| **BARKAT G. ALI,** | § | |
| | § | |
| **Defendants.** | § | |

**HARRISON COMPANY LLC'S PROPOSED JURY INSTRUCTIONS**
**AND QUESTIONS**

Plaintiff Harrison Company LLC ("Harrison") submits the proposed jury instructions and questions in Exhibit A attached hereto.  In doing so, Harrison reserves the right to object to any proposed jury instructions submitted by Defendants, as well as the right to supplement these instructions with proposed instructions in response to any instructions submitted by Defendants or in response to Defendants' presentation of their case.  Harrison further reserves the right to otherwise revise, add to, or withdraw its proposed jury instructions before the Court has presented the instructions to the jury, as authorized by applicable law.

1

Respectfully submitted,

**David L. Swanson**
  State Bar No. 19554525
  dswanson@lockelord.com
**Joseph A. Unis, Jr.**
  State Bar No. 24075625
  junis@lockelord.com
**Anna K. Finger**
  State Bar No. 24105860
  anna.k.finger@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
T: 214-740-8000
F: 214-740-8800

**ATTORNEYS FOR PLAINTIFF**
**HARRISON COMPANY, L.L.C.**

## CERTIFICATE OF SERVICE

      I certify that on January 18, 2021, I served this document on all counsel of record via the ECF system and/or email.

/s/ *Anna K. Finger*
Counsel for Plaintiff

2

# EXHIBIT A

## I.      Requested Instructions.

## GENERAL INSTRUCTION NO. 1
### (*Instructions for the Beginning of Trial*)

Members of the jury panel, if you have a cell phone, PDA, smart phone, iPhone or any other wireless communication device with you, please take it out now and turn it off.  Do not turn it to vibrate or silent; power it down.  During jury selection, you must leave it off.

There are certain rules you must follow while participating in this trial.

First, you may not communicate with anyone about the case, including your fellow jurors, until it is time to deliberate.  I understand you may want to tell your family, close friends and other people that you have been called for jury service so that you can explain when you are required to be in court.  You should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence, until after I accept your verdict or excuse you as a juror.

Similarly, you must not give any information to anyone by any means about this case.  For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, YouTube, Snapchat, Instagram, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror.  This includes any information about the parties, witnesses, participants, claims, evidence, or anything else related to this case.

Second, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel.  Some of the people you encounter may have some connection to the case.  If you were to speak with them, that could create an appearance or raise a suspicion of impropriety.

Third, do not do any research—on the Internet, in libraries, in books, newspapers, magazines, or using any other source or method.  Do not make any investigation about this case on your own.  Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or view any place discussed in the testimony.  Do not in any way research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors.  If you happen to see or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect the parties' right to have this case decided only on evidence they know about, that has been presented here in court.  If you do any research, investigation or experiment that we do not know about, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, which includes the oath to tell the truth and cross-examination.  It could also be unfair to the parties' right to know what information the jurors are relying on to decide the case.  Each of the parties is entitled to a fair trial by an impartial jury, and you must conduct

4

yourself so as to maintain the integrity of the trial process.  If you decide the case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice.  It is very important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried.[1]

**Given:**_____

**Refused\*:**_____
\* to which ruling Plaintiff timely excepted

**Given as Modified:** _____

_____
**HON. JANE J. BOYLE**
**UNITED STATES DISTRICT JUDGE**

---

[1] Fifth Circuit Pattern Jury Instructions (Civil Cases) 2020 § 1.1.

### GENERAL INSTRUCTION NO. 2
(Preliminary *Instructions to Jury*)

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the judge, I will decide all questions of law and procedure. As the jury, you are the judges of the facts. At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them.

**Alternate 1:** Pay close attention to the testimony and evidence. You will not be allowed to take notes.

**Alternate 2:** You may take notes during the trial. Do not allow your note-taking to distract you from listening to the testimony. Your notes are an aid to your memory. If your memory should later be different from your notes, you should rely on your memory. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. This includes your spouse, children, relatives, friends, coworkers, and people with whom you commute to court each day. During your jury service, you must not communicate any information about this case by any means, by conversation or with the tools of technology. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, Snapchat, Instagram, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or excuse you as a juror.

Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate. It is unfair to discuss the case before all of the evidence is in, because you may become an advocate for one side or the other. The parties, the witnesses, the attorneys, and persons associated with the case are not allowed to communicate with you. And you may not speak with anyone else in or around the courthouse other than your fellow jurors or court personnel.

Do not make any independent investigation of this case. You must rely solely on what you see and hear in this courtroom. Do not try to learn anything about the case from any other source. In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any issue touching on this case. Do not go online or read any newspaper account of this trial or listen to any radio or television newscast about it. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. In sum, you may not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors.

