UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HARRISON COMPANY LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:19-CV-1057-B |
| A-Z WHOLESALERS INC. and BARKAT G. ALI, | § § § § | |
| Defendants. | § § | |

### HARRISON COMPANY LLC'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE

Plaintiff Harrison Company LLC ("Harrison") files this response to Defendants' Motion in Limine (ECF 90) and states:

Defendants' Motion in Limine (ECF 90) seeks to exclude eight (8) topics (¶¶ 3-10), and requests an instruction from the Court that *Harrison* be prohibited from mentioning those topics at trial. Defendants list those topics on a single page, without analysis or authority. Many of those topics are benign and/or generic (e.g., ¶¶ 4, 6, 7, 8, and 9). As long as those limines are reciprocal, and apply equally to Harrison and Defendants, Harrison does not object.

Paragraph 3 is not a proper subject for a motion in limine. There are no "deemed admissions," and the relationship between Harrison and Imperial is a legal question based on uncontroverted facts. *Defendants* argued (then, apparently, abandoned) "assignment" as an affirmative defense, and never presented any evidence to support this conclusory assertion. Harrison does not allege that it assigned the Credit Agreement or Guaranty. On the contrary, Harrison contends it sold and delivered goods to A-Z in reliance upon the Credit Agreement and

Guaranty, and that A-Z and Barkat (as guarantor) are jointly and severally liable to Harrison for the outstanding balance.

The facts and circumstances surrounding Imperial sending a demand letter to A-Z and subsequently filing suit are irrelevant, confusing, and prejudicial. These facts are not an element of any claim or defense. Imperial should not have filed the state court lawsuit, and it is not evidence. *See*, *e.g.*, *Blankenship v. Buenger*, 653 Fed. App'x 330, 335-36 (5th Cir. 2016). Harrison should not be penalized (nor the jury confused) by Imperial improvidently filing a lawsuit—which was nonsuited—or Imperial correcting the error.

Imperial improperly recording a UCC is also neither relevant nor admissible evidence. *See FinServ Cas. Corp. v. Settlement Funding, LLC*, No. CV H-10-264, 2015 WL 13769467, at *17 (S.D. Tex. Sept. 1, 2015), *report and recommendation adopted*, No. CV H-10-0264, 2015 WL 13769455 (S.D. Tex. Oct. 2, 2015). And settlement communications are inadmissible. *See Lyondell Chem. Co. v. Occidental Chem. Corp.*, 608 F.3d 284, 295 (5th Cir. 2010) (citing Fed. R. Evid. 408). There is no in-house attorney at Harrison or Imperial, and no member of the shared management group has any legal training or experience. That those individuals wearing multiple hats (e.g., Wayne Baquet and Brad Prendergast) referred to "Harrison" as "Imperial" when seeking to collect or settle a debt owed to *Harrison* does not change the fact that, *legally*, Harrison and Imperial are separate legal entities.

Paragraph 5, as drafted, would effectively bar closing argument. *See* ECF 90, ¶5 ("Any comments by Plaintiff's attorney that informs the jury of the effect of its answers to questions in the charge."). Indeed, closing argument is the parties' opportunity to argue the charge to the jury. Moreover, as drafted, the request would preclude Harrison (*but not Defendants*) from arguing the charge. While not all limines must be reciprocal, the request at Paragraph 5 is improper.

The topic addressed at Paragraph 10—Defendants' lack of personal knowledge—is also addressed in Harrison's Motion in Limine (ECF 92), and Harrison incorporates that briefing by reference, pursuant to Fed. R. Civ. P. 10(c). This is <u>not</u> a reciprocal limine. To the contrary, the topic presents a critical, unilateral issue, that pervades this litigation—i.e., Defendants' lack of knowledge, rampant speculation, and irrelevant conjecture regarding Harrison's and Imperial's shared accounting, shared management functions, and Harrison's internal operations.

