UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HARRISON COMPANY LLC, | § | |
| | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-1057-B |
| | § | |
| A-Z WHOLESALERS, INC. and | § | |
| BARKAT G. ALI, | § | |
| | § | |
|   Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Harrison Company LLC ("Harrison")'s Motion to Clarify and Reconsider (Doc. 79). Upon review, the Court **GRANTS IN PART** and **DENIES IN PART** Harrison's motion.

### I.

### BACKGROUND

This is a contract dispute involving Harrison, a food distributor, Defendant A-Z Wholesalers, Inc. ("A-Z"), a wholesaler, and Defendant Barkat G. Ali ("Ali"), the guarantor of A-Z's payment for the goods it purchased from Harrison.[1] In sum, Harrison claims that A-Z breached its credit agreement with Harrison by accruing and ultimately failing to pay an outstanding balance in excess of $2.5 million. Doc. 76, Mem. Op. & Order, 2. Likewise, Harrison claims that Ali breached his guaranty agreement by failing to pay A-Z's debts. *Id.* The debt at issue was accrued between October

---

[1] The Court hereby incorporates the Background section of its prior Memorandum Opinion and Order (Doc. 76).

22, 2018, and March 4, 2019. Doc. 1, Compl., 2. A-Z does not deny that it incurred and failed to pay this balance but claims that payment is owed to Harrison's parent company—Imperial Trading Company LLC ("Imperial")—rather than to Harrison. Doc. 76, Mem. Op. & Order, 2. Essentially, Defendants claim that after Imperial's acquisition of Harrison in 2014, "all future sales [involving Defendants] were conducted through Imperial" and thus not subject to the credit agreement with Harrison or the guaranty with Ali. Doc. 57, Defs.' Br., 12. Based primarily upon this contention, Defendants assert a variety of affirmative defenses. Doc. 50, Am. Answer, 4–7.

In June 2020, Harrison moved for summary judgment on its breach-of-contract claim, breach-of-guaranty claim, and Defendants' affirmative defenses. Doc. 52, Pl.'s Br., 16. Defendants filed a cross-motion for summary judgment (Doc. 54), seeking dismissal of Harrison's claims based on Defendants' defenses of standing, novation and modification, and judicial estoppel. Doc. 57, Defs.' Br., 10–13. Harrison then filed objections (Doc. 69) to Defendants' summary-judgment evidence. The Court issued a Memorandum Opinion and Order ("the Order") denying both parties' summary-judgment motions and finding Harrison's objections moot. Doc. 76, Mem. Op. & Order, 1.

On November 4, 2020, Harrison filed the present motion (Doc. 79) to clarify and reconsider the Order. Harrison again asks the Court to dismiss all of Defendants' affirmative defenses, sustain Harrison's objections to Defendants' summary-judgment evidence, and grant summary judgment on Harrison's breach-of-contract and breach-of-guaranty claims. Doc. 80, Pl.'s Br., 5. In the alternative, Harrison asks the Court to strike Defendants' affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f). Doc. 83, Pl.'s Reply, 5 n.1. Defendants filed a response (Doc. 82) to the motion, and Harrison filed a reply in support (Doc. 83). After reviewing the briefing, the Court ordered Defendants to provide evidentiary support for the affirmative defenses (Doc. 88), which they did in

a response filed on January 11, 2021 (Doc. 89). Harrison's motion is ripe for review.

## II.

## LEGAL STANDARDS

A.  *Federal Rule of Civil Procedure 56(a)*

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The substantive law governing a matter determines which facts are material to a case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The summary-judgment movant bears the burden of proving that no genuine issue of material fact exists. *Latimer v. Smithkline & French Lab'ys*, 919 F.2d 301, 303 (5th Cir. 1990). Usually, this requires the movant to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quotation marks omitted). But if the non-movant ultimately bears the burden of proof at trial, the summary-judgment movant may satisfy its burden by pointing to the mere absence of evidence supporting an essential element of the non-movant's claim. *See Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 n.10 (5th Cir. 2017). Once the summary-judgment movant has met this burden, the burden shifts to the non-movant to "go beyond the pleadings and designate specific facts" showing that a genuine issue exists. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam) (citing *Celotex*, 477 U.S. at 325).

