UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HARRISON COMPANY, L.L.C., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:19-CV-1057-B |
| A-Z WHOLESALERS INC. and BARKAT G. ALI, | § § § § | |
| Defendants. | § | |

### HARRISON COMPANY, L.L.C.'S OBJECTIONS
### TO DEFENDANTS' PRE-TRIAL DISCLOSURES AND REQUEST TO MODIFY THE
### DEADLINE TO EXCHANGE EXHIBIT LISTS AND EXHIBITS

Plaintiff Harrison Company, L.L.C. ("Harrison") files this Objection to Defendants' Pre-Trial Disclosures (ECF 74) and Request to Modify the Deadline to Exchange Exhibit Lists and Exhibits, and states:

Federal Rule of Civil Procedure 26(a)(3) states:

*Pretrial Disclosures.*

(A) *In General.* In addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment:

    (i) the name and, if not previously provided, the address and telephone number of each witness—separately identifying those the party expects to present and those it may call if the need arises;

    (ii) the designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition; and

    (iii) an identification of each document or other exhibit, including summaries of other evidence—separately identifying those items the party expects to offer and those it may offer if the need arises.

The Rule further states: "Unless the court orders otherwise, these disclosures must be made at least 30 days before trial." *Id*. 26(a)(3)(B). Trial is set for March 29, 2021. *See* ECF 101. Accordingly, the parties' pre-trial disclosures were due on or before February 27 (which was a Saturday).

Harrison filed its pre-trial disclosures (ECF 109), on Friday, February 26. On Tuesday, March 2, Harrison's counsel emailed Defendant's counsel regarding Defendants' pre-trial disclosures. Harrison's counsel sent a second, follow-up email on March 5. Defendants' counsel has yet to respond to either email. Harrison was attempting to determine whether Defendants were intending to amend or supplement, or stand on their prior disclosures (ECF 74).

Although the Scheduling Order in this case (ECF 9) set a pre-trial disclosure deadline of July 31, 2020, on July 2, 2020 the parties moved to continue the trial setting, *and all future deadlines*, pending resolution of the parties' cross-motions for summary judgment. *See* ECF 58, ¶10 (continuing all future deadlines). Indeed, both sides contended that a trial was unnecessary, and that the case presented pure questions of law.

The Court granted the parties' Agreed Motion for Continuance on July 6, 2020. ECF 59. Nevertheless, Defendants filed pre-trial disclosures on July 31 (ECF 74), stating: (1) that Defendants may call "Unknown Corporate Representative(s) of Postlethwaite & Netterville (Auditor for Imperial);" and, (2) designating the entirety of the parties' production as documents that Defendants expect to offer at trial. *See id*. Harrison contends Defendants' disclosures are deficient, and do not comport with Rule 26(a)(3). Given the continuance and (at that time) the pending dispositive motions, Harrison did not object to Defendants' disclosures at the time.

The Court subsequently denied the parties' cross-motions and reset the case for trial, which is now less than 30 days away. Defendants have yet to supplement or amend their disclosures, despite Harrison's request that they do so. Harrison objects to Defendants' disclosures, and

respectfully requests that the Court order Defendants to provide disclosures that comply with Rule 26(a)(3).

In addition to requesting that Defendants amend or supplement their disclosures, in his March 5 email, Harrison's counsel asked Defendants' counsel if the parties could agree to exchange exhibits on March 16.  Defendants have also not responded to that request.  The lack of adequate disclosures, and the unwillingness to discuss an earlier date to exchange exhibits, will make it very difficult for the parties (and the Court) to have a meaningful pre-trial conference on March 26—three days before the start of trial.  At a minimum, adequate pre-trial disclosures, and preliminary exhibit and witness lists are necessary for the parties to confer meaningfully.  The deadline for the parties to file their witness and exhibit lists is March 24—two days before the Pre-Trial Conference.  *See* ECF 101.  The Scheduling Order states: "…[the parties' final pretrial materials] should reflect the parties' best efforts to: (1) determine those exhibits, witnesses, and deposition designations that they are most likely to actually use at trial; and (2) reach agreement on the admission of that evidence." ECF 9.  Moreover, "**The Court expects the parties to confer and agree to admit the <u>majority</u> of their exhibits … before trial**." *Id.* (emphasis orig.).  The parties cannot meaningful confer—or stipulate to any exhibit—if Defendants will not disclose those exhibits soon.  The Pre-Trial Conference is two weeks from tomorrow, and trial starts that following Monday.  ECF 101.

Accordingly, Harrison further requests that the Court order the parties to exchange exhibits on or before March 16.

Respectfully submitted,

*/s/ Joseph A. Unis, Jr.*
**David L. Swanson**
  State Bar No. 19554525
  dswanson@lockelord.com
**Joseph A. Unis, Jr.**
  State Bar No. 24075625
  junis@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
T: 214-740-8000
F: 214-740-8800

**ATTORNEYS FOR PLAINTIFF**
**HARRISON COMPANY, LLC**

## CERTIFICATE OF CONFERENCE

I hereby certify that on March 2 and March 5, 20201, I emailed opposing counsel regarding Defendants' pre-trial disclosures.  On March 5, 2021, I also asked Defendants' counsel if Defendants would agree to exchange exhibits on March 16, so the parties can review, exchange objections, and confer prior to filing their exhibit lists on March 24.  I have not received a response to my emails, and therefore, conclude that Defendants are opposed to all of the relief requested.

*/s/ Joseph A. Unis, Jr.*

## CERTIFICATE OF SERVICE

I certify that on March 11, 2021, I served this document on all counsel of record via the ECF system and/or email.

*/s/ Joseph A. Unis, Jr.*