# EXHIBIT C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HARRISON COMPANY LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:19-CV-1057-B |
| A-Z WHOLESALERS INC. and BARKAT G. ALI, | § § § § | |
| Defendants. | § | |

**DEFENDANT A-Z WHOLESALERS, INC RESPONSE TO PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**

To:  Plaintiff Harrison Company, LLC, by and through its counsel of record, David L. Swanson, Joseph A. Unis, and Anna K. Finger, Locke Lord LLP, 2200 Ross Avenue, Suite 2800, Dallas, Texas 75201-6776.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant A-Z Wholesalers, Inc. ("A-Z") serves its *Response to Plaintiff's Second Set of Discovery Requests*. Herein, the following definitions apply:

1. "Modified Oral Agreement" or "MOA" refers to the oral modification of a payment terms concerning Imperial's invoices to A-Z.

2. "Credit Agreement" refers to the Credit Agreement and Guaranty entered into between Harrison Company, LLC and A-Z Wholesalers, Inc. signed and guaranteed by Barkat G. Ali on March 11, 2011.

3. "Promissory Note" refers to the Promissory Note entered into between Imperial Trading Company, LLC and A-Z Wholesalers, Inc. signed and guaranteed by Amar Ali on January 11, 2019.

**REQUESTS FOR ADMISSIONS**

**RFA NO. 154:** Admit that A-Z has one or more agreements with Harrison.

> Answer: Admitted to the extent that A-Z executed a Credit Agreement with Harrison which was in force during the time A-Z conducted business with Harrison. Further, A-Z had an oral agreement to cease doing business with Harrison as of March, 2015 and to conduct subsequent orders through Imperial.

**RFA NO. 155:** Admit that A-Z has one or more agreements with Imperial.

> Answer: Admitted that 1) A-Z had payment terms with Imperial for goods sold by Imperial as memorialized on Imperial's invoices, 2) Further agreement that any arrearages became subject to the MOA, 3) Agreement that Barkat Ali was excused from person liability for payment on Imperial's invoices, and 4) Promissory Note executed by Amar Ali on behalf of A-Z.

**RFA NO. 156:** Admit that A-Z has no personal knowledge of Harrison's operations.

> Answer: Admitted to the extent that A-Z has no personal knowledge of such other than the knowledge of Harrison's operations that can be reasonably observed from the perspective of A-Z being a long term customer of Harrison and having a guided tour of Harrison's distribution center.

**RFA NO. 157:** Admit that A-Z has no personal knowledge of Imperial's operations.

> Answer: Admitted to the extent that A-Z has no personal knowledge of such other than the knowledge of Imperial's operations that can be reasonably observed from the perspective of A-Z being a long term customer of Imperial and having a guided tour of Imperial's distribution center.

## INTERROGATORIES

**INTERROGATORY NO. 10:** In paragraph 27 of the Answer, You contend "Harrison was not a party to any transaction involving any of the claims it has asserted." Please state with specificity all facts upon which this contention is based, identify all persons with knowledge of those facts, and identify any document You contend memorializes, supports, or corroborates those facts.

> *RESPONSE*: A-Z contends that Harrison was not a party to any transaction involving any of the claims it has asserted. As evidence of such contention, A-Z relies on the oral representations of Imperial personnel and executives, supported by text messages between Amar Ali and Wayne Baquet, Brad Prendergast, Sandy Zazulak, and Shauntrice Jones, invoices originating from Imperial (App. 33-182), payments tendered to Imperial as payee on A-Z's checking account (App. 183-190), and Imperial's Open Invoice Report (App. 191-192).

**INTERROGATORY NO. 11:** In paragraph 27 of the Answer, You contend "Harrison did not deliver to Defendants any of the product on which all the asserted claims for nonpayment are made." Please state with specificity all facts upon which this contention is based, identify all

Respectfully submitted,

/s/ Joyce W. Lindauer
Joyce W. Lindauer
State Bar No. 21555700
Guy Harvey Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
joyce@joycelindauer.com
guy@joycelindauer.com
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 24, 2020, a true and correct copy of the foregoing was served on opposing counsel via email.

/s/ Joyce W. Lindauer
Joyce W. Lindauer

## VERIFICATON

STATE OF TEXAS §
§
COUNTY OF DALLAS §

**BEFORE ME** the undersigned authority, on this day personally appeared Amar Ali, the President of A-Z Wholesalers, Inc., who by me first duly sworn, stated on his oath deposed and said that he is the authorized person in all respects to make this verification, that he has read Defendant A-Z Wholesalers, Inc's Response to Plaintiff's Second Set of Interrogatories, and that the factual statements in the interrogatory response are within his knowledge and are true and correct.

_____
**AMAR ALI**

SUBSCRIBED AND SWORN to before me on this 9th day of July, 2020, to certify which witness my hand and seal of office.

_____
Notary Public in and for the State of Texas

TOMASA PORRAS
Notary Public, State of Texas
Comm. Expires 03-01-2021
Notary ID 12670508-3

My Commission Expires: 03/01/2021