# EXHIBIT D

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HARRISON COMPANY LLC, | § § § § | |
| Plaintiff, | | |
| v. | § § § § § § § | CIVIL ACTION NO. 3:19-CV-1057-B |
| A-Z WHOLESALERS INC. and BARKAT G. ALI, | | |
| Defendants. | | |

**DEFENDANT BARKAT ALI'S RESPONSE TO PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**

To:  Plaintiff Harrison Company, LLC, by and through its counsel of record, David L. Swanson, Joseph A. Unis, and Anna K. Finger, Locke Lord LLP, 2200 Ross Avenue, Suite 2800, Dallas, Texas 75201-6776.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Barkat Ali ("Ali") serves his *Response to Plaintiff's Second Set of Discovery Requests*.

Herein, the following definitions apply:

1. "Modified Oral Agreement" or "MOA" refers to the oral modification of a payment terms concerning Imperial's invoices to A-Z.

2. "Credit Agreement" refers to the Credit Agreement and Guaranty entered into between Harrison Company, LLC and A-Z Wholesalers, Inc. signed and guaranteed by Barkat G. Ali on March 11, 2011.

3. "Promissory Note" refers to the Promissory Note entered into between Imperial Trading Company, LLC and A-Z Wholesalers, Inc. signed and guaranteed by Amar Ali on January 11, 2019.

## REQUESTS FOR ADMISSIONS

**RFA NO. 193:** Admit that Ali has one or more agreements with Harrison.

>   Answer: Admitted to the extent that Ali executed a personal guarantee in connection with a Credit Agreement executed by A-Z with Harrison which was in force during the time A-Z conducted business with Harrison. Further, Ali had an oral agreement to cease doing business with Harrison as of March, 2015 and to conduct subsequent orders through Imperial.

**RFA NO. 194:** Admit that Ali has one or more agreements with Imperial.

>   Answer: Admitted that Ali had an oral agreement that he would not have to personally guarantee Imperial invoices. Additionally, Ali had an oral agreement with Imperial to transition the business relationship from Harrison to Imperial.

**RFA NO. 195:** Admit that Ali has no personal knowledge of Harrison's operations.

>   Answer: Admitted to the extent that Ali has no personal knowledge of such other than the knowledge of Harrison's operations that can be reasonably observed from the perspective of Ali being a former corporate representative of A-Z which was a long term customer of Harrison.

**RFA NO. 196:** Admit that Ali has no personal knowledge of Imperial's operations.

>   Answer: Admitted to the extent that Ali has no personal knowledge of such other than the knowledge of Imperial's operations that can be reasonably observed from the perspective of Ali being a former corporate representative of A-Z which was a long term customer of Imperial.

## INTERROGATORIES

**INTERROGATORY NO. 10:** In Paragraph 41 of the Answer, You contend that "Defendants are not liable to Plaintiff because of mutual mistake related to repayment terms of any alleged arrearage." Please state with specificity all facts upon which this contention is based, including what "mutual mistake" You contend occurred and when You contend it occurred. Please also identify all persons with knowledge of those facts, and identify any document You contend memorializes, supports, or corroborates those facts.

>   *RESPONSE:* Ali contends that Defendants are not liable to Plaintiff due to mutual mistake because Harrison is mistaken that the Ali guarantee was assigned to Imperial and Harrison is mistaken that A-Z's alleged default on Imperial's invoices can trigger the Ali guarantee to Harrison.; Also Ali was mistaken that Imperial would not seek to enforce the Ali

Respectfully submitted,

/s/ Joyce W. Lindauer
Joyce W. Lindauer
State Bar No. 21555700
Guy Harvey Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
joyce@joycelindauer.com
guy@joycelindauer.com
**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 24, 2020, a true and correct copy of the foregoing was served on opposing counsel via email.

/s/ Joyce W. Lindauer
Joyce W. Lindauer

# VERIFICATION

STATE OF TEXAS        §
                      §
COUNTY OF DALLAS      §

**BEFORE ME** the undersigned authority, on this day personally appeared Barkat Ali, who by me first duly sworn, stated on his oath deposed and said that he is capable of making this verification, that he has read Defendant Barkat Ali's Response to Plaintiff's Second Set of Interrogatories, and that the factual statements in the interrogatory response are within his knowledge and are true and correct.

_____
BARKAT ALI

SUBSCRIBED AND SWORN to before me on this 9 day of July, 2020, to certify which witness my hand and seal of office.

ERIK P KEENER
Notary Public
STATE OF TEXAS
My Comm. Exp. 05-13-23
Notary ID # 12606221-8

_____
Notary Public in and for the State of Texas

My Commission Expires: 5/13/2023