UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HARRISON COMPANY, L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-1057-B |
| | § | |
| A-Z WHOLESALERS INC. and | § | |
| BARKAT G. ALI, | § | |
| | § | |
| Defendants. | § | |

### HARRISON'S EXHIBIT LIST AND OBJECTIONS TO DEFENDANTS' EXHIBITS

Plaintiff Harrison Company, L.L.C. ("Harrison" or "Plaintiff") files this Exhibit List, and Objections to Defendants' Exhibits pursuant to Paragraph 9.C. of the Court's Scheduling Order (ECF 9), as follows:

On March 11, 2021, Harrison filed its Objection to Defendants' Pre-Trial Disclosures and Request to Modify the Deadline to Exchange Exhibit Lists and Exhibits (ECF 111). On March 12, the Court ordered Defendants to provide disclosures that comply with Rule 26(a)(3) and ordered the parties to exchange exhibits at an earlier time. (ECF 112). On March 15, Defendants' counsel, Guy Hollman, informed Harrison's counsel that his mother-in-law had unexpectedly passed, and requested additional time to comply with the Court's Order. An unopposed motion was filed with the Court that evening (ECF 116). On March 16, Defendants' filed their Exhibit List (ECF 118). On March 19, Harrison filed its First Amended Exhibit List (ECF 120), and sent Defendants' a link to electronic copies of Plaintiff's marked exhibits.

Harrison has been attempting to confer with Defendants about the parties' exhibits, as well as additional, proposed stipulations. Harrison's counsel emailed Defendants' counsel on March

15, 16, 17, 18, 19, 22, 23, 24, and 25, in an effort to schedule a meet and confer. Although Defendants' counsel has acknowledged and responded to Harrison's counsel's emails, because of the passing of Mr. Hollman's mother-in-law (and Ms. Lindauer's schedule), Defendants' counsel has been unable to commit to a time for a meet and confer.

Harrison will continue to attempt to confer with Defendants' counsel before Fridays' pre-trial conference; however, to comply with Paragraph 9.C of the Scheduling Order (ECF 9), Harrison files this pleading, with the attached exhibits that Harrison incorporates by reference pursuant to Rule 10(c):

- **Exhibit 1** – Plaintiff's Exhibit List.[1]
- **Exhibits 2** – Plaintiff's Objections to Defendants' Exhibits.[2]

For additional context, on March 23, in an effort to facilitate a meet and confer—and to streamline matters for trial—Harrison sent Defendants: (1) a chart with Harrison's objections to Defendants' exhibits; and, (2) a list of proposed, additional stipulations.[3] The next morning, on March 24 (today), Harrison sent an amended chart, to explain and clarify its position with respect to two exhibits. Ms. Lindauer responded in a 12:48 PM email that she would look at the materials Harrison sent. Harrison's counsel responded to that email within 10 minutes, providing his availability. Ms. Lindauer then replied: "I hate to put this off but I really need Guy available … I know the funeral is today." A true and correct copy of that email chain with opposing counsel is attached as **Exhibit 3**.

---

[1] Because Harrison has not received any objection to any exhibit from Defendants, it does not know if Defendants have any objection, and it cannot address or respond to any objection.

[2] Although Plaintiff's chart uses the uses Defendants' "general description" of Defendants' exhibits (from Defendants' Exhibit List), as Harrison's counsel explained to Defendants' counsel in his email, Harrison expressly objects to Defendants' characterization of those documents.

[3] Harrison also sent complete text strings, addressed in its transmittal email (*see* Ex. 3), attempting to propose a possible compromise, to address an objection to optional completeness. Those text strings are not attached.

In these emails, Harrison further explains its objections to Defendants' exhibits and proposals to streamline trial. Harrison also attached proposed additional stipulations to the initial email in that chain. *See* Ex. 3. Those proposed additional stipulations are attached hereto as **Exhibit 4.**

At 3:48 PM, Harrison received another email, stating: "We are working on the exhibits to cut down the number [a]nd we have reviewed your comments as well[.] Until I can spend some time with them it would not [b]e beneficial to visit but I will try to set a time when we can[.]" Then, at 4:13 PM, Defendants filed their First Amended Exhibit List (ECF 124), which lists 109 total exhibits (41 possibly different or additional exhibits). Defendants sent a link to these exhibits; however, Plaintiff has not had an opportunity to review and will need to do so before the parties can meet and confer. Assuming the parties are able to meet and confer, Harrison will promptly amend and/or supplement this filing to further comport with Paragraph 9.C. of the Scheduling Order (ECF 9).

    Respectfully submitted,

    */s/ Joseph A. Unis, Jr.*
    **David L. Swanson**
      State Bar No. 19554525
      dswanson@lockelord.com
    **Joseph A. Unis, Jr.**
      State Bar No. 24075625
      junis@lockelord.com
    **LOCKE LORD LLP**
    2200 Ross Avenue, Suite 2800
    Dallas, Texas 75201-6776
    T: 214-740-8000
    F: 214-740-8800

    **ATTORNEYS FOR PLAINTIFF HARRISON COMPANY, L.L.C.**

## **CERTIFICATE OF SERVICE**

      I certify that on March 24, 2021, I served this document on all counsel of record via the ECF system and/or email.

                                              */s/ Joseph A. Unis, Jr.*_____
                                              Counsel for Plaintiff