UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HARRISON COMPANY, L.L.C., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:19-CV-1057-B |
| A-Z WHOLESALERS, INC. and BARKAT G. ALI, | § § § § | |
| Defendants. | § § | |

### HARRISON'S OBJECTION TO AND MOTION TO STRIKE DEFENDANTS' SUMMARY JUDGMENT EVIDENCE

Plaintiff, Harrison Company, L.L.C. ("Harrison"), files this Objection to and Motion to Strike Defendants' Summary Judgment Evidence pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.1 and states:

Harrison and Defendants filed cross-motion for summary judgment, as instructed by the Court. In support of their Motion, Defendants attached an appendix (Doc. 138) that contains, in part, a 297-page deposition transcript of Amar Ali (Defendants' Exhibit "H"). No citation to Exhibit "H" in Defendants' Brief (Doc. 137) includes either a page or line reference. Thus, contrary to settled law, *see, e.g.*, *Johnson v. Safeco Ins. Co. of Ind.*, 240 F. Supp. 3d 555, 560 (N.D. Tex. 2017) (Boyle, J.), Defendants improperly leave it to the Court to "sift" through the transcript in search of testimony supporting their arguments. Accordingly, Harrison objects to Defendants' Exhibit "H" in its entirety, and moves to strike it from the summary judgment record.

Besides improperly burdening the Court, Defendants' improper dump of Ali's testimony potentially burdens and prejudices Harrison. It would burden Harrison if Harrison had to go

1

through the transcript and lodge all of its possible objections for fear of waiving them. Harrison would be prejudiced if the Court did not strike the transcript, and Harrison did not timely and properly object to inadmissible testimony.

The Court should strike the transcript. Alternatively, if the Court were to allow Defendants to supplement or amend to identify page and lines, the Court should also give Harrison an opportunity to object **after** any proper identification of any potential testimony. Harrison—like the Court—is not be required to "sift" through the 297-page transcript, speculate as to what Defendants *may* be relying on, and then specifically object to that testimony. Harrison objects to the entirety of Amar Ali's deposition transcript, without prejudice, and without intent to waive any specific objection that it may have to specific portions of that testimony.

Wherefore, Harrison respectfully requests that the Court sustain this objection, grant its motion, strike Amar Ali's transcript, disregard the transcript when reviewing the parties' cross-motions for summary judgment, and grant Harrison such other and further relief to which it may be justly entitled.

Respectfully submitted,

*/s/ Joseph A. Unis, Jr.*
David L. Swanson
  State Bar No. 19554525
  dswanson@lockelord.com
Joseph A. Unis, Jr.
  State Bar No. 24075625
  junis@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
T: 214-740-8000
F: 214-740-8800
**ATTORNEYS FOR PLAINTIFF
HARRISON COMPANY, L.L.C.**

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(b), I certify that on May 12, 2021, I conferred telephonically with counsel for Defendants regarding the relief requested in the motion. Defendants are opposed to the relief requested in this motion.

*/s/ Joseph A. Unis, Jr._*
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on May 17, 2021, I filed this document using the Court's Electronic Case Filing ("ECF") system, which will automatically deliver a notice of electronic filing to Defendants' counsel of record, who are registered ECF users. Delivery of such notice of electronic filing constitutes service of this document as contemplated by Rule 5 of the Federal Rules of Civil Procedure. See LR 5.1.

*/s/ Joseph A. Unis, Jr._*
Counsel for Plaintiff