UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HARRISON COMPANY, L.L.C., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:19-CV-1057-B |
| A-Z WHOLESALERS, INC. and BARKAT G. ALI, | § § § § | |
| Defendants. | § | |

### HARRISON'S OBJECTIONS TO DEFENDANTS' EVIDENCE IN SUPPORT OF DEFENDANTS' RESPONSE TO SUMMARY JUDGMENT (DOC. 142)

Plaintiff, Harrison Company, L.L.C. ("Harrison"), files these Objections to Defendants' Evidence in Support of Defendants' Response to Summary Judgment (Doc. 142) pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.1, and states:

Harrison and Defendants filed cross-motion for summary judgment, as instructed by the Court. On May 17, Defendants responded to Harrison's motion (Doc. 141). In support of that response, Defendants submitted a 1,028-page appendix (Doc. 142), comprised of 30 exhibits (Appx. A – AD). As a threshold matter, Harrison objects to Defendants' appendix because Defendants did not authenticate some or all of the documents. *See* Fed. R. Evid. 901.

Many exhibits are pleadings,[1] and others Harrison submitted previously without objection.[2] Nothing in the appendix is "new," and much of what Defendants submitted—e.g., invoices (Appx.

---

[1]  E.g., Appx. A (Joint Pretrial Order [Doc. 91]); Appx. P (Plaintiff's Appendix in Support of its Second Motion for Summary Judgment [Doc. 135]); Appx. S (Plaintiff's Brief in Support of its Second Motion for Summary Judgment [Doc. 134]); Appx. U (Plaintiff's Brief in Support of its Motion for Summary Judgment [Doc. 52]); Appx. V (Plaintiff's Appendix in Support of its Motion for Summary Judgment [Doc. 53]);

[2]  E.g., Appx. B (the Declarations of Wayne Baquet and Brad Prendergast [Doc. 53]),

1

E), statements (Appx. G, H, X), manifests (Appx. I, Z), checks (Appx. AA), UCC-1 financing statements (Appx. D, AD), and documents related to the State Court Case (Appx. R)—Harrison addressed in prior briefing, including Harrison's response to Defendants' cross-motion (Doc. 139). None of Defendants' "evidence" is relevant to the question of whether Harrison performed by delivering the cigarettes (and other goods) to A-Z. Defendants' remaining exhibits fall into one or more of the following categories, and Harrison objects accordingly:

**Exhibits Subject to Prior Objections:**

As an initial matter, Defendants' appendix (Doc. 142) includes exhibits that Defendants offered in support of their prior summary judgment motion (Doc. 54), which Harrison objected to in July 2020. *See* Docs. 63 and 69. Indeed, Defendants attach (1) their appendix in support of their prior summary judgment motion (Doc. 56) as Appx. W to their response (Doc. 142) and the Second Declaration of Amar Ali, dated July 7, 2020, as Appx. Y. Accordingly, Harrison incorporates its prior objections to that "evidence" (Docs. 63 and 69), as well as its briefs in support of those prior objections (Docs. 64, 70, and 75), by reference pursuant to Rule 10(c).

**Rule 408 Communications:**

Harrison has been attempting to collect the A-Z debt for years. Declarations from Baquet and Prendergast attest to those efforts. A-Z received notices of default, demands, and settlement proposals before any lawsuit, and many of them contained erroneous references to "Imperial". *See* Appx. F, AB, and AC. Rule 408 protects any settlement communication, and settlement communications are not evidence. Nevertheless, documents attached to Defendants' appendix (Doc. 142) show: (1) the parties did not dispute the validity of Barkat Ali's guaranty; (2) Harrison

was seeking to enforce the guaranty well-before any lawsuit; and (3) A-Z owes its debt to Harrison under the Credit Agreement.[3]

**Optional Completeness:**

Harrison also objects to Appx. N (Prendergast text message), and Appx. O (audit letter) pursuant to the rule of optional completeness. Presumably, Defendants offer these exhibits to suggest that A-Z owes its debt to Imperial; but neither exhibit has anything to do with *who* performed. First, the text message chain between Prendergast and Amar is 112 pages. As previously explained, Prendergast often referred to Harrison as "Imperial." An isolated text is no evidence of *who* performed. Regardless, the Court should only consider any text in the context of the entire chain. Similarly, Defendants submit Appx. O to argue that the debt is owed to Imperial; however, Defendants omit the "enclosed statement," attached to the letter, which states "Bossier." Harrison attached the letter in its entirety to the Declaration of Brad Prendergast (Doc. 53, App. 24-27),[4] which Harrison incorporated into its second motion for summary judgment pursuant to Fed. R. Civ. P. 10(c). Indeed, Defendants' ignore the fact that any invoice, manifest, or statement that says "Imperial," also says "Bossier,"[5] consistent with Harrison's evidence and explanation that Harrison (not Imperial) was performing. This case is about who performed under the Credit Agreement and Guaranty; not who Defendants subjectively *thought* was performing (or claim was performing, to avoid Barkat Ali's guaranty). Defendants' perception is irrelevant.

---

[3] *See*, *e.g.*, Appx. Q (Term Sheet) (defining "Imperial" to include "Harrison Company, LLC;" stating the aggregate amount of the indebtedness "guaranteed by Guarantors;" and identifying Barkat Ali as "Guarantor" for A-Z); *see also* Appx. T (which is otherwise ineffective, but which admits the validity of the March 11, 2011 Credit Agreement). Both documents represent failed attempts to settle the debt at issue.

[4] There are, in fact, two letters—one for the A-Z Dallas account and a second audit letter for the A-Z Waco account. The statements attached to each letter state "Bossier." (*See* Doc. 53, App. 24-27).

[5] At Paragraph 36 of their Response (Doc. 141), Defendants falsely claim that "the shipping manifests do not contain the 'Bossier' identifier[.]" Indeed, the manifests Defendants attach as Appx. I and Appx. Z to their response (Doc. 142) all state "Bossier" at the top middle-left of the page (left of "the SHIP TO:" address).

3

**Other, Irrelevant Communications:**

Finally, Defendants attach otherwise irrelevant email communications to their appendix (Appx. J – M) to show that Harrison employees used Harrison and Imperial email addresses, and that emails from Harrison email addresses sometimes included "Imperial" signature blocks. Again, that evidence is irrelevant to what entity performed.

**Conclusion**

Wherefore, Harrison respectfully requests that the Court sustain these objections, disregard the improper "evidence" in Defendants' appendix (Doc. 142) when reviewing the parties' cross-motions for summary judgment, and grant Harrison such other and further relief to which it may be justly entitled.

Respectfully submitted,

*/s/ David L. Swanson*
David L. Swanson
  State Bar No. 19554525
  dswanson@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
T: 214-740-8000
F: 214-740-8800
**ATTORNEY FOR PLAINTIFF
HARRISON COMPANY, L.L.C.**

**CERTIFICATE OF SERVICE**

I certify that on June 1, 2021, I filed this document using the Court's Electronic Case Filing ("ECF") system, which will automatically deliver a notice of electronic filing to Defendants' counsel of record, who are registered ECF users. Delivery of such notice of electronic filing constitutes service of this document as contemplated by Rule 5 of the Federal Rules of Civil Procedure. See LR 5.1.

*/s/ David L. Swanson*
Counsel for Plaintiff

4

92206529v.3