UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HARRISON COMPANY, L.L.C., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:19-CV-1057-B |
| A-Z WHOLESALERS, INC. and BARKAT G. ALI, | § § § § | |
| Defendants. | § § | |

**HARRISON'S RESPONSE TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE (DOC. 141, ¶¶ 38-52)**

Plaintiff, Harrison Company, L.L.C. ("Harrison"), files this Response to Defendants' Objections to Plaintiff's Summary Judgment Evidence (Doc. 141, ¶¶ 38-52), and states:

The parties filed cross-motions for summary judgment, as the Court instructed. On May 17, Defendants filed a response to Harrison's motion (Doc. 141) that included "objections" to each declaration Harrison submitted in support of its Second Motion for Summary Judgment (Doc. 133). Those declarations are from: (1) Wayne Baquet; (2) Brad Prendergast; (3) Daniel Burgos; (4) Christopher McClure; and (5) Scott Faley.

Messrs. Baquet and Prendergast are Harrison officers, and Messrs. Burgos, McClure, and Faley are Harrison employees. Each declarant's personal knowledge is from their respective capacities as Harrison officers or employees. Notwithstanding that each declaration clearly establishes that predicate—in addition to establishing each declarant's knowledge and basis to authenticate any document appended to his declaration—Defendants assert objections that include: hearsay, legal conclusions, and relevance. Defendants' objections are meritless.

Harrison's declarations meet the requisite criteria, as explained in *Perdomo v. Fed. Nat. Mortg. Ass'n*, No. 3:11-CV-734-M, 2013 WL 1123629 (N.D. Tex. Mar. 18, 2013):

> Federal Rule of Civil Procedure 56(c)(4) requires that a declaration used to support a summary judgment motion must be made on "personal knowledge, set out facts that would be admissible in evidence, and show that the ... declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Personal knowledge may be inferred from the declarant's position with the company. *DIRECTV, Inc. v. Budden,* 420 F.3d 521, 530 (5th Cir. 2005). A custodian of records is competent to testify regarding business records as a corporate representative. *See* Fed. R. Civ. P. 803(6); *Love v. Nat'l Med. Enters.,* 230 F.3d 765, 776 (5th Cir. 2000)

Significantly, Defendants elected not to depose *any* Harrison witness (individually or in a corporate representative capacity). Now, because Defendants do not like what those witnesses say based on their personal knowledge and experience—and because Defendants have no evidence to rebut those statements—Defendants improperly attempt to cross-examine and/or dispute the witnesses' testimony via "objections." But the testimony that Defendants object to as "hearsay" is not hearsay. Rather, they are statements of fact based on personal knowledge (and often supported by properly authenticated documents).

And the allegedly improper legal conclusions are simply factual statements (e.g., that Harrison employees fulfilled the orders and delivered goods). Facts are not irrelevant simply because Defendants do not like them (e.g., that Harrison owns the Bossier City Warehouse, or that the trucks also say "Harrison"). Defendants' objection is to what these facts are "intended to prove." However, the declarations are based on personal knowledge and do not go beyond the facts. Simply because the facts lead inexorably to a conclusion that Defendants do not like, does not make any fact objectionable. Instead, the burden shifts to Defendants to offer competent evidence to rebut those conclusions (which Defendants cannot do).

**Conclusion**

Wherefore, Harrison respectfully requests that the Court overrule Defendants' objections, grant Harrison's second motion for summary judgment (Doc. 133), deny Defendants' cross-motion (Doc. 136), and grant Harrison such other and further relief to which it may be justly entitled.

          Respectfully submitted,

          */s/ David L. Swanson*
          David L. Swanson
           State Bar No. 19554525
           dswanson@lockelord.com
          LOCKE LORD LLP
          2200 Ross Avenue, Suite 2800
          Dallas, Texas 75201-6776
          T: 214-740-8000
          F: 214-740-8800
          **ATTORNEY FOR PLAINTIFF**
          **HARRISON COMPANY, L.L.C.**

**CERTIFICATE OF SERVICE**

      I certify that on June 1, 2021, I filed this document using the Court's Electronic Case Filing ("ECF") system, which will automatically deliver a notice of electronic filing to Defendants' counsel of record, who are registered ECF users. Delivery of such notice of electronic filing constitutes service of this document as contemplated by Rule 5 of the Federal Rules of Civil Procedure. See LR 5.1.

          */s/ David L. Swanson*
          Counsel for Plaintiff