Joyce W. Lindauer
State Bar No. 21555700
Guy H. Holman
State Bar No. 24095171
Kerry S. Alleyne
State Bar No. 24066090
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR DEFENDANTS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **HARRISON COMPANY, LLC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No.: 3:19-cv-01057-B** |
| | § | |
| **A-Z WHOLESALERS, INC., and** | § | |
| **BARKAT G. ALI,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO AND MOTION TO STRIKE DEFENDANTS' SUMMARY JUDGMENT EVIDENCE

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

COME NOW Defendants, A-Z Wholesalers Inc and Barkat G. Ali (individually, "A-Z" and "Ali," collectively "Defendants"), and file this their *Response to Plaintiff's Objection to and Motion to Strike Defendants' Summary Judgment Evidence* (the "Motion") in accordance with FED. R. CIV. P. 56 and Local Rule 7.1, and in support of same would show the Court as follows:

1.      Defendants admit the allegation on Page 1 of the Motion concerning the separate filings of opposing cross-motions for summary judgment, and further admit the allegation concerning the lack of page and/or line references to the deposition of Amar Ali, identified as

Exhibit "H' to the *Defendants' Brief in Support of Motion for Summary Judgment*. Defendants would note that such omission was inadvertent, was the result of a scrivener's error, and request leave of the Court to rectify such error by submitting the attached *Defendants' Supplemented Brief in Support of Motion for Summary Judgment* [Exhibit "1"]. Such submission ensures that the Court shall have no need to "sift" the transcript of Amar Ali's deposition testimony. Defendants assert that since their error in omitting page and line references was unintentional, and can be easily remedied by the attached supplemental pleading, striking Exhibit "H" in its entirety would be inappropriate, unjust, and would serve only to prejudice the Defendants.

2.      Defendants admit the allegation on Page 1 of the Motion that their failure to include page and line references from Defendants' Exhibit "H" did indeed burden the Court, and might burden Plaintiff, but would again assert that such burden may be removed both to the Court and Harrison by this Court's acceptance of the attached *Supplemented Brief in Support of Motion for Summary Judgment* which includes the necessary page and line references for both the Court's and Plaintiff's use. Should the Court permit the filing of such pleading, the Plaintiff would experience no prejudice.

3.      Defendants deny the allegation on Page 2 of the Motion that the Court should strike the entirety of Defendants' Exhibit "H," the transcript of Amar Ali's deposition testimony. In the event the Court grants the Defendants leave to file its Supplemented Brief, there should be no need to object to properly identified deposition testimony, since it would be unnecessary to speculate as to exactly what testimony is that upon which the Defendants are relying.

WHEREFORE PREMISES CONSIDERED, Defendants pray the Court deny the entirety of the relief requested in the Plaintiff's Motion, grant the Defendants leave to file their

Defendants' Response to Plaintiff's Objection to and Motion
To Strike Defendants' Summary Judgment Evidence
Page

*Supplemented Brief in Support of Motion for Summary Judgment*, and any such further relief to which Defendants may show them themselves justly entitled.

      Dated: June 1, 2021.

                    Respectfully submitted,

                    */s/ Joyce W. Lindauer*
                    Joyce W. Lindauer
                    State Bar No. 21555700
                    Guy H. Holman
                    State Bar No. 24095171
                    Kerry S. Alleyne
                    State Bar No. 24066090
                    Joyce W. Lindauer Attorney, PLLC
                    1412 Main St., Suite 500
                    Dallas, Texas 75202
                    Telephone: (972) 503-4033
                    Facsimile: (972) 503-4034
                    Email: joyce@joycelindauer.com
                           guy@joycelindauer.com
                           kerry@joycelindauer.com
                    ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on June 1, 2021, a true and correct copy of the foregoing document was served via email pursuant to the Court's CM/ECF system upon the parties receiving electronic notice in this case.

