IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **HARRISON COMPANY, LLC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.: 3:19-cv-01057-B |
| | § | |
| **A-Z WHOLESALERS, INC., and BARKAT G. ALI,** | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' REPLY TO HARRISON'S RESPONSE TO DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**COME NOW**, Defendants A-Z Wholesalers, Inc ("A-Z") and Barkat Ali ("Ali") (collectively, the "Defendants"), in the above-entitled and numbered cause, by and through their attorneys, file this *Reply* (the "Reply") to *Harrison's Response to Defendants' Second Motion for Summary Judgement* [Doc. No. 139] (the "Response"). Defendants respectfully reply and show as follows:

**I.
INTRODUCTION**

1. Harrison, in its Response [Doc No. 139], employs an inapplicable legal standard as to A-Z's Second Motion for Summary Judgment, by turning the burden on its head.

2. The standard is that summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1]

---
[1] FED. R. CIV. P. 56(a)

**DEFENDANTS' REPLY TO HARRISON'S RESPONSE TO
DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT**
Page 1

3. Here, however, Harrison turns the standard on its head by contending that A-Z is not entitled to summary judgment because "[t]his 'evidence' does not create a genuine issue of fact material on Harrison's claims against A-Z and Ali."[2] Harrison also contends that "[n]one of this evidence proves performance by Imperial or raises a fact question whether a debt is owed to Imperial"[3] and Harrison further contends that "[e]vidence that certain documents were branded with Imperial's name does not raise a genuine issue of material fact"[4] or that "[e]vidence that A-Z wrote checks payable to Imperial does not raise a genuine issue of material fact."[5]

4. Defendants assert that the summary judgment legal standard requires that A-Z show that there is no genuine dispute as to any material fact. In its *Response* to A-Z's Second Motion for Summary Judgment, Harrison, however, is the party arguing that there is no genuine issue of material fact – We Agree.

### SUMMARY JUDGMENT IS PROPER ON A-Z'S AFFIRMATIVE DEFENSE OF LACK OF ARTICLE III CONSTITUTIONAL STANDING BECAUSE HARRISON CANNOT PROVE DAMAGES

5. It remains undisputed that the invoices supporting the alleged damages in the amount of $2,575,335.73 were issued by Imperial, bear the Imperial name and logo, and direct payment be made to Imperial. The name Harrison is nowhere mentioned. [Doc. 142, APP "E"].

6. It also remains undisputed that the shipping manifests associated with the aforementioned invoices contain an acknowledgment that the customer ("A-Z") is financially responsible for paying the amount of the invoice(s), and all costs and attorneys fees associated with any collection efforts to Imperial Trading Co. Inc. [Doc. 142, APP "I"].

---

[2] Doc. No. 139 at Page ID 3141.
[3] Id. at Page ID 3144.
[4] Id. at Page ID 3147.
[5] Id. at Page ID 3150.

7.      Such undisputed facts clearly establishes that Imperial, not Harrison, is the proper party to assert injury in fact. Without evidence of injury, other than Harrison's alleged back- office undisclosed protocols which the public would have no knowledge, Harrison cannot prove damages and therefore A-Z is entitled to Summary Judgment on the threshold issue of Harrison's lack of Article III standing.

**SUMMARY JUDGMENT IS PROPER ON A-Z'S AFFIRMATIVE DEFENSE OF LACK OF CONTRACTUAL STANDING, PRIVITY OF CONTRACT, AND CAPACITY/AUTHORITY TO SUE BECAUSE HARRISON ASSERTS CLAIMS BELONGING TO ITS SISTER ENTITY - IMPERIAL**

8.      It is undisputed that the invoices supporting the alleged damages in the amount of $2,575,335.73 were issued by Imperial, bear the Imperial name and logo, and direct payment be made to Imperial. The name Harrison is nowhere mentioned. [Doc. 142, APP "E"].

9.      It is undisputed that A-Z remitted checks payable to Imperial. [APP 286-443].

10.     It is undisputed that Imperial made demand for payment on A-Z. [Doc. 142, APP "F"].

11.     It is undisputed that Harrison's payment terms differed from Imperial's. [Doc. 142, APP "E" and "H"].

12.     It is undisputed that statements issued by Imperial reflect that Imperial was the seller. [Doc. 142, APP "G"].

13.     It is undisputed that Harrison and Imperial are completely separate entities with no intercompany agreements. [Doc 142, APP "A" and *Harrison*, RFP No. 13].

14.     It also remains undisputed that the shipping manifests associated with the aforementioned invoices contain an acknowledgment that the customer ("A-Z") is financially responsible for paying the amount of the invoice(s), and all costs and attorneys fees associated with any collection efforts to Imperial Trading Co. Inc. [Doc. 142, APP "I"].

15. The law is clear, Harrison cannot assert claims belong to its sister entity- Imperial. For these several reasons, the Court should find that A-Z is entitled to Summary Judgment on its affirmative defense of Lack of Contractual Standing, Privity of Contract, and Capacity/Authority to Sue, as there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

WHEREFORE, PREMISES CONSIDERED, the record conclusively establishes Harrison's lack of standing, lack of privity, and lack of capacity and authority to sue, the Court should grant A-Z's Second Motion for Summary Judgment in its entirety.

Dated: June 1, 2021

Respectfully submitted,

  /s/ Joyce W. Lindauer
Joyce W. Lindauer
State Bar No. 21555700
Guy Harvey Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
joyce@joycelindauer.com
guy@joycelindauer.com
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 1, 2021, a true and correct copy of the foregoing was served on all parties via the Court's ECF system.

  /s/ Joyce W. Lindauer
Joyce W. Lindauer