UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HARRISON COMPANY, L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-1057-B |
| | § | |
| A-Z WHOLESALERS, INC. and | § | |
| BARKAT G. ALI, | § | |
| | § | |
| Defendants. | § | |

**REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO AND MOTION TO STRIKE DEFENDANTS' SUMMARY JUDGMENT EVIDENCE AND RESPONSE TO DEFENDANTS' MOTION FOR LEAVE**

Plaintiff Harrison Company, L.L.C. ("Harrison") files this Reply to Defendants' Response to Plaintiff's Objection to and Motion to Strike Defendants' Summary Judgment Evidence and Response to Defendants' Motion for Leave (Doc. 147, Defendants' "Response") and states:

## INTRODUCTION

Harrison objected to (and moved to strike) the 297-page deposition transcript of Amar Ali attached as Exhibit "H" in Defendants' Appendix to Brief in Support of Motion for Summary Judgment (Doc. 138) because Defendants' did not provide any page/line references or otherwise indicate what testimony in the transcript supported their arguments. Doing so was improper and the Court should not consider the deposition. *See, e.g., Johnson v. Safeco Ins. Co. of Ind.*, 240 F. Supp. 3d 555, 560 (N.D. Tex. 2017) (Court need not sift through the record in search of evidence supporting party's arguments). Even if considered, Amar Ali's testimony neither precludes the

1

Court from granting summary judgment for Harrison, nor does it support summary judgment for Defendants.

Defendants seek leave to file a Supplemental Brief that includes cites to testimony on 17 pages of Amar's deposition transcript. Doc. 147 (Response, Exhibit "1"). The Court should not grant leave for Defendants to file a "supplemental" brief—the brief in support of their summary judgment motion was due on April 26, 2021. *See* Doc. 131. Moreover, Amar's cited testimony consists of inadmissible legal conclusions and opinions, and irrelevant subjective beliefs. Because the proffered testimony does not satisfy Rule 56 and because it contains no relevant admissible evidence, granting Defendants leave to file another brief would be futile.

## ARGUMENT AND AUTHORITIES

"Evidence on summary judgment may be considered to the extent not based on hearsay or other information excludable at trial." *Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995); *see also Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 192 (5th Cir. 1991) ("Material that is inadmissible will not be considered on a motion for summary judgment because it would not establish a genuine issue of material fact if offered at trial and continuing the action would be useless.") (internal quotes and citations omitted). Thus, legal conclusions and statements made without personal knowledge are inadmissible and cannot be considered on summary judgment. *D'Onofrio v. Vacation Pubs., Inc.*, 888 F.3d 197, 208 (5th Cir. 2018).

None of Amar Ali's testimony to which Defendants cite is admissible, factual testimony. Instead, Amar's testimony consists of legal conclusions, inadmissible opinions, subjective beliefs, and hearsay. For example, Defendants cite Amar's testimony that A-Z's Credit Agreement with

Harrison terminated and there was no basis for Harrison to sue Defendants.[1]  Proposed Supplemental Brief ¶¶ 9, 12 (citing Doc. 138, Exhibit "H" at 84:25-85:19, 120:5-19, 121:2-8).  But these are legal conclusions that are inadmissible and "'insufficient to either support or defeat a motion for summary judgment.'"  *Fairview Hospitality, LLC v. State Bank of Tex.*, 2019 WL 2491970, at *3 (N.D. Tex. June 14, 2019) (quoting *Stagliano v. Cincinnati Ins. Co.,* 633 F. App'x 217, 220 (5th Cir. 2015)).  Legal conclusions are not competent summary judgment evidence. *D'Onofrio*, 888 F.3d at 208.

As another example, Defendants cite testimony reflecting Amar's subjective belief that A-Z does not owe any money to Harrison under the Credit Agreement.  Proposed Supplemental Brief ¶ 12 (citing Doc. 138, Exhibit "H" at 119:13-17, 120:5-19, 122:18-20).  Amar's subjective beliefs are inadmissible because they are conclusory and irrelevant.  "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence."  *Peavy v. Dallas Ind. Sch. Dist.*, 57 F. Supp.2d 382, 387 (N.D. Tex. 1999).  The court cannot consider "[s]tatements which merely express beliefs, conjectures, opinions, conclusions, arguments or assumptions."  *Id.* at 386 n.3.

As a final example, Defendants argue any alleged performance was by Imperial and cite hearsay testimony in which Amar says "we were told that future orders would be going to Imperial …."  Proposed Supplemental Brief ¶ 14 (citing Doc. 138, Exhibit "H" at 135:24-137:10).  Testimony about what an unidentified person supposedly said is inadmissible hearsay, which may not be considered on summary judgment.  *E.g., Fowler*, 68 F.3d at 126.  Moreover, to the extent

---

[1] According to Amar, "if both parties have performed, … then that credit agreement and the personal guaranty signed by Barkat ceases to exist, it naturally terminates." Doc. 138, Exhibit "H" at 121:2-8. Not only is this wrong legally, it is an inadmissible legal conclusion.

3

Amar purported to testify regarding Harrison's or Imperial's operations (*e.g.*, "we knew that there would be a … switchover date, right, and that date happened to be—the last purchase from Harrison was on the 31st of March 2015 and the subsequent order placed and received in the first week of April was from Imperial"),[2] it is inadmissible because Amar has no personal knowledge of those operations. Statements made without personal knowledge are inadmissible and cannot be considered on summary judgment. *D'Onofrio*, 888 F.3d at 208.

Defendants argue that "[i]n the event the Court grants the Defendants leave to file its Supplemented Brief, there should be no need to object to properly identified deposition testimony, since it would be unnecessary to speculate as to exactly what testimony is that upon which the Defendants are relying." Response at 2. That makes no sense. As stated above, Harrrison objects to all of the testimony to which Defendants make specific page and line citations because Amar's testimony consists of legal conclusions, inadmissible opinions, subjective beliefs, and hearsay.

## CONCLUSION

This Court should deny Defendants motion for leave to file their Supplemental Brief, sustain Harrison's objections to Defendants' summary judgment evidence, and grant Harrison such other and further relief to which it shows itself entitled.

---

[2] Doc. 138, Exhibit "H" at 136:25-137:4.

Respectfully submitted,

*/s/ David L. Swanson.*
David L. Swanson
 State Bar No. 19554525
 dswanson@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
T: 214-740-8000
F: 214-740-8800

**ATTORNEY FOR PLAINTIFF**
**HARRISON COMPANY, L.L.C.**

## CERTIFICATE OF SERVICE

I certify that on June 11, 2021, I filed this document using the Court's Electronic Case Filing ("ECF") system, which will automatically deliver a notice of electronic filing to Defendants' counsel of record, who are registered ECF users. Delivery of such notice of electronic filing constitutes service of this document as contemplated by Rule 5 of the Federal Rules of Civil Procedure. *See* LR 5.1.

*/s/ David L. Swanson._*
Counsel for Plaintiff