There are some issues of law or procedure that I must decide that the attorneys and I must discuss. These issues are not part of what you must decide and they are not properly discussed in

your presence.  To avoid having you leave the courtroom and to save time, I may discuss these issues with the attorneys at the bench, out of your hearing.  When I confer with the attorneys at the bench, please do not listen to what we are discussing.  If the discussions require more time, I may have you leave the courtroom until the lawyers and I resolve the issues.  I will try to keep these interruptions as few and as brief as possible.

The trial will now begin.  Lawyers for each side will make an opening statement. Opening statements are intended to assist you in understanding the significance of the evidence that will be presented.  The opening statements are not evidence.

After the opening statements, the plaintiff will present its case through witness testimony and documentary or other evidence.  Next, the defendants will have an opportunity to present their case.  The plaintiff may then present rebuttal evidence.  After all the evidence is introduced, I will instruct you on the law that applies to this case.  The lawyers will then make closing arguments. *[if jury instruction precede closing arguments]*.  Closing arguments are not evidence, but rather the attorneys' interpretations of what the evidence has shown or not shown.  Finally, you will go into the jury room to deliberate to reach a verdict.

Keep an open mind during the entire trial.  Do not decide the case until you have heard all of the evidence, my instructions, and the closing arguments.

It is now time for the opening statements.[2]

**Given:**_____

**Refused\*:**_____
\* to which ruling Plaintiff timely excepted

**Given as Modified:** _____

_____

**HON. JANE J. BOYLE**
**UNITED STATES DISTRICT JUDGE**

---

[2] Fifth Circuit Pattern Jury Instructions (Civil Cases) 2020 § 1.2.

## GENERAL INSTRUCTION NO. 3
### *(Jury Charge)*

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.[3]

**Given:**_____

**Refused\*:**_____
\* to which ruling Plaintiff timely excepted

**Given as Modified:** _____


_____
**HON. JANE J. BOYLE**
**UNITED STATES DISTRICT JUDGE**

_____

[3] Fifth Circuit Pattern Jury Instructions (Civil Cases) 2020 § 3.1.

## GENERAL INSTRUCTION NO. 4
*(Bias – Corporate Party Involved)*

      Do not let bias, prejudice, or sympathy play any part in your deliberations.  A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.[4]

**Given:**_____

**Refused\*:**_____
\* to which ruling Defendants timely excepted

**Given as Modified:**_____

_____
**HON. JANE J. BOYLE**
**UNITED STATES DISTRICT JUDGE**

---

[4] Fifth Circuit Pattern Jury Instructions (Civil Cases) 2020 § 2.16.

## GENERAL INSTRUCTION NO. 5
*(Burden of Proof: Preponderance of The Evidence)*

Plaintiff Harrison has the burden of proving its case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so.  If you find that Plaintiff Harrison has failed to prove any element of its claim by a preponderance of the evidence, then it may not recover on that claim.[5]

Defendants A-Z and Barkat have the burden of proving the following defenses by a preponderance of the evidence:  *[list affirmative defenses that are submitted to the jury]*.  If you find that defendants A-Z or Barkat have failed to prove any element of a defense by a preponderance of the evidence, then you should find against them on that defense.[6]

**Given:** _____

**Refused\*:** _____
\* to which ruling Defendants timely excepted

**Given as Modified:** _____

_____
**HON. JANE J. BOYLE**
**UNITED STATES DISTRICT JUDGE**

---

[5] Fifth Circuit Pattern Jury Instructions (Civil Cases) 2020 § 3.2.

[6] *See id.*

## GENERAL INSTRUCTION NO. 6
*(Evidence)*

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.[7]

**Given:**_____

**Refused*:**_____
* to which ruling Defendants timely excepted

**Given as Modified:** _____

_____
**HON. JANE J. BOYLE**
**UNITED STATES DISTRICT JUDGE**

---

[7] Fifth Circuit Pattern Jury Instructions (Civil Cases) 2020 § 3.3.

## GENERAL INSTRUCTION NO. 7
*(Witnesses)*

You alone are to determine the questions of credibility or truthfulness of the witnesses.  In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances.  Has the witness been contradicted by other credible evidence?  Has he or she made statements at other times and places contrary to those made here on the witness stand?  You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides.  Witness testimony is weighed; witnesses are not counted.  The test is not the relative number of witnesses, but the relative convincing force of the evidence.  The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.[8]

**Given:**_____

**Refused*:**_____
\* to which ruling Defendants timely excepted

**Given as Modified:** _____

_____
**HON. JANE J. BOYLE**
**UNITED STATES DISTRICT JUDGE**

---

[8] Fifth Circuit Pattern Jury Instructions (Civil Cases) 2020 § 3.4.