Defendants' conclusory and factually unsupported allegations are the reason Harrison objected to Defendants' *evidence* and moved to strike it (ECF 63-64; 69-70). Harrison also addressed Defendants' declarations in its Motion to Clarify and Reconsider (ECF 79-80). It would be improper for the Court to consider such inadmissible testimony on summary judgment, and it would also be improper for the jury to hear any such testimony at trial. *See* Fed. R. Evid. 602; *UNF West, Inc. v. Nat'l Labor Relations Board*, 844 F.3d 451, 464 (5th Cir. 2016). But, unlike the Court (which can simply disregard the testimony), a jury would be tainted (or, at a minimum, confused) by such improper conjecture. Thus, if the jury is exposed to such conclusory and speculative testimony from Defendants' witnesses at trial, Harrison will be unfairly prejudiced.

Importantly, since Harrison filed its summary judgment briefing, and its Motion to Clarify and Reconsider, Defendants have confirmed that they know nothing about who filled the order, or how payments were applied. *See*, *e.g.*, Exhibit A, Excerpt from Dep. of Barkat Ali, 62:2-7; 79:19-23; 80:13-18; 87:16-23; 124:20-125:16; Exhibit B, Excerpt from Dep. of Amar Ali, 106:12-13; 250:14-20. Defendants' only agreements are with Harrison, and they have never presented any competent and admissible evidence to rebut the affidavits of Wayne Baquet, Brad Prendergast, and Sandy Zazulak (ECF 53). Nevertheless, Defendants want to argue that they subjectively, *but detrimentally*, relied on Harrison's subsequent branding (as "Imperial"), invoices, and other

subsequent, ancillary "evidence" to *avoid* their express obligations under the Credit Agreement and Guaranty.

Defendants' subjective beliefs or opinions are not admissible evidence. There is no written release, and this is not a waiver or estoppel case. Harrison did not knowingly release any right to collect its debt (waiver); or procure any new or additional benefit from Defendants (estoppel) by the "Imperial" brand appearing on Harrison's invoices or trucks. There is no evidence to either effect (to the extent Defendants even adequately pleaded those defenses). Rather, *Defendants* seek to procure a benefit—avoidance of Barkat's personal guaranty—by claiming that they thought that they were doing business with Imperial (not Harrison), after March 2015.

For the reasons discussed in Harrison's prior briefing, the ancillary documents on which Defendants' rely to support that subjective (and self-serving) claim (e.g., subsequent invoices, UCC filings, and a demand letter) are irrelevant. *See*, *e.g.*, ECF 68 p. 6. Regardless, those documents speak for themselves; and their legal effect, if any, is a question for the Court. The Court should not allow the Defendants' subjective, conclusory, and speculative testimony regarding *Harrison's* operations.

In effect, Defendants seek a blanket license to offer speculative testimony on *Harrison's* operations. Such testimony does not go to Defendants' credibility. Amar and Barkat (as confirmed through their depositions) simply have no personal knowledge of Harrison's operations, and thus, the putative testimony lacks foundation, is wholly speculative, and is inadmissible. Defendants' limine on that topic (¶10) should be denied, and Harrison's motion in limine should be granted.

        Respectfully submitted,

        */s/ Joseph A. Unis, Jr.*
        **David L. Swanson**
         State Bar No. 19554525
         dswanson@lockelord.com
        **Joseph A. Unis, Jr.**
         State Bar No. 24075625
         junis@lockelord.com
        **LOCKE LORD LLP**
        2200 Ross Avenue, Suite 2800
        Dallas, Texas 75201-6776
        T: 214-740-8000
        F: 214-740-8800

        **ATTORNEYS FOR PLAINTIFF**
        **HARRISON COMPANY, LLC**

## CERTIFICATE OF SERVICE

I certify that on February 22, 2021, I served this document on all counsel of record via the ECF system and/or email.

        */s/ Joseph A. Unis, Jr.*

**HARRISON COMPANY LLC'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE**     5