B.  *Federal Rule of Civil Procedure 12(f)(1)*

"The court may strike . . . insufficient defense[s] or any redundant, immaterial, impertinent, or scandalous matter[s]" *sua sponte* at any time or upon a party's motion. Fed. R. Civ. P. 12(f)(1);

*see also EEOC v. Rock-Tenn Servs. Co.*, 901 F. Supp. 2d 810, 831 (N.D. Tex. 2012); *GE Cap. Com., Inc. v. Worthington Nat'l Bank*, 2011 WL 5025153, at *2 (N.D. Tex. Oct. 20, 2011); *Acadian Diagnostic Lab'ys, LLC v. Quality Toxicology, LLC*, 2017 WL 9439103, at *4 (M.D. La. Nov. 17, 2017). Although generally disfavored, striking an affirmative defense "is proper when the defense is insufficient as a matter of law." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982) (citations omitted). To determine whether defenses are insufficient as a matter of law, "the court may . . . consider: (1) whether the defenses are applicable, and (2) whether the defenses are sufficiently pled as to give [p]laintiffs fair notice." *GE Cap.*, 2011 WL 5025153, at *2 (citation omitted); *see Acadian Diagnostic*, 2017 WL 9439103, at *4–5 (striking a defense *sua sponte* where it was not pleaded with the required particularity); *see also Kaiser Aluminum*, 677 F.2d at 1061 (striking a defense as insufficient as a matter of law because it did not apply to the underlying action). While "in some cases, merely pleading the name of the affirmative defense . . . may be sufficient," affirmative defenses generally must be pleaded "with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) (citation omitted).

### III.

### ANALYSIS

A.   *Harrison's Objections and Motion to Strike Defendants' Summary-Judgment Evidence*

Harrison filed its Objections to and Motion to Strike Defendants' Summary Judgment Evidence (Doc. 63), seeking to strike certain statements made by Amar Ali and Barkat Ali. Doc. 64, Pl.'s Obj. Br., 1–5. Because the Court did not rely on the objected-to evidence or statements in reaching its last decision, the Court found that Harrison's objections and motion to strike were moot.

Doc. 76, Mem. Op. & Order, 12. Now, Harrison asks the Court to reconsider this ruling, sustain the objections, and grant its motion to strike. Doc. 80, Pl.'s Br., 5. Because the Court again reaches its conclusion without relying upon the objected-to evidence, the Court finds Harrison's Objections and Motion to Strike Defendants' Summary Judgement Evidence **MOOT** and **DENIES** Harrison's request to reconsider this finding.

B.  *Defendants' Affirmative Defenses*

In the Order, the Court denied Defendants' motion for summary judgment on their affirmative defenses regarding standing, judicial estoppel, and the doctrine of novation and modification. Doc. 76, Mem. Op. & Order, 5–10. However, the Court did not clearly address Harrison's request that *all* of Defendants' affirmative defenses be dismissed. *See generally id.* Below, the Court discusses Harrison's motion and addresses each defense in turn.

Harrison argues that the Court should grant its motion for summary judgment and dismiss Defendants' affirmative defenses "[b]ecause Defendants did not present any evidence in support of all elements of any of these affirmative defenses[.]" Doc. 80, Pl.'s Br., 9. While the Court generally agrees with Harrison that Defendants have not presented evidence in support of most of their affirmative defenses, Harrison has not pointed to any *specific elements* of the defenses that Defendants are unable to prove. *See Austin,* 864 F.3d at 335 n.10 ("[A] mere conclusory statement that the other side has no evidence is not enough to satisfy a movant's burden. . . . [A] movant may support a motion for summary judgment by pointing out that there is no evidence to support a *specific element* of the nonmovant's claim." (citations omitted) (emphasis in original)). While Defendants have the burden to prove their affirmative defenses at trial, the burden at the summary judgment stage has not shifted to Defendants to "go beyond the pleadings and designate specific facts" showing that a

genuine issue exists as to their affirmative defenses. *Little*, 37 F.3d at 1075; *see Austin*, 364 F.3d at 335 n10.