                    */s/ Joyce W. Lindauer*
                    Joyce W. Lindauer

Joyce W. Lindauer
State Bar No. 21555700
Guy H. Holman
State Bar No. 24095171
Kerry S. Alleyne
State Bar No. 24066090
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR DEFENDANTS

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **HARRISON COMPANY, LLC.,** | § | |
| | § | |
| **Plaintiff,** | § | **Civil Action No.: 3:19-cv-01057-B** |
| | § | |
| **v.** | § | |
| | § | |
| **A-Z WHOLESALERS, INC., and** | § | |
| **BARKAT G. ALI,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANTS' SUPPLEMENTED BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**EXHIBIT "1"**

## **TABLE OF CONTENTS**

I. Procedural History and Introduction  ........................................................................5

II. Background and Facts  ...........................................................................................6

III. Summary Judgment Evidence...............................................................................8

IV. Summary Judgment Standard  .............................................................................9

V. Arguments and Authorities  ...............................................................................11

    a.   Harrison lacks contractual standing and therefore its claims should be
       barred in total  ...............................................................................................11

    b.   Harrison lacks constitutional standing and therefore its claims should be
       barred in total ................................................................................................16

    c.   Harrison Co., LLC cannot demonstrate that A-Z Wholesalers, Inc. breached
       any contract executed with Harrison since evidence fails to satisfy the
       elements of its claim. .....................................................................................17

VII. Conclusion ......................................................................................................19

Certificate of Service  ..............................................................................................19

## TABLE OF AUTHORITIES

<u>CASES</u>

*ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832 (5th Cir. 2012). ........10

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)...........9

*Bernal v. Garrison*, 818 S.W.2d 79 (Tex. App.—Corpus Christi 1991, writ denied)..................17

*Boudreaux v. Swift Transp. Co.*, 402 F.3d 536 (5th Cir. 2005) ....................................................10

*Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) .................9, 10

*City of Houston v. Williams*, 353 S.W.3d 128 (Tex. 2011) ..........................................................12

*Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank*, N.A., 759 F.3d 498 (5th Cir. 2014)  ......10

*Construtodo, S.A. de C.V. v. Conficasa Holdings, Inc.*, 2014 U.S. Dist. LEXIS 13782
   (S.D. Tex. 2014).................................................................................................................12, 13

*Curtis v. Anthony*, 710 F.3d 587 (5th Cir. 2013) .........................................................................10

*Doss v. Homecomings Fin. Network, Inc.*, 210 S.W.3d 706 (Tex. App.—Corpus Christi
   2006, pet denied)..........................................................................................................................17

*Duque v. Wells Fargo, N.A.*, 462 S.W.3d 542 (Tex. App.—Houston [1st Dist.] 2015,
   no pet.) ...........................................................................................................................................12

*Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533 (5th Cir. 2012)..................................................10

*Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131 (5th Cir. 2004)....................................................10

*Hacienda Records, LP v. Ramos*, No. 2:14-CV-19, 2015 U.S. Dist. LEXIS 147855
   (S.D. Tex. 2015).............................................................................................................................17

*Hackberry Creek Country Club, Inc., v. Hackberry Creek Home Owners Ass'n*,
   205 S.W.3d 46 (Tex. App.—Dallas 2006, pet. denied)...........................................................17

*Highland Capital Mgmt., L.P. v. Bank of Am., N.A.*, 574 F. App'x 486 (5th Cir. 2014) ..............15

*Hoffman v. AmericaHomeKey, Inc.*, 23 F. Supp. 3d 734 (N.D. Tex. 2014) ................................11

*Impossible Elecs. Techniques v. Wackenhut Protective Sys., Inc.*, 669 F.2d 1026
   (5th Cir. 1982)..................................................................................................................................9

*Lakiesha v. Bank of N.Y. Mellon*, No. 3:15-CV-0901-B, 2015 U.S. Dist. LEXIS 138028
   (N.D. Tex. 2015)..............................................................................................................................12

*Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) ..............................................................10

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130 (1992) ...................................16

*Malacara v. Garber*, 353 F.3d 393 (5th Cir. 2003) ................................................................10, 11

*Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348,
    89 L. Ed. 2d 538 (1986) ........................................................................................9

*MCI Telecomms. Corp v. Tex. Utils. Elec. Co.*, 995 S.W.2d 647 (Tex. 1999) ..............................12

*Picture Lake Campground v. Holiday Inns, Inc.*, 497 F. Supp. 858 (E.D. Va. 1980) .................13

*S. Tex. Water Auth. v. Lomas*, 223 S.W.3d 304 (Tex. 2007) .........................................................12

*Scott v. Harris*, 550 U.S. 372, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007). .................................10

*Stults v. Conoco, Inc.*, 76 F.3d 651 (5th Cir. 1996) ......................................................................10