## GENERAL INSTRUCTION NO. 8
### *(Instructions on Deliberations)*

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

**Alternate 1:** Remember at all times, you are the judges of the facts. You have not been allowed to take notes during this trial. You must rely on your memory.

**Alternate 2:** Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.[9]

**Given:**_____

**Refused*:**_____
\* to which ruling Defendants timely excepted

**Given as Modified:** _____


_____
**HON. JANE J. BOYLE**
**UNITED STATES DISTRICT JUDGE**

---

[9] Fifth Circuit Pattern Jury Instructions (Civil Cases) 2020 § 3.7.

## REQUESTED DEFINITIONS

You are instructed that the following definitions apply throughout these Jury Instructions.

1.     "Harrison" refers to plaintiff Harrison Company, L.L.C.

2.     "Imperial" refers to Imperial Trading Co., L.L.C.  Imperial is the sole member of Harrison. Imperial and Harrison are separate legal entities.

2.     "A-Z" refers to defendant A-Z Wholesalers, Inc.

3.     "Barkat" refers to defendant Barkat G. Ali.

4.     "Credit Agreement" refers to the agreement entered into between Harrison and A-Z dated March 11, 2011.

5.     "Guaranty" refers to the guaranty executed by Barkat under which he personally guaranteed to Harrison the payment of any obligation of A-Z under the Credit Agreement.

**Given:**_____

**Refused*:**_____
\* to which ruling Defendants timely excepted

**Given as Modified:** _____


_____
**HON. JANE J. BOYLE**
**UNITED STATES DISTRICT JUDGE**

14

## PARTIES' CLAIMS

In March 2011, A-Z executed and delivered to Harrison a Credit Agreement, which Barkat guaranteed.  Harrison contends that A-Z breached the Credit Agreement by failing to pay for goods that it ordered and received from Harrison.

Harrison also contends that Barkat has not made any payment to Harrison on A-Z's unpaid balances under the Credit Agreement and is therefore liable to Harrison under the Guaranty.

A-Z contends that it ceased doing business with Harrison on March 31, 2015 and began doing business with Imperial instead.  A-Z contends that the amounts owed for goods that it received are owed to Imperial, not to Harrison.

**Given:**_____

**Refused\*:**_____
\* to which ruling Defendants timely excepted

**Given as Modified:** _____

_____

**HON. JANE J. BOYLE**
**UNITED STATES DISTRICT JUDGE**

## REQUESTED INSTRUCTION NO. 1
*(Breach of Contract)*

Harrison alleges A-Z breached the Credit Agreement by failing to pay for goods that it ordered and received from Harrison.

To prevail on its breach of contract claim, Harrison must prove the following elements: (1) the existence of a valid, enforceable contract; (2) that Harrison performed its contractual obligations; (3) that A-Z breached the contract; and (4) that A-Z's breached caused injury to Harrison.[10]

**Given:**_____

**Refused*:**_____
* to which ruling Defendants timely excepted

**Given as Modified:** _____

_____
**HON. JANE J. BOYLE**
**UNITED STATES DISTRICT JUDGE**

---

[10] *Denham Homes, L.L.C. v. Teche Fed. Bank*, 182 So. 3d 108, 119 (La. App. 2015); *Roundville Partners, L.L.C. v. Jones*, 118 S.W.3d 73, 82 (Tex. App.—Austin 2003, pet. denied); *see also Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.)).

16

## REQUESTED INSTRUCTION NO. 2
*(Breach of Guaranty)*

Harrison also contends that Barkat has not made any payment to Harrison on A-Z's unpaid balances owed under the Credit Agreement and is therefore liable to Harrison under the Guaranty.

To prevail on its claim against Barkat on his Guaranty, Harrison must establish that:  the Guaranty exists and that Harrison is the beneficiary under it; Harrison extended credit and supplied goods to A-Z under the Credit Agreement; and, neither A-Z nor Barkat has paid Harrison the unpaid and outstanding balance due under the Credit Agreement and Guaranty, respectively.[11]

**Given:**_____

**Refused\*:**_____
\* to which ruling Defendants timely excepted

**Given as Modified:** _____

_____

**HON. JANE J. BOYLE**
**UNITED STATES DISTRICT JUDGE**

---

[11] *Stone v. Midland Multifamily Equity REIT*, 334 S.W.3d 371, 378 (Tex. App.—Dallas 2011, no pet.) (citation omitted); *see also United Cent. Bank v. Yoon*, No. 3:13-CV-857-P, 2015 WL 11120516, at \*3 (N.D. Tex. Mar. 4, 2015) (Solis, J.) (citing *Byrd v. Estate of Nelms*, 154 S.W.3d 149, 157 (Tex. App—Waco 2004, pet denied)); *see also First Guar. Bank v. Carter*, 563 So.2d 1240, 1242-43 (La. App. 1990) (to prevail on a suit on continuing guarantees, creditor must prove: (1) the existence and validity of the underlying debt owed to the creditor by the entity whose debt is guaranteed; and (2) the existence and validity of the continuing guarantees executed by the guarantor in favor of the creditor securing the debts of the entity whose debt is guaranteed).