However, in addition to its request for summary judgment, Harrison asks the Court to strike Defendants' affirmative defenses pursuant to Rule 12(f). Doc. 83, Pl.'s Reply, 5 n.1. Upon review, the Court finds that most of Defendants' affirmative defenses are redundant, immaterial, and legally insufficient and strikes them pursuant to Rule 12(f). Fed. R. Civ. P. 12(f). Each affirmative defense is discussed below.

### 1. Standing

Defendants allege that Harrison lacks standing in this action because the unpaid debt is owed to Imperial, not Harrison. Doc. 57, Defs.' Br., 11–12. As the Court explained in the Order, "there is conflicting evidence" as to whether A-Z's debt is owed to Harrison or Imperial due to the merger of Harrison and Imperial. Doc. 76, Mem. Op. & Order, 7. Therefore, the Court found "a genuine dispute of material fact as to whether [Harrison] has contractual standing" and denied summary judgment on Defendants' standing defense. *Id.* at 8. The Court's finding remains unchanged. Accordingly, the Court **DENIES** Harrison's request to dismiss or strike Defendants' standing defense.

### 2. Lack of capacity/authority to sue/privity of contract

Defendants equate their capacity, authority-to-sue, and privity-of-contract defenses with a contractual standing defense. Doc. 89, Defs.' Resp., 1–2. Defendants argue that Harrison lacks contractual standing because the contract that gave rise to the debt at issue was between A-Z and Imperial instead of A-Z and Harrison. *Id.* Accordingly, Defendants claim there is no "privity existing between the party damaged and the party sought to be held liable." *Id.* at 2 (emphasis and citation

omitted). Again, "there is conflicting evidence" as to whether A-Z's debt is owed to Harrison or Imperial and "a genuine dispute of material fact as to whether [Harrison] has contractual standing" due to the merger of Harrison and Imperial. Doc. 76, Mem. Op. & Order, 7–8. Therefore, the Court **DENIES** Harrison's request to dismiss or strike Defendants' lack-of-capacity, authority-to-sue, and privity-of-contract defenses.

  3. <u>Statute of limitations</u>

Defendants claim that under both Lousiana's three-year statute of limitations and Texas's four-year statute of limitations,[2] Harrison's claims are time-barred. Doc. 89, Defs.' Resp., 3. In support, Defendants point to evidence that they claim shows "that the last purchase from Harrison was on March 31, 2015 and monies owed should have been paid off in June 2015." *Id.* However, the outstanding debt at issue was accrued "[f]rom October 22, 2018 to March 4, 2019," and totals $2,574,885.73—the entirety of damages that Harrison seeks under its breach-of-contract and breach-of-guaranty claims. Doc. 1, Compl., 2–3. Defendants do not contend that a suit regarding this debt is outright time-barred under either statute of limitations. *See generally* Doc. 89, Defs.' Resp. Instead, they premise their statute-of-limitations defense on the assertion that Defendants owe this debt to Imperial rather than Harrison because "[a]fter Imperial acquired Harrison, all future sales were conducted through Imperial[.]" Doc. 57, Defs.' Br., 12. Therefore, Defendants' statute-of-limitations defense relates to claims that are not asserted in this case for debts that are not at issue. *Id.*

Harrison's claims—filed on May 2, 2019—for debt accrued between October 22, 2018, and

---

[2] Harrison argues that Louisiana, not Texas, law applies. Doc. 52, Pl.'s Br., 9–10.

March 4, 2019, are not time-barred under either Louisiana's three-year statute of limitations or Texas's four-year statute of limitations. Defendants' statute-of-limitations defense, as asserted, does not concern the underlying dispute in this case and the Court thus **STRIKES** it as insufficient as a matter of law. *See* Fed. R. Civ. P. 12(f); *Kaiser Aluminum*, 677 F.2d at 1061 (striking defense as insufficient as a matter of law because it did not apply to plaintiff's underlying action).