*Texokan Operating, Inc. v. Hess Corp.*, 89 F. Supp. 3d 903 (S.D. Tex. 2015) ............................10

*Taylor v. Dolgencorp of Tex., Inc.*, No. 6:18-CV-00179-ADA, 2020 U.S. Dist. LEXIS 69008
    (W.D. Tex. 2020) ....................................................................................................9

*Tolan v. Cotton*, 572 U.S. 650, 134 S. Ct. 1861, 1866, 188 L. Ed. 2d 895 (2014)........................9

*Walker v. State Farm Lloyd's*, No. 3:03-CV-1514-R, 2004 U.S. Dist. LEXIS 11980
    (N.D. Tex. 2004) ....................................................................................................11

*Williams v. Valenti*, 432 F. App'x 298 (5th Cir. 2011).................................................................11

*Winchek v. Am. Express Travel Related Servs.*, 232 S.W.3d 197 (Tex. App.—Houston
    [1st Dist] 2007, no pet.) ........................................................................................17

*Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528 (6th Cir. 2002)..................................................16


## RULES

FED. R. CIV. P. 56(a) ..........................................................................................................9

Joyce W. Lindauer
State Bar No. 21555700
Guy H. Holman
State Bar No. 24095171
Kerry S. Alleyne
State Bar No. 24066090
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR DEFENDANTS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **HARRISON COMPANY, LLC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No.: 3:19-cv-01057-B** |
| | § | |
| **A-Z WHOLESALERS, INC., and** | § | |
| **BARKAT G. ALI,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANTS' SUPPLEMENTED BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW Defendants A-Z Wholesalers, Inc. ("A-Z") and Barkat G. Ali ("Ali"), in the above titled and numbered cause by and through their attorneys, and pursuant to Fed. R. Civ. P. 56, and file this their *Defendants' Brief in Support of Motion for Summary Judgment*. Defendants hereby move this Court for entry of summary judgment in their favor.

## PROCEDURAL HISTORY AND INTRODUCTION

1.      On March 25, 2019, Imperial Trading Co. LLC ("Imperial") the parent company and sole member of Plaintiff ("Harrison"), filed suit against Defendants in Dallas County District Court in Cause No. DC-19-04222 (the "State Action"), for alleged damages from Defendants'

failure to make payments due and owing to Imperial under certain credit agreements. [Exhibit "A"].

2.     The State Action suit was non-suited so that Harrison could file this lawsuit in Federal Court. The State Action did not include a claim against Barkat G. Ali because he had not guaranteed a debt to Imperial. [Exhibit "B"].

3.     Plaintiff then maneuvered to sue Defendants in the above-entitled and numbered cause (the "Federal Action"), asserting claims and damages against Defendants identical to those brought by Imperial in the State Action, and in an effort to "game the system" by using a subsidiary, Harrison, as the Plaintiff because Harrison had an old personal guaranty from Barkat G. Ali as part of its Credit Agreement. [Exhibits "C" and "D"].

4.     Defendants now move for summary judgment in accordance with FED. R. CIV. P. 56. There are no genuine issues of material fact and Defendants are entitled to judgment as a matter of law.

## BACKGROUND AND FACTS

5.     Harrison has offered no invoices bearing a Harrison label or trademark issued during the relevant period on which it is basing its cause of action. [Exhibit "E"].

6.     Harrison has offered invoices bearing the Imperial label or trademark issued during the relevant period on which it is basing its cause of action. [Exhibit "E"].

7.     All Harrison-labeled statements and invoices offered by A-Z bear different account numbers from those on the Imperial labeled invoices on which Harrison is basing its cause of action. [Exhibit "F"].

8.     Harrison has offered no Harrison-labeled shipping manifests on which to base its cause of action. [Exhibit "G"].

9.      Harrison has offered no evidence that its business relationship with A-Z (as evidenced by the Credit Agreement) was not concluded and terminated prior to the relevant period. [Exhibit "H" at 84:25-85:19].

10.     The Harrison Credit Agreement references customer account numbers #17501 and #17502, which differ from the accounts bearing #95750 and #95751 upon which Harrison is basing its cause of action, and upon which Imperial made demands for payment.  [Exhibits "D," "E," and "F"].

11.     Brad Prendergast signed a verified Petition stating that A-Z owed Imperial $2,575,335.73 and then subsequently signed a declaration that A-Z owed Harrison the same amount.  [Exhibit "I"].