## REQUESTED INSTRUCTION NO. 3
### *(Damages)*

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.[12]

**Given:**_____

**Refused\*:**_____
\* to which ruling Defendants timely excepted

**Given as Modified:** _____


_____
**HON. JANE J. BOYLE**
**UNITED STATES DISTRICT JUDGE**

---

[12] *See* Texas Pattern Jury Charges, Business, Consumer, Insurance & Employment § 100.12 (2018 ed.)

## REQUESTED INSTRUCTION NO. 4
*(Measure of Damages—Breach of Contract)*

The outstanding balance owed by A-Z under the Credit Agreement.[13]

**Given:**_____

**Refused\*:**_____
\* to which ruling Defendants timely excepted

**Given as Modified:** _____


_____
**HON. JANE J. BOYLE**
**UNITED STATES DISTRICT JUDGE**

---

[13] *See* Texas Pattern Jury Charges, Business, Consumer, Insurance & Employment § 115.4 (2018 ed.)

**REQUESTED INSTRUCTION NO. 5**
*(Measure of Damages—Breach of Guaranty)*

      The outstanding balance owed by A-Z under the Credit Agreement that also remains unpaid by Barkat under the Guaranty.[14]

**Given:** _____

**Refused\*:** _____
\* to which ruling Defendants timely excepted

**Given as Modified:** _____

_____
**HON. JANE J. BOYLE**
**UNITED STATES DISTRICT JUDGE**

---

[14] *See* Texas Pattern Jury Charges, Business, Consumer, Insurance & Employment § 115.4 (2018 ed.)

II.      **Requested Questions.**

### REQUESTED QUESTION NO. 1
*(Breach of Contract)*

Did A-Z fail to comply with the Credit Agreement?

Answer "Yes" or "No."

Answer:  _____ [15]

**Given:** _____

**Refused\*:** _____
\* to which ruling Defendants timely excepted

**Given as Modified:** _____


_____
**HON. JANE J. BOYLE**
**UNITED STATES DISTRICT JUDGE**

---

[15] *See* Texas Pattern Jury Charges, Business, Consumer, Insurance & Employment § 101.2 (2018 ed.)

## REQUESTED QUESTION NO. 2
*(Breach of Guaranty)*

Did Barkat fail to comply with the Guaranty?

Answer "Yes" or "No."

Answer: _____[16]

**Given:**_____

**Refused*:**_____
* to which ruling Defendants timely excepted

**Given as Modified:** _____

_____
**HON. JANE J. BOYLE**
**UNITED STATES DISTRICT JUDGE**

---

[16] *See* Texas Pattern Jury Charges, Business, Consumer, Insurance & Employment § 101.2 (2018 ed.)

**REQUESTED QUESTION NO. 3**
*(Damages—Breach of Credit Agreement)*

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Harrison for its damages, if any, that resulted from A-Z's failure to comply with the Credit Agreement?

Consider the following elements of damages, if any, and none other.

*[Insert instruction on measure of damages]*

Answer in dollars and cents for damages, if any.

Answer: _____ [17]

**Given:** _____

**Refused*:** _____
* to which ruling Defendants timely excepted

**Given as Modified:** _____

_____
**HON. JANE J. BOYLE**
**UNITED STATES DISTRICT JUDGE**

---

[17] *See* Texas Pattern Jury Charges, Business, Consumer, Insurance & Employment § 115.3 (2018 ed.)

23

### REQUESTED QUESTION NO. 4
*(Damages—Breach of Guaranty)*

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Harrison for its damages, if any, that resulted from Barkat's failure to comply with the Guaranty?

Consider the following elements of damages, if any, and none other.

*[Insert instruction on measure of damages]*

Answer in dollars and cents for damages, if any.

Answer: _____ [18]

**Given:**_____

**Refused*:**_____
* to which ruling Defendants timely excepted

**Given as Modified:** _____


_____

**HON. JANE J. BOYLE**
**UNITED STATES DISTRICT JUDGE**

---

[18] *See* Texas Pattern Jury Charges, Business, Consumer, Insurance & Employment § 115.3 (2018 ed.)