    4.    <u>Accord and satisfaction</u>

Defendants base their accord-and-satisfaction defense on their claim that A-Z's agreement with Harrison required "[a]ll sums received by [Harrison] [to] first be applied to the oldest charges, then to the next oldest, and so forth." Doc. 89, Defs.' Resp., 4. Accordingly, Defendants claim that any payments should have been applied to the older "Harrison invoices[,]" which should now be paid in full. *Id.* However, Defendants are again referencing debt accrued prior to the merger of Harrison and Imperial. That debt is not at issue, as Harrison does not seek payment for invoices issued prior to the merger—it seeks the over $2.5 million debt from the invoices sent from October 22, 2018, to March 4, 2019. Doc. 1, Compl., 2. A-Z "readily admits that it has an arrearage" as to those invoices but asserts that the debt is owed to Imperial rather than Harrison. Doc. 65, Defs.' Resp., 11. In other words, Defendants' defense of accord and satisfaction as to the debt at issue rests upon the same claim as their standing defense. Therefore, the Court finds that their accord-and-satisfaction defense, as asserted, is redundant. Any other bases for this defense have not been pleaded as to give Harrison fair notice and would be insufficient as a matter of law. *See Woodfield*, 193 F.3d at 362; *GE Cap.*, 2011 WL 5025153, at *2 (citation omitted). Accordingly, the Court **STRIKES** Defendants' accord-and-satisfaction defense. *See* Fed. R. Civ. P. 12(f).

### 5.     Reasonableness and good faith

Defendants assert a defense of reasonableness and good faith and claim that whether they acted reasonably and in good faith is an issue "for the jury to decide." Doc. 89, Defs.'s Resp., 4 (citation omitted). However, Defendants point to no authority to show that reasonableness or good faith is an affirmative defense to Harrison's breach-of-contract claims, and the Court can find none. Therefore, the Court **STRIKES** any "reasonableness and good faith" affirmative defense to Harrison's breach-of-contract claims as insufficient as a matter of law. *See* Fed. R .Civ. P. 12(f)(1).

### 6.     Unclean hands

Defendants claim that Harrison has unclean hands because it "wrongfully sue[d] Defendants" even though, as Defendants claim, Imperial is the proper plaintiff. Doc. 89, Defs.' Resp., 5. They again point to evidence that A-Z's debt is owed to Imperial rather than Harrison. *Id.* Even if Harrison's filing of this suit constitutes unclean hands, this defense will rise and fall with Defendants' standing defense, as it depends on the same underlying assertion that Imperial is the proper plaintiff. Therefore, the Court finds that this defense, as asserted, is redundant. Any other bases for this defense have not been pleaded as to give Harrison fair notice and would be insufficient as a matter of law. *See Woodfield*, 193 F.3d at 362; *GE Cap.*, 2011 WL 5025153, at *2 (citation omitted). Accordingly, the Court **STRIKES** Defendants' unclean-hands defense. *See* Fed. R. Civ. P. 12(f).

### 7.     Unconscionability

Defendants invoke the affirmative defense of unconscionability on the ground that "payment is owed to Imperial not Harrison[, and] . . . [e]nforcement . . . would still leave A-Z with exposure to liability on an open account with Imperial . . . ." Doc. 89, Defs.' Resp., 5–6. In other words, Defendants' unconscionability defense rests on their repeated assertion that the debt is owed to

Imperial rather than Harrison. Even if this assertion would show unconscionability, it requires the same finding as Defendants' standing defense. If Defendants prove that payment is due to Imperial instead of Harrison, Harrison lacks standing and no determination need be made as to whether the contract was unconscionable. Therefore, the Court finds that this defense, as asserted, is redundant. Any other bases for this defense have not been pleaded as to give Harrison fair notice and would be insufficient as a matter of law. *See Woodfield*, 193 F.3d at 362; *GE Cap.*, 2011 WL 5025153, at *2 (citation omitted). Accordingly, the Court **STRIKES** Defendants' unconscionability defense. *See* Fed. R. Civ. P. 12(f).