12.     There are no outstanding invoices due Harrison.  [Exhibit "H" at 84.25-85:19, and 122:18-20].  All invoices made the subject of this suit are due and owing to Imperial.  [Exhibit "H" at 84:25-85:19, 119:13-17, 120:5-19, and 166:20-22].  Since all Harrison invoices were paid in full, there is no basis for Harrison to sue the Defendants.  [Exhibit "H" at 121:2-8 and 149:11-16].  Moreover, Defendants never entered into any guarantee or credit agreement with Imperial. [Exhibit "H" at 293:8-19].  All Imperial product shipments were conducted on an open account.

13.     Summary Judgment as to Defendants' Affirmative Defense of Lack of Standing is proper due to the fact that the Plaintiff has failed to show any competent evidence demonstrating that (1) the Plaintiff has constitutional standing to sue, (2) the Plaintiff has contractual standing to sue, (3) the Plaintiff is the proper party to sue for breach of contract, (4) the Plaintiff performed on any contract purported to have been breached; (5) the Defendants breached a valid and enforceable contract with the Plaintiffs; and (6) the Plaintiff was injured by any purported breach of contract.

14.     Defendants acknowledge that there originally was a valid and enforceable Credit Agreement between Defendants and Harrison, with Barkat Ali tendering a personal guarantee in favor of Harrison under said agreement.  [Exhibit "D"].  However, Harrison is not the proper party to sue for breach of contact for A-Z's alleged failure to pay Imperial. Any alleged performance or tendering of performance was performed by Imperial.  [Exhibit "E," and Exhibit "H" at 126:7-127:10, 133:22-134:4, 135:24-137:10, and 137:25-138:23].  Moreover, no competent evidence supports that A-Z breached the Credit Agreement as to Harrison. Lastly, there is no competent evidence that A-Z caused Harrison injury.

15.     Imperial's own verified petition negates the position now asserted by Harrison. [Exhibits "A" and "I"].  The evidence indicates that Imperial, not Harrison is the proper party to any claim against A-Z.  The evidence shows that Imperial is the party who tendered any alleged performance.  The evidence shows that payment was due and owing to Imperial and that payment was accepted and credited to accounts owned and controlled by Imperial.  The evidence also shows that Harrison is an entity separate and distinct from Imperial, and therefore cannot assert alleged claims belonging to Imperial.  [Exhibit "J"].

## SUMMARY JUDGMENT EVIDENCE

16.     Filed contemporaneously herewith, and pursuant to Local Rule 56.6, is an Appendix containing the Defendant's Exhibits in support of its Motion for Summary Judgment, which is incorporated herein by reference as if fully set forth.  The Appendix Contents are described as follows:

- Exhibit "A": Plaintiff's Verified Original Petition (Imperial) [APP 1-14]
- Exhibit "B": Motion for Non-Suit (Imperial) [APP 15-16]
- Exhibit "C": Plaintiff's Original Complaint (Harrison) [APP 17-21]
- Exhibit "D": Harrison Co. Credit Application [APP 22-26]
- Exhibit "E": Invoices (Imperial) [APP 27-176]
- Exhibit "F": Invoices (Harrison) [APP 177-197]

- Exhibit "G": Manifests (Imperial) [APP 198-236]
- Exhibit "H": Deposition of Amar Ali [APP 237-359]
- Exhibit "I": Verification of Original Petition (Imperial) [APP 360]
- Exhibit "J": Declaration of Brad Prendergast [APP 361-365]
- Exhibit "K": Notice of Default and Demand [APP 366-369]
- Exhibit "L": Cancelled checks [APP 370-377]
- Exhibit "M": Open Invoice Report [APP 378-379]
- Exhibit "N": UCC-1 (Imperial) [APP 380]
- Exhibit "O": Defendant's First Amended Answer [APP 381-388]

## LEGAL STANDARD FOR MOTIONS FOR SUMMARY JUDGMENT

17.     The Defendants would argue that the Plaintiff lacks both constitutional standing as well as contractual standing to bring the instant cause of action before this Court.