### 8. Novation and modification

Defendants appear to group the defenses of novation and modification, but they only discuss the elements of novation. *See* Doc. 89, Defs.' Resp., 6. Defendants again reference debt accrued prior to the merger of Harrison and Imperial and claim that the defenses of novation and modification apply. *See id.* at 6–7 (referencing debt accrued on pre-merger account numbers and text messages dated from January 14, 2016, to September 10, 2018). Again, that debt is not at issue as Harrison does not seek payment for invoices issued prior to the merger—it seeks the over $2.5 million debt from the invoices sent from October 22, 2018, to March 4, 2019. Doc. 1, Compl., 2. As to the debt at issue in this case, Defendants only reiterate that "Imperial is the supplier, not Harrison." Doc. 89, Defs.' Resp., 7. Even if Defendants could base their novation and modification defenses on this ground, such defenses will rise and fall with their standing defense.

Therefore, the Court finds that these defenses, as asserted, are redundant. Any other bases for these defenses have not been pleaded as to give Harrison fair notice and would be insufficient as a matter of law. *See Woodfield*, 193 F.3d at 362; *GE Cap.*, 2011 WL 5025153, at *2 (citation

omitted). Accordingly, the Court **STRIKES** Defendants' novation and modification defenses. *See* Fed. R. Civ. P. 12(f).

9. Waiver

Defendants assert the affirmative defense of waiver and again reference debt accrued prior to the merger of Harrison and Imperial. *See* Doc. 89, Defs.' Resp., 8 (referencing debt accrued on pre-merger account numbers and text messages dated from January 14, 2016, to September 10, 2018). Again, that debt is not at issue. As to the debt at issue in this case, Defendants again reiterate that "Imperial was the supplier, not Harrison." *Id.* Even if Defendants could base their waiver defense on this contention, it will rise and fall with Defendants' standing defense. Therefore, the Court finds that this defense, as asserted, is redundant and immaterial. Any other bases for this defense have not been pleaded as to give Harrison fair notice and would be insufficient as a matter of law. *See Woodfield*, 193 F.3d at 362; *GE Cap.*, 2011 WL 5025153, at *2 (citation omitted). Accordingly, the Court **STRIKES** Defendants' waiver defense. *See* Fed. R. Civ. P. 12(f).

10. Failure to mitigate

Defendants assert a failure-to-mitigate defense on the ground "that [Harrison] rejected prior settlement offers and unilaterally refused to accept payments from A-Z" after A-Z failed to timely pay its debts. Doc. 89, Defs.' Resp., 9. Defendants do not cite to any authority in support of their assertion that failing to accept a settlement offer constitutes a failure to mitigate. On the contrary, an aggrieved party "is not required to mitigate its losses by" settling its claims against the breaching party. *Publicker Chem. Corp. v. Belcher Oil Co.*, 792 F.2d 482, 488 (5th Cir. 1986) (citation omitted). Defendants premise their failure-to-mitigate defense on legally insufficient grounds and have not provided Harrison with fair notice of any other basis for the defense. *See Woodfield.*, 193 F.3d at 362;

- 11 -

*GE Cap.*, 2011 WL 5025153, at *2 (citation omitted). Therefore, the Court **STRIKES** Defendants' failure-to-mitigate defense. *See* Fed. R. Civ. P. 12(f).

    11.    <u>Mutual mistake</u>

Defendants concede that the defense of mutual mistake does not apply in this case. Doc. 89, Defs.' Resp., 9. Therefore, the Court **STRIKES** the defense. *See* Fed. R. Civ. P. 12(f).