18.     Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Taylor v. Dolgencorp of Tex., Inc.*, No. 6:18-CV-00179-ADA, 2020 U.S. Dist. LEXIS 69008, at *2 (W.D. Tex. 2020) citing FED. R. CIV. P. 56(a); see also *Tolan v. Cotton*, 572 U.S. 650, 134 S. Ct. 1861, 1866, 188 L. Ed. 2d 895 (2014). A fact is considered to be "material" if it is likely to reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). An issue is not "genuine" if the trier of fact is not able, after an examination of the record, to rationally find for the non-moving party. *Matsushita Elec. Indus., Co. v. Zenith Radio Corp*., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The party moving for summary judgment bears the burden of demonstrating that no genuine dispute of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

19.     Once presented, a court must view the movant's evidence, and all facts inferred from such evidence, in a light most favorable to the party opposing summary judgment. *Impossible Elecs. Techniques v. Wackenhut Protective Sys., Inc.*, 669 F.2d 1026, 1031 (5th Cir. 1982). "When

opposing parties tell two different stories, but one of which is blatantly contradicted by the record, so that no reasonable [finder of fact]…could believe it, a court should not adopt that version of the facts for the purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380-81, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007).

20.   Fed. R. Civ. P. 56 provides for a court to enter summary judgment against a plaintiff who fails to show evidence of the existence of an element essential to it's case on which it bears the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); see also *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

21.   To support a motion for summary judgment, the initial burden falls on the movant to isolate the essential parts of the non-movant's claim lacking a genuine issue of material fact. *ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832, 839 (5th Cir. 2012). The moving party is not required to "negate the elements of the nonmovant's case." *Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank*, N.A., 759 F.3d 498, 505 (5th Cir. 2014) (quoting *Boudreaux v. Swift Transp. Co*., 402 F.3d 536, 540 (5th Cir. 2005)).  Where the moving party points out "the absence of evidence supporting the nonmoving party's case[,]" the moving party has met its burden.  *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003) (citing *Celotex*, 477 U.S. at 323; *Stults v. Conoco, Inc*., 76 F.3d 651, 656 (5th Cir. 1996)).

22.   Once the moving party meets its burden, "the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial" concerning "every essential component of its case." *Texokan Operating, Inc. v. Hess Corp.*, 89 F. Supp. 3d 903, 912-13 (S.D. Tex. 2015) citing *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004) and *Firman v. Life Ins. Co. of N. Am*., 684 F.3d 533, 538 (5th Cir. 2012).  Even

"[w]hen evidence exists in the judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara*, 353 F.3d at 405.  Fed. R. Civ. P. 56 does not require the court to "sift through the record in search of evidence to support a party's opposition to summary judgment." *Id*. See also *Williams v. Valenti*, 432 F. App'x 298, 302 (5th Cir. 2011).

23.    In the instant case, summary judgment is proper on the issue of standing.  As for contractual standing, the Defendant is able to show that there is no genuine dispute as to any material fact concerning a supposed breach of contract, thereby rendering it entitled to judgment as a matter of law."  In regard to constitutional standing, the Plaintiff is unable to show evidence that it has met any of the three elements that must be established to prove constitutional standing to sue for breach of contract.  In the event this Court disagrees with this position and determines that evidence of a breach does exist, the nature of such evidence would be such that no reasonable finder of fact could believe it, and the Court should not adopt that evidence to rule in favor of the Plaintiff on a motion for summary judgment."  Finally, regarding the breach itself, the Plaintiff is not able to demonstrate that it can meet each of the required elements of the cause of action, again making summary judgment by this Court appropriate.

## ARGUMENT AND AUTHORITIES

a.    **Harrison lacks contractual standing and therefore its claims should be barred in total.**

24.    For a plaintiff to have contractual standing in a case, it must demonstrate that the critical element of privity of contract exists between the parties; without it, "[a party] lacks standing to sue directly as a party to the contract." *Hoffman v. AmericaHomeKey, Inc*., 23 F. Supp. 3d 734 (N.D. Tex. 2014).  See also *Walker v. State Farm Lloyd's*, No. 3:03-CV-1514-R, 2004 U.S. Dist. LEXIS 11980, at *6 (N.D. Tex. 2004).  For a plaintiff to establish privity of contract, "[it] must be

a party thereto; 'generally speaking, 'a third party cannot enforce a contract if the third party benefits only incidentally from it.''" *Lakiesha v. Bank of N.Y. Mellon*, No. 3:15-CV-0901-B, 2015 U.S. Dist. LEXIS 138028, at *8 (N.D. Tex. 2015) citing *Duque v. Wells Fargo, N.A.*, 462 S.W.3d 542, 547 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (citing *City of Houston v. Williams*, 353 S.W.3d 128, 145 (Tex. 2011))). "That is to say, a third party may only enforce a contract if that third party is an intended beneficiary under the agreement." *Lakiesha*, at *8. "But 'there is a presumption against conferring third-party-beneficiary status on noncontracting parties." *Id.* citing *S. Tex. Water Auth. v. Lomas*, 223 S.W.3d 304, 306 (Tex. 2007). The intent of the parties to a contract controls the analysis of contractual standing, and such "intent to confer a direct benefit upon a third party 'must be clearly and fully spelled out or enforcement by the third party must be denied.'" *Id.* citing *Lomas*, 223 S.W. 3d at 306 (quoting *MCI Telecomms. Corp v. Tex. Utils. Elec. Co.*, 995 S.W.2d 647, 652 (Tex. 1999)).

25.    A sister corporation cannot sue on behalf of another sister corporation. Where the business or property allegedly interfered with by forbidden practices is that being done and carried on by a corporation, it is that corporation alone who has a right of recovery, even though in an economic sense real harm may be sustained by other entities as a result of such wrongful acts. Courts will not allow a parent corporation to pierce the corporate veil it set up for its own benefit in order to advance the claims of its subsidiary.  Nor can a corporation sue to recover costs incurred by its subsidiaries; a parent corporation cannot create a subsidiary and then ignore its separate corporate existence whenever it would be advantageous to the parent." *Construtodo, S.A. de C.V. v. Conficasa Holdings, Inc.*, 2014 U.S. Dist. LEXIS 13782, *17-18 (S.D. Tex. 2014).

26.     In the instant case, Harrison attempts to blur the line between one business entity that it claims has allegedly been harmed (i.e. Harrison) and an entirely separate and distinct business entity that allegedly has a right to recover (i.e. Imperial).  It has done so in three ways:

a.      by attempting to pierce its own corporate veil;

b.      by ignoring that the Ali Guarantee was granted to Harrison [see Exhibit "D"] and not to Imperial; and

c.      by relying on invoices issued by (and evincing a duty of payment to) Imperial [see Exhibit "E"] to trigger the Ali Guarantee and use it to buttress claims of a payment obligation to Harrison.

27.     "A corporation does not have standing to assert claims belonging to a related corporation, simply because their business is intertwined." *Id*. citing *Picture Lake Campground v. Holiday Inns, Inc.*, 497 F. Supp. 858, 863 (E.D. Va. 1980).  Imperial, the parent corporation, necessarily maintains separate citizenship from Harrison, a subsidiary.  *Construtodo, S.A. de C.V. v. Conficasa Holdings, Inc*., 2014 U.S. Dist. LEXIS 13782, *21 (S.D. Tex. 2014).  Here, the parties never bargained for or contemplated that an alleged non-payment to Imperial could trigger a right to recovery by Harrison.

28.     The Credit Agreement provides in relevant part: "This credit application and the following personal guaranty shall apply to all sales made by Seller to Purchaser and not merely to the business location or operation noted herein". [see Exhibit "D"].  The plain language of the Credit Agreement defines the Seller as Harrison Company, LLC and the purchaser as A-Z Wholesaler's Inc.  Thus, the Credit Agreement and attached Ali personal guarantee would only apply to sales made by Harrison to A-Z.  Such sales occurred between the date of the execution of the Credit Agreement (March 11, 2011) and the time Harrison ceased (and Imperial subsequently

began) to supply products to A-Z (on approximately March 31, 2015.  This date marked the clear end of A-Z's business relationship with Harrison, and the beginning of a new relationship with Imperial.

29.     As noted by the invoices [Exhibit "E"] and verified under penalty of perjury in Imperial's State Action [Exhibit "I"], Imperial was the entity that sold and delivered goods to A-Z. [Exhibit "A"].  Imperial was the entity that allegedly suffered damages as a result of Defendants' breaches in the amount of $2,574,885.73. [Exhibit "A"].  But to claim that Imperial is the proper party would mean that there is no claim on the personal guaranty against Ali.  This manipulation is the only explanation for insisting Harrison is the proper party rather than Imperial.

30.     Imperial retained counsel and issued a demand for payment on the same invoices for which Harrison now alleges a right to payment.  In relevant part, the Demand letter states: "Debtors have recently engaged in a practice whereby they have induced Imperial to make shipments based on false pretenses." [See Exhibit "K"].  No mention is made in such demand of Harrison.

31.     After Imperial acquired the parent company of Harrison, all subsequent sales were conducted through Imperial as is demonstrated by A-Z's issuing payments to Imperial. [see Exhibit "L"].  Even as recent as June 2020, Imperial issued a statement of open invoices due Imperial, which evinces that Imperial is asserting right to payment. [see Exhibit "M"].  Yet silent in the Complaint itself is Imperial and its claim for payment.

32.     All along, it has been Imperial holding a lien on the assets of A-Z for shipment of sundries and cigarettes to A-Z, evinced by its UCC Financing Statement. [See Exhibit "N"].

33.     Because Defendants raised the affirmative defense of lack of standing [Exhibit "O"], Harrison's claims must fail.

34.      While Harrison did have a contract with A-Z in the form of a written and executed Credit Agreement, Imperial was never a party to that contract, and was never envisioned to be a beneficiary under that contract.  During the pendency of that contract, A-Z received invoices from, and tendered payments to, Harrison.  When Imperial acquired the parent company of Harrison, Imperial (as a separate and distinct entity) took over the function of supplying product to A-Z. Harrison's supply of product to A-Z ceased, as did A-Z's payments for Harrison's shipments once paid in full.  In that new business relationship, A-Z never entered into a similar credit agreement with Imperial.  However, A-Z did enter into a separate oral agreement (i.e. open invoice contract) with Imperial for Imperial to supply A-Z as required.  When an oral contract exists, a court is permitted to consider extrinsic evidence to search for four factors:  "(1) whether there has been an express reservation to be bound only in writing, (2) whether there has been partial performance, (3) whether all terms have been agreed to, and (4) whether the agreement is of the kind usually committed to writing." *Highland Capital Mgmt., L.P. v. Bank of Am., N.A*., 574 F. App'x 486, 488 (5th Cir. 2014).  Here the extrinsic evidence demonstrating the oral contract between A-Z and Imperial (and not Harrison) are the invoices and statements sent to A-Z for it to tender payments to Imperial (and not Harrison), payments tendered to Imperial, and the communications between and among representatives of A-Z and Imperial discussing the provision of product, and the requirements for payment for such shipments (i.e. mutual performance).  [Exhibits "E" and "L"]. Since the contract on which Harrison is suing is actually the oral contract between A-Z and Imperial (as demonstrated by the Imperial invoices), and since Harrison was not envisioned to be a beneficiary under the agreement between A-Z and Imperial, Harrison cannot enforce a claim for amounts due and owing to Imperial.  As such, Harrison has no contractual standing. Further, It can show no evidence of a valid enforceable written contract between it and A-Z.  It can only show

evidence of a valid enforceable oral contract between Imperial and A-Z as demonstrated by the aforementioned extrinsic evidence.  For the foregoing reasons the Court should grant a summary judgment in favor of the Defendants finding and concluding the Plaintiff has no standing to bring a claim against the Defendants.

> **b.** **Harrison lacks constitutional standing and therefore its claims should be barred in total.**

35.     For a plaintiff to have constitutional standing in a case, it must demonstrate that the following three elements have been established.  "First, the plaintiff must have suffered an "injury in fact" - an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'  Second, there must be a causal connection between the injury and the conduct complained or - the injury has to be fairly … traceable to the challenged action of the defendant, and not … the result [of] the independent action of some third party not before the court.'  Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be redressed by a favorable decision."  *Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528, 531 (6th Cir. 2002) citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 2136 (1992).

36.     It is clear from the aforementioned facts of this case that if any injury has resulted from the alleged failure of the Defendant A-Z to tender payment on its obligations, it is to Imperial (as the supplier and invoicing party), not Harrison.  Without experiencing any injury, there can be no causal connection to any conduct on the part of A-Z, nor can there be any likelihood of a favorable decision in redress for a non-existent injury.  Since it is unable to establish even one element of constitutional standing, Harrison consequently lacks such constitutional standing.  For the foregoing reasons the Court should grant a summary judgment in favor of the Defendants finding and concluding the Plaintiff has no standing to bring a claim against the Defendants.

**c.      Harrison Co., LLC cannot demonstrate that A-Z Wholesalers, Inc. breached any contract executed with Harrison since evidence fails to satisfy the elements of its claim.**

37.      The elements of a breach of contract claim under Texas law are: (1) there is a valid and enforceable contract; (2) the plaintiff is a proper party to sue for breach of the contract; (3) the plaintiff performed, tendered performance, or was excused from performing its contractual obligations; (4) the defendant breached the contract; and (5) the defendant's breach caused the plaintiff's injury.  *Hacienda Records, LP v. Ramos*, No. 2:14-CV-19, 2015 U.S. Dist. LEXIS 147855, at *14 (S.D. Tex. 2015) citing *Winchek v. Am. Express Travel Related Servs.*, 232 S.W.3d 197, 202 (Tex. App.—Houston [1st Dist] 2007, no pet.); *Doss v. Homecomings Fin. Network, Inc*., 210 S.W.3d 706, 713 (Tex. App.—Corpus Christi 2006, pet denied); *Hackberry Creek Country Club, Inc., v. Hackberry Creek Home Owners Ass'n*, 205 S.W.3d 46, 55 (Tex. App.—Dallas 2006, pet. denied).  "Breach" is the failure, without legal excuse, to perform any promise that forms all or part of an agreement. *Hacienda Records* at *14 citing *Bernal v. Garrison*, 818 S.W.2d 79, 83 (Tex. App.—Corpus Christi 1991, writ denied).

38.      Here, there are two contracts that are brought into question.  The first is the written Credit Agreement executed between A-Z and Harrison on March 11, 2011.  The second is the oral agreement that exists between A-Z and Imperial and which is evidenced extrinsically by the Imperial-labeled invoices, which begin on or about March 31, 2015.  Admittedly, only the Imperial contract remains possibly valid because the Harrison agreement ended.  The Imperial agreement suffers from its own infirmities such as violating the statute of frauds but those issues are not before this Court because Imperial is not a party to this suit nor are its claims – except to the extent that Harrison is trying to assert Imperial's claims

39.     As a party to the Credit Agreement, Harrison would be a proper party to sue for a breach of a contract pertaining to that agreement if such agreement were still in force and affect and Harrison was the party performing under such agreement.  Harrison was not a party to the oral contract between A-Z and Imperial, nor did A-Z ever envision that Harrison would be a third party beneficiary under said contract.  As such, Harrison is not a proper party to sue under the oral contract A-Z executed with Imperial.

40.     Harrison fully performed under the Credit Agreement with A-Z.  Imperial performed under the oral open contract it had with A-Z which is extrinsically evidenced by its Imperial-labeled invoices, manifests, statements and related communications bearing the names of Imperial employees.  In no way did Harrison perform on behalf of, or instead of, Imperial on this latter oral contract.

41.     A-Z never breached its contract with Harrison, and fully performed under the terms of the Credit Agreement until it tendered its last payment for products shipped by Harrison in approximately June 2015 [Exhibit "H"].  The degree of A-Z's performance concerning its oral contract with Imperial has no bearing on A-Z's performance pursuant to the terms of the Credit Agreement with Harrison.

42.     Finally, Harrison has experienced no injury since, in the case of the written Credit Agreement, A-Z has fully performed, and since in the case of the oral agreement with Imperial, Harrison cannot assert a claim for Imperial's injury, if any, as its own for reasons mentioned *supra*. For the foregoing reasons the Court should grant a summary judgment in favor of the Defendants finding and concluding the Plaintiff has no standing to bring a breach of contract claim against the Defendants.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants request that their *Motion for Summary Judgment* be granted in all things, that the claims of the Plaintiff be dismissed, and for a such other and further relief, both at law and equity to which Defendants may be justly entitled.

Dated: June 1, 2021.

Respectfully submitted,

  */s/ Joyce W. Lindauer*
Joyce W. Lindauer
State Bar No. 21555700
Guy H. Holman
State Bar No. 24095171
Kerry S. Alleyne
State Bar No. 24066090
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Email: joyce@joycelindauer.com
          guy@joycelindauer.com
          kerry@joycelindauer.com
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 1, 2021, a true and correct copy of the foregoing document was served via email pursuant to the Court's CM/ECF system upon the parties receiving electronic notice in this case.

  */s/ Joyce W. Lindauer*
Joyce W. Lindauer