    12.    <u>Failure of consideration</u>

Defendants base their failure-of-consideration defense on the same claim that "Imperial is the supplier, not Harrison." Doc. 89, Defs.' Resp., 9. Again, the Court finds that this defense, as asserted, is redundant to this case, as proving the underlying contention would establish Defendants' lack of standing and dispose of the case. Any other bases for this defense have not been pleaded as to give Harrison fair notice and would be insufficient as a matter of law. *See Woodfield*, 193 F.3d at 362; *GE Cap.*, 2011 WL 5025153, at *2 (citation omitted). Accordingly, the Court **STRIKES** Defendants' failure-of-consideration defense. *See* Fed. R. Civ. P. 12(f).

    13.    <u>Ratification, consent, and acquiescence</u>

Defendants claim that Harrison "ratified, consent[ed] to, and acquiesced to a novation or modification to the original payment terms and conditions[.]" Doc. 89, Defs.' Resp., 10. Once again, Defendants reference debt that is not at issue in this case and provide the text messages related to the irrelevant debt. *Id.* Again, they only address the debt at issue by stating that "payment is owed to Imperial[,] not Harrison." *Id.* Therefore, the Court finds that these defenses, as asserted, are redundant. Any other bases for these defenses have not been pleaded as to give Harrison fair notice and would be insufficient as a matter of law. *See Woodfield*, 193 F.3d at 362; *GE Cap.*, 2011 WL 5025153, at *2 (citation omitted). Accordingly, the Court **STRIKES** Defendants' affirmative

defenses of ratification, consent, and acquiescence. *See* Fed. R. Civ. P. 12(f).

### 14. Justification

Defendants claim that they "are justified in not giving payment performance to" Harrison because the evidence shows that "Imperial is the supplier, not Harrison" and, therefore, payment is "ow[ed] to Imperial not Harrison." Doc. 89, Defs.' Resp., 10–11. Again, the Court finds that this defense, as asserted, is redundant because it rests on the same assertion as Defendants' standing defense. Any other bases for this defense have not been pleaded as to give Harrison fair notice and would be insufficient as a matter of law. *See Woodfield*, 193 F.3d at 362; *GE Cap.*, 2011 WL 5025153, at *2 (citation omitted). Accordingly, the Court **STRIKES** Defendants' justification defense. *See* Fed. R. Civ. P. 12(f).

### 15. Judicial estoppel

In the Order, the Court denied Defendants' motion for summary judgment on their judicial-estoppel defense because "Imperial's position in the state [lawsuit] was not accepted by the state court." Doc. 76, Mem. Op. & Order, 9. Because the state court did not accept an inconsistent position, the doctrine of judicial estoppel, as invoked by defendants, is inapplicable to this case. *See Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 396 (5th Cir. 2003) ("[T]wo bases for judicial estoppel must be satisfied before a party can be estopped. First, it must be shown that the position of the party to be estopped is clearly inconsistent with its previous one; and second, that party must have convinced the court to accept that previous position" (alterations incorporated) (citations and quotation marks omitted)). Accordingly, the Court **STRIKES** Defendants' judicial-estoppel defense. *See* Fed. R. Civ. P. 12(f).

In sum, the Court **STRIKES** Defendants' affirmative defenses based on: (1) statute of

limitations; (2) accord and satisfaction; (3) reasonableness and good faith; (4) unclean hands; (5) unconscionability; (6) novation and modification; (7) waiver; (8) failure to mitigate; (9) mutual mistake; (10) failure of consideration; (11) ratification, consent, and acquiescence; (12) justification; and (13) judicial estoppel. Additionally, the Court **DENIES** Harrison's request to dismiss or strike Defendants' affirmative defenses based on standing, lack of capacity, authority to sue, and privity of contract.

C.  *Harrison's Request to Reconsider and Grant Its Motion for Summary Judgment*

As previously stated in this Order and in the Court's previous Order, a genuine issue of material fact exists as to whether Harrison or Imperial is the proper party to file suit in this case. *See supra* Section III.B.1; Doc. 76, Mem. Op. & Order, 11–12. Accordingly, the Court **DENIES** Harrison's request for summary judgment on its breach-of-contract and breach-of-guaranty claims.

## IV.
## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Harrison's Motion to Clarify and Reconsider (Doc. 79).

**SO ORDERED.**

**SIGNED: March 10, 2021**.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE